## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>       *Plaintiff,*<br><br>   vs.<br><br>ENRIQUE K. RAZON, JR.;<br>BLOOMBERRY RESORTS AND HOTELS<br>INC.; SURESTE PROPERTIES, INC.;<br>COLLINGWOOD OIL & GAS HOLDINGS,<br>LLC; COLLINGWOOD USA, INC.;<br>COLLINGWOOD BROOKSHIRE USA,<br>INC.; COLLINGWOOD APPALACHIAN<br>MINERALS, LLC; ASIA ARROW<br>LIMITED; RIZOLINA LLC; ENSARA LLC;<br>NOZAR LLC; BOWERY BAY LLC;<br>CAMPANILLA LLC; FESARA LLC; AND<br>11 ESSEX STREET REALTY LLC,<br><br>       *Defendants.* | Civil Action No.<br><br><br><br>**DECLARATION OF<br>JASON P.W. HALPERIN** |

I, Jason P.W. Halperin, declare under penalty of perjury that the following is true and correct:

1.      I am a member of the Bar of this Court and the State of New York, and a member of the law firm Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. I serve as counsel for Plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "GGAM"). I am familiar with the matters involved in this case and submit this declaration in support of Plaintiff's Motion for Order Restraining Defendants From Removal, Transfer or Other Dissipation of Mobile Asset Pending Turnover (the "Motion") in this action.

2.      On March 29, 2021, GGAM filed its Complaint in this action pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") against Bloomberry Resorts and Hotels Inc. ("BRHI"), Sureste Properties, Inc.

("Sureste") (BRHI and Sureste, collectively, the "Award Debtors"), Enrique K. Razon, Jr. ("Razon"), and other defendants.

3.      GGAM has personally served Razon in New York on behalf of the Award Debtors.

4.      Milbank LLP, the law firm that currently represents BRHI in *Bangladesh Bank v. Rizal Commercial Banking Corp., et al.*, Case No. 652051/2020, filed May 27, 2020, which is pending in New York State Court, represented the Award Debtors during the arbitration (the "Arbitration Proceedings") between GGAM and the Award Debtors.

5.      Attached as **Exhibit A** is a true and correct copy of Article 23 of 2010 Arbitration Rules of the United Nations Commission on International Trade Law.

6.      The Arbitration Proceedings culminated in two awards in GGAM's favor (the "Awards"). The award on remedies (the "Final Award") awarded GGAM damages for the Award Debtors' breach of the parties' Management Services Agreement, as well as damages for the value of GGAM's shares in the Award Debtors' parent company Bloomberry Resorts Corporation ("BRC") based on the arbitral tribunal's findings that GGAM was entitled to the shares and that the Award Debtors had acted wrongfully to prevent GGAM from selling its shares.

7.      Because there are no available grounds for refusal of confirmation of the Awards under the limited provisions provided by the New York Convention and U.S. law, GGAM expects that it will quickly become a judgment creditor and that the Award Debtors will become judgment debtors.

8.      Despite the Solaire Resort and Casino's profitability shortly after its grand opening, as reflected in BRC's June 30, 2013 Quarterly Report, the Award Debtors have refused

to pay GGAM for the Awards, and instead have made false statements in BRC's public disclosures regarding their liability and the enforceability of the Awards. One example is BRC's March 8, 2021 Annual Report, which claims that "BRHI and Sureste were advised by Philippine counsel that an award of the Arbitral Tribunal can only be enforced in the Philippines through an order of a Philippine court of proper jurisdiction after appropriate proceedings taking into account applicable Philippine law and public policy." Attached as **Exhibits B** and **C**, respectively, are true and correct copies of BRC's June 30, 2013 Quarterly Report and March 8, 2021 Annual Report.

9. In addition to the Award Debtors' false statements, and as set out in detail in GGAM's Complaint, as of the date of this Motion, the Award Debtors have not taken any steps to remove the obstructions they put in place to prevent GGAM from selling its shares and have instead continued to annually renew their injunction bonds in the Philippine court.

10. According to publicly available aviation records, BRHI owns a 2010 Gulfstream G450 with the tail number N818KE (the "Wyoming Gulfstream") that is registered in the United States. The Wyoming Gulfstream's Federal Communications Commission ("FCC") call sign is issued to "N818KE G450 SN 4204 C/O Bloomberry Resorts & Hotels Inc." Attached as **Exhibit D** is a true and correct public information reference copy of the Wyoming Gulfstream's FCC license.

11. Federal Aviation Administration ("FAA") records indicate that the Wyoming Gulfstream is registered to "TVPX ARS INC TRUSTEE." Attached as **Exhibit E** is a true and correct copy of the FAA Registry for the Wyoming Gulfstream.

12. "TVPX ARS INC TRUSTEE" is the trustee of a trust registered in Wyoming under the name "N818KE Statutory Trust" (the "Wyoming Trust"). Attached as **Exhibit F** is a

true and correct copy of the Wyoming Secretary of State's 2021 Statutory Trust Annual Report for the Wyoming Trust.

13.     FAA, mortgage, and other public records show that the Wyoming Trust, however, is not the true owner of the Wyoming Gulfstream; rather, BRHI is its equitable owner and has been since at least 2010.  Such mortgage and other records related to the Wyoming Trust underscore how, as GGAM alleges in its Complaint in this action, Razon treats corporate property as his own for his own personal use and benefit through intricate corporate webs. Attached as **Exhibits G-M** are true and correct copies of these publicly available FAA records regarding the Wyoming Trust.

14.     For example, BRHI has agreed to pay debts incurred in relation to the purchase and refinancing of the Wyoming Gulfstream.  Indeed, the Wyoming Gulfstream's operative October 13, 2017 Mortgage and Security Agreement lists BRHI as the "Operator" and as an "Obligor," rendering BRHI responsible for debts including the security payment, performance, and discharge on the loan.  *See* **Exhibit G**.  In January 2019, Credit Suisse, the mortgage holder, released its mortgage and lien interests.  *See* **Exhibit H**.

15.     It is also BRHI, and not the Wyoming Trust, that has exclusive control over possession and use of the Wyoming Gulfstream.  BRHI's operative October 13, 2017 Aircraft Operating Lease Agreement on file with the FAA indicates that, among other things, BRHI has control over possession and use of the Wyoming Gulfstream, while owing no lease or other periodic rental payment obligation to the Wyoming Trust in exchange for its rights to the plane. *See* **Exhibit I**.

16.     Before title was transferred to the Wyoming Trust on October 13, 2017, *see* **Exhibit J**, the Wyoming Gulfstream was held in trust by Wells Fargo (the "Wells Fargo Trust"),

*see* **Exhibit K**. BRHI had a similar lease agreement with the Wells Fargo Trust, dated December 30, 2013, which included possession and assignment provisions that were substantially similar to those in the Wyoming Trust lease. *See* **Exhibit L**. On the same day that BRHI transferred the Wyoming Gulfstream from the Wells Fargo Trust to the Wyoming Trust, it terminated the Wells Fargo Trust lease and entered into the Wyoming Trust lease. *See* **Exhibits G, M**.

17. A true and correct copy of the webpage *Aircraft Registration and Aviation Trust Services*, TVPX, https://tvpx.com/faa-owner-trust-services/, is attached as **Exhibit N**.

18. A true and correct copy of the article *From Utah, Secretive Help for a Russian Oligarch and His Jet*, N.Y. TIMES, Nov. 7, 2017, at A1, *available at* https://www.nytimes.com/2017/11/06/world/bank-of-utah-leonid-mikhelson.html, is attached as **Exhibit O**.

19. According to comparable sales on Gulfstream's pre-owned sales website, the value of the Wyoming Gulfstream is between $10-15 million.

20. According to public flight records, which are available on www.flightaware.com, the Wyoming Gulfstream flew to Las Vegas, Nevada, on March 10, 2011. Based on GGAM's pre-suit investigation, no other private aircraft connected to Razon was in Las Vegas, Nevada, that same day.

21. Historic public flight records indicate that when Razon travels to the United States, he typically flies into Newark, New Jersey, before traveling to New York, where he owns, among other properties, a penthouse at The Plaza hotel in Manhattan.

22. Public flight records also indicate that, on Saturday, March 27, 2021, at 5:25 a.m., the Wyoming Gulfstream landed in Newark, New Jersey, at Newark Liberty International Airport.

23.     Historic flight records further indicate that the Wyoming Gulfstream does not frequently travel to the United States.  According to flight records, the Wyoming Gulfstream only traveled to the United States one other time in the last two years.  The Wyoming Gulfstream flew to Savannah, Georgia, where Gulfstream is headquartered, and remained there for several months, presumably for service and maintenance.

24.     GGAM's investigation indicates that, at the time of the filing of this motion, Razon and his immediate family, having flown into the United States on the Wyoming Gulfstream, have traveled to and appear to be residing at The Plaza, and that the Wyoming Gulfstream remains at Newark Liberty International Airport awaiting departure.

25.     The Wyoming Gulfstream is the only overtly known asset of the Award Debtors in the United States at this time, and immediate court intervention is necessary and appropriate to restrain the Award Debtors, Razon, and their agents from removing it from the United States.


Executed on this 31th day of March 2021.




_____
                Jason P.W. Halperin