UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC.; COLLINGWOOD OIL & GAS HOLDINGS, LLC; COLLINGWOOD USA, INC.; COLLINGWOOD BROOKSHIRE USA, INC.; COLLINGWOOD APPALACHIAN MINERALS, LLC; ASIA ARROW LIMITED; RIZOLINA LLC; ENSARA LLC; NOZAR LLC; BOWERY BAY LLC; CAMPANILLA LLC; FESARA LLC; AND 11 ESSEX STREET REALTY LLC,<br><br>*Defendants.* | 21 Cv. 2655 (LGS)<br><br>**DECLARATION OF DANIEL H. WEINER** |

I, Daniel H. Weiner, declare under penalty of perjury that the following is true and correct:

1. I am a member of the Bar of this Court and the State of New York, and a partner of the law firm Hughes Hubbard & Reed LLP. I served as counsel for Plaintiff Global Gaming Philippines LLC (and its affiliate GGAM Netherlands B.V.) ("GGAM") in the Singapore-seated arbitration (the "Arbitration Proceedings") between Plaintiff and Defendants Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc. (the "Award Debtors" and, together with GGAM, the "Parties") under the 2010 Arbitration Rules of the United Nations Commission on International Trade Law (the "UNCITRAL Rules"), before an arbitral tribunal composed of R. Doak Bishop, Esq., Michael Hwang, S.C. and Andrés Rigo Sureda (presiding arbitrator) (the "Arbitral Tribunal"). I also serve as instructing foreign counsel to GGAM in the Singapore court

proceedings described herein. I am familiar with the facts and circumstances of the Arbitration Proceedings and court proceedings described below and submit this declaration in support of Plaintiff's Motion for Order Restraining Defendants From Removal, Transfer or Other Dissipation of Mobile Asset Pending Turnover.

2. On September 12, 2013, GGAM initiated the Arbitration Proceedings by submitting a Notice of Arbitration in accordance with Clause 19.2 of the Parties' Management Services Agreement and Article 3 of the UNCITRAL Rules.

3. A true and correct copy of the Management Services Agreement between Global Gaming Philippines LLC and Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc., dated September 9, 2011, is attached as Exhibit D to my Declaration in support of GGAM's Complaint, filed in this action on March 29, 2021, at ECF No. 5 (the "Complaint Declaration").

4. Milbank LLP represented the Award Debtors during the Arbitration Proceedings, which included hearings that took place from October 20-22, 2014 in Washington D.C., October 15-24, 2015 in Singapore, and May 28 to June 1, 2018 in Washington, D.C.

5. On September 20, 2016, the Arbitral Tribunal issued its initial award determining the respective liability of the Parties. A true and correct copy of the Partial Award on Liability dated September 20, 2016 (the "Liability Award") issued by the Arbitral Tribunal in the Arbitration Proceedings is attached as Exhibit B to the Complaint Declaration.

6. On September 27, 2019, the Arbitral Tribunal issued its award on remedies. A true and correct copy of the Final Award dated September 27, 2019 (the "Final Award") issued by the Arbitral Tribunal in the Arbitration Proceedings is attached as Exhibit A to the Complaint Declaration.

7. On December 21, 2017, the Award Debtors filed an application in the High Court of Singapore seeking to set aside or, alternatively, to challenge enforcement of the Liability Award. On January 3, 2020, the High Court of Singapore issued a Judgment rejecting the Award Debtors' challenges to the Liability Award. Attached to this Declaration as **Exhibit A** is a true and correct copy of the High Court of Singapore's January 3, 2020 Judgment.

8. On November 5, 2019, the Award Debtors filed an application in the High Court of Singapore seeking to set aside or, alternatively, to challenge enforcement of the Final Award. On May 29, 2020, the High Court of Singapore issued a Judgment rejecting the Award Debtors' challenges to the Final Award. Attached to this Declaration as **Exhibit B** is a true and correct copy of the High Court of Singapore's May 29, 2020 Judgment.

9. On February 3, 2020, the Award Debtors appealed to the Singapore Court of Appeal from the High Court of Singapore's Judgment rejecting their challenges to the Liability Award. On August 7, 2020, the Singapore Court of Appeal heard that appeal, and on February 16, 2021, the Singapore Court of Appeal issued its Judgment finding "no merit in the appellants' submissions" and dismissing the Award Debtors' appeal. Attached to this Declaration as **Exhibit C** is a true and correct copy of the Singapore Court of Appeal's February 16, 2021 Judgment.

10. On June 29, 2020, the Award Debtors appealed to the Singapore Court of Appeal from the High Court of Singapore's Judgment rejecting their challenges to the Final Award. The hearing on that appeal is scheduled for April 6, 2021.

Executed on this 29th day of March 2021.

Daniel H. Weiner