**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>     *Plaintiff,*<br><br>  vs.<br><br>ENRIQUE K. RAZON, JR.;<br>BLOOMBERRY RESORTS AND HOTELS<br>INC.; SURESTE PROPERTIES, INC.;<br>COLLINGWOOD OIL & GAS HOLDINGS,<br>LLC; COLLINGWOOD USA, INC.;<br>COLLINGWOOD BROOKSHIRE USA,<br>INC.; COLLINGWOOD APPALACHIAN<br>MINERALS, LLC; ASIA ARROW<br>LIMITED; RIZOLINA LLC; ENSARA LLC;<br>NOZAR LLC; BOWERY BAY LLC;<br>CAMPANILLA LLC; FESARA LLC; AND<br>11 ESSEX STREET REALTY LLC,<br><br>     *Defendants.* | 21 Cv. 2655 (LGS) |

## [PROPOSED] ORDER TO SHOW CAUSE FOR ORDER RESTRAINING REMOVAL OF ASSET OF DEBTOR PURSUANT TO FED. R. CIV. P. 64

Upon reading and filing Plaintiff Global Gaming Philippines LLC's Complaint, the exhibits attached thereto, Plaintiff's accompanying Memorandum of Law in support of a temporary restraining order pursuant to Federal Rule of Civil Procedure 64, the Declarations of Jason P.W. Halperin and Daniel H. Weiner, and the exhibits annexed thereto, and with no prior application for this relief having been sought, it is hereby:

ORDERED that Defendants Bloomberry Resorts and Hotels Inc. ("BRHI") and Sureste Properties, Inc. ("Sureste"), or their attorneys, and each of their respective officers, directors, managers, employees, owners, affiliates, attorneys, agents, and servants, including but not limited to Enrique K. Razon, Jr.; and all those acting in concert or participation with any of the foregoing who receive notice of this Order by personal service, mail, email, facsimile transmission, or otherwise, including but not limited to any pilots, flight crew members, aviation vendors, or service providers (collectively, the "Restrained Parties") be present and show cause before this Court, at the Thurgood Marshall Courthouse located at 40 Foley Square, New

York, New York on ___ day of April 2021 at _____ o'clock, or as soon thereafter as counsel can be heard, why an order should not be issued herein, and upon good cause shown, granting:

(1)     The Restrained Parties are prohibited and ordered to refrain from, directly or indirectly, transferring, moving, using, interfering with or otherwise changing the location of BRHI's Gulfstream 450, tail number N818KE (the "Wyoming Gulfstream") from Newark International Airport, or taking any steps to facilitate, request, direct or allow its transfer, movement, use, interference with or change of location from Newark International Airport, unless and until otherwise ordered by this Court or except as contemplated in paragraph 3 below.

(2)     The Restrained Parties are further prohibited and ordered to refrain from, directly or indirectly, selling, transferring, pledging, assigning, liquidating, setting off, hypothecating, or otherwise encumbering or disposing of the Wyoming Gulfstream or any portion thereof, or taking any steps to in any way impair, abridge, modify, relinquish, waive or amend BRHI's rights, interests, ownership, and possession of, in and to the Wyoming Gulfstream.

(3)     Nothing in this order shall be construed to prevent movement of the Wyoming Gulfstream within the United States to provide for efficient and safekeeping of the Wyoming Gulfstream while this Order is in effect, so long as such movement is (i) done in a manner and under circumstances agreed to in writing with Plaintiff and the U.S. Marshal, and (ii) coordinated with and overseen by the U.S. Marshal, including the continued possession by the U.S. Marshal of the flight logs and avionics before and after movement of the Wyoming Gulfstream.

(4)     In the event that the Wyoming Gulfstream has been moved from Newark International Airport between the time BRHI, Sureste, or Enrique K. Razon, Jr. first receive notice of Plaintiff's Motion for Order Restraining Defendants from Removal, Transfer or Other Dissipation of Mobile Asset Pending Turnover and the time this Order is issued, the Restrained Parties are hereby ordered to return the Wyoming Gulfstream to the District and thereafter abide by the terms of this Order as if it had never been removed.

IT IS FURTHER ORDERED that Defendants' papers in opposition to the Plaintiff's moving papers, if any, shall be served on Plaintiff's counsel by email and by overnight mail at the address identified in Plaintiff's papers before April _____, 2021, and Plaintiff's reply papers, if any shall be served by email and by overnight mail on or before April _____, 2021.

IT IS FURTHER ORDERED that pending the determination of Plaintiff's motion pursuant to Rule 64 is heard:

(1)     The Restrained Parties are temporarily prohibited and ordered to refrain from, directly or indirectly, transferring, moving, using, interfering with or otherwise changing the location of BRHI's Gulfstream 450, tail number N818KE (the "Wyoming Gulfstream") from Newark International Airport, or taking any steps to facilitate, request, direct or allow its transfer, movement, use, interference with or change of location from Newark International Airport, unless and until otherwise ordered by this Court or except as contemplated in paragraph 3 below.

(2)     The Restrained Parties are further temporarily prohibited and ordered to refrain from, directly or indirectly, selling, transferring, pledging, assigning, liquidating, setting off, hypothecating, or otherwise encumbering or disposing of the Wyoming Gulfstream or any portion thereof, or taking any steps to in any way impair, abridge, modify, relinquish, waive or amend BRHI's rights, interests, ownership, and possession of, in and to the Wyoming Gulfstream.

(3)     In the event that the Wyoming Gulfstream has been moved from Newark International Airport between the time BRHI, Sureste, or Enrique K. Razon, Jr. first receive notice of Plaintiff's Motion for Order Restraining Defendants from Removal, Transfer or Other Dissipation of Mobile Asset Pending Turnover and the time this Order is issued, the Restrained Parties are hereby ordered to return the Wyoming Gulfstream to this District and thereafter abide by the terms of this Order as if it had never been removed.

IT IS FURTHER ORDERED that a hearing on Plaintiff's motion to confirm the underlying arbitration award against BRHI and Sureste is scheduled to be heard before this Court on _____, 2021 at _____.  Plaintiff is directed to file its motion to confirm the

3

arbitration award on or before _____, 2021, which shall be served on Defendants' counsel, if any, by email and by overnight mail.  Defendants' papers in opposition to Plaintiff's moving papers, if any, shall be served on Plaintiff's counsel by email and overnight mail at the address identified in the Plaintiff's papers on or before _____, 2021, and Plaintiff's reply papers, if any shall be served by email and by overnight mail on or before _____, 2021.


Dated: _____, 2021
          New York, New York


                              _____
                              THE HONORABLE LORNA G. SCHOFIELD
                              UNITED STATES DISTRICT JUDGE