

RACHEL PENSKI FISSELL   rfissell@walfishfissell.com   +1.212.672.0523
405 Lexington Avenue, 8th Floor   New York, NY 10174   www.walfishfissell.com

<u>Via ECF</u>

Judge Lorna G. Schofield
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Global Gaming Philippines, LLC v. Razon et al.*
           1:21-cv-02655-LGS (S.D.N.Y.)

Dear Judge Schofield:

We write on behalf of Defendants Asia Arrow Limited, Rizolina LLC, Ensara LLC, Nozar LLC, Bowery Bay LLC, Campanilla LLC, Fesara LLC, and 11 Essex Street Realty LLC (the "Real Estate Entities") and Enrique K. Razon, Jr. ("Mr. Razon") in response to the letter filed by Plaintiff Global Gaming Philippines, LLC ("GGAM") on June 3, 2021 [DE 76] asking the Court to order that Defendants' (and only Defendants') production of documents be completed by July 2, 2021. Counsel for the other Defendants have informed us that their clients join in this letter.

As an initial matter, Plaintiff's letter fails to mention that Defendants have proposed that all parties commence rolling productions of documents on or before July 2, 2021. The parties' disagreement centers on the date by which the document productions must be *completed*. Plaintiff proposes July 2, but only for Defendants, whereas Defendants propose July 30, 2021 for all parties to complete document productions in response to all document requests served by both sides on or before June 4, 2021. The parties have agreed that depositions will start in mid-September. Under Defendants' proposal, the parties will have at least six weeks in between the completion of document production and the commencement of depositions – more than sufficient time, particularly compared against the total length of the discovery schedule.

Plaintiff's proposed one-sided July 2 deadline is simply unrealistic for a series of independent reasons.[1] It seems to have been proposed merely to set a date that Defendants would have no ability to meet. First, under the Federal Rules, Mr. Razon has until June 28, 2021 to prepare and serve his written responses and objections to the 115 document requests[2] that Plaintiff served on Mr. Razon on May 26. Bloomberry Resorts and Hotels Inc. and Sureste Properties Inc. (the "Arbitration

---

[1] Plaintiff's focus on Defendants' previous offers is irrelevant to whether Defendants' current proposal is reasonable. In any event, the prior proposal was made before undersigned counsel was retained and before Plaintiff served Rule 34 requests containing 117 requests for production on Mr. Razon.

[2] On June 4, Plaintiff served another two requests for documents on Mr. Razon, bringing the total to 117.

Judge Schofield
June 8, 2021
Page 2

Defendants") also have until June 28 to serve written responses.[3]  The parties will need at least some additional time after written responses are served to negotiate the scope of documents that will be produced and, if an agreement cannot be reached, seek court intervention.  Although Plaintiff makes much of Defendants' inability to know the volume of their productions, it is impossible to know the total volume until the negotiation (or court-intervention) process plays out.  Plaintiff's suggestion that Defendants are somehow delaying in responding to the document requests is also false.  Plaintiff has not even requested to meet and confer regarding the requests served on Defendants.  Defendants are willing to begin negotiations regarding the scope of their productions prior to the deadline for their written responses, provided that Plaintiff will also do the same with respect to the document requests that Defendants served on Plaintiff on June 4.

Second, particularly (but not only) as to Mr. Razon, the scope of documents requested is excessive.  Plaintiff has propounded 117 requests on Mr. Razon alone, with the vast majority of the requests seeking broadly "All Documents and Communications Concerning" a particular topic.  Mr. Razon expects to object to many of these requests as fishing expeditions unrelated to the lawsuit before this Court.  But even producing documents in response to the reasonable, relevant requests will be time-consuming, requiring coordination with clients on the other side of the world.  It is simply unreasonable to expect Defendants to complete production of responsive documents by July 2, but again, Defendants have offered to commence production by that date.

Third, Plaintiff plans to file an amended complaint, but is taking its time to do so.  At the same time that Plaintiff complains (inaccurately) about Defendants' supposed delay, Plaintiff apparently intends to wait until its June 15 deadline to file its amended complaint.  As of today Defendants do not know which parts of the Complaint will survive amendment and which will be discarded.  The parties cannot have meaningful discussions on the scope of discovery until Defendants have had an opportunity to review and digest the amended complaint.  The relief Plaintiff requests from the Court would require Defendants to complete their productions just two weeks after receiving the revised complaint.

Fourth, much of the information and documents that have been requested, particularly from Mr. Razon and the Arbitration Defendants, is not located in the United States and thus will take more time than usual to collect.  The COVID-19 pandemic is currently in full force in the Philippines.  People are required to work from home and quarantine restrictions are in place.  Searching for and locating relevant documents and information is more difficult right now, and that is all the more true for documents that are more than three years old.

Of course, Defendants are gathering responsive documents now, working on their responses and objections to the requests, and discussing how to proceed with their counsel.  They expect to begin productions by July 2 and to complete their productions by July 30.  This will be more than ample time for Plaintiff's counsel to prepare for depositions in September – and to address any follow-up issues arising from the production.  Other than his own say-so, Plaintiff's counsel offers no explanation as to how Defendants' proposed schedule would unduly prejudice Plaintiff.

---

[3] The Real Estate Entities and Collingwood defendants were formally served with document requests on May 13 – well before separate counsel were retained for those entities – and therefore have until June 17 to serve their written responses.

Judge Schofield
June 8, 2021
Page 3

                                      Respectfully submitted,

                                      Rachel Penski Fissell

cc:      All counsel (via ECF)

The parties shall immediately begin the process of identifying and collecting documents relevant to the case and determining what can be produced when.  The parties shall meet and confer as soon as possible to negotiate and agree on the scope and schedule for document discovery, and shall report to the Court by joint letter dated **June 15, 2021**.  The parties shall propose a deadline for the substantial completion of all document production for requests already served, which shall be no later than July 30, 2021, and shall propose interim deadlines for categories of documents to be provided on a rolling basis.  Rather than its usual practice of allowing the parties to agree on and adjust interim deadlines, the Court will evaluate the parties' proposals and order interim deadlines  as well as periodic status letters to ensure that the document production is proceeding as ordered.

The Clerk of Court is respectfully directed to close the motion at Docket No. 76.

So Ordered.

Dated:  June 9, 2021
           New York, New York

                                                          **LORNA G. SCHOFIELD**
                                                          **UNITED STATES DISTRICT JUDGE**