

Corey J. Seel // *Shareholder*

Email  CoreySeel@mehaffyweber.com
www.mehaffyweber.com

June 23, 2021

The Hon. Lorna Schofield and The Hon. Sarah Netburn
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re: Global Gaming Philippines, LLC v. Razon, Jr., et al., 21-cv-2655 (LGS)**

Dear Judge Schofield and Judge Netburn:

This letter is written on behalf of Defendant Collingwood Investment Company Limited ("CICL").[1] CICL has not yet made an appearance. Pursuant to Rule III(C)(2) of this Court's Rules, CICL submits this letter in anticipation of its Rule 12(b) motion to dismiss the Amended Complaint of Plaintiff Global Gaming Philippines, LLC ("GGP"). CICL also submits this letter pursuant to this District's Local Rule 37.2, as modified by Rule III(C)(3), to request a prehearing conference, on CICL's anticipated discovery stay motion, pending determination of its motion to dismiss.

**"Good cause" exists to stay discovery as to CICL**. Merits-based discovery should normally await disposition of pre-answer motions challenging the legal sufficiency of the complaint. *See Renois v. WVMF Funding, LLC,* 20CV09281, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021). Good cause exists to stay discovery against CICL. **First**, during the May 13, 2021 pre-trial conference, this Court addressed *other* Defendants' requests for discovery stay.[2] Since CICL was not a Defendant, the Court did not address allegations or discovery as to CICL.[3] **Second**, GGP's allegations against CICL are meager and ***contain no facts*** supporting this Court's exercise of personal jurisdiction. Allegations *establish* **that personal** jurisdiction over CICL does **not exist**.

**GGP's allegations against CICL do not establish jurisdiction over CICL**. GGP pleads against CICL the following (often conclusory) allegations: CICL is a limited liability company formed under the laws of the Cayman Islands whose sole director is Enrique K. Razon, Jr. ("Razon") (Dkt. No. 85, 15, 16); CICL is "Razon's personal holding company that serves as his offshore funding entity" (*Id*., 15); CICL wholly owns Defendants "Collingwood Oil & Gas, LLC and Asia Arrow Limited" (*Id*., 15); "Asia Arrow is a wholly-owned subsidiary of [CICL], which is owned and controlled by Razon" (*Id*., 15); CICL is "Razon's offshore Cayman Islands holding company through which he also owns and has funded the Energy Entities" (*Id*., 145.a). "On

---

[1] GGP sued CICL in its First Amended Complaint ("Amended Complaint"), filed on June 13, 2021. GGP identifies CICL as "Collingwood Cayman" throughout the Amended Complaint.
[2] *See* this Court's Order entered following the conference, at Dkt. No. 49, p. 2.
[3] In the Joint Status letter filed with this Court on June 17, 2021 GGP stated, "Collingwood Cayman [CICL] has not yet appeared in this action, but Plaintiff is preparing discovery requests for Collingwood Cayman and expects discovery to proceed expeditiously with regard to that entity." *See* Dkt. No. 91, pp. 2-3.

1

information and belief," Razon paid the purchase price for acquisition by Razon and/or Collingwood USA, Inc. ("CUSA") of certain investments (and certain compensation/commissions)[4] "through the account of [CICL] – Razon's and Cayman Islands funding company – held at HSBC Hong Kong." (*Id.*, 165, 167-170, 173); "At all times, [CICL], … served as the parent company of Collingwood Holdings (and Asia Arrow) and paid the purchase prices for investments held in the names of CUSA and CBUSA" (*id.*, 177); "On information and belief, [CICL's] only operation was the funding and management of Razon's assets held by Asia Arrow, Collingwood Holdings, CUSA, and CBUSA" (*id.*); "On information and belief, at all relevant times, all of Collingwood Cayman's operations were overseen by Occena, from her offices at *Solaire* in the Philippines, at Razon's direction (*Id.*); and "Razon and the Razon Agents established a private trust, the Collingwood Trust, to hold sole ownership of Collingwood Cayman for the sole benefit of Razon and his immediate family." (*Id.*). Importantly, GGP's definition of "Energy Entities" does **not** include CICL.[5]

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) …." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Three factors determine the appropriateness of a discovery stay: (i) strength of the motion to dismiss, (ii) "breadth of discovery sought and the burden on responding to it," and (iii) risk of prejudice to the plaintiff if stay is granted. *See id.* Here, all three factors favor a stay of discovery as to CCL. **First**, the paltry allegations pled against CICL, analyzed under the law, support dismissal of all claims against CICL due to: (i) lack of personal jurisdiction; and (ii) failure to state a veil piercing claim. CICL's anticipated motion to dismiss will seek dismissal on the additional grounds raised by prior counsel in letters dated April 21, 2021 and May 3, 2021 (*See* Dkt. Nos. 39 and 43, respectively).  These arguments are incorporated here as if set forth fully, and they include: lack of subject matter jurisdiction;[6] failure to state a veil piercing claim;[7] and *forum non conveniens*.[8] Further, CICL may argue – and CICL reserves the right to argue – dismissal of claims based on improper service, once the validity of purported service upon CICL, attempted on June 15, 2021 (*see* "Affidavit of Process Server" filed as Dkt. No. 88), has been fully analyzed.  These dismissal bases render CICL's motion to dismiss quite strong and likely to be granted. **Second**, a heavy burden will be placed upon CICL if it is required to respond to written discovery and defend depositions on the substance of claims likely to be dismissed.[9] **Third**, GGP will not be prejudiced by the proposed stay, being sought here a mere week after the Amended Complaint was filed. The stay will not result in any significant delay, and therefore, good cause exists for CICL's requested stay of discovery.

---

[4] Investments listed include: "a minority equity share in Mesa Appalachian" (165); "leasehold interests on substantial net mineral acreage in Texas's Angelina and Nacogdoches counties" (167); "acreage rights in the so-called 'DZI' area of Mesa Appalachian's territory" (168); "oil and gas assets in Waller County, Texas" (169); "oil and gas assets in Kentucky and West Virginia" (170); and "remaining interests in Mesa Appalachian" (173).
[5] Plaintiff pleads, "Defendants Collingwood Holdings, CUSA [Collingwood USA, Inc.], CBUSA [Collingwood Brookshire USA, Inc.] and CAM [Collingwood Appalachian Minerals, LLC] are referred to collectively in this Complaint as the 'Energy Entities' and individually as an 'Energy Entity'". *See* Dkt. No. 85, p. 7, 20.
[6] *See* argument in Dkt. No. 39, p. 2 and in Dkt. No. 43, p. 2, at fn. 9.
[7] *See* CICL's argument, below, and argument in Dkt. No. 39, p. 3 and in Dkt. No. 43, p. 2, at fn.10.
[8] *See* argument in Dkt. No. 39, p. 2 and in Dkt. No. 43, pp. 2-3, at fn. 12.
[9] *See Integrated Sys.*, 2009 WL 2777076, at *1.

**This Court lacks personal jurisdiction over CICL** Moreover, any attempt by Plaintiff to enforce arbitration awards against non-resident Defendant CICL violates the law and the public policy of the state of New York, because Plaintiff's allegations contain no facts establishing this Court's personal jurisdiction over CICL.  **No** facts are pled *against CICL* related to any alter ego theory of enforcement and **no** factual allegations support the exercise of general or special personal jurisdiction over CICL. CICL has no connection with New York or the arbitration awards. Further, this Court has neither general nor specific jurisdiction to recognize and enforce the arbitration awards against the Debtor Defendants[10] under an alter ego theory, which is fatal to enforcement against CICL.  The *only* jurisdictional factual allegations pled by GGP as to CICL establish this Court's *lack* of personal jurisdiction over CICL.[11] In sum, GGP pleads no conduct of CICL giving rise to the arbitration and no facts connecting conduct giving rise to the arbitration to New York.

**Plaintiff has failed to State a Veil Piercing Claim**. While GGP asserts many false factual allegations related to the merits of its alter ego allegations, GGP **does not** assert any factual allegations against CICL that provide any basis for this Court to exercise personal jurisdiction over CICL under an alter ego theory.  Plaintiff's Amended Complaint defines "Energy Entities" – against whom GGP seeks to enforce the arbitral awards – as including the four other "Collingwood" Defendants, but the definition does not include CICL.[12]  Plaintiff fails to allege against CICL any of necessary elements to establish alter ego jurisdiction or veil piercing recovery and is unlikely to succeed in establishing any, much less all three, of such elements.[13] Finally, fatal to this claim is the failure to plead that Debtor Defendants are judgment proof.  An adequate remedy at law exists, because GGP can proceed to enforce the arbitration awards directly against BRHI and SPI.  The alter ego theory and veil piercing claim thus fail.

**Proposed Briefing Schedule for CICL**.  Finally, CICL respectfully requests the same time period within which to file its Rule 12(b) Motion as was granted to all other Defendants*:* according to the following schedule:  **July 15, 2021,** CICL shall file its opening brief; **August 13, 2021,** Plaintiff shall filed its opposition brief; and by **September 3, 2021,** Defendants shall file their reply brief. CICL requests an Order permitting it to file its own Rule 12(b) motion to dismiss under this same schedule.  Plaintiff is opposed to this relief to the extent that CICL intends to seek dismissal based upon improper service.  Presumably, Plaintiff desires separate motions and separate deadlines associated with a motion pursuant to Rule 12(b)(5) from other Rule 12 motions.  CICL believes separating the Rule 12 motions by type and creating new deadlines is unnecessary and a July 15, 2021 deadline for all Rule 12 motions should be kept by the Court.

---

[10] The Debtor Defendants are Bloomberry Resorts and Hotels, Inc. (BRHI) and Sureste Properties, Inc. (SRI) both organized and headquartered in the Philippines.  *See* Dkt. No. 85, p. 5 13-14.
[11] GGP acknowledges and alleges that CICL is a limited liability company formed under the laws of the Cayman Islands. *See* Dkt. No. 85, p. 6, 15.
[12] *See* fn. 5.
[13] Necessary veil piercing elements are that: "the owner has exercised such control that the corporation has become a mere instrumentality of the owner, which is the real actor; (2) such control has been used to commit a fraud or other wrong; and (3) *the fraud or wrong results in an unjust loss or injury to plaintiff. See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 316 F. Supp. 3d 635, 646 (S.D.N.Y. 2018) (emphasis added).

Sincerely,

/s/ *Corey Seel*

Corey J. Seel
For the Firm