USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC.; COLLINGWOOD INVESTMENT COMPANY LIMITED; COLLINGWOOD OIL & GAS HOLDINGS, LLC; COLLINGWOOD USA, INC.; COLLINGWOOD BROOKSHIRE USA, INC.; COLLINGWOOD APPALACHIAN MINERALS, LLC; ASIA ARROW LIMITED; RIZOLINA LLC; ENSARA LLC; NOZAR LLC; BOWERY BAY LLC; CAMPANILLA LLC; FESARA LLC; AND 11 ESSEX STREET REALTY LLC,<br><br>*Defendants*. | No. 21-CV-2655 (LGS) |

## STIPULATION AND ORDER OF CONFIDENTIALITY

This Stipulation and Order of Confidentiality (the "Stipulation") is entered into by and among the parties hereto (each a "Party" and together the "Parties") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any Party and its respective counsel or by any non-Party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Producing Party (as defined herein) asserts merits confidential treatment.

2. As used herein:

(a) "Confidential Information" shall mean Disclosure Material that the Producing Party may designate as "CONFIDENTIAL" if the Producing Party believes in good faith that such Disclosure Material constitutes or includes information that: contains trade secret, business, competitively-sensitive, financial, research and development, or personal information of a private or proprietary nature that is not known to, or has not generally been made available to, the public; is prevented from disclosure by the laws of any governing jurisdiction inside or outside of the United States; is subject by law or by contract to a legally protected right of privacy; or that the Producing Party is under a preexisting obligation to a third party to treat as confidential.

(b) "Disclosure Material" shall mean any items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, *inter alia*, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

(c) "Highly Confidential—Attorneys' Eyes Only Information" shall mean any Confidential Information that, in the good faith judgment of the Producing Party, is so competitively-sensitive that it could cause competitive harm to the Producing Party or parties to whom the Producing Party owes duties of confidentiality if disclosed to another Party or non-Party in this action. A designation of Confidential Information as Highly

Confidential—Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

(d) "Protected Material" shall mean any Disclosure Material that is exchanged in the course of the action that has been designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(e) "Producing Party" shall mean any Parties or non-Parties producing Disclosure Material in connection with this action.

(f) "Receiving Party" shall mean any Party or non-Party receiving Disclosure Material in connection with this action.

3. Except as otherwise provided herein, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before or at the time that the material is disclosed or produced.

4. Designation in conformity with this Stipulation requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that will be produced. For information in electronic form that cannot have a legend affixed to each page (e.g., excel files produced in native format), the Producing Party will produce the materials with a slip-sheet containing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation.

(b) For information produced in some form other than documentary form and for any other tangible items, Protected Material shall be designated and/or categorized by the Producing Party in a writing provided to the Receiving Party at the time of production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(c) For deposition exhibits, portions of deposition testimony, or any video recording of a deposition proceeding, any Party or non-Party may designate as Protected Material deposition exhibits or portions of deposition testimony by (i) stating such designation on the record during the deposition or (ii) sending a writing to all counsel of record within seven days after the reporter makes the deposition transcript available to all parties designating the transcript, or any portions thereof, and any exhibits as Protected Material. If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that a Producing Party designated for the corresponding transcript of the proceeding.

(d) Unless otherwise agreed by the parties, during the seven-day period following first availability of the deposition transcript, the parties shall treat the deposition transcript, and/or the video recording in their entirety as if they had been designated as "CONFIDENTIAL," except that if such materials or any portion(s) thereof have been designated on the record at the deposition as "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," then the parties shall treat such materials or the relevant portion(s) thereof in accordance with such designation. After the expiration of the seven-day period, the deposition transcript and any video recording shall be treated as actually designated. If no designation is made within the seven-day period, the materials shall be considered to not contain any Protected Material, except that the use of a document as an

exhibit at a deposition shall not in any way affect its earlier designation by a Producing Party as Protected Material.

Notwithstanding the remainder of this paragraph 4, exhibits introduced at a deposition will not be entitled to greater protection than the protection designated by the Producing Party at the time of production or as permitted by Paragraph 12 below.

5. A Receiving Party may, at any time, notify a Producing Party that the Receiving Party does not concur in the designation of a document or other material as Protected Material (the "<u>Challenged Material</u>"). If the Producing Party does not agree to remove such designation from the Challenged Material within three (3) business days of the written request, the Receiving Party may ask the Court for an order removing such designation. Unless and until the Court permits other treatment, the Parties shall continue to treat the Challenged Material as Protected Material. Notwithstanding anything herein to the contrary, the Producing Party at all times bears the burden of establishing the propriety of its designation of documents or information as Protected Material.

6. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not furnish, show, reveal, disclose, or discuss Protected Material designated as "CONFIDENTIAL" (or any extracts or summaries thereof) to any person or entity except to:

(a) the Receiving Party, including officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense in the action and who have been advised of their obligations hereunder;

(b) outside or in-house counsel for the Receiving Party, as well as employees and vendors of such counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of the action and who have been advised by such counsel of

their obligations hereunder and, in the case of vendors, have executed the Non-Disclosure agreement attached hereto as Exhibit A;

  (c) expert witnesses, consultants, or mock jurors retained by the Receiving Party or its counsel to furnish technical, expert, or other services in connection with this action or to give testimony at a trial of this action or other proceeding herein, provided that such witness, consultant, or mock juror has signed the Non-Disclosure Agreement attached hereto as Exhibit A;

  (d) the Court and court personnel, if filed in accordance with paragraph 10 hereof;

  (e) an officer before whom a deposition or testimony is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

  (f) persons to whom the Receiving Party or its counsel believes in good faith are likely to be called to give testimony, through deposition, affidavit, or at trial, on information contained in Protected Material, provided that such person (other than persons covered by 6(a) above and 6(h) below) has signed the Non-Disclosure Agreement attached hereto as Exhibit A;

  (g) deposition witnesses, provided that such person (other than a party's Rule 30(b)(6)-designated witness and persons covered by 6(a) above and 6(h) below) has signed the Non-Disclosure Agreement attached hereto as Exhibit A. In the event a non-party witness refuses to sign the Non-Disclosure Agreement, the witness (other than a party's Rule 30(b)(6)-designated witness and persons covered by 6(a) above and 6(h) below) may not be shown the Protected Material absent an order from the Court;

(h) the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed the information;

(i) any mediator, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, provided such mediator has signed the Non-Disclosure Agreement attached hereto as Exhibit A; and

(j) any other person agreed to by the Parties.

7. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not furnish, show, reveal, disclose, or discuss Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (or any extracts or summaries thereof) to any person or entity except to the persons and entities identified in Paragraphs 6(b)-(j). However, a Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to a person identified in Paragraphs 6(f) and 6(g) only to the extent that the Receiving Party reasonably believes that such disclosure is necessary for such person's preparation or testimony, and provided that such person has signed the Non-Disclosure Agreement attached hereto as Exhibit A.

8. Disclosure Material shall be utilized by the Receiving Party and its counsel only for purposes of this action and any appeals therefrom and for no other purposes (including not for any business, commercial, or competitive purpose).

9. In the event of a Receiving Party discloses Protected Material to persons or entities not authorized by this Stipulation to receive such Protected Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (a) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Protected Material subject to this Stipulation; (b) immediately use its best efforts to recover the disclosed Protected

Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) immediately notify the Producing Party in writing of the unauthorized disclosure, including the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Protected Material and ensure against further dissemination or use thereof.

10. The limitations on disclosure in this Stipulation shall not apply to any Protected Material offered or otherwise used by a Party at trial or any open-court hearing or proceeding except as provided in this paragraph. Where a Party desires to use Protected Material at trial or in any open-court hearing prior to which the parties agree or are required to exchange exhibit lists, the Party desiring to offer or use such Protected Material shall meet and confer in good faith with the Producing Party at least 72 hours before the trial or hearing to give the Producing Party an opportunity to reasonably redact the Protected Material to address the Producing Party's confidentiality concerns without limiting the evidentiary value of the Protected Material. If the Parties are unable to resolve a dispute related to such Protected Material, then the Producing Party bears the burden of requesting relief from the Court. In the absence of a court order permitting redaction or prohibiting or limiting the use of the Protected Material, the Receiving Party may offer or otherwise use that Protected Material in the trial, open-court hearing, or proceeding.

11. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

12. Any document or information that may contain Protected Material that has been misdesignated or inadvertently produced without identification as to its confidential nature as provided in paragraph 4 of this Stipulation ("Misdesignated Material"), may be so designated by the Producing Party by written notice to the undersigned counsel for the Receiving Party

identifying the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation. At such time, arrangement will be made for the designation-marking, sequestration, or return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Disclosure Material. If requested by the Producing Party, the Receiving Party shall verify in writing that it has taken all commercially reasonable steps to mark, sequester, return, or destroy such Misdesignated Material. The inadvertent production of Misdesignated Material shall not be deemed a waiver of any claim of confidentiality.

13. The production or disclosure of Protected Material shall in no way constitute a waiver of any Party's or non-Party's right to object to the production or disclosure of other information in this action or any other action.

14. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions hereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, Judge Schofield's Individual Rules and Procedures for Civil Cases, or other applicable law.

15. Absent written consent of all Parties, this Stipulation shall continue to be binding after the conclusion of this action, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed or presented under seal); and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation or a portion hereof.

16. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Within sixty days after the final termination of this action by settlement or exhaustion of all appeals, all Protected Material produced or designated and all reproductions or notes thereof in the possession of any person, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. If the Producing Party requests that physical objects or documents be destroyed, the Producing Party shall bear the cost of such destruction and, after the Producing Party's payment of those costs, the Receiving Party shall, upon request, certify that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding the foregoing, counsel of record for the Receiving Party may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any trial or hearing, and the Receiving Party may retain Protected Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes, provided that such retained documents will continue to be treated as provided in this Stipulation.

18. If a Receiving Party is called upon to produce Protected Material in order to comply with a court order, subpoena, or other direction by a court or governmental agency or body, that Receiving Party shall (a) give written notice by email to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Protected Material if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as

requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court or governmental agency or body.

19. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of any Party to move for relief from any of its provisions or to seek or agree to different or additional protections for any particular material or information.

20. This Stipulation does not affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Stipulation shall constitute a waiver of any rights under such agreements or orders.

21. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: June 23, 2021

| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. | MILBANK LLP |
|---|---|
| By: /s/ Kevin N. Ainsworth<br>Kevin N. Ainsworth<br>Jason P.W. Halperin<br>Daniel T. Pascucci<br>Joseph R. Dunn<br><br>666 Third Avenue<br>New York, NY 10017<br>T: (212) 935-3000<br>F: (212) 983-3115<br>jhalperin@mintz.com<br>dtpascucci@mintz.com<br>jrdunn@mintz.com<br>kainsworth@mintz.com<br><br>*Attorneys for Plaintiff Global Gaming Philippines, LLC* | By: /s/ Daniel M. Perry<br>Daniel M. Perry<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>dperry@milbank.com<br><br>Michael D. Nolan<br>Erin M. Culbertson<br>Brett P. Lowe (admitted *pro hac vice*)<br>1850 K Street, NW<br>Suite 1100<br>Washington, DC 20006<br>Telephone: (202) 835-7500<br>Facsimile: (202) 263-7586<br>mnolan@milbank.com<br>eculbertson@milbank.com<br>blowe@milbank.com<br><br>*Counsel to Defendants Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc.* |

| WALFISH & FISSELL PLLC | MEHAFFYWEBER, PC |
|---|---|
| By: /s/ Rachel Penski Fissell<br>　　Rachel Penski Fissell<br>　　Daniel R. Walfish<br>　　405 Lexington Ave 8th floor<br>　　New York, NY 10174<br>　　Telephone: 212-672-0523<br>　　rfissell@walfishfissell.com<br><br>*Attorneys for Defendants Enrique K. Razon, Jr., Asia Arrow Limited, Rizolina LLC, Ensara LLC, Nozar LLC, Bowery Bay LLC, Campanilla LLC, Fesara LLC, and 11 Essex Street Realty LLC* | By: /s/ Corey J. Seel<br>　　Corey J. Seel (pro hac vice)<br>　　Konor Cormier (pro hac vice)<br>　　Diana J. Shelby (pro hac vice)<br>　　500 Dallas, Suite 2800<br>　　Houston, TX 77002<br>　　Telephone: 713-655-1200<br>　　Facsimile: 713-655-0222<br>　　coreyseel@mehaffyweber.com<br>　　konorcormier@mehaffyweber.com<br>　　DianaShelby@mehaffyweber.com<br><br>*Attorneys for Defendants Collingwood Oil & Gas Holdings, LLC, Collingwood USA, Inc., Collingwood Brookshire USA, Inc., and Collingwood Appalachian Minerals, LLC* |

---

Nothing in this Order shall be construed as authorizing a party to file Confidential Information under seal without prior Court approval following a motion for leave to file under seal.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:　June 23, 2021
　　　　New York, New York

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC.; COLLINGWOOD INVESTMENT COMPANY LIMITED; COLLINGWOOD OIL & GAS HOLDINGS, LLC; COLLINGWOOD USA, INC.; COLLINGWOOD BROOKSHIRE USA, INC.; COLLINGWOOD APPALACHIAN MINERALS, LLC; ASIA ARROW LIMITED; RIZOLINA LLC; ENSARA LLC; NOZAR LLC; BOWERY BAY LLC; CAMPANILLA LLC; FESARA LLC; AND 11 ESSEX STREET REALTY LLC,<br><br>*Defendants*. | No. 21-CV-2655 (LGS) |

## **NON-DISCLOSURE AGREEMENT**

I, _____, declare under penalty of perjury that:

1. My address is_____.

2. My present employer is_____.

3. My present occupation or job description is _____
_____.

4. I have received a copy of the Stipulation and Order of Confidentiality (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Protected Material that is disclosed to me.

8. I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Protected Material.

9. I will ensure that individuals working under my supervision, if there are any, comply with the Stipulation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

Date: _____     Signature: _____