UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC.; COLLINGWOOD INVESTMENT COMPANY LIMITED; COLLINGWOOD OIL & GAS HOLDINGS, LLC; COLLINGWOOD USA, INC.; COLLINGWOOD BROOKSHIRE USA, INC.; COLLINGWOOD APPALACHIAN MINERALS, LLC; ASIA ARROW LIMITED; RIZOLINA LLC; ENSARA LLC; NOZAR LLC; BOWERY BAY LLC; CAMPANILLA LLC; FESARA LLC; AND 11 ESSEX STREET REALTY LLC,<br><br>*Defendants.* | No. 21 Cv. 2655 (LGS) |

**PLAINTIFF GLOBAL GAMING PHILIPPINES, LLC'S RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS BY DEFENDANTS ENRIQUE K. RAZON, JR. AND THE REAL ESTATE ENTITIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "GGAM"), by and through its undersigned counsel, submits the following Responses and Objections to Defendants Enrique K. Razon, Jr. ("Razon"), Asia Arrow Limited, Rizolina LLC, Ensara LLC, Nozar LLC, Bowery Bay LLC, Campanilla LLC, Fesara LLC, and 11 Essex Street Realty LLC's (collectively "the Real Estate Entities," and together with Razon, the "Defendants") First Set of Requests for Production of Documents dated June 4, 2021 (the "Requests") as follows:

1

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Requests (including the Definitions and Instructions related thereto) to the extent that they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

2.      Plaintiff objects to the Requests (including the Definitions and Instructions related thereto) to the extent that they seek the disclosure of documents that were prepared for or in anticipation of litigation, constitute work product, contain or reflect attorney-client communications, or are otherwise subject to privilege or immunity from compelled disclosure. To the extent that any Request may be construed as seeking the production of documents that are subject to any such claim of privilege, Plaintiff hereby asserts that doctrine and/or privilege and objects on that basis.  Plaintiff reserves all rights provided by the parties' 502(d) Order dated May 27, 2021. Plaintiff will not produce or log its communications with Mintz or its attorneys in the underlying arbitration and will not produce or log any work product of Mintz or the attorneys in the underlying arbitration.

3.      Plaintiff's production of documents and other information in response to these Requests is not intended and should not be construed as an admission that the produced documents or other information are relevant or admissible.  Plaintiff reserves all proper objections regarding the competency, relevancy, materiality, privilege, authenticity and/or admissibility as evidence, for any purpose of any and all documents and other information produced by Plaintiff in this litigation.

4.      Plaintiff objects to each Request that seeks the production of "all" documents concerning a specified topic; Plaintiff will treat any such Request as a Request to produce all responsive, non-privileged documents that can be located after a reasonable search conducted in good faith.

5.      Plaintiff objects to each request that arguably calls for Plaintiff to produce to one defendant in this action documents produced by another defendant in this action. Plaintiff will not make such a production.

6.      Defendants object to the Requests to the extent they seek production of documents on or before July 2, 2021.

7.      Plaintiff expressly reserves the right to revise, amend, correct, supplement, or clarify further the specific objections set forth below and/or supplement the production with any additional documents or information based on ongoing discovery and investigation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to the use of definitions that conflict with the uniform definitions in the Local Rules.

2.      Plaintiff objects to all Instructions to the extent they purport to impose obligations that are greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, the parties' ESI Protocol dated May 28, 2021, and the parties' Confidentiality Order dated June 23, 2021.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections, Plaintiff responds as follows:

### REQUEST FOR PRODUCTION NO. 1

All Documents that GGP may use or intend to use to support its claims against Razon and the Real Estate Entities.

**RESPONSE TO REQUEST NO. 1**

Plaintiff objects that this request calls for attorney work product and is overbroad. Subject to its objections, (A) Plaintiff has already produced 51,011 pages of documents including extensive documents responsive to this request; and (B) to the extent not already produced by Plaintiff, it will produce all non-privileged Documents in its possession, custody or control that it intends to use to support its claims against Razon and the Real Estate Entities in this action. Plaintiff objects to this request to the extent it calls for documents Plaintiff "may use" as ambiguous and premature. Discovery and investigation are ongoing and Plaintiff reserves the right to supplement this response and its production.

**REQUEST FOR PRODUCTION NO. 2**

All Documents reviewed, consulted, or otherwise used to draft the Complaint and/or Amended Complaint.

**RESPONSE TO REQUEST NO. 2**

Plaintiff objects that this request (a) calls for attorney work product and documents subject to the attorney-client privilege, (b) is overbroad, (c) is vague and ambiguous, and (d) is not proportional to the needs of the case. To the extent responsive documents are not work product or privileged, they are called for by other requests including request No 1 above and therefore this request is duplicative. Subject to its objections, (A) Plaintiff has already produced 51,011 pages of documents; and (B) to the extent not already produced by Plaintiff, it will produce all non-privileged responsive documents in its possession, custody or control that it intends to use to support its claims against Razon and the Real Estate Entities in this action.

**REQUEST FOR PRODUCTION NO. 3**

All Documents Concerning or providing a basis for GGP's assertions that Razon is an alter ego of BRHI and SPI.

4

**RESPONSE TO REQUEST NO. 3**

Plaintiff objects that this request (a) calls for attorney work product and documents subject to the attorney-client privilege, (b) is overbroad, and (c) is vague and ambiguous. Subject to its objections, Plaintiff will produce or has already produced non-privileged documents within its possession, custody, or control, if any, concerning the issues of the alter ego relationship between Razon and the other Defendants.

**REQUEST FOR PRODUCTION NO. 4**

All Documents Concerning or providing a basis for GGP's assertions that the Real Estate Entities are alter egos of Razon or of BRHI and SPI.

**RESPONSE TO REQUEST NO. 4**

Plaintiff objects that this request (a) calls for attorney work product and documents subject to the attorney-client privilege, (b) is overbroad, and (c) is vague and ambiguous. Plaintiff will not produce documents responsive to this request, except, subject to its objections, Plaintiff will produce or has already produced (i) the arbitral awards that it seeks to enforce against Defendants BRHI and SPI; and (ii) non-privileged documents within its possession, custody, or control, if any, concerning the issues of the alter ego relationship between Razon and the other Defendants.

**REQUEST FOR PRODUCTION NO. 5**

All Documents Concerning discussions about making Razon a party to the MSA, EOA, or Participation Agreement, or having Razon personally guarantee any entity's obligations under any of those agreements.

**RESPONSE TO REQUEST NO. 5**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c)

is overbroad, and (d) calls for the production of privileged communications. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

All Documents Concerning any of BRHI, SPI, or BRC holding themselves out as an extension of Razon, or Razon holding himself out as an extension of any of those entities.

**RESPONSE TO REQUEST NO. 6**

Plaintiff objects that this request (a) calls for attorney work product, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) is vague and ambiguous. Subject to its objections, Plaintiff will produce non-privileged responsive documents within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 7**

All Documents Concerning Your reasonable expectation that Razon was, is, or should be liable for the debts of BRHI, SPI, or BRC.

**RESPONSE TO REQUEST NO. 7**

Plaintiff objects that this request is (a) calls for attorney work product, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) is vague and ambiguous. Subject to clarification during a meet-and-confer, Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

All Documents Concerning any due diligence, investigation, inquiry, or assessment You performed, whether formal or informal, in connection with negotiation and/or performance of the MSA, EOA, or Participation Agreement relating to any of the following subjects:
    a. the assets of BRHI, SPI, or BRC;
    b. the enforcement in the Philippines of any arbitration award or judgment against BRHI, SPI, or BRC;
    c. the financial condition, including the level of capitalization (or undercapitalization) and the solvency (or insolvency) of BRHI, SPI, or BRC;
    d. the separateness, or lack of separateness, of each BRHI, SPI, or BRC from Razon;

    e. the independence and discretion, or lack of independence and discretion, of BRHI, SPI, or BRC;
    f. the commingling or intermingling, or lack of commingling or intermingling, of the assets of, on the one hand, BRHI, SPI, or BRC, and on the other, Razon;
    g. the siphoning, or lack of siphoning, by Razon of funds of BRHI, SPI, or BRC;
    h. the treatment, or lack of treatment, of BRHI, SPI, or BRC as independent profit centers; or
    i. Razon's payment, or lack of payment, of the debts of BRHI, SPI, or BRC.

**RESPONSE TO REQUEST NO. 8**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) calls for the production of work product and privileged communications. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**

All Documents Concerning GGP's discussions about making Razon a party to the Arbitration, bringing veil-piercing claims against Razon or others in the Arbitration, or bringing a conversion claim against Razon or others in the Arbitration.

**RESPONSE TO REQUEST NO. 9**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, and (c) calls for the production of privileged communications and/or attorney work product. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10**

All Documents Concerning Any investigation You or any affiliate of Yours caused to be performed, or any report that You or any affiliate of Yours caused to be prepared, for the purposes of identifying alleged alter egos of Razon and/or developing alter ego allegations against Razon and/or the Real Estate Entities in this litigation.

**RESPONSE TO REQUEST NO. 10**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad; (d) is vague and ambiguous; and (e) calls for the production of work product and/or privileged communications. This request is clearly directed to uncovering Plaintiff's investigation efforts, including privileged and work-product material. Plaintiff will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 11**

All Documents Concerning the Real Estate Entities.

**RESPONSE TO REQUEST NO. 11**

Plaintiff objects that this request (a) calls for attorney work product, (b) is overbroad, and (c) is vague and ambiguous. Subject to its objections, Plaintiff will produce non-privileged documents within its possession, custody, or control concerning the alter ego relationship between Razon and the Real Estate Entities.

**REQUEST FOR PRODUCTION NO. 12**

All Documents Concerning Your belief or understanding at any time that the assets of the Real Estate Entities would be available to satisfy the debts of BRHI, SPI, of BRC, or of Razon personally.

**RESPONSE TO REQUEST NO. 12**

Plaintiff objects that this request on the grounds that (a) to the extent it purports to characterize Plaintiff's allegations, it mischaracterizes those allegations; (b) it seeks matter that has no relevance to any party's claims or defenses in this action, (c) it is not proportional to the needs of the case, (d) it calls for attorney work product and/or attorney client communications; (e)

it is overbroad; and (f) it is vague and ambiguous. Plaintiff will not produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 13

All Documents that provide a basis for statements in the Complaint or an Amended Complaint, made "on information and belief," that Razon diverted funds from BRHI and SPI for his or his family's personal use, including his acquisition of property and other assets in the United States. *See* paragraphs 8, 12, 21-28, 122, 125-129 of the Complaint.

### RESPONSE TO REQUEST NO. 13

Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Plaintiff objects to this request on the grounds that it (a) calls for attorney work product; (b) is overbroad, and (c) is not proportional to the needs of the case. Subject to objections, Plaintiff will produce non-privileged documents within its possession, custody, or control concerning the alter ego relationship between Razon and the other Defendants, including documents showing Razon's diversion of funds from BRHI and Sureste for personal use by him and/or his family.

### REQUEST FOR PRODUCTION NO. 14

To the extent not produced in response to any other Request, all "Documents related to the Real Estate Entities, the transactions pursued and/or consummated by Razon and/or the Real Estate Entities in New York, and Razon's use of the assets of the Real Estate Entities," as referred to in Plaintiff's Rule 26(a)(1) Initial Disclosures dated May 20, 2021 (pdf page 25).

### RESPONSE TO REQUEST NO. 14

Plaintiff has already produced and/or will produce the documents requested.

### REQUEST FOR PRODUCTION NO. 15

To the extent not produced in response to any other Request, all "Documents relating to the alter ego relationships between the Defendants," as referred to in Plaintiff's Rule 26(a)(1) Initial Disclosures dated May 20, 2021 (pdf page 25).

**RESPONSE TO REQUEST NO. 15**

Plaintiff has already produced and/or will produce the documents requested.

**REQUEST FOR PRODUCTION NO. 16**

All Documents Concerning or providing a basis for allegations in the Complaint or an Amended Complaint that Razon has "influence" in or over (i) the Philippine courts or judicial system, or (ii) the Philippine stock exchange.

**RESPONSE TO REQUEST NO. 16**

Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Plaintiff objects to this request on the grounds that it (a) calls for attorney work product; (b) is vague and ambiguous in that it does not specify the allegations it intends; and (c) is overbroad. Subject to its objections, Plaintiff will produce non-privileged documents within its possession, custody, or control, if any, concerning Razon's influence in the Philippines, including its Courts and the Philippine Stock Exchange.

**REQUEST FOR PRODUCTION NO. 17**

All requests made to any third party for Documents for use in this litigation.

**RESPONSE TO REQUEST NO. 17**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, and (c) calls for the production of work product and/or privileged communications. This request is clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Documents relevant to the claims and defenses at issue have been produced or are the subject of other requests and will be produced subject to Plaintiff's responses and objections to those requests. Plaintiff will not produce any additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All Documents received from any third party for use in this litigation, whether or not the request for the Documents took or takes the form of a formal subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 18**

Plaintiff objects to this request on the grounds that it (a) is vague, ambiguous, and overbroad in that the words "for use in this litigation" have many meanings, (b) seeks matter that has no relevance to any party's claims or defenses in this action, and (c) calls for the production of privileged communications and/or attorney work product. This request is clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Documents relevant to the claims and defenses at issue have been produced or are the subject of other requests and will be produced subject to Plaintiff's responses and objections to those requests. Plaintiff will not produce any additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

All Communications with Ahmad Atwan.

**RESPONSE TO REQUEST NO. 19**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request is clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine and attorney-client privilege. To the extent plaintiff communicated with third potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists

11

between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, support any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 20**

All Documents produced to any other Defendant in this litigation.

**RESPONSE TO REQUEST NO. 20**

Plaintiff objects that the words "produced to" are vague and ambiguous as they could include productions made by one defendant to another. Plaintiff will make all documents it produces to any Defendant available to all Defendants.

Dated: June 24, 2021  
New York, New York

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

By: /s/ *Kevin N. Ainsworth*  
Robert I. Bodian  
Jason P.W. Halperin  
Kevin N. Ainsworth  
Daniel T. Pascucci  
(admitted *pro hac vice*)  
Joseph R. Dunn  
(admitted *pro hac vice*)

666 Third Avenue  
New York, NY 10017  
T: (212) 935-3000  
F: (212) 983-3115  
rbodian@mintz.com  
jhalperin@mintz.com  
kainsworth@mintz.com

dtpascucci@mintz.com
jrdunn@mintz.com

*Attorneys for Plaintiff*
*Global Gaming Philippines, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2021, a true and correct copy of the foregoing document was caused to be served on the following counsel via electronic mail, as indicated:

Daniel M. Perry
Milbank, LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
DPerry@Milbank.com

Michael D. Nolan
Brett P. Lowe
Milbank LLP
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
mnolan@Milbank.com
BLowe@Milbank.com

*Counsel for Defendants Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc.*


Daniel Walfish
Rachel Penski Fissell
Walfish & Fissell PLLC
405 Lexington Avenue, Fl 8
New York, NY 10174
Tel: (212) 672-0501
dwalfish@walfishfissell.com
rfissell@walfishfissell.com

*Counsel for Defendants Enrique K. Razon, Jr., 11 Essex Street Realty LLC, Asia Arrow Limited, Bowery Bay LLC, Campanilla LLC, Ensara LLC, Fesara LLC, Nozar LLC and Rizolina LLC*

Diana J. Shelby
Corey J. Seel
Konor A. Cormier
MehaffyWeber, PC
500 Dallas, Suite 2800
Houston, TX 77002
Tel: (713) 655-1200
DianaShelby@mehaffyweber.com
CoreySeel@mehaffyweber.com
konorcormier@mehaffyweber.com

*Counsel for Defendants Collingwood Appalachian Minerals, LLC, Collingwood Brookshire USA, Inc., Collingwood Oil & Gas Holdings, LLC, Collingwood USA, Inc.*

14

Dated: June 24, 2021

By: */s/ Kevin N. Ainsworth*
Kevin N. Ainsworth