

**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com

Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

July 2, 2021

**VIA EMAIL**

Walfish & Fissell PLLC
405 Lexington Ave 8th floor
New York, NY 10174
    Attention:    Rachel Penski Fissell
                     Daniel R. Walfish

Mehaffy Weber, PC
500 Dallas, Suite 2800
Houston, TX 77002
    Attention:    Corey J. Seel
                     Konor Cormier
                     Diana J. Shelby

Milbank LLP
55 Hudson Yards
New York, NY 10001
    Attention:    Daniel M. Perry

Milbank LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
    Attention:    Michael D. Nolan
                     Brett P. Lowe

    **Re:**    *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, **21 Cv. 2655 (LGS) / Plaintiff's Meet-and-Confer Responses**

Dear Counsel:

After considering arguments made by you during our meet-and-confer, we provide in this letter Plaintiff's responses to the arguments regarding its objections to the Requests For Production ("RFPs") propounded by Enrique K. Razon, Jr. ("Razon"), the "Real Estate Entity" defendants, and the "Collingwood Defendants." We have responded separately regarding the arguments of Defendants BRHI and Sureste.

**MINTZ**

July 2, 2021
Page 2



1. <u>**RFPs Propounded by Razon and the RE Entities**</u>:

<u>**Request No. 4**</u>

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 4 to read: "Plaintiff objects that this request (a) calls for attorney work product and documents subject to the attorney-client privilege, (b) is overbroad, and (c) is vague and ambiguous. Plaintiff will not produce documents responsive to this request, except, subject to its objections, Plaintiff will produce or has already produced (i) the arbitral awards that it seeks to enforce against Defendants BRHI and Sureste; and (ii) non-privileged documents within its possession, custody, or control, if any, concerning the issues of the alter ego relationships between (a) the Real Estate Entities and (b) Razon, BRHI and/or Sureste."

<u>**Request No. 5**</u>

Plaintiff has considered Defendants' position and maintains its objections.

<u>**Request No. 7**</u>

Plaintiff has considered Defendants' position and maintains its objections.

<u>**Request No. 8**</u>

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 8 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) calls for the production of work product and privileged communications. Plaintiff will not produce documents responsive to subparagraphs a, b, or c of the Request. Plaintiff is willing to meet-and confer to narrow subparagraphs d through i to an appropriate scope of non-privileged documents, within its possession, custody, or control, if any, that were created before execution of the MSA."

<u>**Request No. 11**</u>

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 11 to read: "Plaintiff objects that this request (a) calls for attorney work product, (b) is overbroad, and (c) is vague and ambiguous. Subject to its objections, Plaintiff will produce non-privileged documents within its possession, custody, or control that (a) concern the alter ego relationship between Razon and the Real Estate Entities, or (b) mention the name(s) of any of the Real Estate Entities."

**MINTZ**

July 2, 2021
Page 3



### Request No. 12

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 12 to read: "Plaintiff objects to this request on the grounds that (a) to the extent it purports to characterize Plaintiff's allegations, it mischaracterizes those allegations; (b) it seeks matter that has no relevance to any party's claims or defenses in this action, (c) it is not proportional to the needs of the case, (d) it calls for attorney work product and/or attorney client communications; (e) it is overbroad; and (f) it is vague and ambiguous. Subject to its objections, Plaintiff will produce non-privileged documents, within its possession, custody, or control, if any, that were created before execution of the MSA and that reflect a belief or understanding that the assets of the Real Estate Entities would be available to satisfy the debts of BRHI, Sureste, of BRC, or of Razon personally."

### Request No. 17

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta,* 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 17 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, and (c) calls for the production of work product and/or privileged communications. This request is clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Documents relevant to the claims and defenses at issue have been produced or are the subject of other requests and will be produced subject to Plaintiff's responses and objections to those requests. Plaintiff further objects that the request is vague and ambiguous because it (a) does not indicate who made the request(s), and (b) does not distinguish between third parties engaged by Plaintiff for purposes of this litigation (such as investigators), and other third parties. Any responsive request made by Plaintiff to its legal counsel is attorney-client privileged material. Any request made by Plaintiff's legal counsel to a vendor it engaged to assist in its research is work product material. And any request made by Plaintiff's legal counsel to non-vendor third parties for documents for use in this litigation also is work product material. Plaintiff will not produce or log

**MINTZ** 

July 2, 2021
Page 4

any such materials. Subject to the foregoing, Plaintiff will produce any non-privileged requests that it (not its attorneys) made to a third party for Documents for use in this Litigation."

### Request No. 18

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 18 to read: "Plaintiff objects to this request on the grounds that it (a) is vague, ambiguous, and overbroad in that the words "for use in this litigation" have many meanings, (b) seeks matter that has no relevance to any party's claims or defenses in this action, and (c) calls for the production of privileged communications and/or attorney work product. This request is clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff further objects that the request is vague and ambiguous because it does not indicate who received the documents. Documents relevant to the claims and defenses at issue have been produced or are the subject of other requests and will be produced subject to Plaintiff's responses and objections to those requests. With the understanding that (a) the Request refers to receipt of Documents by Plaintiff and not its legal counsel, and (b) the term "third parties" as used in the Request does not refer to Plaintiff's attorneys, accountants, consultants, or others performing services for Plaintiff in connection with the preparation for and prosecution of this litigation, Plaintiff will produce non-privileged responsive documents, within its possession, custody, or control, if any."

### Request No. 19

After considering Defendants' argument, Plaintiff maintains its objections on the common interest and work product doctrines. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta,* 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiffs agrees to amend its response and objections to Request No. 19 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request is clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and

**MINTZ**



July 2, 2021
Page 5

communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine and attorney-client privilege. To the extent plaintiff communicated with third potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not search for or log communications responsive to this request that are covered by the common interest or work product doctrines. Plaintiff will produce non-privileged responsive documents, if any, that are relevant to the subject matter of the claims and defenses in this case."

**2.      RFPs Propounded by the Collingwood Defendants:**

**Request No. 2**

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 2 to read: "Plaintiff objects to this request on the grounds that, to the extent it purports to characterize Plaintiff's allegations, it mischaracterizes the allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) Collingwood Oil & Gas Holdings, LLC and (b) Razon, BRHI, and/or Sureste."

**Request No. 4**

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 4 to read: "Plaintiff objects to this request on the grounds that, to the extent it purports to characterize Plaintiff's allegations, it mischaracterizes the allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) Collingwood USA, Inc. and (b) Razon, BRHI, and/or Sureste."

**Request No. 6**

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 6 to read: "Plaintiff objects to this request on the grounds that the phrase "showing that support your factual contention" is unintelligible, vague and ambiguous. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) Collingwood Brookshire USA, Inc. and (b) Razon, BRHI, and/or Sureste."

**Request No. 8**

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 8 to read: "Plaintiff objects to this request on the grounds that the phrase "showing that support your factual contention" is unintelligible, vague and ambiguous. Subject to its

**MINTZ**



July 2, 2021
Page 6

objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) Collingwood Appalachian Minerals, LLC and (b) Razon, BRHI, and/or Sureste."

### Request No. 11

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 11 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon and/or BRHI."

### Request No. 12

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 12 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon and/or Sureste."

### Request No. 13

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 13 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon, BRHI, and/or Sureste."

### Request No. 14

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 14 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon and/or BRHI."

### Request No. 15

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 15 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon and/or Sureste."

**MINTZ**

July 2, 2021
Page 7



### Request No. 17

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 17 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon and/or BRHI."

### Request No. 18

Plaintiff has considered Defendants' position and agrees to amend its response and objections to Request No. 18 to read: "Plaintiff objects to this request to the extent it purports to characterize Plaintiff's allegations and, in doing so, mischaracterizes Plaintiff's allegations. Subject to its objections, Plaintiff will produce non-privileged documents concerning the alter ego relationship between (a) the Collingwood Defendants and (b) Razon and/or Sureste."

### Request No. 19:

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta,* 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 19 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request and other requests asking for Plaintiff's communications with potential witnesses are clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine. To the extent plaintiff communicated with potential witnesses who are actively involved in ongoing other litigation any of the Defendants in

**MINTZ**

July 2, 2021
Page 8



this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce or log any privileged materials responsive to this request. Subject to the foregoing, Plaintiff will produce non-privileged responsive documents in its possession, custody, or control, if any exist."

**Request No. 20:**

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta,* 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 20 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request and other requests asking for Plaintiff's communications with potential witnesses are clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine. To the extent plaintiff communicated with potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce or log any privileged materials responsive to this request."

**MINTZ**

July 2, 2021
Page 9



**Request No. 21:**

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta*, 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 21 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request and other requests asking for Plaintiff's communications with potential witnesses are clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine. To the extent plaintiff communicated with potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce or log any privileged materials responsive to this request."

**Request No. 22:**

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta*, 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed



materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 22 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request and other requests asking for Plaintiff's communications with potential witnesses are clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine. To the extent plaintiff communicated with potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce or log any privileged materials responsive to this request."

**Request No. 23:**

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta*, 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 23 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request and other requests asking for Plaintiff's communications


with potential witnesses are clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine. To the extent plaintiff communicated with potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce or log any privileged materials responsive to this request."

**<u>Request No. 24:</u>**

After considering Defendants' argument, Plaintiff maintains its objection that the requested documents are subject to the work product privilege. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("[s]o long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, [such that] they have strong common interests in sharing the fruit of the trial preparation efforts."); *see also S.E.C. v. Gupta*, 281 F.R.D. 169, 171–72 (S.D.N.Y. 2012) ("there 'may' not be waiver where the disclosing party and the government "share a common interest in developing legal theories and analyzing information, or situations in which the government and the disclosing party have entered into an explicit agreement that the government will maintain the confidentiality of the disclosed materials.'") (quoting *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir.1993)); *Morales v. United States*, No. 94 CIV. 4865 (JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (holding that questioning of a witness about communications with counsel will possibly "reveal government counsel's legal strategy and thought processes' in contravention of the attorney work product doctrine." (quoting *United States v. District Council of New York City*, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992)).

Plaintiff agrees to amend its response and objections to Request No. 24 to read: "Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is overbroad, and (c) calls for the production of work product and/or privileged communications. This request and other requests asking for Plaintiff's communications with potential witnesses are clearly directed to uncovering plaintiff's investigation efforts, including privileged and work-product material. Plaintiff's investigation efforts and communications, if any, with potential witnesses are not relevant to the claims or defenses in this case and are protected by the work-product doctrine. To the extent plaintiff communicated with potential witnesses who are actively involved in ongoing other litigation any of the Defendants in this case, a common interest exists between Plaintiff and those potential witnesses such that work-product and privilege are retained through any such communications. To the extent any non-privileged communications with potential witnesses, if any such communications exist, are relevant to any claim or defense in this case and are separately called for by other requests, they will be produced in response to those other requests. Plaintiff will not produce or log any privileged

**MINTZ**

July 2, 2021
Page 12



materials responsive to this request. Subject to the foregoing, Plaintiff will produce non-privileged responsive documents in its possession, custody, or control, if any exist."

Very truly yours,

/s/ Kevin N. Ainsworth

Kevin N. Ainsworth