# EXHIBIT C

**Lowe, Brett**
___

| | |
|---|---|
| **From:** | Dunn, Joseph <JRDunn@mintz.com> |
| **Sent:** | Wednesday, June 30, 2021 3:41 PM |
| **To:** | Lowe, Brett |
| **Cc:** | Perry, Dan; 'Seel, Corey'; 'Cormier, Konor'; 'Shelby, Diana'; 'Rachel Penski Fissell (rfissell@walfishfissell.com)'; 'Daniel Walfish'; Halperin, Jason; Ainsworth, Kevin; Pascucci, Daniel; Greenquist, Iris |
| **Subject:** | [EXT] RE: GGP v. Razon, et al. - Meet and Confer re: BRHI's and SPI's RFPs to GGP |

Brett,

Thank you for your follow up email below regarding your clients' yet-to-be-asserted public policy argument. Upon review, and after revisiting the Emergency Motion excerpts you cited, it appears this is the same argument Mr. Perry articulated to Judge Netburn during the June 28, 2021 conference. As we stated during that same conference, we do not believe you have articulated any legitimate basis for a valid defense to enforcement in this action.

In response to the parties' arguments, Judge Netburn ordered a briefing schedule for a motion to compel and we agree this issue is best resolved by such briefing. We note, however, that last Friday and again in yesterday's email you stated that "many" of the factual bases for the defense you have offered in support of the identified requests are set forth in pages 12-13 of Defendants' Opposition to Plaintiff's' Emergency Motion, dated April 2, 2021 (ECF No. 30). If there are additional factual bases you intend to rely on to support the requests, you have not identified them and we have not met and conferred on them. To the extent any additional factual bases exist, please identify them by July 2 so that we can properly consider whether they warrant a change to our position.

Thank you,

Joe


**Joseph R. Dunn**
*Member / Bankruptcy & Restructuring Practice*
*Co-Chair, Cross-Border Asset Recovery Practice*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300, San Diego, CA 92130
+1.858.314.1516
JRDunn@mintz.com | Mintz.com



___

**From:** Lowe, Brett <BLowe@milbank.com>
**Sent:** Tuesday, June 29, 2021 3:24 PM
**To:** Bodian, Robert <RIBodian@mintz.com>; Halperin, Jason <JHalperin@mintz.com>; Ainsworth, Kevin <KAinsworth@mintz.com>; Pascucci, Daniel <DTPascucci@mintz.com>; Dunn, Joseph <JRDunn@mintz.com>; Greenquist, Iris <IBGreenquist@mintz.com>
**Cc:** Perry, Dan <DPerry@milbank.com>; 'Seel, Corey' <CoreySeel@mehaffyweber.com>; 'Cormier, Konor' <konorcormier@mehaffyweber.com>; 'Shelby, Diana' <DianaShelby@mehaffyweber.com>; 'Rachel Penski Fissell

(rfissell@walfishfissell.com)' <rfissell@walfishfissell.com>; 'Daniel Walfish' <dwalfish@walfishfissell.com>
**Subject:** GGP v. Razon, et al. - Meet and Confer re: BRHI's and SPI's RFPs to GGP

Dear Counsel,

Thank you for meeting and conferring with us last Friday regarding BRHI's and SPI's requests for documents from Plaintiff, and Plaintiff's responses and objections thereto.

Plaintiff informed us in its responses and objections and again during the meet and confer that it will not produce documents in response to BRHI's and SPI's document request numbers 1-22, 24-25 and 29 on relevance grounds.  We explained during our meet and confer that these requests seek documents that are relevant to BRHI's and SPI's defenses to Plaintiff's claims for recognition and enforcement of the Arbitration Awards, including that such recognition and enforcement would be contrary to the public policy of the United States/New York.  *See* New York Convention, Article V(2)(b) ("Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that: . . . (b) The recognition or enforcement of the award would be contrary to the public policy of that country."); *see also Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998) (discussing Art. V(2)(b) and recognizing that "a fraudulently obtained arbitration . . . award" could "violate public policy and therefore preclude enforcement[.]") (citations omitted).  We also directed Plaintiff to pages 12-13 of Defendants' Opposition to Plaintiff's' Emergency Motion, dated April 2, 2021 (ECF No. 30), which set forth many of the factual components of these defenses.  *See Thomas Kinkade Co. v. Hazlewood*, 2007 U.S. Dist. LEXIS 9136 (N.D. Cal. Jan. 25, 2007) (allowing discovery to proceed in connection with FAA § 10(a)(1) defense where party "claim[ed] that the specific instances of fraud it [sought] to uncover were not discoverable during the proceedings below because defense counsel actively concealed it during those proceedings . . . ."); *see also Ameropa AG v. Havi Ocean Co. LLC*, No. 10 CIV.3240 TPG, 2011 WL 570130, at *1 (S.D.N.Y. Feb. 16, 2011) (suggesting that discovery in support of a public policy defense may be appropriate where there is substance underlying a party's defense); Restatement (Third) U.S. Law of Int'l Comm. Arb. § 4.31(b) PFD ("[A] court may order discovery or hold an evidentiary hearing to the extent necessary to determine disputed issues of material fact relevant to the post-award action.").

In response to our explanation of the relevance of the documents we requested and our directing you to the above-referenced pleading, you questioned relevance on the ground that our defenses to recognition and enforcement—including under Article V(2)(b) of the New York Convention—might somehow be legally precluded by prior proceedings in the Arbitration and/or Singapore.  We, in turn, explained that we did not believe that to be the case.  *See, e.g.*, *Yukos Cap. S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 11 (2d Cir. 2014) (holding that a U.S. court presented with an Art. V(2)(b) challenge need not afford any deference to a foreign court's determination of whether enforcement of the same award would violate the foreign country's public policy, as Art. V(2)(b) "calls for application of **United States** public policy . . . .") (citation omitted) (emphasis added); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 61 (2d Cir. 2017) (remanding to allow party to conduct discovery related to its claims of fraud in the arbitration).

At the end of the meet and confer regarding BRHI's and SPI's requests for documents, you indicated that you would further consider the points that we raised with respect to relevancy.  Please let us know the result of your further consideration.  Thank you.

Best,
Brett

Brett Lowe | Milbank | Associate
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: +1 202.835.7533
blowe@milbank.com | milbank.com

===========================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.