**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com



Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

July 9, 2021

**VIA EMAIL**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS)-(SN) /
    Plaintiff's Motion to Compel the Energy Entities to Produce Documents

Dear Judge Netburn:

On behalf of Plaintiff Global Gaming Philippines, LLC ("Plaintiff"), we respectfully request the Court to compel Defendants Collingwood Oil & Gas Holdings, LLC ("Collingwood Holdings"), Collingwood USA, Inc. ("CUSA"), Collingwood Brookshire USA, Inc. ("CBUSA"), Collingwood Appalachian Minerals, LLC ("CAM") (collectively, for purposes of this letter, the "Energy Entities")[1] to produce Documents in response to the Requests for Production ("RFP") Nos. 2, 4, 13, 14, 15, 16, 17, and 19.[2]

**Nature of the Action**
The nature of the action is described in Plaintiff's letters to compel Defendants Enrique K. Razon, Jr. ("Razon"), Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI") (collectively the "Award Debtors" or "Debtor Defendants") to produce documents. For the convenience of the Court, we do not repeat those details here but provide additional information concerning the Energy Entities.

---

[1] This motion does not apply to Defendant Collingwood Investment Company Limited ("CICL"), which was added as a Defendant in the First Amended Complaint on June 13, 2021.

[2] This motion is based on the Energy Entities' written responses and objections. Plaintiff met and conferred by telephone with counsel for all Defendants on June 23, 2021 regarding their "general objections" to RFPs and RFAs, as well as specific issues with certain RFPs. Due to the volume of the issues, Plaintiff followed up with a detailed letter on June 30, 2021, identifying each Defendants' many defective responses to the RFPs and RFAs. See Exhibit A hereto. Some issues were resolved with additional correspondence, and on July 9, 2021, counsel for Plaintiff and the Energy Entities met and conferred by telephone but were unable to reach agreement on the issues identified in this letter. Since the document productions are incomplete, Plaintiff is not yet raising issues regarding the completeness of their productions.

**MINTZ** 

Plaintiff seeks to enforce two foreign arbitral awards for more than $295 million against the Award Debtors, Razon, and the other defendants as their alter egos. Plaintiff also seeks to recover from Razon, and his alter egos, the damages caused by Razon's conversion of Plaintiff's valuable shares (the "Shares") of Bloomberry Resorts Corp. ("BRC")—the publicly traded holding company of the Award Debtors—by interfering with Plaintiff's rights to own, enjoy and/or dispose of those Shares. See FAC at Count VI.

As with the Award Debtors, Razon is the puppeteer controlling the Energy Entities. Despite the breadth of relevant topics of discovery concerning the alter ego analysis and the Energy Entities' arguments concerning personal jurisdiction, Razon has consistently "self-limited" the scope of the Defendants' responses to Plaintiff's RFPs, largely refused to search for and produce relevant emails and other communications, and asserted a host of baseless objections designed to obfuscate the substance (or lack thereof) in their responses.

**Topics of Discovery**
The discovery sought from the Energy Entities is addressed primarily to (A) the alter ego relationships among the Defendants—including Razon's ownership, domination and control over all Defendants, the commingling of assets and use of personnel and property across various entity Defendants, the lack of separateness, failure to adhere to corporate formalities, and the use of the Entity Entities as instrumentalities to advance his personal financial interests; and (B) personal jurisdiction.

**The Energy Entities Should Be Compelled to Produce Documents**[3]
Defendants have asserted general objections that improperly limit the scope of their responses, and they have refused to produce responsive documents for other RFPs:[4]

1. <u>General Objection No. 9 – Definition of Razon</u>: Consistent with Local Civil Rule 26.3(c)(5), Plaintiff defined "Razon" to mean the individual Defendant Enrique K. Razon, Jr. However, the Energy Entities object to that definition as "vague as to whether it refers to Razon in his individual or corporate capacity." Each of the Energy Entities (except Collingwood Holdings) has unilaterally limited its responses to the

---

[3] Plaintiff issued identically worded RFPs to the Energy Entities, except that RFP No. 8 to CUSA and CBUSA was not made to CAM and Collingwood Holdings. As a result, the numbering of the RFPs to CUSA and CBUSA differs slightly from the numbering of RFPs to CAM Collingwood Holdings. Plaintiff's RFPs to CAM are in Exhibit B hereto; Plaintiff's RFPs to CUSA are in Exhibit C hereto. CAM's Responses and Objections to Plaintiff's RFPs are in Exhibit D to this letter. CUSA's Responses and Objections to Plaintiff's RFPs are in Exhibit E to this letter.

[4] During our meet and confer on July 9, 2021, counsel for the Energy Entities agreed to withdraw the general objections as "general objections," and reassert any such objections, as applicable, with respect to specific RFPs. While those amended Responses and Objections may resolve the uncertainty caused by the assertion of general objections, the objections—even as specific objections—are problematic, as described herein.



  RFPs to define "Razon" to mean Razon acting only in his capacity as President. This is improper. The Energy Entities have offered no justification for limiting Plaintiff's definition of Razon in this fashion. Indeed, doing so would allow the Energy Entities to pick and choose which of the responsive documents in their possession, custody or control they can withhold based on their unilateral determination of whether Razon was acting for his individual interests, on behalf of another entity, or in his capacity on behalf of one of the Energy Entities. The limitation is nonsensical. If the Energy Entities have documents in their possession, custody or control that are responsive to an RFP using the term "Razon," they must produce those responsive documents.[5] This is particularly important in a case where Razon dominates and controls each of the entity Defendants (including each of the Energy Entities), and allowing the Defendants to withhold documents based on alleged different "capacities" will only lead to gamesmanship.

2. <u>General Objection No. 4 – Confidentiality</u>: The Energy Entities objected to Plaintiff's RFPs "to the extent that they seek highly private, confidential, proprietary, and/or competitive business information." The Court has entered a two-tier Confidentiality Order in this case, which should alleviate any of the Defendants' confidentiality concerns. During meet and confer, counsel for the Energy Entities stated they wish to preserve this objection for the future even with the Confidentiality Order in place. The Defendants' blanket objection based on confidentiality is improper. At a minimum, to the extent this objection is re-asserted in amended responses, the Energy Entities must specify whether any documents are being withheld on this basis. FRCP 34(b)(2)(C).

3. RFPs 2 and 4: The issues in dispute are the same for these two RFPs. Defendants refuse to search for and produce pertinent documents and communications regarding their corporate structure, including regarding their indirect parents, such as CICL and The Collingwood Trust. Such documents and communications, including organizational charts maintained by the Energy Entities, are relevant to the alter ego analysis and should be produced. The Energy Entities' responses refuse to state whether they will produce responsive documents beyond identifying each entities' direct parent.

  a. RFP No. 2 seeks: "Documents and Communications sufficient to identify Your direct and indirect parent companies (including trusts) since January 1, 2011."
  b. RFP No. 4 seeks: "All Documents and Communications Concerning the ownership of Collingwood Investment Company Limited."

4. RFP No. 13 to CAM and Collingwood Holdings and RFP No. 14 to CUSA and CBUSA: These requests seek "All Documents and Communications Concerning Razon." The Energy Energies objected to the breadth of these requests and refused to

---

[5]  The Energy Entities did not indicate whether they are withholding documents based on this "general objection" as required by Rule 34(b)(2)(C).



search for or produce responsive documents. To alleviate concerns about scope, Plaintiff has offered to narrow the scope of this request to "All Documents and Communications concerning actions taken by Razon or proposed to be taken by Razon concerning [such Energy Entity]." These RFPs, as narrowed by Plaintiff, seek documents that are undoubtedly easily accessible by the Energy Entities. Indeed, given the improper general objection interposed by the Energy Entities to the term "Razon" and discussed above—by which they sought to only produce documents related to Razon's actions on behalf of the particular entity—the Energy Entities cannot now complain that such an exercise is infeasible or unduly burdensome. And the various actions taken by Razon on behalf of those entities is undoubtedly relevant to the degree of Razon's domination and control over those entities.

5. RFP No. 14 to CAM and Collingwood Holdings and RFP No. 15 to CUSA and CBUSA: These requests seek "All Documents and Communications Concerning Estella Tuason-Occeña." The Energy Energies objected to the breadth of these requests and refused to search for or produce responsive documents. To alleviate concerns about scope, Plaintiff has offered to narrow the scope of this request to "All Documents and Communications concerning actions taken by Estella Tuason-Occeña or proposed to be taken by Estella Tuason-Occeña concerning [such Collingwood Defendant], including all Communications between Estella Tuason-Occeña and Razon." To Plaintiff's knowledge, Ms. Tuason-Occeña is not an employee of the Energy Entities. Thus, the Energy Entities' concerns about the scope of the request are unclear. However, the requested documents are clearly relevant. Plaintiff alleges Razon used various operatives, agents and personnel across his enterprise of entities, including Ms. Tuason-Occeña and other personnel of the Award Debtors. Specifically, Plaintiff has alleged that Ms. Tuason-Occeña has long served as Razon's "right hand" and has managed his financial dealings across his enterprise, including by overseeing various Collingwood operations from her offices at *Solaire*. *See* FAC ¶¶ 68, 177. These documents should be produced.

6. RFP Nos. 15 and 16 to CAM and Collingwood Holdings and RFP Nos. 16 and 17 to CUSA and CBUSA: These requests also relate to the degree of domination and control exercised by Razon and his use of Bloomberry personnel at the Energy Entities. Plaintiff requests documents and communications concerning Mr. Gerard Festin and Mr. Fritz Lacap, who both hold high-level positions in the Bloomberry companies, and who were used to manage and oversee the formation and operation of the Energy Entities. *See, e.g.*, FAC ¶ 183. Defendants must produce the responsive documents.

7. RFP No. 17 to CAM and Collingwood Holdings and RFP No. 18 to CUSA and CBUSA: These requests seek "All Documents and Communications Concerning any Transactions, including but not limited to Documents and Communications Concerning



the sources of funds used to consummate any Transactions."[6] In their written responses, the Energy Entities stated (after asserting objections) that they "will not respond as stated beyond providing copies of the agreements for which [the Energy Entity] has agreed to purchase or fund a transaction on or before July 2, 2021," and would not be providing documents and communications regarding the transactions. During meet and confer, counsel for the Energy Entities stated that he viewed this request as too broad, despite Plaintiff's counsel clarifying that the requests seek only the documents concerning the Transactions themselves (including negotiation and consummation of the Transactions), and not the broad scope of documents the Energy Entities had detailed in their responses. With this clarification, the Energy Entities have no valid basis to limit their response in the manner they have.

8. RFP No. 19 CAM and Collingwood Holdings and RFP No. 20 to CUSA and CBUSA: These requests seek "All Documents and Communications Concerning any meetings, phone calls, email correspondence, or decision making in which Razon participated in connection with any Transactions." Defendants refuse to produce any responsive documents based on their objection to the breadth of the requests. During meet and confer, Plaintiff's counsel made clear that the requests seek documents related to Razon's participation in the pre-Transaction period, which are clearly relevant to Razon's exercise of control, his use of the Energy Entities as vehicles to hold his personal assets and investments, and the other alter ego assertions in the FAC. These documents should be produced.

Respectfully submitted,

*/s/ Kevin N. Ainsworth*
Kevin N. Ainsworth

cc: All counsel of record (Via Email)

---

[6] "Transactions" is defined in the RFPs as "consummated investments and/or acquisitions related to energy interests, including but not limited to oil, mineral, natural gas, and other natural resources."