# Milbank

**DANIEL M. PERRY**

*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5083
dperry@milbank.com  |  milbank.com

August 20, 2021

**VIA ECF**

The Honorable Sarah Netburn
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Global Gaming Philippines, LLC v. Razon Jr., et al.*, No. 21-cv-2655 (LGS)-(SN)

Dear Judge Netburn:

Defendants BRHI and SPI write in reply to Plaintiff GGP's letter of July 16, 2021 (Dkt. No. 125) (the "Response") and in further support of BRHI/SPI's letter motion to compel GGP to produce documents (Dkt. No. 104) (the "Motion").

As detailed in the Motion, BRHI/SPI ask the Court to order GGP to produce documents that are highly relevant to BRHI/SPI's defenses to GGP's claims for recognition and enforcement of the Arbitration Awards. The crux of those defenses is that GGP engaged in unlawful conduct in providing management services and then committed fraud in the Arbitration by basing its affirmative case on its performance of management services while concealing its unlawful conduct. Specifically, BRHI/SPI believes the evidence will demonstrate that GGP (i) violated the laws of the Philippines and the U.S., including the FCPA, while it was the management services provider for Solaire, and then (ii) intentionally violated the Tribunal's discovery orders by not searching for or producing relevant documents—including the communications between Eric Chiu, GGP's President for Asia, and Chinese government officials with whom he was working in furtherance of GGP's "strategies"—that BRHI/SPI believe would have shown that it had engaged in such illegal conduct.

In its Response, GGP does not contest that the documents BRHI/SPI seeks are relevant and proportional to the needs of the case. Rather, GGP argues that BRHI/SPI's defenses are legally insufficient. But now is not the time to make such an argument. Courts consistently reject efforts by parties to resist discovery related to claims or defenses on the grounds that such claims or defenses are legally insufficient. *See generally* BRHI/SPI's Motion at 5 (citing cases). The Court should do so here. Moreover, each of GGP's arguments is meritless.

---

MILBANK LLP

NEW YORK  |  LOS ANGELES  |  WASHINGTON, D.C.  |  SÃO PAULO  |  FRANKFURT
LONDON  |  MUNICH  |  BEIJING  |  HONG KONG  |  SEOUL  |  SINGAPORE  |  TOKYO

The Honorable Sarah Netburn
August 20, 2021                                                                                                          Page 2

***GGP's Two Main Arguments Fail Because They Are Premised on Factual Misrepresentations***

First, GGP argues that BRHI/SPI merely allege fraud in the inducement of the MSA, not fraud in the Arbitration. This is not true. As summarized above, and as discussed in more detail in BRHI/SPI's Motion at pages 2-4, BRHI/SPI allege fraud in the Arbitration. Moreover, in addition to erroneously asserting that BRHI/SPI are not alleging fraud in the Arbitration, GGP erroneously claims that BRHI/SPI have not identified a public policy that would be violated by enforcing the Arbitration Awards. But GGP's own letter cites *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998), wherein the Second Circuit recognized that "a fraudulently obtained arbitration award" can "violate public policy and therefore preclude enforcement" under Art. V(2)(b) of the New York Convention. Such a result should follow here.

Second, GGP argues that BRHI/SPI are re-litigating issues already decided by the Tribunal. This is also not true. The Tribunal expressly held that it lacked jurisdiction to consider the issue of GGP's fraud in the Arbitration. In paragraph 419 of the Final Award, the Tribunal stated that "**allegations of fraud were made by the Respondents in the Request for Reconsideration of the Liability Award. *The Tribunal did not consider them*** because it found that it 'may not reconsider the Liability Award. In particular the request for reconsideration does not fall within any of the enumerated exceptions of section 19B of the IAA.'"[1] Moreover, contrary to GGP's assertion, *see* Response at n. 5, the Tribunal did not consider the evidence demonstrating that GGP committed illegal conduct while engaged under the MSA, including the evidence summarized in the Spectrum Report. The Tribunal reasoned that it could not consider this evidence because it lacked jurisdiction to do so.[2] Thus, the Final Award contains no discussion of the Spectrum Report or the evidence of GGP's illegal conduct while performing under the MSA.

***GGP's Other Arguments Likewise Fail***

First, GGP's argument that the circumstances in which courts grant discovery relating to defenses to recognition and enforcement of arbitration awards are limited fails, as an initial matter, because it was **GGP** who first sought discovery from BRHI/SPI regarding BRHI/SPI's defenses to recognition and enforcement of the Arbitration Awards, and BRHI/SPI agreed to produce documents in response to this request.[3] Setting aside the fact that GGP opened the door to this

---

[1] Final Award (Dkt No. 85-1) ¶ 419 (emphasis added) (quoting Decision on Reconsideration of the Liability Award at ¶ 75); *see also* Decision on Reconsideration of the Liability Award ¶ 74 (attached hereto as Exhibit A) ("The Tribunal believes that, where there are allegations of fraud, the Courts might be the better forum not least because of the seriousness of an allegation of fraud and its potential criminal consequences.").

[2] Final Award (Dkt No. 85-1) ¶ 343 (noting that BRHI/SPI made submissions that damages should be equitably reduced due to "GGAM's multiple breaches of the MSA, the existence of which the FCPA Orders permitted [BRHI/SPI] to discover" (e.g., GGP's illegal/unethical conduct as summarized in the Spectrum Report), and finding "that this is an attempt by [BRHI/SPI] (through the invocation of equitable principles) to re-litigate matters submitted earlier to the Tribunal. **For the same reason that the Tribunal decided not to reconsider the Liability Award [(i.e., because it is unable to do so due to a lack of jurisdiction)], the Tribunal finds that it is not appropriate through the application of equitable principles to circumvent its inability to reconsider it**.") (emphasis added).

[3] *See* BRHI's R&Os to GGP's First Set of Requests for Production of Documents (Dkt. No. 109-4) at Request No. 1.

The Honorable Sarah Netburn
August 20, 2021                                                                                                               Page 3

defense-related discovery, BRHI/SPI's Motion made clear that courts in post-arbitration proceedings have allowed discovery to proceed when such discovery is connected to allegations of fraud in the underlying arbitration.[4] GGP acknowledged that these cases "dealt with fraud in the arbitration proceedings"—which is precisely what makes the cases applicable here.  Finally, GGP misleadingly argues on page 7 of its Response that BRHI/SPI have "the burden of demonstrating a '*clear and convincing showing*' that [they] can succeed and thus [are] entitled to discovery"—a proposition flatly rejected by a case *cited by GGP*.[5] Moreover, the Second Circuit has confirmed, in a case also cited by GGP in its Response, that BRHI/SPI need only "plausibly allege" that GGP engaged in fraud in the arbitration to obtain discovery.[6] BRHI/SPI have plausibly alleged GGP engaged in fraud, and BRHI/SPI's Motion should be granted.

Second, GGP engages in misdirection by arguing that the FCPA Orders do not, on their face, evidence fraud such that the Arbitration Awards should not be enforced.  But the FCPA Orders should not merely be read "on their face."  The FCPA Orders—most notably the one issued by the DOJ *after* the Liability Award—are significant because they allowed BRHI/SPI and their experts at Spectrum to discover, *inter alia*, that GGP likely committed illegal and unethical conduct *while engaged under the MSA*, and violated the Tribunal's discovery orders to conceal such conduct.[7]

Third and finally, GGP suggests that the judgments issued in connection with the Singapore proceedings have some bearing here.  They do not.  This Court must decide whether enforcement of the Arbitration Awards would violate the public policy of the *United States*.  GGP does not dispute that the judgments issued in Singapore did not (and could not) decide this issue, and that any preclusion theory must therefore fail.[8]

---

[4] *See, e.g.*, *Thomas Kinkade Co. v. Hazlewood*, 2007 U.S. Dist. LEXIS 9136 (N.D. Cal. Jan. 25, 2007); *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017) (remanding to allow discovery related to allegations that party had engaged in fraud in the arbitration).

[5] The case explained that the "clear and convincing" standard applies only where discovery is sought from tribunal members.  *See Frere v. Orthofix, Inc.*, 2000 WL 1789641, at *5 (S.D.N.Y. Dec. 6, 2000) (finding that "respondents [had] misstate[d] the law in seemingly contending that no discovery is permitted absent 'clear evidence of impropriety.' . . . that standard applies only to discovery inquiries *directed at the arbitrator and only when the goal is to impugn the validity of the arbitrator's decision*.").  BRHI/SPI are not seeking such discovery here.

[6] *de Gusa*, 850 F.3d at 62 (holding that the district court erred in "holding that appellants' fraud claims should be dismissed prior to discovery on the ground of issue preclusion as issue preclusion is an equitable doctrine and appellants *plausibly allege* that appellees engaged in fraud") (emphasis added).

[7] GGP also falsely asserts that the conduct of Weidner and Chiu described in the FCPA Orders has been publicly reported for a decade.  To the contrary, it was precisely because news articles did not detail the wrongdoing at LVS that BRHI/SPI asked Weidner in August 2012 about the extent of his and other GGP executives' involvement.  In response, Weidner denied that he was substantively involved, and omitted any reference to Chiu's involvement.  The FCPA Orders exposed these lies.

[8] *See, e.g., Yukos Cap. S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 11 (2d Cir. 2014) (holding that a U.S. court presented with an Art. V(2)(b) challenge need not afford any deference to a foreign court's determination of whether enforcement of the same award would violate the foreign country's public policy, as Art. V(2)(b) "calls for application of United States public policy . . . .").

The Honorable Sarah Netburn
August 20, 2021                                                                                                                                Page 4

                                                                                   Respectfully submitted,

                                                                                   */s/ Daniel M. Perry*

                                                                                   Daniel M. Perry