UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GLOBAL GAMING PHILLIPINES, LLC,

                                                  **Plaintiff,**

-against-

ENRIQUE K. RAZON, JR., et al.,

                                                  **Defendants.**

-------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 9/15/2021

21-CV-02655 (LGS) (SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff moves to compel Defendant Enrique K. Razon, Jr. to produce: (1) documents and communications regarding financial relationships and dealings between the Defendants; (2) documents and communications regarding Razon's control over his entities; (3) documents and communications relating to the anticipated jurisdictional challenges of the "Debtor Defendants"[1] and the Energy Entities[2]; (4) documents and communications relating to Razon and the Energy Entities; and (5) documents responsive to Plaintiff's Requests for Production ("RFP") that Razon deferred to the other Defendants. ECF No. 112. Plaintiff also asks the Court to order Razon to amend his answers to certain Requests for Admission ("RFA"). Id.

       Plaintiff's requests for "all communications" across all four categories identified above and in its motion are overly broad in their scope.[3] See, e.g., Pegoraro v. Marrero, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) (denying a document request because it was overbroad and not limited

---

[1] The Debtor Defendants are Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI").
[2] The Energy Entities are Defendants Collingwood Investment Company Limited, Collingwood Oil & Gas Holdings, LLC, Collingwood USA, Inc., Collingwood Brookshire USA, Inc., and Collingwood Appalachian Minerals, LLC.
[3] These include portions of the RFPs numbered 1–2, 6, 11–18, 21–22, 42, 94–95, 110, 113, 114. See ECF No. 112, Ex. 4.

in scope and time). Accordingly, Plaintiff's motion to compel Razon's response to these requests is denied without prejudice, excepting RFP Nos. 96 and 97, for which responsive communications shall be produced. Plaintiff may renew limited requests for communications that are targeted to specific relevant events, if any.

Plaintiff, however, is entitled to broad discovery of non-email documents, including corporate records, relating to the financial relationships between the parties. Such records are relevant to, at a minimum, Plaintiff's alter ego theory of liability. Accordingly, Razon must produce documents responsive to RFP Nos. 3, 4, 31, 32 (narrowed to "Defendant entities"), 33, 35, 42, 44–49, 65–68, and 98–101. This list does not include those RFPs to which Razon has indicated he will respond or delegates his response to another defendant. Razon must produce responses to these RFPs as well. Plaintiff's motion with respect to all other RFPs is denied on relevance grounds.

Plaintiff also seeks a multitude of records relating to The Collingwood Trust. See ECF No. 112, Ex. 4 (RFP Nos. 21–22, 42, 108, 109–13). Defendant Razon has already agreed to produce the Deed of Trust. ECF No. 123. Plaintiff's requests for additional records relating to the Collingwood Trust are denied as overly broad and irrelevant, without prejudice to Plaintiff modifying his request to a narrowed scope of documents. Plaintiff's requests seeking, for example, "*all* documents and communications concerning *any* transfer" between Razon and The Collingwood Trust are overly broad and not limited in time or scope to Plaintiff's claims.

With regard to Plaintiff's RFP Nos. 54 and 61–64, which relate to engagement letters, the motion is similarly denied.

The Court also denies Plaintiff's motion as it pertains to RFP No. 104, which relates to personal plane manifests, as overbroad and irrelevant. To the extent that any travel on any

aircraft "owned, leased, or operated by any Razon Entity" was used for business purposes, those manifests are relevant and should be produced by Razon.

Plaintiff also seeks to compel Razon to produce "[a]ll communications between [Razon] and Ahmad Atwan," and "[a]ll Communications with Medel Payumo Concerning any of Collingwood Cayman, Collingwood Holdings, CUSA, CBUSA, CAM, or The Collingwood Trust." See ECF No. 112, Ex. 4 (RFP Nos. 93 and 114, respectively). These requests are similarly overly broad in scope because they seek "all communications," regardless of their nature. See, e.g., Pergoraro, 281 F.R.D. at 133.

Finally, with regard to Plaintiff's RFAs to which Razon responded by citing or referring to the responses of the other Defendants, Razon is ordered to answer the relevant RFAs on his own accord. See Optima Media Grp. Ltd. v. Bloomberg L.P., No. 17-cv-01898 (AJN) (JLC), 2019 WL 3537181, at *3 (S.D.N.Y. Aug. 5, 2019). If a party does not admit or deny a request for admission, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). That the request for admission was asked of another related entity does not excuse this individual defendant's obligation under Rule 36 to provide a specific answer or explain why it cannot do so.

The Clerk of Court is respectfully directed to GRANT in part and DENY in part the motion at ECF No. 112.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 15, 2021
         New York, New York