```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GLOBAL GAMING PHILLIPINES, LLC,

                         Plaintiff,                      21-CV-02655 (LGS) (SN)

        -against-                                    **ORDER**

ENRIQUE K. RAZON, JR., et al.,

                        Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Before the Court is the motion of Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI") (together, the "Debtor Defendants") to compel Plaintiff to produce documents in response to certain disputed Requests for Production. ECF No. 104. Broadly, the disputed requests relate to BRHI/SPI's anticipated defense against Plaintiff's attempt to enforce arbitration awards against those entities, in which they will argue that the Court should refuse recognition and enforcement of the arbitration awards because they are "contrary to the public policy" of the United States. See ECF No. 104 (citing Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 313, 315 (2d Cir. 1998)).

      Actions for the recognition and enforcement of foreign arbitration awards arise under the Convention for the Enforcement and Recognition of Foreign Arbitral Awards (the "New York Convention"). See CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d 58, 70 (2d Cir. 2017). "The district court here sits in secondary jurisdiction with respect to the foreign arbitral award at issue." Id. at 71. Under the New York Convention, a court "shall confirm [a foreign arbitral] award unless it finds one of the grounds for refusal or deferral of recognition or

enforcement of the award specified in the said Convention." Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005) (internal quotation marks omitted) (quoting 9 U.S.C § 207). A court may refuse to enforce an award only under one of the specific defenses listed in Article V of the" New York Convention—such as if "[t]he recognition or enforcement of the award would be contrary to the public policy of the country in which enforcement is sought." Europcar Italia, 156 F.3d at 313.

"Given the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is 'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" Id. (quoting Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997)). Thus, although there is a public policy exception to the enforcement of a foreign arbitration award, it is "to be construed very narrowly and should be applied only where enforcement would violate our most basic notions or morality and justice." Europcar Italia, 156 F.3d at 315 (quoting Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737 F.2d 150, 152 (2d Cir. 1984)) (cleaned up). Indeed, these considerations must be weighed against upholding "public confidence in laws and diminish[ing] rights of personal liberty and property." Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción, 832 F.3d 92, 111 (2d Cir. 2016). Accordingly, "[t]he showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof." Polin v. Kellwood Co., 103 F. Supp. 2d 238, 255 (S.D.N.Y. 2000) (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997), aff'd, 34 F. App'x 406 (2d Cir. 2002).

In this context, "the district court has discretion to deny discovery in a proceeding to confirm an arbitral award." Lyeth v. Chrysler Corp., 929 F.2d 891, 898 (2d Cir. 1991); see also Frere v. Orthofix, Inc., No. 00-cv-01968 (RMB) (MHD), 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000) (explaining that discovery pursuant to the Federal Rules of Civil Procedure is available in "post-arbitration judicial proceeding[s] to confirm or vacate" arbitration awards, but only "where relevant and necessary to the determination of an issue raised by such an application"). A court must also weigh a party's asserted need for previously "undisclosed information and assess the impact of granting such discovery on the arbitral process"—which should not involve the relitigating of issues previously before the arbitral body. Frere, 2000 WL 1789641, at *5; Europcar Italia, 156 F.3d at 315. The court's inquiry is "necessarily keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." Frere, 2000 WL 1789641, at *5.

Here, the Debtor Defendants seek documents relating to two of Plaintiff's executives—Bill Weidner and Eric Chiu. See ECF No. 104. The Debtor Defendants argue that Weidner and Chiu were involved in Plaintiff's breach of the parties' agreement and/or in fraudulently inducing the Debtor Defendants' entry into the agreement with Plaintiff. Id. The Debtor Defendants' allegations appear to stem from the fact that the company Weidner and Chiu worked at *before* they formed Global Gaming Philippines—Las Vegas Sands Corp. ("LVS")—entered into a non-prosecution agreement with the U.S. Department of Justice. Id.

The Debtor Defendants have not met their "heavy burden" in demonstrating that enforcement of the arbitration awards would be contrary to United States public policy. Moreover, documents from the Arbitral Tribunal's Final Award specifically addressed the issue

3

of the Department of Justice's non-prosecution agreement with LVS and the Debtor Defendants' "speculative" assertions as to Weidner's and Chiu's actions and their consequences. See ECF No. 125, Ex. 1. At this stage, the Court is unwilling to allow collateral litigation "undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award" as it would "tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention." Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 410–11 (2d Cir. 2009). Given the New York Convention's "emphasis on enforcing international arbitral awards and 'considerations of reciprocity,'" coupled with the evidence that suggests that these issues were previously litigated in the arbitration in question, the Court denies the Debtor Defendants' motion to compel Plaintiff. Id.; see also Parsons & Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier (RAKTA), 508 F.2d 969, 973–74 (2d Cir. 1974); Pagaduan v. Carnival Corp., 830 F. App'x 61, 63 (2d Cir. 2020).

The Clerk of Court is respectfully directed to DENY the motion at ECF No. 104.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 16, 2021
         New York, New York