**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC.; COLLINGWOOD INVESTMENT COMPANY LIMITED; COLLINGWOOD OIL & GAS HOLDINGS, LLC; COLLINGWOOD USA, INC.; COLLINGWOOD BROOKSHIRE USA, INC.; COLLINGWOOD APPALACHIAN MINERALS, LLC; ASIA ARROW LIMITED; RIZOLINA LLC; ENSARA LLC; NOZAR LLC; BOWERY BAY LLC; CAMPANILLA LLC; FESARA LLC; AND 11 ESSEX STREET REALTY LLC,<br><br>*Defendants*. | No. 21-CV-2655 (LGS) |

**DEFENDANTS BLOOMBERRY RESORTS AND HOTELS INC.'S AND SURESTE PROPERTIES, INC.'S RULE 72(a) OBJECTION TO THE MAGISTRATE JUDGE'S <u>SEPTEMBER 16, 2021 ORDER DENYING THEIR MOTION TO COMPEL</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

II.    ARGUMENT ........................................................................................................................ 4

        A.    The Order Is Clearly Erroneous Because It Is Predicated on a Factual Misunderstanding ................................................................................................ 5

        B.    The Order Is Contrary to Law Because it Adopted GGP's Issue Preclusion Argument Without Allowing Bloomberry to Discover Facts That Would Prevent Application of the Equitable Doctrine ..................................................... 7

        C.    The Order Is Contrary to Law Because It Applied a Higher Legal Standard Than Is Required Here ............................................................................................... 8

III.   CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*,
  850 F.3d 58 (2d Cir. 2017) ............................................................................................. 7, 8, 10

*City of New York v. FedEx Ground Package Sys., Inc.*,
  2017 WL 633445 (S.D.N.Y. Feb. 14, 2017) ............................................................................ 9

*Frere v. Orthofix, Inc.*,
  2000 WL 1789641 (S.D.N.Y. Dec. 6, 2000) ........................................................................... 9

*GE Healthcare Bio-Scis. AB v. Bio-Rad Lab'ys, Inc.*,
  2015 WL 7582967 (S.D.N.Y. Nov. 25, 2015) ....................................................................... 10

*Granite State Ins. Co. v. Clearwater Ins. Co.*,
  2012 WL 1520851 (S.D.N.Y. Apr. 30, 2012) .......................................................................... 4

*Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*,
  2014 WL 5525237 (S.D.N.Y. Oct. 27, 2014) ....................................................................... 8, 9

*Sekisui Am. Corp. v. Hart*,
  945 F. Supp. 2d 494 (S.D.N.Y. 2013) ...................................................................................... 6

*Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*,
  502 U.S. 105 (1991) ............................................................................................................... 10

*Thomas Kinkade Co. v. Hazlewood*,
  2007 WL 217384 (N.D. Cal. Jan. 25, 2007) ....................................................................... 9, 10

**Statutes**

U.S. Foreign Corrupt Practices Act ..................................................................................... *passim*

**Other Authorities**

F. R. Civ. P. 72(a) ................................................................................................................ *passim*

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants Bloomberry Resorts and Hotels Inc. ("BRHI") and Sureste Properties, Inc. ("SPI," and together with BRHI, "Bloomberry") respectfully object to Magistrate Judge Netburn's September 16, 2021 order denying Bloomberry's motion to compel Plaintiff Global Gaming Philippines, LLC ("GGP") to produce documents. Dkt. 155 (the "Order").

This Objection centers around GGP's failure to produce documents that support Bloomberry's affirmative defense to GGP's claim seeking to recognize and enforce two foreign arbitral awards (the "Awards") against Bloomberry. Dkt. 85 (the First Amended Complaint "FAC") ¶¶ 194-204. As Bloomberry has made clear since the outset of this action, *see* Dkt. 30 at 12-14, to the extent the FAC is not dismissed,[1] Bloomberry will challenge enforcement of the Awards on the ground that, *inter alia*, GGP committed fraud **in the arbitration proceedings** to procure the Awards (the "Fraud Defense") and, as such, enforcement would be contrary to U.S. public policy. There is nothing unusual about this defense or the discovery sought. Courts have held both that (i) awards obtained through fraud in the arbitration are contrary to U.S. public policy, and (ii) where there are disputed facts concerning a defense to arbitral enforcement—including defenses based on fraud *in the arbitration proceedings*—the defendant is entitled to discovery. Dkt. 104 at 2; Dkt. 141 at 2-3.

To support its Fraud Defense, Bloomberry served certain document requests on GGP. *See* Dkt. 104-1 at RFP Nos. 1-22, 29. GGP, however, refused to produce *any* documents in response to these requests, *see* Dkt. 104-2, 104-3, even though GGP itself sought from Bloomberry, and Bloomberry agreed to produce, "[a]ll Documents [Bloomberry] may use or intend to use to support

---

[1] Bloomberry has moved to dismiss the FAC on personal jurisdiction and *forum non conveniens* grounds. Briefing on that motion is complete. *See* Dkt. 147. Notwithstanding Bloomberry's pending motion to dismiss, the Court has ordered the parties to move forward with discovery on GGP's claims and Bloomberry's defenses. *See* Dkt. 49.

any defense or challenge to recognition and/or enforcement of either of the Awards." *See* Dkt. 109-2 at RFP No. 1.[2] Faced with GGP's recalcitrance, Bloomberry moved to compel production of these documents, explaining both the legal and factual bases for which it needed the information (the "Motion"), *see infra* Section I. GGP opposed the Motion, not based on relevance or proportionality, but based solely on arguments challenging the validity of the Fraud Defense. Ultimately, Judge Netburn's Order denied the Motion.

This Court should set aside the Order and grant the Motion because the Order is (i) clearly erroneous insofar as it is based on the incorrect factual finding (promoted by GGP) that the arbitral tribunal that issued the Awards considered the Fraud Defense, when in actuality the tribunal held that it lacked jurisdiction to consider the Defense; (ii) contrary to law because it failed to adhere to Second Circuit caselaw by prematurely adopting GGP's argument that issue preclusion barred the Fraud Defense without first allowing Bloomberry to conduct discovery on such Defense; and (iii) contrary to law because it required Bloomberry to meet a heightened evidentiary burden on an affirmative defense before being afforded the very discovery that would support its defense.

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

As Bloomberry made clear in the Motion, the basis for Bloomberry's Fraud Defense is that Bloomberry discovered in 2017—*i.e.*, **after the parties had presented their cases to the tribunal and after the tribunal issued its Liability Award**—that GGP's performance under the Management Services Agreement between GGP and Bloomberry (the "MSA") had been undermined by violations of Philippine and U.S. law **and** that GGP committed **fraud in the arbitration** by, *inter alia*, intentionally withholding documents and communications the tribunal ordered it to produce in an attempt to conceal this illegal conduct. Motion (Dkt. 104) at 2-4. After

---

[2] On September 8, 2021, GGP informed Magistrate Judge Netburn that it intends to take **further** discovery from Bloomberry on these defenses after Bloomberry answers the FAC. Dkt 149 at 4.

2

initial denials, GGP ultimately admitted to deliberately withholding documents in contravention of the tribunal's discovery orders, including those in the possession of Eric Chiu—GGP's President of Asia who was directly working with Chinese government officials in furtherance of GGP's "strategies." *Id.*

Bloomberry and its experts at Spectrum Gaming Group were able to adduce evidence of GGP's fraud in the arbitration only *after* the U.S. Department of Justice publicly issued a non-prosecution agreement with Las Vegas Sands Corp. ("LVS") (together with a U.S. Securities and Exchange Commission cease and desist order with LVS, the "FCPA Orders") implicating both Mr. Chiu and Bill Weidner, GGP's CEO, for violations of the U.S. Foreign Corrupt Practices Act ("FCPA") during their tenure at LVS. *Id.* at 3-4.[3] This was *after* the tribunal issued the Liability Award. Had GGP not committed fraud in the arbitration by withholding documents (showing its illegal conduct in performing under the MSA) that it was ordered to produce, the tribunal would have rendered the Awards in Bloomberry's favor. *Id.* at 4.

As argued in the Motion, each of Bloomberry's disputed requests for documents are tethered to facts that will further advance its Fraud Defense. For example, it has become clear that GGP concealed violations of the FCPA, which included GGP's pursuit of a "business strategy" that centered on a Chinese government official exerting influence over commercial actors for GGP's benefit in exchange for renumeration (as currently evidenced by, *inter alia*, at least two unexplained transfers of $25,000 from GGP to Mr. Chiu's office in Macau, at the same time the same official was meeting with Mr. Chiu in Macau and conferring such benefits). *Id.* at 2-4. The documents requested should confirm whether GGP transferred funds to Mr. Chiu for the purpose

---

[3] The record evidence substantiating GGP's fraud in the arbitration—which includes documents, emails and sworn testimony—is summarized in an expert report prepared by Spectrum Gaming Group (the "Spectrum Report"). *Id.* at 4, n. 4 and n. 8.

3

of bribing Chinese government officials and then concealed these documents in violation of the tribunal's discovery orders. *Id.* at 4-5. Contrary to GGP's assertions, the tribunal never considered the facts underlying Bloomberry's Fraud Defense; rather, it expressly held that it lacked jurisdiction to do so. *Id.* at 5.

In opposition to the Motion, GGP did not challenge Bloomberry's requests on relevance or proportionality grounds; instead, its arguments were premised on two factual misrepresentations: (i) Bloomberry's Fraud Defense is predicated on an allegation of GGP's ***fraud in the inducement*** of the MSA, as opposed to GGP's ***fraud in the arbitration***; and (ii) the tribunal considered and rejected the Fraud Defense. *See* Dkt. 141 at 2. Neither argument is supported by the arbitral record.

Accepting GGP's misrepresentations, the Order misunderstood the Motion as seeking documents to support an "argu[ment] that Weidner and Chiu were involved in [GGP's] breach of the parties' agreement and/or in fraudulently inducing [Bloomberry's] entry into the [MSA.]," Dkt. 155 at 3, as opposed to Bloomberry's argument that GGP had committed a fraud in the arbitration. The Order then denied the Motion on the grounds that (i) there is "evidence that suggests that these issues were previously litigated in the arbitration," and (ii) Bloomberry has not met its "heavy burden" to prove that enforcement of the Awards would be contrary to U.S. public policy. *Id.* at 3-4. The Order is factually and legally erroneous and should be overturned.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 72(a), this Court may set aside or modify a Magistrate Judge's non-dispositive order that is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). An order is "clearly erroneous" when, "although there is evidence to support it, the court upon reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Granite State Ins. Co. v. Clearwater Ins. Co.*, 2012 WL 1520851, at *1

(S.D.N.Y. Apr. 30, 2012) (cleaned up). An order is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (cleaned up).

### A. The Order Is Clearly Erroneous Because It Is Predicated on a Factual Misunderstanding

The Order should be set aside as clearly erroneous because it misunderstood Bloomberry's argument as being predicated on an allegation of GGP's ***fraud in the inducement*** of the MSA, Dkt. 155 at 3, as opposed to GGP's ***fraud in the arbitration*** (the Fraud Defense), and then used that misunderstanding to conclude that issue preclusion barred the Fraud Defense.[4] Bloomberry's argument, however, is that GGP committed fraud ***in the arbitration*** that enabled it to obtain a favorable outcome, and that GGP's actions prevented Bloomberry from receiving a full and fair opportunity to litigate its underlying claims in the arbitration. Dkt. Nos. 104 at 2-4; 141 at 2.

With that misunderstanding corrected, it is clear that there is no "evidence" that the tribunal considered the facts underlying Bloomberry's ***Fraud Defense*** (as opposed to fraud in the inducement of the MSA); as such, issue preclusion cannot apply. Moreover, as evidenced by two of its decisions, the tribunal explicitly refused to consider Bloomberry's Fraud Defense on the ground that it lacked jurisdiction to consider it, and that it should instead be considered by enforcing courts. *See* Dkt. Nos. 104 at 5; 141 at 2.

First, in its decision denying Bloomberry's request for reconsideration of the Liability Award, the tribunal noted that Bloomberry sought reconsideration based on GGP's alleged "conceal[ment] [of] critical information from, and . . . misrepresentations to the Tribunal and [Bloomberry]." Dkt. 141-1 at ¶ 15. Critically, however, the tribunal did not consider whether GGP committed a fraud in the arbitration because it held that it lacked jurisdiction to do so. *See id.* ¶¶ 67

---

[4] Although the Order did not use the phrase "issue preclusion," Judge Netburn held that the tribunal already decided the issue of whether GGP breached and/or fraudulently induced the MSA. Dkt. 155 at 3-4.

5

("**[T]he tribunal has no authority to reconsider the Liability Award**.") (emphasis added), 75 (same). The tribunal nevertheless observed that such allegations should be considered by the enforcing courts, effectively reserving the litigation for this very action. *Id.* ¶ 74 ("[W]here there are allegations of fraud, the Courts might be the better forum not least because of the seriousness of an allegation of fraud and its potential criminal consequences.").

<u>Second</u>, in the Final Award, the tribunal reiterated that it "did not consider" Bloomberry's fraud allegations in its decision denying reconsideration of the Liability Award because it lacked jurisdiction to do so. Dkt. 85-1 ¶ 419. Notably, it also found that it could not consider Bloomberry's argument that damages should be equitably reduced due to the newly discovered evidence (post-Liability phase) of GGP's fraud in the arbitration because the tribunal had previously held that it lacked jurisdiction to consider *any* argument concerning GGP's fraud in the arbitration. *See* Dkt. 85-1 ¶ 343 (determining that consideration of Bloomberry's equitable reduction argument would improperly "circumvent [the tribunal's] inability to reconsider" the Liability Award). And indeed, the Final Award contains *no discussion* of (i) GGP's alleged illegal conduct while performing under the MSA (including its "strategy" centered on bribing a Chinese government official), (ii) the Spectrum Report summarizing evidence of that illegal conduct, or (iii) GGP's violations of the tribunal's discovery orders to conceal that illegal conduct. *See generally* Dkt. 85-1.[5]

In sum, because the Order was based on a clearly erroneous factual finding that Bloomberry's Fraud Defense had been considered by the arbitral tribunal, it should be set aside. *See e.g.*, *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 506 (S.D.N.Y. 2013) (sustaining Rule 72(a) objections where order was in part predicated on clearly erroneous factual finding).

---

[5] GGP pointed to portions of the Final Award discussing whether the FCPA Orders "on their face" evidence fraud by GGP, but that is a red herring, as the Fraud Defense is not based on the FCPA Orders "on their face." Dkt. 141 at 3. Rather, it is based on GGP's fraud in the arbitration, which the FCPA Orders allowed Bloomberry and its experts at Spectrum to uncover. It is incontrovertible that the tribunal refused to consider this argument or its predicate facts.

**B.      The Order Is Contrary to Law Because it Adopted GGP's Issue Preclusion Argument Without Allowing Bloomberry to Discover Facts That Would Prevent Application of the Equitable Doctrine**

The Order also should be set aside because it conflicts with the Second Circuit's directive regarding the application of issue preclusion prior to discovery in *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*—that is, where a party asserts that it was unable to fully present its underlying claims in the arbitration due to its opponent's commission of a fraud in the arbitration, issue preclusion cannot bar discovery seeking evidence showing a fraud in the arbitration infected the tribunal's decision on the underlying claims. 850 F.3d 58, 77-78 (2d Cir. 2017) ("[T]he district court erred . . . in holding that appellants' fraud claims should be dismissed prior to discovery on the ground of issue preclusion . . . ."). In *de Gusa*, the appellants argued that they did not receive a full and fair opportunity to assert their fraud claims during the arbitration because the appellees "misled the [tribunal] as to the extent of the fraud committed by appellees, thereby leading the [tribunal] to issue an unfavorable decision on the issue which appellees now seek to enforce for purposes of issue preclusion." *Id.* at 78. In other words, they argued that appellees' fraud in the arbitration caused the tribunal to issue an unfavorable decision on appellants' underlying fraud claim in the arbitration. *Id.* The Second Circuit held that the pre-discovery "application of the equitable doctrine of issue preclusion was inappropriate" because discovery might uncover evidence that (i) appellants were denied a full and fair opportunity to litigate their claims in the arbitration *or* (ii) appellees' unclean hands (an equitable defense) should preclude appellees from asserting issue preclusion (an equitable doctrine). *Id.* (citing *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004)). Indeed, a party "who comes to equity must come with clean hands." *Id.* (citation omitted).

Here, as in *de Gusa*, Bloomberry is arguing that GGP committed a fraud in the arbitration that caused the tribunal to issue an unfavorable decision on Bloomberry's underlying claims in the

7

arbitration. And similar to the erroneous district court order in *de Gusa*, the Order prematurely adopted GGP's issue preclusion argument (i.e., that the tribunal already decided Bloomberry's underlying claims in the arbitration) and blocked Bloomberry's attempt to elicit additional evidence that would show that (i) Bloomberry was denied a full and fair opportunity to litigate its underlying claims in the arbitration due to GGP's fraud in the arbitration *or* (ii) GGP's unclean hands in committing a fraud in the arbitration should preclude it from attempting to assert issue preclusion here. The Order permitted GGP to, "in the guise of a discovery motion . . . ask[] for what amounts to dispositive relief from an affirmative defense." Dkt 104 at 5 (quoting *Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*, 2014 WL 5525237, at *3 (S.D.N.Y. Oct. 27, 2014) (rejecting attempt "to block discovery on defendant's affirmative defense of fraud . . . [by] contending that the principle of judicial estoppel precludes assertion of that defense")).

Consistent with Second Circuit caselaw, discovery related to Bloomberry's Fraud Defense should proceed before the Court entertains any issue preclusion argument. *See de Gusa*, 850 F.3d at 78 (remanding with instructions to allow discovery on fraud claims).

### C. The Order Is Contrary to Law Because It Applied a Higher Legal Standard Than Is Required Here

The Order also is contrary to law because it applied incorrect legal standards. The Order denied the Motion because it found Bloomberry had "not met [its] 'heavy burden' in demonstrating that enforcement of the arbitration awards would be contrary to United States public policy." Dkt. 155 at 3. This holding appears to accept GGP's argument that Bloomberry has "the burden of demonstrating a '***clear and convincing showing***' that it can succeed and thus is entitled to discovery." Dkt. 125 at 7. This is contrary to law for two reasons.

First, the question of whether Bloomberry's Fraud Defense will ultimately prevail on the merits was not before Judge Netburn and cannot provide a basis for denying discovery. *See, e.g.*,

8

*City of New York v. FedEx Ground Package Sys., Inc.*, 2017 WL 633445, at *5 (S.D.N.Y. Feb. 14, 2017) (sustaining Rule 72(a) objections to order that "foreclose[ed] discovery as to issues relevant" to affirmative defenses) (citing Fed. R. Civ. P. 26(b)(1)); *Mon Chong Loong*, 2014 WL 5525237, at *3. Indeed, the Order would limit Bloomberry's ability to establish the legal sufficiency of its defense at the appropriate time, should the pending motion to dismiss be denied.

Second, requiring Bloomberry to meet the "'heavy burden'" of establishing the public policy defense as a prerequisite for obtaining discovery relevant to that very defense conflicts with relevant case law. The cases on which the Order (and GGP) relied make clear that any "clear and convincing standard" for obtaining discovery applies only where a party seeks discovery ***from arbitrators*** in an attempt to impugn the validity of their decision. *See Frere v. Orthofix, Inc.*, 2000 WL 1789641, at *5 (S.D.N.Y. Dec. 6, 2000) (finding that "respondents [had] misstate[d] the law in seemingly contending that no discovery is permitted absent 'clear evidence of impropriety.' . . . that standard applies only to discovery inquiries **directed at the arbitrator and only when the goal is to impugn the validity of the arbitrator's decision**.") (citing *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 702 (2d Cir. 1978)) (emphasis added).

Here, the Motion seeks discovery only from GGP. As such, the appropriate inquiry "is an entirely practical one" that should have been "keyed to the specific issues raised by the party challenging the award [here, Bloomberry] and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." *Id.* at *5 (allowing limited discovery on issues that "may [have an] impact on a resolution of the vacatur motion"). As discussed above, Bloomberry's Fraud Defense implicates serious factual questions of whether GGP engaged in illegal conduct while performing under the MSA and then wrongfully concealed evidence of that illegal conduct in the arbitration. The documents Bloomberry seeks in its motion

9

to compel must be produced before these factual questions can be resolved. *See, e.g.*, *Thomas Kinkade Co. v. Hazlewood*, 2007 WL 217384, at *3 (N.D. Cal. Jan. 25, 2007) (allowing discovery in connection with defense to enforcement where party "claim[ed] that the specific instances of fraud it [sought] to uncover were not discoverable during the proceedings below because defense counsel actively concealed it during those proceedings . . . ."); *de Gusa*, 850 F.3d at 77 (remanding to allow discovery related to allegations that party had engaged in fraud in the arbitration). Indeed, the best evidence of whether GGP concealed illegal conduct in the arbitration by withholding Mr. Chiu's documents—including his communications with Chinese government officials about GGP's "strategies"—is Mr. Chiu's documents themselves. These documents were ordered to be produced in the arbitration years ago, and GGP should not be rewarded for its fraud. *Kinkade*, 2007 WL 217384, at *4 ("[T]he court as guardian of . . . the integrity of court's confirmation . . . of the arbitration award must satisfy itself that the award was not infected by fraud by either the parties or counsel.").[6]

In sum, the Order was based on legal standards that are contrary to law, and it should be set aside. *See GE Healthcare Bio-Scis. AB v. Bio-Rad Lab'ys, Inc.*, 2015 WL 7582967, at *2 (S.D.N.Y. Nov. 25, 2015) (sustaining Rule 72(a) objection to order denying discovery because it was predicated on a legal conclusion that was contrary to law).

### III. CONCLUSION

Based on the foregoing objection, Bloomberry respectfully requests that the Court set aside the Order and hold that GGP is required to produce the documents that are the subject of Bloomberry's Motion.

---

[6] *See also Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105, 119 (1991) ("New York has long recognized the fundamental equitable principle that no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, . . . or to acquire property by his own crime.") (cleaned up).

| | |
|---|---|
| Dated: September 30, 2021<br>New York, New York | Respectfully submitted,<br><br>MILBANK LLP<br><br>/s/ *Daniel M. Perry*<br>Daniel M. Perry<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>dperry@milbank.com<br><br>Brett P. Lowe (admitted *pro hac vice*)<br>1850 K Street, NW<br>Suite 1100<br>Washington, DC 20006<br>Telephone: (202) 835-7500<br>Facsimile: (202) 263-7586<br>blowe@milbank.com<br><br>*Attorneys for Defendants Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc.* |