UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GLOBAL GAMING PHILIPPINES, LLC,
                    Plaintiffs,

                    21 Civ. 2655 (LGS)

-against-

                    ORDER

ENRIQUE K. RAZON, JR., et al.,
                    Defendants.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on September 16, 2021, Magistrate Judge Netburn issued an Order denying Defendants Bloomberry Resorts and Hotels Inc.'s and Sureste Properties, Inc.'s motion to compel, stating:

> The Debtor Defendants have not met their "heavy burden" in demonstrating that enforcement of the arbitration awards would be contrary to United States public policy. Moreover, documents from the Arbitral Tribunal's Final Award specifically addressed the issue of the Department of Justice's non-prosecution agreement with LVS and the Debtor Defendants' "speculative" assertions as to Weidner's and Chiu's actions and their consequences. See ECF No. 125, Ex. 1. At this stage, the Court is unwilling to allow collateral litigation "undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award" as it would "tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention." Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 410-11 (2d Cir. 2009). Given the New York Convention's "emphasis on enforcing international arbitral awards and 'considerations of reciprocity,'" coupled with the evidence that suggests that these issues were previously litigated in the arbitration in question, the Court denies the Debtor Defendants' motion to compel Plaintiff. Id.; see also Parsons & Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier (RAKTA), 508 F.2d 969, 973-74 (2d Cir. 1974); Pagaduan v. Carnival Corp., 830 F. App'x 61, 63 (2d Cir. 2020).

(Dkt. No. 155 at 3-4.)

      WHEREAS, on September 30, 2021, Defendants Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc. timely filed objections to Judge Netburn's September 16, 2021, Order on the grounds that "the Order misunderstood the Motion as seeking documents to support an 'argu[ment]' that Weidner and Chiu were involved in [GGP's] breach of the parties' agreement

and/or in fraudulently inducing [Bloomberry's] entry into the [MSA],' as opposed to Bloomberry's argument that GGP had committed a fraud in the arbitration." (Dkt. No. 165 at 7 (internal citation omitted).)

WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Sec. & Exch. Comm'n v. Genovese*, No. 18 Civ. 942, 2021 WL 2986413, at *6 (S.D.N.Y. July 14, 2021) (citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Kaufman v. Salesforce.Com, Inc.*, No. 20 Civ. 6879, 2021 WL 2269552, at *2 (S.D.N.Y. June 3, 2021).

WHEREAS, an order regarding a motion to compel is nondispositive. *SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2021 WL 391298, at *4-6 (S.D.N.Y. Feb. 4, 2021) (treating a dispute related to a motion to compel as nondispositive and affording deference to the magistrate judge's ruling). It is hereby

**ORDERED** that Defendants Bloomberry Resorts and Hotels Inc.'s and Sureste Properties, Inc.'s objections to the September 16, 2021, Order at Docket No. 155 are **OVERRULED**. It is well-settled that "[t]he confirmation of an arbitration award is a summary

proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021). Discovery in this proceeding similarly should be limited "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* (internal quotation marks omitted). Accordingly, the September 16, 2021, Order denying the motion to compel is not clearly erroneous or contrary to law.

Dated: October 12, 2021
       New York, New York

                                              LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE