UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLOBAL GAMING PHILIPPINES, LLC,

                            **Plaintiff,**          21-CV-02655 (LGS) (SN)

        -against-                                 **ORDER**

ENRIQUE K. RAZON, JR., et al.,

                            **Defendants.**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        This Order addresses many of the issues raised in the parties' letters dated October 8 and 15, 2021.

        On September 21, 2021, the Court extended discovery to February 11, 2022. The parties request confirmation that a similar extension would apply to the expert discovery deadline. That application is granted. Expert discovery shall be completed by April 27, 2022.

        The parties also requested confirmation regarding their ongoing obligation to provide District Judge Schofield with a status letter every 30 days. In light of the Court's supervision of the parties' discovery, this requirement is vacated, and the parties are no longer required to continue to file 30-day status letters.

        In the October 15, 2021 letter, Plaintiff complains that the Defendants have failed to produce documents previously ordered by the Court. Defendants are ORDERED to produce the documents ordered at the August 4 hearing and in the September 15, 2021 Order at ECF 154 by October 29, 2021, or show cause why they are unable to do so. Defendants are also directed to paragraphs H(1)-(2) on page 5 of the parties' October 16, 2021 letter regarding their obligations.

Plaintiff further complains that the Defendants are not using a litigation-support software to search and produce responsive documents. Rule 26(g) requires a party responding to discovery requests to conduct a "reasonable inquiry." In the context of electronically stored information (ESI), that may require the use of a technology-assisted review (TAR) program. In light of the issues raised by the Plaintiff, use of TAR or other software is likely necessary. The parties are ORDERED to meet and confer to discuss production of all ESI, including whether a TAR software is necessary. The parties are ORDERED to report to the Court on the status of their discussions and whether any disputes remain by October 29, 2021.

Counsel for BRHI/SPI and the Energy Entities are ORDERED to identify the search terms used to create the Arbitration/Litigation Data and the Atwan Data by October 29, 2021.

Defendants are ORDERED to run Plaintiff's search terms for the following custodians: K. Razon, E.S. Razon (unless Razon certifies in a sworn statement that these children are merely passive owners), Silverio "Benny" Tan, and Jose Alarilla. To the extent the Defendants do not have custody over any such email accounts, they shall certify in a sworn statement. To the extent Defendants raise burden objections to Plaintiff's search terms, they shall provide a complete and comprehensive hit report. Defendants must comply with this direction by October 29, 2021.

The Court has previously ordered Plaintiff to produce documents related to its investigation and/or due diligence regarding the Defendants before it executed the MSA. The time to seek reconsideration of that decision has expired. Plaintiff is required to produce all responsive documents, which would include both documents Plaintiff obtained *from* the Defendants and documents it obtained *independent of* the Defendants. For the avoidance of doubt, Plaintiff must respond to Request Nos. 5, 7, 8(a)-(i), and 12. To the extent any documents are subject to a privilege assertion, Plaintiff must produce a privilege log in compliance with the

Rules. Plaintiff is ORDERED to produce responsive documents (and if appropriate, a privilege log) by October 29, 2021.

Plaintiff is ORDERED to produce any confidentiality agreement or non-cooperation agreement that it has entered into with any relevant non-party by October 29, 2021.

To the extent there remain issues about which the parties are continuing to negotiate, the parties are ORDERED to conduct such negotiations in good faith. This includes attempts to reach a reasonable compromise regarding the need for redacting documents.

The parties shall file a joint status letter of no more than ten pages on November 10, 2021. If there remain outstanding disputes, the parties are ORDERED to appear in person for a court conference on Friday, November 12, at 11:00. The Court will provide the Courtroom closer to the date.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    October 20, 2021
          New York, New York