# PX - 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC.; COLLINGWOOD INVESTMENT COMPANY LIMITED; COLLINGWOOD OIL & GAS HOLDINGS, LLC; COLLINGWOOD USA, INC.; COLLINGWOOD BROOKSHIRE USA, INC.; COLLINGWOOD APPALACHIAN MINERALS, LLC; ASIA ARROW LIMITED; RIZOLINA LLC; ENSARA LLC; NOZAR LLC; BOWERY BAY LLC; CAMPANILLA LLC; FESARA LLC; AND 11 ESSEX STREET REALTY LLC,<br><br>*Defendants.* | No. 21 Cv. 2655 (LGS) |

**PLAINTIFF GLOBAL GAMING PHILIPPINES, LLC'S
RESPONSES AND OBJECTIONS TO DEFENDANTS BLOOMBERRY
RESORTS AND HOTELS INC.'S AND SURESTE PROPERTIES, INC.'S
<u>FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "GGAM"), by and through its undersigned counsel, submits the following Responses and Objections to Defendants Bloomberry Resorts and Hotels Inc. ("BRHI") and Sureste Properties, Inc. ("Sureste," and together with BRHI, the "Defendants") First Set of Requests for Production of Documents dated June 4, 2021 (the "Requests") as follows:

1

## GENERAL OBJECTIONS

1. Plaintiff objects to the Requests (including the Definitions and Instructions related thereto) to the extent that they purport to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

2. Plaintiff objects to the Requests (including the Definitions and Instructions related thereto) to the extent that they seek the disclosure of documents that were prepared for or in anticipation of litigation, constitute work product, contain or reflect attorney-client communications, or are otherwise subject to privilege or immunity from compelled disclosure. To the extent that any Request may be construed as seeking the production of documents that are subject to any such claim of privilege, Plaintiff hereby asserts that doctrine and/or privilege and objects on that basis. Plaintiff reserves all rights provided by the parties' 502(d) Order dated May 27, 2021. Plaintiff will not produce or log its communications with Mintz or its attorneys in the underlying arbitration and will not produce or log any work product of Mintz or the attorneys in the underlying arbitration.

3. Plaintiff's production of documents and other information in response to these Requests is not intended and should not be construed as an admission that the produced documents or other information are relevant or admissible. Plaintiff reserves all proper objections regarding the competency, relevancy, materiality, privilege, authenticity and/or admissibility as evidence, for any purpose of any and all documents and other information produced by Plaintiff in this litigation.

4.      Plaintiff objects to each Request that seeks the production of "all" documents concerning a specified topic; Plaintiff will treat any such Request as a Request to produce all responsive, non-privileged documents that can be located after a reasonable search conducted in good faith.

5.      Plaintiff objects to each request that arguably calls for Plaintiff to produce to one defendant in this action documents produced by another defendant in this action. Plaintiff will not make such a production.

6.      Plaintiff expressly reserves the right to revise, amend, correct, supplement, or clarify further the specific objections set forth below and/or supplement the production with any additional documents or information based on ongoing discovery and investigation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to the use of definitions that conflict with the uniform definitions in the Local Rules.

2.      Plaintiff objects to all Instructions to the extent they purport to impose obligations that are greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, the parties' ESI Protocol dated May 28, 2021, and the parties' Confidentiality Order dated June 23, 2021.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections, Plaintiff responds as follows:

### REQUEST FOR PRODUCTION NO. 1

All Documents and Communications Concerning the conduct of Weidner and Chiu while at LVS that related to the LVS transactions and conduct that the DOJ and SEC investigated for violations of the FCPA, including the conduct of Weidner and Chiu that was described in the FCPA Orders.

**RESPONSE TO REQUEST NO. 1**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "LVS" includes "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications Concerning GGP's revision in March 2012 of GGP's anti-corruption representation in the draft EOA as follows: "Anti-Corruption Laws. None of the Grantee or any Person owned, directly or indirectly, thereby, nor any of their senior management or directors or their supervisors, managers, employees or agents **has, directly or indirectly, violated** applicable anti-corruption laws, including, but not limited to, **Philippine Anti-Corruption Laws.**"

**RESPONSE TO REQUEST NO. 2**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications Concerning (i) BRHI's and SPI's questions on August 14 and 16, 2012 about the involvement of GGP executives in the transactions and conduct at LVS that were being investigated by the DOJ and SEC for violations of the FCPA, and (ii) GGP's responses to those questions on August 14, 15, 16 and 18, 2012.

**RESPONSE TO REQUEST NO. 3**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case,

4

(c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "LVS" includes "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications Concerning GGP's, Weidner's or Chiu's Communications with LVS, the DOJ, and/or the SEC—whether directly or through counsel or agents—in connection with the DOJ's and SEC's investigations into LVS for violations of the FCPA.

**RESPONSE TO REQUEST NO. 4**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications and attorney work product, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "LVS" includes "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications Concerning GGP's or Weidner's decision and efforts, following the release of the FCPA Orders, for (i) GGP to take down its website, www.ggam.com, and (ii) Weidner to no longer be identified publicly as an owner and President of the Lucky Dragon Hotel & Casino.

**RESPONSE TO REQUEST NO. 5**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "Lucky Dragon Hotel & Casino" includes "any of its owners or affiliates, including Las

5

Vegas Economic Impact Regional Center, LLC and other entities owned or beneficially owned by Weidner, Andrew S. Fonfa, or members of their families." Plaintiff will not produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 6

All Documents and Communications Concerning Tai Gor and any of Tai Gor's associates or representatives, whether affiliated with Neptune, the Wo Hop To triad or otherwise, including GGP's and Chiu's direct and indirect dealings with Tai Gor that began in June 2013.

### RESPONSE TO REQUEST NO. 6

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "Neptune" includes "affiliates." Plaintiff will not produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 7

All Documents and Communications Concerning GGP's decision not to search for or produce in the Arbitration the Documents and Communications in Chiu's possession, custody, or control.

### RESPONSE TO REQUEST NO. 7

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 8

All Documents and Communications in Chiu's possession, custody, or control related to BRHI and SPI.

**RESPONSE TO REQUEST NO. 8**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications Concerning GGP's decision not to search for or produce in the Arbitration the Documents and Communications in Lutnick's possession, custody, or control.

**RESPONSE TO REQUEST NO. 9**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications in Lutnick's possession, custody, or control related to BRHI and SPI.

**RESPONSE TO REQUEST NO. 10**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Except where documents responsive to this request are called for by other requests and produced in response such request(s), Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**

All Documents and Communications Concerning the October 15, 2018 revision by GGP of the statement made in an affidavit submitted in the Singapore Proceedings that prior to August 2012, Weidner's counsel that was representing him in connection with the United States government's investigation into LVS had received "specific assurances" from the United States government authorities conducting the LVS investigations that Weidner was not a "subject" of that investigation.

**RESPONSE TO REQUEST NO. 11**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications and attorney work product, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "LVS" includes "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications Concerning the "further discussions" between GGP's counsel or Weidner's counsel and the DOJ or other United States government authorities that led to the October 15, 2018 revision by GGP, including all Communications with the DOJ or other United States government authorities.

**RESPONSE TO REQUEST NO. 12**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications and attorney work product, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

All Documents and Communications Concerning GGP's Two Strategies (i.e., GGP's Chinese Government Official Strategy and GGP's Cross-Border Trading Strategy), including GGP's decision not to disclose GGP's Two Strategies to BRHI or SPI and GGP's decision not to put GGP's Two Strategies in writing (including in the business plan that GGP created for Solaire or otherwise).

**RESPONSE TO REQUEST NO. 13**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications between Weidner or Chiu, on the one hand, and any Chinese government officials or Chinese individuals or entities, including Dr. Chen, the CLO, Chu Kong Shipping and CITS, on the other hand, Concerning GGP's Two Strategies.

**RESPONSE TO REQUEST NO. 14**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "Chu Kong Shipping" and "CITS" include "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications Concerning Chinese government officials' efforts, including Dr. Chen's or the CLO's efforts, to introduce GGP to junket operators and/or exert influence over junket operators, including between March and June 2013.

**RESPONSE TO REQUEST NO. 15**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications Concerning any transfers of funds made from GGP, Weidner and/or any Person affiliated with GGP or Weidner (including Weidner Holdings and Weidner Resorts) to Sahara ASF Asia, Chiu, and/or any Person affiliated with Sahara ASF Asia or Chiu, including all Documents and Communications Concerning the at least two $25,000 payments made from GGP to Sahara ASF Asia between March and June 2013.

**RESPONSE TO REQUEST NO. 16**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, (a) as defined, "Weidner Holdings" includes "any company owned or affiliated with Weidner that is referred to as Weidner Holdings, including Weidner Holdings LLC, and any such company's affiliates," and (b) "Weidner Resorts" includes "any company owned or affiliated with Weidner that is referred to as Weidner Resorts, including Weidner Resorts Development, Inc., Weidner Resorts China, Weidner Resorts India and Weidner Resorts Taiwan, and any such company's affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**

Documents and Communications sufficient to identify all of Sahara ASF Asia's direct and indirect parent and subsidiary companies since its formation and all Persons holding an interest in Sahara ASF Asia since its formation.

**RESPONSE TO REQUEST NO. 17**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications Concerning Sahara ASF Asia.

**RESPONSE TO REQUEST NO. 18**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**

Documents and Communications sufficient to reflect all payments made by GGP, Weidner, any affiliates of GGP, or any affiliates of Weidner (including Weidner Holdings and Weidner Resorts) to Chiu or any affiliates of Chiu from January 1, 2011 through September 12, 2013.

**RESPONSE TO REQUEST NO. 19**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, (a) as defined, "Weidner Holdings" includes "any company owned or affiliated with Weidner that is referred to as Weidner Holdings, including Weidner Holdings LLC, and any such company's affiliates," and (b) "Weidner Resorts" includes "any company owned or affiliated with Weidner that is referred to as Weidner Resorts, including Weidner Resorts Development, Inc., Weidner Resorts China, Weidner Resorts India and Weidner Resorts Taiwan, and any such company's affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications Concerning GGP's involvement with the Lucky Dragon Hotel & Casino and/or Andrew S. Fonfa, including All Documents and Communications Concerning or

11

supporting GGP's counsel's statements to the Tribunal in a letter dated March 29, 2019 that suggested that "Sahara ASF Asia is owned by the Las Vegas Property developer Andrew Fonfa," and that the at least two $25,000 payments that GGP made to Sahara ASF Asia between March and June 2013 "in fact were made to a Nevada property developer."

**RESPONSE TO REQUEST NO. 20**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications and attorney work product, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "Lucky Dragon Hotel & Casino" includes "any of its owners or affiliates, including Las Vegas Economic Impact Regional Center, LLC and other entities owned or beneficially owned by Weidner, Andrew S. Fonfa, or members of their families." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21**

All Documents and Communications Concerning Weidner intermingling personal or GGP assets or funds with the assets or funds of Sahara ASF Asia or any other entities owned by Weidner and/or Andrew S. Fonfa, including Sahara Investments LLC and any other entities owned by Weidner and/or Andrew S. Fonfa.

**RESPONSE TO REQUEST NO. 21**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications Concerning GGP's efforts to set up a "cross-border trading platform," including all Documents and Communications (i) with or Concerning the CLO, Chu Kong Shipping, CITS and other Chinese individuals or entities working with GGP to set up a "cross-border trading platform," (ii) Concerning GGP's efforts to assist Chinese individuals to

evade Chinese Currency restrictions, through manipulating and/or misrepresenting commodity trade settlements or otherwise, as part of a "cross-border trading platform" or otherwise, and (iii) Concerning the risks associated with setting up a platform to enable Chinese individuals to evade Chinese currency controls.

**RESPONSE TO REQUEST NO. 22**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, (d) calls for the production of privileged communications, and (e) is intended to harass. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "Chu Kong Shipping" and "CITS" include "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23**

All Documents and Communications that GGP may use or intend to use to support any claim against BRHI or SPI in this action.

**RESPONSE TO REQUEST NO. 23**

Plaintiff objects that this request calls for attorney work product and is overbroad. Subject to its objections, (A) Plaintiff has already produced 51,011 pages of documents including (i) the arbitral awards that it seeks to enforce against Defendants BRHI and SPI and (ii) additional documents relevant to the Court's exercise of personal jurisdiction over BRHI and SPI; and (B) to the extent not already produced by Plaintiff, it will produce all non-privileged Documents in its possession, custody or control that it intends to use to support its claims against BRHI and SPI in this action.

**REQUEST FOR PRODUCTION NO. 24**

All Documents and Communications Concerning the Philippine Court of Appeals Resolution, CA-G.R. SP No. 13430, Nov. 27, 2015 (RE-269), which stated, among other things, that "we remain firm with Our May 29, 2015 Resolution remanding the case to the RTC, Branch 66 for the

13

conduct of further proceedings for the recognition and enforcement of the Arbitral Tribunal's Order dated December 9, 2014."

**RESPONSE TO REQUEST NO. 24**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) calls for the production of privileged communications and attorney work product. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25**

All Documents and Communications Concerning proceedings in the Philippines to recognize and enforce the Interim Measures Order, the Liability Award and/or the Final Award, including any discussions related to pursuing, or not pursuing, recognition and enforcement in the Philippines.

**RESPONSE TO REQUEST NO. 25**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) calls for the production of privileged communications and attorney work product. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications that provide a basis for the statement in GGP's May 21, 2021 letter to the Court (ECF No. 56) that BRHI and SPI "traveled to New York to negotiate the Management Services Agreement ("MSA") that is the subject of the arbitral awards."

**RESPONSE TO REQUEST NO. 26**

Plaintiff objects to this request on the grounds that it (a) seeks attorney work product, (b) is overbroad, and (c) calls for the production of privileged communications and attorney work product. Plaintiff further objects on the ground that counsel's letters to the Court are not at issue in this action. Plaintiff will not produce documents responsive to this request; except, subject to its objections, (A) Plaintiff has already produced documents relevant to the Court's exercise of

personal jurisdiction over BRHI and SPI, including documents showing their contacts with and activities in New York; and (B) to the extent not already produced by Plaintiff, it will produce non-privileged Documents concerning the issues of the Court's exercise of personal jurisdiction, including documents showing their contacts with and activities in New York.

**REQUEST FOR PRODUCTION NO. 27**

All Documents and Communications that provide a basis for the statement in GGP's May 21, 2021 letter to the Court (ECF No. 56) that BRHI and SPI "expressly provided that pre-contract due diligence was governed by New York law."

**RESPONSE TO REQUEST NO. 27**

Plaintiff objects to this request on the grounds that it (a) seeks attorney work product, (b) is overbroad, and (c) calls for the production of privileged communications and attorney work product. Plaintiff further objects on the ground that counsel's letters to the Court are not at issue in this action. Plaintiff will not produce documents responsive to this request; except, subject to its objections, Plaintiff will produce non-privileged documents calling for the application of New York law to the pre-contract due diligence.

**REQUEST FOR PRODUCTION NO. 28**

All Documents and Communications that provide a basis for the statement that BRHI and SPI "performed some of their contractual obligations by joining GGAM in New York for numerous investor "road show" meetings and conferences, seeking and obtaining investments from New York-based investors.

**RESPONSE TO REQUEST NO. 28**

Plaintiff objects to this request on the grounds that it (a) seeks attorney work product, (b) is overbroad, and (c) calls for the production of privileged communications and attorney work product. Plaintiff further objects on the ground that counsel's letters to the Court are not at issue in this action. Plaintiff will not produce documents responsive to this request; except, subject to its objections, (A) Plaintiff has already produced communications between GGAM and Cantor

Fitzgerald, on the one hand, and agents of BRHI and/or SPI, on the other hand; and (B) to the extent not already produced by Plaintiff, it will produce non-privileged Documents concerning the issues of the Court's exercise of personal jurisdiction, including documents showing BRHI's and SPI's contacts with and activities in New York.

**REQUEST FOR PRODUCTION NO. 29**

All agreements between GGP and Cantor Fitzgerald, including any agreements Concerning the Option Shares, and All Documents and Communications Concerning such agreements, including the negotiations of any such agreements between Weidner and Lutnick.

**RESPONSE TO REQUEST NO. 29**

Plaintiff objects to this request on the grounds that it (a) seeks matter that has no relevance to any party's claims or defenses in this action, (b) is not proportional to the needs of the case, (c) is overbroad, and (d) calls for the production of privileged communications. Plaintiff further objects to this request as overbroad, vague and ambiguous because, as defined, "Cantor Fitzgerald" includes "affiliates." Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30**

All Communications with any witness required to provide a report under Rule 26(a)(2)(B) that (a) relate to the compensation for the expert's study or testimony; (b) identify facts or data that You provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that You provided and that the expert relied on in forming the opinions to be expressed.

**RESPONSE TO REQUEST NO. 30**

Plaintiff objects to this request on the ground that it seeks attorney work product and privileged communications. Subject to its objections, Plaintiff responds that it has no responsive documents and will supplement as required.

16

Dated:  June 24, 2021  　　　　　　　Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
New York, New York

　　　　　　　　　　　　　　　　　　By: */s/ Kevin N. Ainsworth*
　　　　　　　　　　　　　　　　　　Robert I. Bodian
　　　　　　　　　　　　　　　　　　Jason P.W. Halperin
　　　　　　　　　　　　　　　　　　Kevin N. Ainsworth
　　　　　　　　　　　　　　　　　　Daniel T. Pascucci
　　　　　　　　　　　　　　　　　　(admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Joseph R. Dunn
　　　　　　　　　　　　　　　　　　(admitted *pro hac vice*)

　　　　　　　　　　　　　　　　　　666 Third Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　T: (212) 935-3000
　　　　　　　　　　　　　　　　　　F: (212) 983-3115
　　　　　　　　　　　　　　　　　　rbodian@mintz.com
　　　　　　　　　　　　　　　　　　jhalperin@mintz.com
　　　　　　　　　　　　　　　　　　kainsworth@mintz.com
　　　　　　　　　　　　　　　　　　dtpascucci@mintz.com
　　　　　　　　　　　　　　　　　　jrdunn@mintz.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　*Global Gaming Philippines, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, a true and correct copy of the foregoing document was caused to be served on the following counsel via electronic mail, as indicated:

Daniel M. Perry
Milbank, LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
DPerry@Milbank.com

Michael D. Nolan
Brett P. Lowe
Milbank LLP
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
mnolan@Milbank.com
BLowe@Milbank.com

*Counsel for Defendants Bloomberry Resorts and Hotels Inc.
and Sureste Properties, Inc.*


Daniel Walfish
Rachel Penski Fissell
Walfish & Fissell PLLC
405 Lexington Avenue, Fl 8
New York, NY 10174
Tel: (212) 672-0501
dwalfish@walfishfissell.com
rfissell@walfishfissell.com

*Counsel for Defendants Enrique K. Razon, Jr., 11 Essex Street Realty LLC, Asia Arrow Limited, Bowery Bay LLC, Campanilla LLC, Ensara LLC, Fesara LLC, Nozar LLC and Rizolina LLC*

Diana J. Shelby
Corey J. Seel
Konor A. Cormier
MehaffyWeber, PC
500 Dallas, Suite 2800
Houston, TX 77002
Tel: (713) 655-1200
DianaShelby@mehaffyweber.com
CoreySeel@mehaffyweber.com
konorcormier@mehaffyweber.com

*Counsel for Defendants Collingwood Appalachian Minerals, LLC, Collingwood Brookshire USA, Inc., Collingwood Oil & Gas Holdings, LLC, Collingwood USA, Inc.*

Dated: June 24, 2021

                                                        By:  */s/ Kevin N. Ainsworth*
                                                               Kevin N. Ainsworth