**MEHAFFYWEBER**

HOUSTON | BEAUMONT | SAN ANTONIO | AUSTIN

SINCE 1946

Corey J. Seel // *Shareholder*

Email  CoreySeel@mehaffyweber.com

www.mehaffyweber.com

January 6, 2022

**VIA ECF**
Hon. Sarah Netburn
United States District Court for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

Re:    *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS) (SN)

Dear Magistrate Judge Netburn:

The Energy Entities submit this response to Plaintiff's Motion for Conference (Dkt. 197). Plaintiff requests the entry of an order in identical form to one that has already been rejected by the Second Circuit by mandamus. This Court must deny Plaintiff's Motion.

**I.       Background**

As indicated in Plaintiff's Motion, the Privileged Documents[1] were produced by a non-party, Ahmad Atwan ("Atwan"). Over the course of two productions, Atwan produced over 10,000 documents, consisting of over 30,000 pages. His last production was in November of 2021[2]. On October 20, 2021, upon noticing that Atwan had inadvertently produced privileged documents, the Energy Entities immediately provided Plaintiff notice concerning the issue. On October 28, 2021, the Energy Entities provided Plaintiff a list of bates numbered documents at issue.[3] The Energy Entities also provided Plaintiff, at its request, a categorical privilege log on November 19, 2021.[4] At no time since the issuance of the privilege log has Plaintiff raised the sufficiency of the categorical privilege log until it did so, for the first time, in its Motion.

After Plaintiff filed its Motion, and in an effort to avoid the further wasting of Court and client resources, the Energy Entities redacted the Privileged Documents produced by Atwan and provided them to Plaintiff. The redacted set of the Privileged Documents provided Plaintiff more detail than would be provided on a more detailed privilege log and also allowed Plaintiff access to the non-privileged portions of the documents.  Counsel for the Energy Entities and counsel for Plaintiff conferred via teleconference

---

[1] The Energy Entities assert privilege to 103 documents. Some of the documents on the Energy Entities privilege log are attachments to emails that contained privileged information. The attachments are not privileged and have been provided to Plaintiff in un-redacted form.
[2] The details of when Atwan actually produced the documents to Plaintiff are unclear as detailed in Section IV. Plaintiff produced them to the Energy Entities on November 4, 2021.
[3] To no avail, the Energy Entities have further withdrawn claims of privilege on certain of these documents to attempt to avoid this dispute.
[4] Rule 26(b)(5)(B) is the applicable rule. Therefore, the privilege log requirements of Rule 26(b)(5)(A) are not relevant. Further, pursuant to this Court's Stipulation and Order Establishing the Protocol for the Production of Documents and Electronically Stored Information (Dkt. 79), categorical privilege logs were agreed to by the parties.

---

again on January 6, 2022 prior to the filing of this response. While Plaintiff apparently appears ready to abandon the relief requested in its Motion and would provide the Energy Entities more time to respond to the Motion, Plaintiff refused to withdraw its Motion.

Further, as detailed below, because Plaintiff has alleged that Atwan's production of documents to Plaintiff's counsel constituted waiver, the Energy Entities request the Court to order the Plaintiff to produce the documents and information outlined in Section V of this response prior to any briefing schedule being established by the Court concerning this privilege issue. The Plaintiff is opposed to this requested relief.

Because Plaintiff refused to withdraw the Motion and the Plaintiff refused to provide the information requested in Section V of this response to further aid in potential further conferencing on this issue, the Energy Entities must file this response and seek Court relief.[5]

## II.    The Energy Entities' Assertion of Privilege

Ahmad Atwan worked as a broker and advisor to the Energy Entities. As such, he regularly corresponded and interacted with their outside counsel on the Energy Entities' behalf.[6] Those communications are protected by the attorney-client privilege.[7] Plaintiff first appeared to challenge the assertion of privilege in an unfiled draft joint letter to the Court on November 10, 2021. In that draft, Plaintiff stated: "[b]ased upon the documents produced in this case, it appears Atwan's entity, Source Rock Energy, had a contractual relationship with Mr. Razon, personally, and not any entity clients represented by counsel for the Collingwood Defendants."[8] However, the Energy Entities quickly pointed out that more than 10 copies of documents reflecting a "contractual relationship" between the Energy Entities and Atwan have been produced, including documents produced by Plaintiff.[9] In response, Plaintiff abandoned the issue, altogether, in the joint letter that was later filed with the Court. Prior to Plaintiff's decision to abandon the issue, the Energy Entities stated: "If you want to bring the privilege issue up at all, I want it raised as I have indicated. If you want to drop it all together, I am ok with that. Plaintiff responded "If all parties are in agreement we will drop the issues relating to your privilege assertions…"[10] The Court should find that this conduct is inconsistent with Rule 26(b)(6)(B)'s requirement to act promptly and that Plaintiff has waived any ability to challenge the asserted privileges.

Now, over a month after "dropping the issue," Plaintiff argues, without any support, that the communications between Atwan and counsel were "predominantly" for business because Atwan was hired as a business consultant. However, that is not the test. The test is whether Atwan possessed information needed by the Energy Entities' counsel to render informed legal advice. The affidavit evidence attached as Exhibit 2 establishes that Atwan and Chad Brown were primarily responsible for the

---

[5] The Court granted an extension until January 11, 2022 but the Energy Entities' counsel is unavailable after January 6, 2022 to prepare and file this response and therefore files it early.

[6] See Exhibit 2.

[7] See, e.g., In re Copper Market Antitrust Litigation, 200 F.R.D. 213, 216 (S.D.N.Y. 2001)("there is no reason to distinguish between a person on the corporation's payroll and a consultant hired by the corporation if each acts for the corporation and possesses the information needed by attorneys in rendering legal advice")(citing Upjohn Co. v. United States, 449 U.S. 383, 391 (1981).

[8] See Exhibit 3.

[9] Id.

[10] See Exhibit 4.

due diligence and negotiations with the Energy Entities' counterparts in the various transactions. As such, their communications with the Energy Entities' counsel were necessary for the Energy Entities to obtain legal advice for such transactions.  The Court has no other evidence to review.

Plaintiff also attempts to argue waiver because of a delay between the production of documents by Atwan and the Energy Entities' assertion of privilege on October 20, 2021. Plaintiff even argues waiver of documents produced on November 4, 2021 despite the Energy Entities providing notice less than a week later.  Regardless of when the documents were produced, Plaintiff misapplies the law. "[T]he length of delay in claiming the privilege should be measured from the time the producing party learns of the disclosure, not from the time of the disclosure itself."[11] And, Plaintiff admits that the review of Atwan's documents, which consisted of over 10,000 documents, was still ongoing in October of 2021.  It is further apparent from Plaintiff's November 10th draft letter wherein it misrepresented what documents had been produced that Plaintiff's review of the same voluminous documents was also still ongoing as late as November of 2021.[12]  Simply, there was no delay.

Further, Plaintiff entered into an agreement with Atwan prior to the production of documents that specifically stated: "to the extent any [documents provided by Atwan to Plaintiff] includes materials subject to the attorney-client privilege, work product doctrine or other applicable privilege…, the Parties acknowledge that it is their respective desire, intent and understanding that the sharing of such materials is not intended to waive or diminish its continued protection…"[13]  The attached affidavit also establishes that the communications that Brown and Atwan were having with the Energy Entities' counsel were kept confidential by the Energy Entities and that Atwan was not authorized to waive any privileges associated with their confidential communications.

### III.    Plaintiff's Requested Relief[14]

The applicable rule is Rule 26(b)(5)(B) which provides that "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party <u>must promptly</u> return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and <u>may promptly</u> present the information to the court under seal for a determination of the claim."[15]  The rule clearly dictates what the Plaintiff must do and what it may do (if it does so promptly) in this instance. Plaintiff has not followed the rule.

Instead, after waiting two months and choosing not to raise this issue before the Court in either of the two hearings before Your Honor on November 12, 2021 and November 23, 2021, Plaintiff requested the

---

[11] *United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co.,* Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 WL 744369, at *6 (S.D.N.Y. June 8, 2000).
[12] See Exhibit 3.
[13] Plaintiff has designated its agreement with Atwan as confidential pursuant to the terms of this Court's protective order. To avoid the necessity of filing this response under seal, the Energy Entities do not attach it hereto.
[14] After the parties meet and confer on January 6, 2022, the Energy Entities are unclear as to what the requested relief by Plaintiff is. Plaintiff's counsel stated that he no longer requested the review of the privileged documents but did not agree to withdraw the motion.
[15] Fed. R. Civ. P. 26(b)(5)(B)

Court abandon Rule 26(b)(5)(B) and "issue an order…authorizing Plaintiff to review the [Privileged Documents]…for the purpose of reducing the number of documents that would be the subject of dispute.."  Plaintiff argued an evaluation by the Court would be "premature" until Plaintiff "has been allowed to review the [Privileged Documents] to potentially eliminate from its motion any documents that are irrelevant to the issues in this action."

The Second Circuit has already determined this issue against the Plaintiff. In *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, Chase requested the <u>exact</u> same remedy.[16] The Second Circuit vacated the Magistrate Judge's order by mandamus.  The Second Circuit stated: "In the case of the attorney-client privilege, however, a litigant claiming the privilege would probably prefer almost anyone other than adversary counsel to review the documents in question…..If opposing counsel is allowed access to information arguably protected by the privilege before an adjudication as to whether the privilege applies, a pertinent aspect of confidentiality will be lost, even though communications later deemed to be privileged will be inadmissible at trial."[17]  The Energy Entities explained this very issue to Plaintiff's counsel prior to the Plaintiff filing its Motion and was told such position was "illogical."[18]

Plaintiff has not complied with the mandates of Rule 26(B)(5) and, as a result, the only evidence before the Court  is the evidence submitted herein. Therefore, this Court must deny Plaintiff's Motion.

### IV.     Plaintiff's Prior Possession and Destruction of Documents

Plaintiff's current position before the Court is inconsistent with its discussions and interactions with Atwan and his counsel.  Prior to the formal production of documents by Atwan, Plaintiff's counsel obtained, informally, the Privileged Documents (and others) from Atwan. Upon review of that information, Plaintiff's counsel notified Atwan's counsel and agreed to delete all communications between Atwan and counsel from Plaintiff's counsel's servers (involving the same lawyers and law firms contained on the Energy Entities' privilege log).  Plaintiff, however, has refused to provide the Energy Entities the parameters that were used by Plaintiff to identify and delete documents or provide any description of the documents that have been deleted in order to conceal this inconsistency.  Further, Plaintiff has refused to produce any correspondence with Atwan concerning the attorney client privilege. If Plaintiff has previously recognized that a privilege applies to the Privileged Documents, acted pursuant to that privilege and destroyed the documents, but now questions the basis of the claim of privilege, Plaintiff should be required to disclose such circumstances and explain the inconsistent position taken by

---

[16] Compare Plaintiff's request in this matter: "A document-by-document evaluation of privilege seems premature—or at least inefficient—until Plaintiff has been allowed to review the 126 Documents to potentially eliminate from its motion any documents that are irrelevant to the issues in this action" with the request in *Chase*: "It doesn't seem an appropriate use of the court's time for them to be submitted to your Honor for in camera inspection. We would suggest that they be submitted to Chase's lawyers for an inspection. We would review the documents as to which privilege is asserted and …divide them into three categories: Document irrelevant....Documents clearly privileged… Documents which are relevant, interesting and we believe not privileged." *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F. 2d 159, 163 (2nd Cir. 1993).
[17] *Id.* at 165.
[18] See Exhibit 1.  Plaintiff argues that since it already had a chance to review the documents, any argument concerning their further review is "illogical" and any concerns about prejudice "rings hollow." However, if Plaintiff's counsel already knew the content of the Privileged Documents, it would not be requesting the relief sought in its Motion.

4

the Plaintiff here.[19]   Accordingly, the Energy Entities request that the Court order Plaintiff to provide the information requested in Section V.

Further, on November 4, 2021, Plaintiff produced documents purporting to be a supplemental production received from Atwan. Instead of providing the documents in the same form received from Atwan, as the rules require, Plaintiff reshuffled the documents and re-branded the documents with a new bates label.  Due to the unusual nature of the production, the Energy Entities sought clarification from Atwan's counsel regarding this supplemental production.   According to Atwan's counsel, the supplemental production purporting to be from Atwan was not compiled by Atwan but was compiled by Plaintiff's counsel from documents in Plaintiff's possession. The supplemental production by "Atwan" contained several Privileged Documents and Plaintiff maintains its argument on waiver as to those documents as well.  Accordingly, the Energy Entities request that the Court order Plaintiff to provide the information requested in Section V.

**V.      The Energy Entities' Requested Relief**

Based upon discussions with Plaintiff's counsel, Plaintiff appears willing to abandon its request to review the Privileged Documents prior to submitting them to the Court. However, Plaintiff has refused to withdraw its Motion wherein it seeks that specified relief. Nor has Plaintiff agreed to withdraw its request for a "briefing schedule."   Because Plaintiff alleges waiver of the attorney-client privilege based upon actions taken by Atwan while communicating with Plaintiff's counsel, the Energy Entities request the Court order the Plaintiff provide the following by January 21, 2021 or prior to any briefing requirements: (1) a log of all documents received by Plaintiff from Atwan that were deleted or, if such log cannot be created, the parameters used by Plaintiff to delete documents,[20] (2) the production of all correspondence between Plaintiff and Atwan (or respective counsel) concerning or referencing the attorney-client privilege and (3) all communications between Atwan and Plaintiff (or respective counsel) concerning Atwan's supplemental production in November 2021.  Waiver is not established by the inadvertent disclosure of privileged information.[21]   Therefore, any correspondence between Atwan's counsel and Plaintiff's counsel concerning the production of documents and the preservation of privilege is relevant to this Court's determination of waiver. For instance, if Atwan and/or Plaintiff acknowledged the inadvertent nature of Atwan producing privileged documents to Plaintiff and the need to retrieve and/or delete emails, such facts would evidence lack of intent to waive privilege. Further, the documents are already responsive to Collingwood Investment Company Limited's Request for Production Nos. 2, 3, 5-8, and 10-11 for which Plaintiff has refused to answer.[22]   Plaintiff has repeatedly stated its opposition to this request, including during the parties' conference on January 6, 2022.

---

[19] This destruction is also relevant because Plaintiff now takes the position that such documents were never privileged. If such documents were never privileged and Plaintiff knew such documents were responsive to a subpoena propounded upon Atwan by Plaintiff, Plaintiff's destruction of such documents raises questions concerning spoliation and Plaintiff's compliance with the rules of discovery.

[20] Because Plaintiff also alleges that the documents destroyed by it were relevant to this litigation, responsive to its subpoena and never privileged, Plaintiff's agreement to destroy the documents may constitute spoliation.

[21] *Securities and Exchange Commission v. Cassano*, 189 F.R.D. 83, 85 (S.D.N.Y. 1999)("inadvertent production of a privileged document does not waive the privilege unless the producing party's conduct was so careless as to suggest that it was not concerned with the protection of the asserted privilege).

[22] See Exhibit 5.

HOULITIGATION:1826359.1

Sincerely,

Corey J. Seel
For the Firm

HOULITIGATION:1826359.1