Kevin N. Ainsworth
212 692 6745
kainsworth@mintz.com



Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

April 1, 2022

**VIA ECF**
Hon. Sarah Netburn
United States District Court for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

Re:   *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS) (SN)

Dear Magistrate Judge Netburn:

On behalf of Plaintiff Global Gaming Philippines, LLC ("Plaintiff"), we respectfully request an order:

(a) scheduling the deposition of Mr. Donato Almeda ("Almeda"), a percipient witness and Rule 30(b)(6) witness for Defendants Bloomberry Hotel & Resorts, Inc. ("BRHI"), and Sureste Properties, Inc., ("Sureste" and together with BRHI, the "Debtor Defendants") in early May, sufficiently after the Debtor Defendants have filed their answer and the parties have been able to confer about deposition topics and seek the Court's assistance, if necessary. Alternatively, if the Court does not order the deposition of Mr. Almeda to occur in May, we would request a conference next week to address the existing disputes regarding 30(b)(6) topics;

(b) rejecting the Debtor Defendants' unilateral rescheduling of the so-ordered deposition of their 30(b)(6) and percipient witness, Ms. Estela Tuason-Occeña ("Occeña"), and compelling Debtor Defendants either (i) to produce her for a remote deposition over two days, as previously scheduled, beginning no later than 9:00 a.m. (Manila time) on May 4, 2022 (*i.e.*, 9:00 p.m. EDT on May 3, 2022) (*see* Dkt. No. 215), or (i) to produce her for a single session to start on May 4 no later than 7:00 a.m. (Manila time);

(c) compelling the Debtor Defendants to provide available dates in the first two weeks of May for their newly designated Rule 30(b)(6) witness, Mr. Arcan Lat ("Lat") (who also is a percipient witness), and directing that his deposition should commence no later than 7:00 a.m. (Manila time); and

(d) directing that the depositions of Mr. Benny Tan (defendants' attorney), and Mr. Almeda are to begin no later than 7:00 a.m. (Manila time), and the deposition of Mr. Alarilla is to begin no later than 8:00 a.m. (Manila time). Alternatively, those depositions should be split over two sessions on separate days.

**MINTZ**

The Honorable Sarah Netburn
April 1, 2022
Page 2



**Pertinent Procedural Posture**

On March 21, 2022, Judge Schofield denied the Debtor Defendants' and Defendant Enrique Razon's motion to dismiss the First Amended Complaint, recognizing that Plaintiff's allegations are sufficient to establish personal jurisdiction over the Debtor Defendants based on (a) their contacts with New York, and (b) their alter ego relationship with Razon (over whom the Court has jurisdiction). (ECF No. 216.) The Court also denied Razon's motion to dismiss Plaintiff's claim to hold him liable as the Debtor Defendants' alter ego, recognizing that the complaint "alleges facts that support the inference that Razon exercised complete control over the Debtor Defendants," including that "[a]llegations of the corporate structure of BRC, Razon's ownership interest in the Debtor Defendants, Razon's relationships with their officers and Razon's alleged use of corporate funds for personal use all support the inference that Razon exercised dominion and control over the Debtor Defendants." (Dkt. No. 216 at 12.)The Court, therefore, held that Plaintiff may proceed with this action to enforce a roughly $300 million foreign arbitral award against the Debtor Defendants and Razon.

Moreover, the Court granted leave for Plaintiff to amend its complaint to assert a direct claim against Razon for trespass to chattel based on his continuing interference with Plaintiff's ownership of shares of Bloomberry Resorts Corporation ("BRC") (the "Option Shares").

On March 28, 2022, Plaintiff filed its Second Amended Complaint ("SAC") (Dkt. No. 218). To date, Defendants have not filed an answer. They presumably will do so no later than April 11, 2022.

**30(b)(6) Witness Topics and Scheduling—Donato Almeda**

Before the Court's decision on the motion to dismiss, the parties spent many weeks discussing and negotiating topics for 30(b)(6) depositions. The negotiations significantly limited the disputes, but the parties were unable to agree on the scope of several 30(b)(6) topics directed at the Debtor Defendants. (The currently disputed topics are identified in Exhibit A hereto.)[1] In addition, during the scope of those negotiations, Plaintiff expressly reserved the right to add and refine 30(b)(6) topics in response to denials, admissions, assertions, and purported defenses in the forthcoming answer.[2]

Ordinarily, for the sake of judicial economy, we would wait to raise with the Court a dispute about 30(b)(6) topics until after the answer had been filed and the parties had engaged in a further meet-and-confer over new topics based on the admissions and denials in the answer. In fact, Defendants' answer may obviate a need for certain deposition topics and may provide information to help

---

[1] Plaintiff believes the Court's assistance will be needed to resolve the Disputed Topics. But for efficiency's sake, we respectfully submit that all disputes over Rule 30(b)(6) topics should be addressed, and the 30(b)(6) depositions should occur, after the Defendants have filed their answer.
[2] With the Court's recent ruling on the motion to dismiss, Plaintiff's filing of the SAC, and Defendants' eventual answer to the SAC, the scope of those 30(b)(6) topics remain to be resolved.

**MINTZ**

The Honorable Sarah Netburn
April 1, 2022
Page 3



Plaintiff refine other topics. The Debtor Defendants, however, are not willing to allow time for that discussion. Instead, they insist on proceeding with a deposition of one of their Rule 30(b)(6) witnesses, Mr. Almeda, a Director of the Debtor Defendants, before they file their answer.[3] Their refusal to schedule his deposition for a later date has rendered impracticable any effort to identify before his deposition any Rule 30(b)(6) topics that may be based on their answer. Indeed, if they do not file an answer before his deposition, Plaintiff would not be able to question him about any denials, admissions, or allegations in the answer.

Since Defendants' answer is not due to be filed until April 11, 2022, Plaintiff requests that the Court order the Debtor Defendants to produce Mr. Almeda for his Rule 30(b)(6) deposition on or after May 2, 2022 (Eastern time). That would allow sufficient time for Defendants to file their answer, for Plaintiff to propose Rule 30(b)(6) topics based on their answer (and assess the ability to resolve the currently disputed topics on Exhibit A), for the parties to promptly meet and confer, and for any unresolved dispute to be presented to the Court before the Debtor Defendants' 30(b)(6) depositions commence. There is no prejudice to the Debtor Defendants or Mr. Almeda, who will testify remotely from Manila, and the Debtor Defendants have not indicated that he is not available for deposition in May.

If the Court were to deny our request to move the date of Mr. Almeda's deposition, then Plaintiff would respectfully request a conference to resolve the pending disputes over 30(b)(6) deposition topics before Mr. Almeda's deposition (which is currently scheduled to begin April 10 (Eastern time)). Exhibit A hereto lists those topics.

**30(b)(6) Witness Scheduling—Estela Tuason-Occeña and Arcan Lat**

In the parties' early planning discussions, Defendants initially agreed to work to produce Ms. Occeña, a key witness involved in virtually all of the pertinent transactions and communications, for a deposition in person in New York. But then, Defendants abruptly changed their stance and unilaterally decided that she would testify remotely. After negotiation, the parties agreed that her deposition would be ten hours spanning two days, beginning on May 4 (Manila time) (*i.e.*, the evening of May 3 in New York). The Court so-ordered that schedule weeks ago. (*See* Dkt. No. 215.)

Last week, however, despite all the parties' previous extended negotiations and agreements, Defendants again made another unilateral move. That is, they substituted a different witness (Arcan Lat, discussed below) on some of the 30(b)(6) topics that Ms. Occeña had been designated to address, insisted that Ms. Occeña's deposition is limited to seven hours, and insisted that it occur in one session on May 5 (Manila time). They also insisted that Arcan Lat's deposition must occur on May 4 (Manila time).

---

[3] Debtor Defendants have designated Mr. Almeda as the witness for eighteen 30(b)(6) topics, including issues relating to the commingling of the Debtor Defendants' assets, the existence or absence of corporate formalities, the corporate governance of the Debtor Defendants, and the use of the Debtor Defendants' assets to benefit Razon.

**MINTZ**

The Honorable Sarah Netburn
April 1, 2022
Page 4



Plaintiff is willing to accommodate Defendants' designation of a new witness and shortening of Ms. Tuason-Occeña's deposition, but requested that her deposition be held over two sessions as previously agreed. Although she already cleared her calendar for those dates, Defendants have refused this request.

In light of Ms. Tuason-Occeña's clear availability on May 4 and May 5 (Manila), Defendants' unilateral insistence that her deposition commence at 9:00 a.m. Manila time (*i.e.*, 9:00 p.m. Eastern) and continue in one session serves no purpose other than to seek an advantage on a critical witness by forcing counsel to work through the night. A deposition of seven hours typically lasts about nine hours, with breaks. Starting at 9:00 p.m. EDT would mean the deposition would end at about 7:00 a.m. the next morning. That is unreasonable under the circumstances.

To facilitate a fair and civil deposition of this key witness, Plaintiff respectfully requests an order that Ms. Tuason-Occeña's deposition proceed in two sessions commencing as previously scheduled on May 4 and May 5, to begin no later than 9:00 a.m. Manila time (*i.e.*, May 3 and 4 at 9:00 p.m. EDT). Alternatively, if Ms. Tuason-Occeña's deposition is to occur in one session, it should begin on May 4 no later than 7:00 a.m. (Manila time).

As noted above, on March 25, 2022, Defendants for the first time designated Arcan Lat, the Debtor Defendants' director of finance, to testify regarding certain Rule 30(b)(6) deposition topics. They also demanded that his deposition occur on May 4 (Manila), in place of the previously scheduled first day of Ms. Tuason-Occeña's deposition. Defendants have refused to schedule his deposition for a different date, and have refused to identify any alternate dates when Mr. Lat is available. Defendants' unilateral decision—flouting the so-ordered depositions schedule—should not bind Plaintiff. Since Defendants refuse to discuss dates, Plaintiff requests an order compelling Defendants to provide Mr. Lat's availability during the first two weeks of May, for a deposition to begin no later than 7:00 a.m. (Manila time).

**Start Time of Certain Other Remote Depositions**

The parties also have been unable to resolve a dispute over the starting time for certain depositions of Defendants' witnesses. In January 2022, due to COVID concerns and the risk of government-imposed travel restrictions existing at the time, Plaintiff agreed to conduct most of the depositions of Defendants' witnesses remotely, with the witnesses located in Manila. As noted above, Manila is twelve hours ahead of the Eastern time zone, and depositions beginning in the morning in Manila are beginning in the evening in the United States.

Defendants have insisted that all remote depositions of witnesses in Manila will start at 9:00 p.m. EDT (9:00 a.m. Manila). For depositions that are not expected to run a full day, Plaintiff has agreed to start at 9:00 p.m. EDT, despite the burden on counsel and any attending party representatives located in the United States. But for depositions that will likely take a full day (*i.e.*, roughly nine hours, consisting of seven hours of deposition time plus breaks), Plaintiff sought agreement to split

**MINTZ**



The Honorable Sarah Netburn
April 1, 2022
Page 5

the deposition over two days each starting at 9:00 p.m. (EDT) (9:00 a.m. Manila time) or, as a compromise, an earlier start of 7:00 p.m. (EDT) (7:00 a.m. Manila time). Defendants have steadfastly refused to schedule any deposition earlier than 9:00 a.m. (Manila time).

Plaintiff respectfully requests an order directing that the depositions of Mr. Benny Tan (Defendants' attorney), and Mr. Almeda are to begin no later than 7:00 a.m. (Manila time), and the deposition of Mr. Alarilla is to begin no later than 8:00 a.m. (Manila time). Alternatively, those depositions should be split over two sessions on separate days.

In closing, Plaintiff notes that we have tried to heed the Court's directive to all parties to try to work out as many issues as possible. But in light of Defendants' positions as set forth above, we had no alternative than to bring our concerns about the depositions to the attention of the Court.

Respectfully submitted,

/s/ Kevin N. Ainsworth

Kevin N. Ainsworth


cc: All counsel of record (via ECF)

EXHIBIT A

## THE DISPUTED TOPICS

The parties were unable to reach agreement concerning Topic Nos. 3 (partial), 11, 24, 58 (partial), 62, 66, and 68, as set forth below. In addition, Plaintiff's Rule 30(b)(6) deposition notice included deposition topics (Nos. 53-56) related to the Defendants' to-be-filed answer, and Defendants objected to those topics, which are set forth at the end of this exhibit.

**Topic No. 3 (Partial):  Seeking Information About Defendant Razon's Control Over Defendant Entities**

> **(Only subsections (e) - (g), and (j) - (m) are disputed):** Razon's role, responsibilities, and actions as Chief Executive Officer, Chairman of the Board, and/or shareholder (or shareholder representative) in connection with the (a) entering into the MSA; (b) terminating the MSA; (c) causing BRC to request the PSE halt trading of shares of BRC; (d) seeking injunctive relief in court to prevent GGAM from selling its shares in BRC; **(e) communicating with Your shareholders, BRC's shareholders, and/or the press regarding the court proceedings (involving the injunction) and/or the arbitral awards; (f) disclosing information in your financial statements regarding the arbitration; (g) Your decision not to reserve for the amount awarded by the arbitral tribunal;** (h) Your unwillingness to pay the amount awarded by the arbitral panel; (i) Your decision to challenge the arbitral awards in Singapore; **(j) appointment of officers/directors, (k) obtaining loans/lines of credit, (l) issuing dividends, (m) disposing of assets,** and (n) transactions with Razon Entities.

**Topic No. 11:  Seeking Information Regarding Razon's Control over the Appointment of Directors and Officers**

> (a) "BRHI's and SPI's procedures" for the appointment of high-level officers and directors; and
>
> (b) "the facts and circumstances pertinent to the appointment of the following officers/directors:  Jose Alarilla, Christian Gonzalez, Donato Almeda, Estela Tuason-Occeña, Silverio "Benny" Tan, Rafael Durian, Edgardo Abesamis and Stephen Paradies."

**Topic No. 24:  Seeking Information Regarding Related Party Transactions**

> The facts, circumstances and documents (including communications) concerning related party loans (and the terms thereof) made by You, as reflected in your annual financial statements for each year since 2011.

**Topic No. 58 (Partial):  Seeking Information Regarding Jurisdictional Contacts with the United States**

> **(Only subsections (ii) – (iv) are in dispute):** Travel by BRHI and/or SPI personnel to the United States, if any, in connection with (i) the negotiation or performance of the MSA, **(ii) the road show and top-up offering in connection with the BRC IPO, (iii) BRC investor conferences, or (iv) the underlying arbitration proceedings**.

**Topic No. 62:  Seeking Information about the Formation of Bloomberry Resorts Corporation ("BRC")**

> Transactions through which BRC [i.e., the ostensible parent company of the Debtor Defendants] was acquired or formed.

**Topic No. 66:  Seeking Information about Transactions Involving Hans Sicat (Former President of the Philippine Stock Exchange):**

> Work performed by Your personnel on potential or actual transactions involving Razon and Hans Sicat

**Topic No. 68:  Seeking Information about Interference With the Option Shares:**

> Communications from You to BRC regarding the status and/or outcome of the Arbitration, and any Orders or Awards concerning the Option Shares, including any requests that BRC take or not take action in response thereto.

*     *     *     *     *

In addition, Plaintiff's Rule 30(b)(6) deposition notice included the following topics, which Plaintiff expects to modify after Defendants file their answer:

> **Topic #53:**  All facts and circumstances concerning the basis for any defenses you have asserted or may in the future assert in response to the claims asserted against You by Plaintiff in this Action.
>
> **Topic #54:**  All documents (including communications) You contend support any defenses you have asserted or may in the future assert in response to the claims asserted against You by Plaintiff in this Action.
>
> **Topic #55:**  All facts and circumstances concerning the basis for Your past, present or future denials of any allegations in the First Amended Complaint, or any subsequently amended complaint in this Action.
>
> **Topic #56:**  All documents (including communications) You contend support Your past, present or future denials of any allegations in the First Amended Complaint, or any subsequently amended complaint in this Action.