

RACHEL PENSKI FISSELL   rfissell@walfishfissell.com   +1.212.672.0523
405 Lexington Avenue, 8th Floor  New York, NY 10174  www.walfishfissell.com

April 6, 2022

<u>Via ECF</u>

Judge Lorna G. Schofield
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Global Gaming Philippines, LLC v. Razon, et al.*, 21-cv-02655-LGS (S.D.N.Y.)/<u>Request for extension of time to respond to Second Amended Complaint</u>

Dear Judge Schofield:

      Pursuant to Section I.B.2. of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), we write on behalf of Enrique K. Razon, Jr. to request an extension of Mr. Razon's time to respond to the Second Amended Complaint ("SAC"). Mr. Razon's response is currently due on April 11, 2022. Fed. R. Civ. P. 15(a)(3). Mr. Razon requests an extension to April 18, 2022 to either answer the SAC or file a pre-motion letter for a motion to dismiss the trespass to chattel claim newly asserted against him. Individual Rules III.C.2. There has been no previous request to extend this deadline.

      Mr. Razon requests the additional time for three main reasons. First, we believe that Philippine law applies to the trespass to chattel claim and thus need additional time to retain an expert in Philippine law and work with that expert to evaluate Philippine law on trespass to chattel. Second, the parties are in the midst of active deposition discovery, which is currently consuming much of undersigned counsel's time and attention. Third, my partner and co-counsel, who was intimately involved in the previous motion to dismiss briefing, contracted Covid last week along with his entire family, hindering our work on the pre-motion letter.

      Plaintiff opposes Mr. Razon's request insofar as he intends to file a pre-motion letter, but otherwise agrees that Mr. Razon may file an answer to the SAC on April 18, 2022. Plaintiff's asserted reason is that it may need to seek discovery regarding Mr. Razon's answer and thus Plaintiff needs the answer as soon as possible due to the current fact discovery deadline of May 26, 2022. This rationale is not a basis for denying the modest extension requested. First, it is not *Plaintiff's* decision whether Defendant answers or moves to dismiss. Regardless of whether a pre-motion letter is filed on April 11 or 18, the time to answer is stayed until further order of the Court. Individual Rules III.C.2. Plaintiff's withholding consent to the extra week does nothing to ensure that the answer will be filed in the next two weeks.

      More fundamentally, Plaintiff has been unable to explain what additional discovery would be dependent on Mr. Razon's answer to the SAC. There is no such discovery. Prior to this Court's partial dismissal of the First Amended Complaint, Defendants produced over 27,000 documents totaling nearly 225,000 pages. Mr. Razon himself responded to 131 requests for admission and over 120

Page 2

document requests. Moreover, Defendants BRHI/SPI will be filing their answer on April 11, 2022. It is hard to fathom how Mr. Razon's answer would cause Plaintiff to need any new discovery.

      In sum, Mr. Razon respectfully requests a one-week extension of his time to respond to the SAC.

      Respectfully submitted,

      */s/ Rachel Penski Fissell*

      Rachel Penski Fissell

cc: All counsel (via ECF)