

**DANIEL M. PERRY**

*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5083
dperry@milbank.com  |  milbank.com

May 16, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Global Gaming Philippines, LLC v. Razon Jr., et al.*, No. 21-cv-2655 (LGS)-(SN) / Plaintiff's Motion to Compel BRHI/SPI to Produce Documents

Dear Judge Netburn:

Defendants BRHI and SPI write in opposition to GGP's May 6, 2022 letter motion (the "Motion") (Dkt. 245) to compel BRHI/SPI to produce documents in response to certain requests in GGP's Third and Fourth Set of Requests for Production (the "3RFPs" and "4RFPs," respectively). BRHI/SPI respectfully request that the Court deny the Motion, as it concerns belated requests that exceed the permissible scope of the Federal Rules, circumvent the Court's prior orders, and frustrate the iterative process that typically characterizes document discovery.

GGP commenced an extensive and thorough document discovery effort in late spring 2021, beginning with its First and Second Set of RFPs (the "1RFPs" and "2RFPs," dated May 26 and June 4, 2021, respectively).[1] At the outset, GGP urged the Court to require BRHI/SPI to complete document production by early July, insisting that any later would "unduly prejudice[]" GGP "in its opportunity to address any follow-up discovery and any omissions from the original productions." Dkt. 76 at 2. On June 9, the Court ordered production to be complete no later than July 30, Dkt. 84 at 3; BRHI/SPI made productions on June 17, July 2, and July 30. The Court ordered that any motions to compel on disputed requests be filed by July 9, and GGP thereafter filed four such motions.[2] Following resolution of the motions to compel, the Court ordered that "[d]ocument production shall be substantially completed by December 23, 2021." Dkt. 196 at 2.

Notwithstanding the Court's December 23 substantial completion deadline, GGP propounded its 3RFPs and 4RFPs on December 27, 2021 and March 10, 2022, respectively. These RFPs, which comprise nearly *half* of the total number of document requests to BRHI/SPI in this action, included

---

[1] Together, the 1RFPs and 2RFPs included 39 requests. BRHI/SPI served R&Os to the 1 and 2RFPs on June 17, 2021.
[2] *See* June 28, 2021 Hr'g Tr. at 15:10-11 (Dkt. 105); Dkts. 109, 110, 112, 113 (motions to compel defendants). In November, GGP moved to compel production from a defendant it added to the case in June 2021. *See* Dkt. 179.

MILBANK LLP

NEW YORK  |  LOS ANGELES  |  WASHINGTON, D.C.  |  SÃO PAULO  |  FRANKFURT
LONDON  |  MUNICH  |  BEIJING  |  HONG KONG  |  SEOUL  |  SINGAPORE  |  TOKYO

The Honorable Sarah Netburn
May 16, 2022                                                                                                                    Page 2

26 broad requests for discovery related to information that had been in GGP's possession since June and July of 2021. Moreover, as the exhibits to the Motion show, *see* Dkts. 245-1, 245-2, the RFPs were exceedingly broad notwithstanding the Court's repeated admonitions about overly broad discovery requests,[3] and despite Your Honor's "disinclin[ation]" in November "to open up to new RFPs or to revisit old RFPs."[4] Many of these RFPs were not narrow follow-up requests propounded in order to complete the discovery process, but rather broad additional discovery served in violation of the spirit of the December 23 deadline.

Nevertheless, BRHI/SPI, in an effort to compromise, agreed to search for and produce documents in response to many of the RFPs, where it could do so without unreasonable time or expense.[5] 3RFP Nos. 1, 3, and 4 and 4RFP No. 4, are, however, burdensome fishing expeditions related to information produced well before December 23.

## 3RFPs

3RFP No. 1 seeks documents related to transfers identified in financial statements that BRHI/SPI produced to GGP **on June 17, 2021** (3RFP No. 1). 3RFP Nos. 3 and 4 seek communications related to board resolutions shown in board minutes that BRHI/SPI produced to GGP **on July 30, 2021** (3RFP Nos. 3 and 4). Instead of propounding these requests during the five-to-six-month period that followed such productions (during which GGP repeatedly sought Court intervention for document production issues before even reviewing the productions made), GGP waited until the end of December to do so. GGP then waited more than four months to file the Motion.

**3RFP No. 1: Documents Sufficient to Show the Nature, Terms, and Amounts of Transfers[6]**

GGP has failed to articulate any justification for its delay in seeking these documents. But even if the request was timely, the discovery is not sufficiently relevant or proportional under Rule 26.

GGP claims that the information it seeks is "clearly relevant to the alter ego factors because the transactions . . . are unsecured advances to Razon-controlled entities,"[7] and also would be "relevant to Razon's level of control over the various Bloomberry entities and commingling of assets." Mot. at 2. But GGP has expressly conceded that it has not alleged that BRHI/SPI are undercapitalized,

---

[3] *See, e.g.*, Nov. 12, 2021 Hr'g Tr. at 4:13-15 (Dkt. 192); Sept. 15, 2021 Order (Dkt. 154) at 1, 3.
[4] Nov. 23, 2021 Hr'g Tr. at 55:13-14 (Dkt. 200). At that same hearing, the Court further noted its concern about the accumulation of litigation costs in this matter. *Id.* at 7:2-4 ("[I]t is sort of amazing to me where we are and I do think we're going to soon have the legal fees eclipse the judgment."). But GGP has only escalated its discovery regime since Your Honor made that comment, not only by propounding these additional 26 RFPs but also by initially noticing **69** Rule 30(b)(6) topics for BRHI/SPI, and over **100** topics to the now-dismissed defendants. The defendants, in contrast, collectively noticed just **12** topics total for GGP's Rule 30(b)(6) deposition.
[5] Dkt. 245-1 (agreeing to produce documents in response to 3RFP Nos. 2, 6, 7, 8, 9, 10, 11, 14, 15, 16, and 17).
[6] *See* Motion at 2 for the list of transfers on which 3RFP No. 1 focuses. Eight of the transfers were from BRHI or SPI to Bloomberry Resorts Corp. ("BRC") (their non-party publicly-traded parent company), three were from BRHI to other affiliates, and two were from BRHI to Solaire Korea Co., Ltd., a BRC subsidiary.
[7] The Motion also states that the transactions include transfers to "'key management personnel' at Debtor Defendants," Mot. at 2, but this appears to be a typo, as GGP excluded from its list any transfers from BRHI/SPI to "key management personnel." A prior iteration of GGP's list (alluded to at Mot. at 2 n.2) included such transfers.

The Honorable Sarah Netburn
May 16, 2022                                                                                                          Page 3

insolvent or judgment proof,[8] and documented transfers between separate entities is the exact opposite of "commingling." GGP also has not articulated *why* documents showing the "nature, terms, and amounts" of such transfers would have any bearing on "Razon's level of control over the various Bloomberry entities." *Id.* That BRHI/SPI made transfers to related corporate entities (including the publicly traded parent company BRC) that are allegedly controlled by Razon through ownership of some but not all of the equity further up the corporate chain does not establish, as GGP appears to suggest, that Mr. Razon personally authorized or directed such transfers. Moreover, GGP's claim that the 13 transfers are "clearly relevant" is undermined by the fact that GGP elected to exclude, of its own accord, *transfers between BRHI, SPI, and BRC* from its 30(b)(6) deposition topic for BRHI/SPI concerning "[t]he purpose and circumstances for any transfer of funds in excess of $100,000 from BRHI or SPI to Mr. Razon or any entity known to be owned or controlled by Mr. Razon *(other than transfers between BRHI/BRC/SPI)*" (Topic No. 5) (emphasis added).[9] These transfers were not included in the deposition process because there is nothing unusual about a wholly-owned subsidiary dividending funds to a parent company.

Furthermore, even if the documents were relevant (they are not), 3RFP No. 1 is not proportional to the needs of the case. Requiring BRHI/SPI to scour five years of records to identify the "nature and terms" of ordinary corporate transfers is a costly and time-consuming task that would have no "likely benefit"[10] other than confirming what GGP knows: that BRHI/SPI made transfers to non-party affiliates, including their publicly-traded parent BRC and Solaire Korea Co.

**3RFP Nos. 3 and 4: All Communications (i) to BRHI/SPI's Boards of Directors, or (ii) with Razon Concerning Indemnification of Defendants in this Action**

GGP's Motion to compel production in response to 3RFP Nos. 3 and 4 should also be denied as inexcusably delayed and because GGP has failed to demonstrate relevance and proportionality. These RFPs seek "*all communications*" either "to" the BRHI/SPI boards or "with" Razon "concerning whether to indemnify and hold harmless any Defendant in this Action, including but not limited to the indemnification described in the April 27, 2021 Minutes of the Board Meeting of [BRHI/SPI]." Mot. at 4.[11] Despite receiving the April 27, 2021 board meeting minutes on July 30, 2021, GGP waited until late December to propound these requests, and now, nearly five months after that, BRHI/SPI are being forced to litigate the issue in the midst of an exceedingly busy deposition schedule. GGP cannot justify its delay nor the burden it seeks to place on BRHI/SPI to search for and review "all communications" that may relate to the indemnification, and then produce any non-privileged communications (to the extent there are any non-privileged communications related to this subject that could be produced).[12] Nor can GGP explain why such

---

[8] *See* GGP's Opp. to Defendants' Mot. to Dismiss at 19 n.11, 23 (Dkt. 134).
[9] *See* Chart attached to Feb. 21, 2022 Email from K. Ainsworth to R. Fissell, et al. (Exhibit 1) at Topic #5 (page 3 of chart) (showing that that GGP proposed excluding "transfers between BRHI/BRC/SPI" from Topic #5 after BRHI/SPI objected to GGP's initial and exceedingly broad proposal for Topic #5).
[10] Fed. R. Civ. P. 26(b)(1) (listing proportionality factors, including "whether the burden or expense of the proposed discovery outweighs its likely benefit.").
[11] BRHI/SPI note that the Court has previously disallowed similar requests seeking "all communications." *See* Sept. 15, 2021 Order at 3 (Dkt. 154) (citing *Pegoraro v. Marrero*, 281 F.R.D. 122, 132 (S.D.N.Y. 2012)).
[12] Given that the portion of the April 27, 2021 board meeting minutes that discussed indemnification was in large part redacted on privilege grounds, BRHI/SPI expect that the majority of any such communications would be privileged.

The Honorable Sarah Netburn
May 16, 2022                                                                                                             Page 4

communications would be relevant, as there is nothing unusual about a corporation indemnifying its directors and officers (here, Razon) for acts within the scope of their service to the corporation.

Additionally, GGP has not demonstrated why it broadly needs communications related to indemnification. BRHI/SPI agreed to produce information related to indemnification through other discovery methods, including corporate deposition testimony.[13] GGP will also be deposing Mr. Razon both in an individual and representative capacity. BRHI/SPI should not be required to conduct burdensome email searches on this topic, particularly given the obvious privilege implications of an indemnification decision made by their boards after this proceeding was commenced.

### 4RFP No. 4: BRC Board Minutes Since Sept. 1, 2011 Related to 11 Categories

We note at the outset that this request seeks board materials possessed by BRHI/SPI's publicly traded parent company, BRC. GGP made the tactical decisions to (i) not file claims against BRC in the underlying arbitration, and (ii) not to attempt to name BRC as a defendant in this action. By not involving BRC in the arbitration, GGP sought to and did prevent BRHI/SPI from unwinding the granting of the shares which were conveyed to GGP pursuant to the EOA to which BRC (not BRHI/SPI) was a party. And now, over a year after commencing this action, GGP seeks to discover sensitive, non-public corporate information about an entity it has intentionally excluded from these proceedings. It is improper for GGP to now subpoena BRC's wholly owned subsidiaries (BHRI/SPI) to obtain discovery from their publicly-owned parent.

The Motion seeks to compel BRHI/SPI to produce BRC board minutes that span over a decade and relate to a wide-ranging set of topics.[14] Notably, GGP initially claimed, for the first time in late February 2022, that such documents fell within the scope of 1RFP No. 5 (propounded on May 26, 2021), and therefore should have been produced, presumably by July 2, 2021 when BRHI/SPI produced documents in response to 1RFP No. 5.[15] But BRC board materials did *not* fall within the reach of 1RFP No. 5, which on its face did not even request BRC board materials.[16] But even if GGP genuinely expected that over a decade's worth of BRC minutes *were* going to be produced in response to 1RFP No. 5, it was clear by July 2 that such documents had not been produced.

When BRHI/SPI rejected GGP's request in late February for a production of BRC board materials in response to 1RFP No. 5, BRHI/SPI pointed out that the time to litigate any purported issues

---

[13] Such testimony included the following topics: (i) "[t]he resolutions of the BRHI and SPI Boards of Directors on April 27, 2021 concerning the indemnification of defendants in this Action, including the process that led to the adoption of the resolutions and information considered by the Boards in connection with such resolutions" (Topic No. 35); and (ii) "[t]he indemnification of other defendants in this Action" (Topic No. 36).
[14] *See* Mot. at 4 (requesting minutes related to "(i) GGAM, the MSA, the EOA, (ii) the underlying arbitration, (iii) the Philippine proceedings, (iv) the Singapore proceedings, (v) the Hong Kong proceedings (vs Deutsche Bank), (vi) the indemnification of Defendants in this action, (vii) issuance of dividends by BRHI, SPI or BRC, (viii) the Roadshow, (ix) investor conferences prior to September 1, 2013, (x) the Option Shares, or (xi) approval of annual financial statements or audits thereof, to the extent such meeting minutes exist.").
[15] *See* Feb. 22, 2022 Letter from GGP to BRHI/SPI (Exhibit 2).
[16] *See* Feb. 25, 2022 Letter from BRHI/SPI to GGP (Exhibit 3); Mar. 15, 2022 Email from B. Lowe to K. Ainsworth and Mar. 22, 2022 Email from B. Lowe to K. Crowe (Exhibit 4); May 5, 2022 Email from B. Lowe to K. Crowe (Exhibit 5).

The Honorable Sarah Netburn
May 16, 2022												Page 5

related to the 1RFPs had long passed. GGP then switched course and reverted with the 4RFPs, which included, among other things, a request that literally duplicated one of the May 2021 1RFPs.[17] Based on GGP's conduct with respect to 1RFP No. 5, it is clear that GGP's issuance of the 4RFPs was an "attempted end run" around the December 23 substantial completion deadline. *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2018 WL 1605177 (S.D. Cal. Apr. 3, 2018) (holding that the "motion to compel responses to Request No. 26 [was] an attempted end run around the expired deadline for seeking supplemental responses to Request No. 13" where "more than five months [had] passed since Plaintiff served its initial response to Request No. 13").

Timeliness aside, granting the Motion would impose a significant burden on BRHI/SPI, both in terms of cost and time. GGP argues that any burden is lessened because "*BRC is a publicly traded company*." Mot. at 5 (emphasis added). But the BRC board minutes would include highly sensitive, non-public information that would need to be redacted – a very significant burden that BRHI/SPI would have no choice but to undertake. And the confidentiality order in this matter would not obviate the need to redact such information, as GGP suggests; indeed, the Court previously permitted redaction of "highly sensitive commercial or proprietary information," "salaries of certain officers," and "all but the last four digits of [bank] account numbers" in BRHI/SPI's board minutes following extensive litigation regarding redactions. Nov. 18, 2021 Order at 1-2 (Dkt. 181).

4RFP No. 4 also seeks discovery on topics that GGP has already received substantial discovery on. For example, it seeks BRC minutes related to "the Option Shares." But this Court already determined as follows with respect to further discovery on the Option Shares:

> Plaintiff has already received from the Debtor Defendants **substantial discovery** (albeit pre-2014) **related to the Option Shares** from the arbitration discovery. See 124 at 3, n. 11. Thus, the Court weighs the burden on the Debtor Defendants of conducting further searches with the probative value that such production may present to Plaintiff and finds that the burden outweighs the value. To the extent that this discovery concerns Plaintiff's **Count VI** (Conversion) [now **Trespass to Chattel**] against Razon, further discovery against the Debtor Defendants – especially with respect to public financial disclosures – **is unwarranted**. To the extent that this discovery concerns **Plaintiff's alter ego theory**, Plaintiff has already obtained **significant discovery on this issue**.[18]

For the foregoing reasons, the Motion should be denied.

								Respectfully submitted,

								*/s/ Daniel M. Perry*

								Daniel M. Perry

---

[17] *Compare* 4RFP No. 3 (Dkt. 245-2 at 4) ("Minutes of each meeting of Your board of directors since January 1, 2011."), *with* 1RFP No. 7 (Dkt. 109-4 at 12) ("All meeting minutes from all meetings of Your board of directors since January 1, 2011.").

[18] Dec. 10, 2021 Order at 1-2 (Dkt. 196) (emphasis added).