**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com



Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

May 24, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS)-(SN) / Plaintiff's Motion to Compel the Debtor Defendants to Produce 30(b)(6) Witnesses and to Seek Leave to Take an Additional Deposition**

Dear Judge Netburn:

On behalf of Plaintiff Global Gaming Philippines, LLC ("GGAM"), we respectfully submit this motion to:

(i) compel Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI") (collectively the "Defendants") to provide an adequate amount of time (10 hours over two days) for the deposition of Benny Tan who (a) is a percipient fact witness, and (b) was newly designated as a Rule 30(b)(6) witness by Defendants for six topics, and

(ii) grant leave for Plaintiff to take a half-day deposition of non-party Ahmad Atwan, by remote means. Due to Mr. Atwan's availability, Plaintiff requests that the deposition occur during the week of June 6.

**The Duration of Mr. Tan's Deposition Should be Expanded to Ten Hours, Over Two Days, Because Defendants Expanded the Scope of His Deposition to Include Both Individual Knowledge and Rule 30(b)(6) Designee for Seven Topics**

Plaintiff seeks an order permitting adequate time for the newly expanded deposition of Mr. Silverio "Benny" Tan. By agreement of the parties, which the Court so-ordered, Mr. Tan had originally been scheduled to provide a full day of testimony in his individual capacity. (Dkt. No. 215.) On May 6, 2022, Defendants—for the first time—designated Mr. Tan as a 30(b)(6) witness for seven topics that had previously been designated for other of Defendants' witnesses. Yet, despite




expanding the scope, Defendants refuse to provide adequate time for his deposition. Plaintiff seeks to conduct his deposition for 10 hours split over two days.

Defendants' new designation of Mr. Tan as a Rule 30(b)(6) witness arose after Plaintiff's counsel raised concerns that Defendants' other Rule 30(b)(6) witnesses were not adequately prepared to testify as to topics that Defendants had assigned them. During the depositions of Defendants' witnesses Arcan Lat and Estella Tuason-Occeña, it was clear that they had not prepared to testify as to topics that Defendants had designated.[1] After Plaintiff raised concerns over the adequacy of Ms. Occena's witness preparation on the record, Defendants' counsel sent a letter stating: "[i]n order to address Plaintiff's counsel's stated concerns during Ms. Occena's deposition. . . Defendants BRHI and SPI are designating Benny Tan as their 30(b)(6) corporate representative" for one of Ms. Occena's previously designated topics. (*See* Ex. A hereto, Letter dated May 6, 2022, from Milbank to Mintz.) In that letter, Defendants also shifted six topics from 30(b)(6) witness Donato Almeda —who was scheduled to be deposed a few days later on May 10—to Mr. Tan. (*See id*.). Defendants' lack of witness preparation and last minute designation changes have wasted a significant amount of Plaintiff's time and resources.

Under the circumstances, in which (i) the parties had agreed that Mr. Tan (Defendants' corporate secretary, an officer of parent company BRC, and sometimes legal counsel to the companies) would testify for a full day of deposition in his individual capacity and (ii) Defendants later designated him as a corporate representative on seven topics, Plaintiff asked Defendants to accommodate the expanded scope of his deposition by producing Mr. Tan for a total of 11 hours of testimony over two days. Defendants refused, offering only an additional hour in the same overnight deposition. (*See* Exs. B and C hereto.)

Plaintiff, therefore, asks that Defendants be compelled to produce Mr. Tan to testify for a total of 10 hours split over two days. Because the deposition will occur remotely, with the witness in Manila, the deposition is scheduled to start at 9:00 p.m. Eastern. Splitting the long deposition over two days will reduce the burden of the deposition. (The parties have agreed to a similar schedule for the ten-hour deposition of Mr. Razon.)

---

[1] The Defendants had an affirmative obligation to prepare their witnesses *before* their depositions, and their repeated failure to do so has resulted in a significant waste of time and resources. Parties are "obligated to 'prepare' their Rule 30(b)(6) witness so that he [or she] 'may give knowledgeable answers.'" *See, e.g., Bush v. Element Financial Corp.*, No. 16-cv-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016); *see also Spanski Enters., Inc. v. Telewizja Polska, S.A.,* No. 07-CV-930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009). Second Circuit cases make clear that "[p]roducing an unprepared witness is tantamount to a failure to appear." *Bush*, 2016 WL 8814347, at *2.




**In this Complex Case, Plaintiff Should Be Permitted to Take a Half-Day Deposition of Non-Party Ahmad Atwan Because His Testimony Is Relevant, Non-Duplicative, and Not Burdensome.**

Plaintiff has issued a subpoena to non-party Ahmad Atwan and requests a court order allowing it to take his deposition for no more than 3.5 hours. Mr. Atwan has been duly subpoenaed for June 1 but his counsel has requested that the deposition be moved to the week of June 6, which is after the deadline for completion of fact discovery. Accordingly, Plaintiff seeks leave to take his deposition during the week of June 6 or a later date if necessary to accommodate schedules.

The relevance of Atwan's testimony is clear from the Second Amended Complaint, which names him over 30 times. (Dkt. No. 218, ¶¶ 157-83, 191, 192.) Mr. Atwan's testimony is directly relevant to Plaintiff's claim against Defendant Razon for trespass to chattel regarding shares of Bloomberry Resort Corporation ("BRC"). The Second Amended Complaint alleges that Razon used his influence with Mr. Hans Sicat ("Sicat"), then president of the Philippine Stock Exchange ("PSE"), to improperly halt trading on shares of BRC and thereby injure Plaintiff. (*See e.g.*, Dkt. No. 218 ¶110). Mr. Atwan was involved in business transactions involving Razon and Sicat and can shed light on their relationship, including payments made to Mr. Sicat.[2] In addition, Mr. Atwan has knowledge about Razon's use of corporate funds for personal investments, which is relevant to Plaintiff's veil-piercing theory.

Defendants nevertheless oppose the taking of non-party Atwan's deposition on grounds of relevance and because, in Defendants' view, his non-party testimony would be duplicative of testimony given by party witnesses. (*See* Ex. C hereto.). In this regard, however, the Defendants' witnesses have generally been unable to recall phone calls or meetings with Mr. Atwan, or even how Mr. Atwan was compensated. The need for Mr. Atwan's deposition became acute when Defendant's CFO and 30(b)(6) witness, Estella Tuason-Occeña, denied knowledge of transactions and discussions involving Mr. Atwan, despite her involvement in pertinent emails and conversations.

In the parties' joint so-ordered schedule, they agreed that: "any further depositions will require express agreement of the Parties or a court order." (Dkt. No. 215 at 2.) That schedule also included Plaintiff's view as follows: "Defendants have objected to Plaintiff taking more than the depositions above because Plaintiff would exceed the presumptive limit of 10 depositions provided by Rule 30(a)(2). Plaintiff believes that the facts of this case supports taking several additional party and

---

[2] Mr. Atwan may be the only non-party witness whose testimony is taken by Plaintiff. At Plaintiff's request, the Court issued Letters Rogatory for the oral examination testimony of Hans Sicat. The Letters Rogatory apparently are winding their way through appropriate channels. To date, the deposition of Mr. Sicat has not been scheduled.




non-party depositions (most of which would be taken remotely and limited to a few hours each), and reserves the right to make a motion for leave to take these depositions, …" (*Id.*)

A "court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Sec. Litig.*, 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 153011, *6 (S.D.N.Y. Oct. 24, 2013) (citing Fed. R. Civ. P. 26).

Finally, any burden stemming from this deposition is minimal because the deposition will be no more than a half-day and will be taken remotely, as with the depositions of Defendants' witnesses.

**Conclusion**

In order to address the Defendants' discovery deficiencies, Plaintiff respectfully requests that this Court:

1. Order that Mr. Tan's deposition be scheduled for 10 hours, split over two days; and

2. Grant leave for Plaintiff to take a half-day deposition of non-party Ahmad Atwan during the week of June 6 or a later time convenient to the witness and the parties.

Respectfully submitted,

*/s/ Kevin N. Ainsworth*

Kevin N. Ainsworth
Member / Co-Chair, Cross-Border Asset Recovery Practice

cc: All counsel of record (via ECF)