**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com



MINTZ

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/25/2022

May 6, 2022

**<u>VIA ECF</u>**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     ***Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS)-(SN) /**
**<u>Plaintiff's Motion to Compel the Debtor Defendants to Produce Documents</u>**

Dear Judge Netburn:

On behalf of Plaintiff Global Gaming Philippines, LLC ("GGAM"), we respectfully submit this motion to compel Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI") (collectively the "Debtor Defendants") to produce documents in response to certain of Plaintiff's Third and Fourth Set of Requests for Production ("3RFP" and "4RFP" respectively).[1] The requests at issue are 3RFP No. 1, 3RFP Nos. 3 and 4, and 4RFP No. 4.

Plaintiff seeks to hold Defendant Enrique K. Razon, Jr. ("Razon") liable as alter ego for the Debtor Defendants' financial obligation under an arbitral award that exceeds $300 million. This Court denied Razon's motion to dismiss Plaintiff's veil piercing claim against him, holding that Plaintiff's "[a]llegations of the corporate structure of BRC [(*i.e.*, the ostensible corporate parent of the Debtor Defendants)], Razon's ownership interest in the Debtor Defendants, Razon's relationships with their officers and Razon's alleged use of corporate funds for personal use all support the inference that Razon exercised dominion and control over the Debtor Defendants." (Dkt. No. 216 at 9.) Plaintiff also has asserted a direct claim against Razon for trespass to chattel.

The Debtor Defendants, however, refuse to produce documents related to Razon's control over the Debtor Defendants. The document requests at issue seek documents concerning (i) the movement of millions of dollars between various Bloomberry entities; (ii) Razon's causing the boards of directors of the Debtor Defendants to agree to indemnify him for his liability in this lawsuit (including for his direct liability); and (iii) meeting minutes of the Board of Directors of the ostensible corporate parent BRC related to key allegations in the Second Amended Complaint.

---

[1] Debtor Defendants' responses and objections to Plaintiff's 3RFP and 4RFP are attached hereto as Exhibit A and B.

**MINTZ**

**M**

**MINTZ**

The Honorable Sarah Netburn
May 6, 2022
Page 2

Through numerous attempts to resolve the issues through meet-and-confers, Plaintiff agreed to withdraw or narrow many of its requests in the 3RFP and 4RFP. As a result, the parties were able to reach agreements on the majority of the requests, but have been unable to reach an agreement regarding the document requests described below.

## 3RFP No. 1: Documents Related to Unsecured Cash Advances from Debtor Defendants to Other Razon-Controlled Entities

In 3RFP No. 1, as narrowed through meet and confers, Plaintiff seeks: Documents sufficient to show the nature, terms, and amounts of the unsecured cash advances made by Debtor Defendants as identified in the chart shown below.[2]  This information is clearly relevant to the alter ego factors because the transactions in the chart are unsecured advances to Razon-controlled entities as well as "key management personnel" at Debtor Defendants and BRC. These documents are relevant to Razon's level of control over the various Bloomberry entities and commingling of assets.

The Debtor Defendants' purportedly audited financial statements mention the transactions identified below, and documentation of the transactions should have been gathered for the audit—making it easy for Defendants to produce such documents to Plaintiff. If these are legitimate related-party transactions, documents should exist; conversely, the absence of documentation is—itself—evidence of Razon's control. Defendants, however, have not said there are no documents; they simply refuse to produce any documents.[3]

| Year | Provider of Funds | Recipient of Funds | Amount (Phil. Peso) | Approx. Amount (USD) |
|------|-------------------|--------------------|--------------------|--------------------|
| 2016 | BRHI | BRC, *intermediate parent company* | 1,872,136,884 | $35,649,904 |
| 2016 | BRHI | Other affiliates | 60,355,738 | $1,249,315 |
| 2017 | BRHI | BRC, *intermediate parent company* | 3,527,523,324 | $67,172, 369 |
| 2018 | BRHI | BRC, *intermediate parent company* | 2,902,465,961 | $55,269,801 |

---

[2]  3RFP No. 1 originally sought: "Documents sufficient to show the nature, terms, and amounts of each unsecured, cash advance made by You on or after September 9, 2011, to any 'related party'. . ."  (See Ex. A hereto.) Plaintiff then narrowed RFP No. 1 to seek "[d]ocuments sufficient to show the nature, terms, and amounts" of 26 individually identified related-party transactions which were listed in the defendants' financial statements. In this letter, Plaintiff narrows this request to the 13 transactions identified in the chart above.

[3] Plaintiff had also offered to drop its dispute with respect to this 3RFP No. 1 if Debtor Defendants would produce a 30(b)(6) witness on these transactions.  Debtor Defendants have refused to provide this relevant information in any format.

**MINTZ**

The Honorable Sarah Netburn
May 6, 2022
Page 3

**M**
MINTZ

| Year | Provider of Funds | Recipient of Funds | Amount (Phil. Peso) | Approx. Amount (USD) |
|------|-------------------|--------------------|--------------------|----------------------|
| 2018 | BRHI | Solaire Korea Co., Ltd. (*under common control with Defendant*) | 3,792,922 | $ 72,226 |
| 2019 | BRHI | BRC, *intermediate parent company* | 1,551,916,815 | $ 29,552,158 |
| 2019 | BRHI | Other affiliates | 138,019,000 | $ 2,628,207 |
| 2020 | BRHI | BRC, *intermediate parent company* | 2,346,857,633 | $ 44,689,707 |
| 2020 | BRHI | Solaire Korea Co., Ltd. (*under common control with Defendants*) | 18,621,996 | $ 354,606 |
| 2020 | BRHI | Other affiliates | 85,321,340 | $ 1,624,719 |
| 2016 | SPI | BRC, *parent company* | 958,697,683 | $ 18,255,866 |
| 2018 | SPI | BRC, *parent company* | 942,276,204 | $ 17,943,162 |
| 2020 | SPI | BRC, *parent company* | 473,573,261 | $ 9,017,952 |

### 3 RFP Nos. 3 and 4:  Documents Seeking Communications Leading Up to Board's "Decision" to Indemnify Defendant Razon in this Litigation

In April 2021—at Razon's urging—each board of directors of the Debtor Defendants decided to indemnify Razon and *all other defendants* in this action for their liability in this action—regardless of the nature of such liability. Such decision clearly demonstrates Razon's control over Debtor Defendants. Plaintiff, therefore, requested communications with the Debtor Defendants' Boards of Directors, including communications with Razon, concerning that decision to indemnify. Defendants refuse to produce such communications.

Notably, Debtor Defendants agreed to produce documents "considered by" the Boards of Directors regarding the decision to indemnify.  Later, counsel for Debtor Defendants represented no such documents exist.

**MINTZ**

**MINTZ**

The Honorable Sarah Netburn
May 6, 2022
Page 4

This dispute, therefore, is limited to communications responsive to Requests 3RFP No. 3 and 3RFP No. 4, as shown below (emphasis added):

> 3RFP No. 3: "*All Communications to Your Board of Directors* concerning whether to indemnify and hold harmless any Defendant in this Action, including but not limited to the indemnification described in the April 27, 2021 Minutes of the Board Meeting of SPI (Bates No. BLOOM_0041389)."

> 3RFP No. 4: "*All Communications with Razon concerning whether to indemnify and hold harmless any Defendant in this Action*, including but not limited to the indemnification described in the April 27, 2021 Minutes of the Board Meeting of SPI (Bates No. BLOOM_0041389)."

If there were any communications to the Boards of Directors or with Razon concerning such indemnification, the Debtor Defendants should be compelled to produce them, as they are directly relevant to Razon's control over the Debtor Defendants.

If no responsive communications exist, Debtor Defendants should make that representation, but they have refused to do search for responsive communications.[4]

## 4 RFP No. 4:  BRC Meeting Minutes Reflecting Board Decisions Related to Allegations in the Second Amended Complaint

This request seeks minutes of meetings of the board of directors of the ostensible corporate parent of the Debtor Defendants, BRC.  Although the original request sought all meeting minutes, Plaintiff has narrowed the request to minutes "related to only: (i) GGAM, the MSA, the EOA, (ii) the underlying arbitration, (iii) the Philippine proceedings, (iv) the Singapore proceedings, (v) the Hong Kong proceedings (vs Deutsche Bank), (vi) the indemnification of Defendants in this action, (vii) issuance of dividends by BRHI, SPI or BRC, (viii) the Roadshow, (ix) investor conferences prior to September 1, 2013, (x) the Option Shares, or (xi) approval of annual financial statements or audits thereof, to the extent such meeting minutes exist."[5]

The requested information is relevant to personal jurisdiction over the Debtor Defendants, as well as Plaintiff's alter ego and trespass to chattel claims against Razon.  Each of the topics above relates to BRC's corporate actions relevant to the allegations of the Second Amended Complaint, including, *inter alia*, (i) sending employees to the United States on the business of BRHI/SPI, (ii)

---

[4] As a compromise, Plaintiff proposed a limited search of the email accounts for the BRHI/SPI board members (including Razon) for the one-month leading up to the BRHI/SPI board meetings (March 27 and April 27, 2021, inclusive) for ("indemn*" OR "hold harmless" OR Collingwood OR CICL OR "Asia Arrow" OR Rizolina OR Ensara OR Nozar OR "Bowery Bay" OR Campanilla OR Fesara OR "11 Essex").  Debtor Defendants refused to conduct any search, or propose any alternative search terms.

[5] In offering this more narrowed scope, Plaintiff agreed to withdraw three other RFPs related to BRC corporate documents to lessen any burden.

**MINTZ**

**M**
MINTZ

The Honorable Sarah Netburn
May 6, 2022
Page 5

halting the sale of Plaintiff's BRC shares of stock and holding them hostage, and (iii) receiving monies from BRHI/SPI in the form of unsecured cash advances and dividends. This request is not duplicative of other discovery, as Plaintiff is now seeking information about *BRC's* corporate decision-making and actions taken at the direction of Mr. Razon at that entity.[6]

There is also no undue burden here. *BRC is a publicly traded company* and should have ready access to the minutes of its board of director meetings. Defendants have argued that it will take time to redact non-responsive information from these documents. But there is a confidentiality order in place in this action, and redactions are not necessary. In any event, given the amount at issue and the scope of discovery in this action, the burden to redact meeting minutes is minimal.

Finally, Debtor Defendants have argued that Plaintiff delayed making this request, but that is not a legitimate basis for refusing to produce relevant documents. This request was served on March 10, 2022, and fact discovery is continuing through June 2 (Dkt. No. 224).

We respectfully request that this Court enter an order compelling Debtor Defendants to produce documents responsive to these RFPs.

Respectfully submitted,

*/s// Kevin N. Ainsworth*
Kevin N. Ainsworth

cc: All counsel of record (Via Email)

---

DENIED. The motion to compel is not timely, and even if it were, the documents sought by the RFPs are not proportional to the needs of the case. This ruling, however, does not preclude Plaintiff from seeking related information during depositions.
**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: May 25, 2022
       New York, New York

---

disclosures to Plaintiff, BRHI and SPI represented that they intended to rely on "documents regarding the governance, operation and/or management of . . . [BRC]," indicating that such documents are within their control. Moreover, BRC is controlled by Razon and has very much been a part of this case. The witnesses produced by BRHI and SPI for deposition in this action are employees of BRC.