UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
GLOBAL GAMING PHILIPPINES, LLC,                              :
                              Plaintiffs,                    :
                                                             :        21 Civ. 2655 (LGS)
 -against-                                                   :
                                                             :              ORDER
 ENRIQUE K. RAZON, JR., et al.,                              :
                              Defendants.                    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on April 18, 2022, Magistrate Judge Sarah Netburn issued an Order granting

Plaintiff's motion for a protective order precluding Defendants Bloomberry Resorts and Hotels

Inc. and Sureste Properties, Inc. (together, the "Debtor Defendants") "from questioning witnesses

regarding allegations of fraud committed in connection with the arbitration."  (Dkt. No. 231.)

        WHEREAS, on May 2, 2022, the Debtor Defendants timely filed objections to Judge

Netburn's April 18, 2022, Order.  (Dkt. No. 238.)  On May 6, 2022, the Debtor Defendants filed

their memorandum of law in support of the objections, arguing that the April 18, 2022, Order

should be vacated because it "did not identify -- nor did the Motion articulate -- any 'good cause'

for granting the Motion" and "the Order did not undertake an individualized inquiry as to the

scope, relevance, and proportionality of the actual discovery at issue."  (Dkt. No. 246 at 5-6.)

        WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters,

district courts must "modify or set aside any part of the order that is clearly erroneous or is

contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed."

*Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020) (quoting *United States v. U.S.*

*Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "An order is contrary to law when it fails to apply or

misapplies relevant statutes, case law or rules of procedure." *SEC v. Genovese*, 553 F. Supp. 3d 24, 38 (S.D.N.Y. 2021) (internal quotation marks omitted).  "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879, 2021 WL 2269552, at *2 (S.D.N.Y. June 3, 2021) (internal quotation marks omitted).

WHEREAS, an order granting a protective order is nondispositive.  *See Martinez v. N.Y. Police Dep't*, No. 19 Civ. 9885, 2021 WL 4206944, at *1 (S.D.N.Y. Aug. 9, 2021) (treating a denial of a protective order as nondispositive and affording deference to the magistrate judge's ruling).  It is hereby

**ORDERED** that the Debtor Defendants' objections to the April 18, 2022, Order at Dkt. No. 231 are **OVERRULED**.  The April 18, 2022, Order incorporated by reference the analysis in (1) Dkt. No. 155, in which Judge Netburn denied a motion to compel the production of documents related to the Debtor Defendants' fraud defense and (2) Dkt. No. 170, in which this Court overruled the Debtor Defendants' objections to Dkt. No. 155.  For substantially the same reasons, the instant objections -- which seek to allow the Debtor Defendants to depose witnesses about the same fraud defense -- are overruled.  As this Court previously held:

> It is well-settled that "[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021).  Discovery in this proceeding similarly should be limited "to avoid undermining the twin goals of arbitration, namely, settling disputes

efficiently and avoiding long and expensive litigation." *Id.* (internal quotation marks omitted).

(Dkt. No. 170 at 2-3.)  Accordingly, the April 18, 2022, Order granting Plaintiff's motion for a

protective order is not clearly erroneous or contrary to law.

Dated: June 3, 2022
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3