# Exhibit A

# Milbank

**DANIEL M. PERRY**

*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5083
dperry@milbank.com  |  milbank.com

July 6, 2022

**VIA E-MAIL**

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
3580 Carmel Mountain Road
Suite 300
San Diego, CA 92130
Attention: Daniel T. Pascucci

Re:   *Global Gaming Philippines, LLC v. Razon Jr., et al.*, No. 21-cv-2655 (LGS) (SN)

Counsel:

Plaintiff's responses and objections ("R&Os") to Defendant Razon's and Defendants BRHI's and SPI's Second Set of Interrogatories (the "Interrogatories") and First Set of Requests for Admission (the "RFAs") are wholly insufficient. Plaintiff inconsistently and inappropriately picks and chooses the Interrogatories and RFAs to which it will respond by, among other things, (i) claiming certain RFAs seek legal conclusions, (ii) responding to Interrogatories and RFAs with legal arguments (which it is either estopped or contractually prohibited from making), and (iii) repeatedly asserting improper boilerplate objections, including some of the same objections that Plaintiff rejected when Defendants asserted them. Indeed, despite seeking two extensions totaling **three weeks** so that Plaintiff could purportedly "consider testimony" from certain depositions, Plaintiff provided a response to only ***one*** of BRHI/SPI's seventeen Interrogatories and only ***three*** of Razon's twenty Interrogatories.

## Contention Interrogatories

As Judge Netburn has made clear, contention interrogatories "are 'designed to assist parties in narrowing and clarifying the disputed issues' in advance of summary judgment practice or trial." *Phillies v. Harrison/Erickson, Inc.*, No. 19-CV-07239 (VM)(SN) (S.D.N.Y. Nov. 4, 2020), slip copy at 3 (citations omitted). Judge Netburn therefore has ordered parties to provide "meaningful disclosure" to interrogatories directed towards understanding a party's contentions in the case. *See id*. Defendants' Interrogatories here do just that, and none of Plaintiff's boilerplate objections is a basis on which to simply refuse to respond.

Plaintiff's Counsel
July 6, 2022                                                                                                               Page 2


Contrary to the Federal Rules, Plaintiff has generally failed to state the grounds for its objections with specificity. *See* Fed. R. Civ. P. 33(b)(4). Again, Judge Netburn is instructive:

> "The grounds for objecting to any interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, 01-cv-7888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

*Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 (GBD)(SN), 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020).

Further, Plaintiff did not offer any evidence, such as an affidavit, to substantiate any claim of burden. As Judge Netburn explained, "[a] party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden.'" *See id.* (citing *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012)).

Also baseless is Plaintiff's repeated assertion that certain Interrogatories are "premature to the extent that [they] seek expert discovery." *See, e.g., Linde v. Arab Bank, PLC*, No. CV-04-2799 NG VVP, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012) (overruling objection that interrogatories were premature because expert discovery had not been completed, noting that "[t]o the extent that the defendant is unable to respond fully because expert discovery may shed further light on matters, interrogatory responses may always be supplemented.").

**Razon Interrogatories Nos. 1, 5-8, 17-18**

Plaintiff's primary objection to these Interrogatories appears to be that they are overbroad and unduly burdensome. None of these Interrogatories seeks, as Plaintiff claims, "every fact and piece of evidence." Rather, each of these Interrogatories is narrowly tailored to elicit the specific instances that Plaintiff contends support a specific conclusion; none seeks to inquire into every specific factual detail on which Plaintiff will rely. For example, Interrogatory No. 1 seeks "each action or inaction through which You contend Razon interfered with Your rights in and to the

Plaintiff's Counsel
July 6, 2022                                                                                                                              Page 3

Option Shares." Plaintiff could respond with, for example, the suspension of the Option Shares in 2014, the injunction in 2014, etc. This interrogatory is not asking Plaintiff to identify every piece of deposition testimony or every document that supports the contention. This is true of each of the above-referenced Interrogatories and thus each requires a response. *Convolve, Inc. v. Compaq Comp. Corp*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004) (requiring Plaintiff to disclose "categories of damages sought, the methodologies for calculating them, and the general type of evidence on which the calculations are ultimately grounded"); *see also Phillies*, slip copy at 4 (requiring the Phillies to identify the media depicting the disputed artwork that the Phillies contends it has a right to exploit, noting that "the Phillies need not catalog every fact or piece of evidence so long as it identifies representative samples and provides [plaintiff] with ***meaningful disclosure***"). Plaintiff must provide such meaningful disclosure here.

Plaintiff's relevancy objections to Interrogatories Nos. 7 and 8 are equally improper. If Plaintiff does not contend that Mr. Razon is the alter ego of BRC or Prime, Plaintiff must so state – now. Plaintiff does not get to play coy with its legal theories at this point in the case. *See, e.g., Phillies*, slip copy at 4-5 (ordering Plaintiff to "answer whether it contends that the trademarks are invalid, not incontestable, or not famous"). That is the whole point of contention interrogatories: to narrow and clarify the disputed issues. *Phillies*, slip copy at 3.

**BRHI/SPI Interrogatories Nos. 1-14, 16, 17; Razon Interrogatories Nos. 2, 9-11, 13-16, 19-20**:

Again, Plaintiff's main objections to these Interrogatories appear to be purported overbreadth and undue burden. Plaintiff unilaterally resolves those issues by simply refusing to respond to the Interrogatories at all. But even Plaintiff's lead authority does not hold that an objecting party is free to simply decline to respond to interrogatories that it deems overbroad. Rather, the parties must meet and confer regarding the scope. *See, e.g.*, *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 370 (S.D.N.Y. 2010). In that regard, Defendants are willing to revise these Interrogatories to request only "the material or principal facts, documents, and testimony" that support Plaintiff's contentions in each Interrogatory. *See Ritchie Risk-Linked Strategies*, 273 F.R.D. at 369 ("Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact—***rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications***—supporting the identified allegations, are overly broad and unduly burdensome."). Please confirm that with these revisions, Plaintiff is willing to amend its responses to above-referenced interrogatories.

In addition, Plaintiff's relevance objection to BRHI/SPI's Interrogatories is baseless. Plaintiff's own Second Amended Complaint (the "SAC"), Memorandum of Law in Opposition to Defendants' Motion to Dismiss, and Plaintiff's May 10, 2021 Letter to Judge Schofield all seek to support personal jurisdiction over BRHI and SPI with assertions that Cantor was effectively

Plaintiff's Counsel
July 6, 2022                                                                                                                    Page 4

BRHI's and SPI's counterparty given its relationship with GGP. The relevance of these Interrogatories should thus be obvious. As the Bloomberry Defendants have made clear, personal jurisdiction is a defense in this litigation, and they are entitled to know the material facts and evidence that Plaintiff is relying upon to support its jurisdictional contentions in the SAC.

Likewise, Plaintiff's relevance objections to Razon Interrogatories Nos. 10-11, 14, and 16 are baseless. As noted above, if Plaintiff does not contend that Razon is the alter ego of BRC or Prime, it must so state. As to Interrogatory No. 16, the SAC alleges that Razon terminated the MSA to benefit himself financially and "not for any legitimate business or operational purpose." SAC ¶ 205(d)(ii). Plaintiff refuses to respond to this Interrogatory because it supposedly seeks information about issues previously litigated in the arbitration. But, as Plaintiff well knows, Razon's intent in, or reasons for, terminating the MSA was never at issue in the arbitration. Nor did the arbitrators determine whether BRHI/SPI had a legitimate business or operational purpose for terminating the MSA. That was not the issue – the arbitrators determined only whether there was a *contractual basis* for terminating the MSA. On top of that, the SAC appears to allege that the supposedly bad-faith termination of the MSA is a wrongful act sufficient to give rise to alter ego liability. If Plaintiff is withdrawing that apparent allegation, that is one thing. If it is not, then Plaintiff cannot avoid responding to this Interrogatory. Plaintiff has no valid relevance objection to Interrogatory No. 16 and must respond subject to the limitation provided above.

**Razon Interrogatory No. 3; BRHI/SPI RFA Nos. 73-74; Razon RFA Nos. 13, 20, 23**

Plaintiff has responded to this Interrogatory and these RFAs with a rejected argument. Plaintiff asserts that the Injunction (as defined in Razon's Interrogatories Definition No. 8) no longer remains in place because, *inter alia*, as a matter of Philippine law (*i.e.*, Rule 5.13 of the Philippine Special Rules of Court on Alternative Dispute Resolution Rules), the Injunction supposedly ceased to have any legal effect upon the issuance of the Tribunal's Interim Measures Award. Philippine courts rejected this exact argument previously made by Plaintiff. *See, e.g.*, *Resolution*, Philippine Court of Appeals, dated 29 May 2015 and affirmed 27 November 2015 (rejecting Plaintiff's argument that the arbitral tribunal's Interim Measures Award should be considered to have automatically, or "*ipso jure*," lifted the writs of attachment and injunction; denying Plaintiff's request that "*judgment be rendered confirming the [Interim Measures Award] of the Arbitral Tribunal . . .*"; and holding that the Interim Measures Award is in the nature of an arbitral award that requires recognition and/or enforcement proceedings before it may be given any legal effect); *Order*, RTC Makati, 23 November 2017 (rejecting Plaintiff's position and holding that "This issue boils down to whether or not the Interim Measures Order and the Partial Award are self-executing and thus do not need recognition and enforcement by the Court. The answer is in the negative.").

The Philippine Court decisions are final on this issue, and Plaintiff cannot relitigate this issue here. *See generally NetSoc LLC v. Chegg Inc.*, No. 18-cv-10262, 2020 WL 174305, at *1-

3 (S.D.N.Y. 2020) (prohibiting a party from seeking another determination of a litigated issue in a subsequent action); *see also, e.g., Bounkhoun v. Barnes*, No. 15-cv-631A, 2020 WL 1526917 (W.D.N.Y. Mar. 30, 2020) (party collaterally estopped from seeking certain discovery). To the extent that Plaintiff refuses to drop this rejected argument in these RFAs/Interrogatory or in this case, Defendants reserve all rights to seek fees, costs, and other sanctions associated with re-litigating this issue here. *See, e.g.*, Fed. R. Civ. P. 37(c)(2).

**Razon Interrogatory No. 4**

In Plaintiff's response to this Interrogatory, Plaintiff again relies upon (false) allegations regarding statements purportedly made by Razon in the 2015 Settlement Meeting. As noted in Dan Perry's letter to you, dated June 6, 2022, to which you have not responded, Defendants reserve all rights, including to seek sanctions regarding Plaintiff's continued improper use of the purported statements.

## Requests for Admissions

**BRHI/SPI RFA Nos. 3-4**

Plaintiff claims that these RFAs provide insufficient information to properly respond. Notwithstanding the fact that the correspondence at issue was produced ***by Plaintiff***, Defendants are willing to provide additional information. Specifically, on June 9, 2011, Benny Tan wrote to Kevin Russell, copying, among others, Bill Weidner, Garry Saunders, Brad Stone, and Jon Rein, regarding GGP's June 2011 draft MSA. Mr. Tan observed that GGP had changed the governing law of the draft MSA from Philippine law to New York law and responded that "[t]his does not make sense because this contract has no connection with New York law at all." *See* GGAM-SDNY-0046583. These RFAs are relevant to Defendants' jurisdictional objections. Please confirm that, with this additional information, Plaintiff will respond to these RFAs.

**BRHI/SPI RFA Nos. 7-36**

Plaintiff has objected to these RFAs on the basis of relevance, arguing that the Court has denied Defendants' discovery requests concerning their public policy / fraud defense. Not true. These RFAs do not concern Defendants' public policy / fraud defense. Rather, they go directly to Defendants' jurisdictional objections. Plaintiff's SAC tries to conjure personal jurisdiction over BRHI and SPI with assertions that Cantor was effectively BRHI's and SPI's counterparty given its relationship with GGP. Therefore, the role each of the individuals listed, whether they had access to confidential information in the arbitration, and whether GGP paid Cantor for any services provided pursuant to the SSA, is critical. As the evidence in this litigation has made clear, in the negotiation of the MSA and EOA and in the arbitration proceedings, Plaintiff asserted that these were individuals employed by, or retained as service providers to, Plaintiff. If Plaintiff is taking a

Plaintiff's Counsel
July 6, 2022                                                                                                      Page 6

different position in this litigation, Defendants are entitled to know that now. Moreover, there should be no burden, as these RFAs should be relatively easy for Plaintiff to either admit or deny.

**Razon RFA No. 2**

Plaintiff refuses to answer RFA No. 2 because (in addition to other meritless boilerplate objections) it is supposedly duplicative of other discovery. Yet Plaintiff moved to compel Defendant Real Estate Entities when they merely referred to their responses to other duplicative discovery in response to RFAs. Duplication is not a valid basis for an objection, and Plaintiff's other boilerplate objections are equally baseless. Plaintiff must respond to this RFA or it will be deemed admitted.

**Razon RFA Nos. 3-6, 8-9, 10, 28-30, 32, 34**

Plaintiff refuses to answer these Interrogatories based on (in addition to meritless boilerplate objections) the Court's order at ECF No. 157 regarding the scope of due diligence discovery. But Plaintiff's continued insistence on using that Order to preclude any discovery into its knowledge after the MSA was signed but *before the EOA was signed* relies on a false premise: that the only relevant contract here is the MSA and that anything that Plaintiff learned after the MSA was signed but before the EOA was signed could not possibly be relevant here. In questioning Defendants' witnesses in this litigation, however, Plaintiff seemed to be taking the position (contrary to Plaintiff's position in the arbitration) that the EOA was required by the MSA and that the two contracts are inextricably linked. *See, e.g.,* Tan Tr. 47:25-48:3, 78:25-79:7; Almeda Tr. 202:20-203:12. Under Plaintiff's own arguments to the Court, which led to the ruling in ECF No. 157, information that Plaintiff learned *before contracting* with Defendants is relevant. *See* ECF No. 125 at 10-11. Plaintiff's other boilerplate objections are equally baseless. Plaintiff therefore must respond to these RFAs insofar as they relate to Plaintiff's knowledge prior to execution of the EOA.

**Razon RFA Nos. 11-12**

Plaintiff refuses to respond to these RFAs on the ground that they seek a legal conclusion (in addition to meritless boilerplate objections). But a party may not object to an RFA "simply because it requires 'the application of law to fact.'" *See U.S. Bank Nat'l Ass'n v. Triasxx Asset Mgmt. LLC*, 2020 WL 9549505, at *6 (S.D.N.Y. Nov. 30, 2020) (RFA seeking admission that funds in an escrow account were not "contractually owed or pledged to any party or third party" did not seek a legal conclusion). Plaintiff's boilerplate objections to vagueness and breadth are equally meritless. Plaintiff must respond to these RFAs.

Plaintiff's Counsel
July 6, 2022                                                                                         Page 7

**Razon RFA Nos. 14-18, 21, and 22**

These RFAs seek simple facts regarding proceedings that occurred in the Philippines. Instead of admitting them, Plaintiff simply refers to documents and otherwise denies these requests. Plaintiff's denials are wholly without merit and unless Plaintiff revises its responses to the RFAs, Defendant Razon reserves all rights to seek fees and costs associated with proving these facts at summary judgment or trial. *See* Fed. R. Civ. P. 37(c)(2); *see also Wang v. Omni Hotels Mgmt. Corp.*, No. 18-cv-2000, 2021 WL 59044021, at *10 (D. Conn. Dec. 14, 2021) (finding defendant's responses to plaintiff's requests for admission insufficient, ordering plaintiff to amend its objections and/or responses by directly addressing the facts posed, and reminding plaintiff that, pursuant to Fed. R. Civ. P. 37, "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that party who failed to admit to pay the reasonable expenses, including attorney's fees, incurred in making that proof").

**Razon RFA No. 27**

Plaintiff refuses to answer this RFA on the basis of relevance. Yet this RFA goes directly to the due diligence issue. Plaintiff must respond to this RFA.

***

Defendants are available to meet and confer this week regarding Plaintiff's responses and objections to the Contention Interrogatories and RFAs. If Plaintiff is unwilling to meet and confer regarding amendments to Plaintiff's responses and objections, please let us know no later than Monday, July 11, 2022 so that Defendants can seek relief from the Court.

Plaintiff's Counsel
July 6, 2022                                                                                                Page 8

Very truly yours,

| WALFISH & FISSELL PLLC | MILBANK LLP |
|---|---|
| */s/ Rachel Penski Fissell* | */s/ Daniel M. Perry* |
| Rachel Penski Fissell | Daniel M. Perry |
| Daniel R. Walfish | 55 Hudson Yards |
| 405 Lexington Ave 8th floor | New York, NY 10001 |
| New York, NY 10174 | Telephone: (212) 530-5000 |
| Telephone: 212-672-0523 | Facsimile: (212) 530-5219 |
| rfissell@walfishfissell.com | dperry@milbank.com |
| | |
| | Erin M. Culbertson |
| *Attorneys for Defendant Enrique K. Razon, Jr., and Former Defendants Asia Arrow Limited, Rizolina LLC, Ensara LLC, Nozar LLC, Bowery Bay LLC, Campanilla LLC, Fesara LLC, and 11 Essex Street Realty LLC* | Brett P. Lowe (admitted pro hac vice) |
| | 1850 K Street, NW |
| | Suite 1100 |
| | Washington, DC 20006 |
| | Telephone: (202) 835-7500 |
| | Facsimile: (202) 263-7586 |
| | eculbertson@milbank.com |
| | blowe@milbank.com |
| | |
| | *Attorneys for Defendants Bloomberry Resorts And Hotels Inc. and Sureste Properties, Inc.* |

cc:  All counsel of record (via email)