# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC, | |
| *Plaintiff*, | |
| v. | No. 21-CV-2655 (LGS) |
| ENRIQUE K. RAZON, JR.; BLOOMBERRY RESORTS AND HOTELS INC.; SURESTE PROPERTIES, INC. | |
| *Defendants*. | |

### RESPONSES AND OBJECTIONS OF PLAINTIFF TO DEFENDANT ENRIQUE K. RAZON, JR'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern District of New York, and any other applicable law, Plaintiff Global Gaming Philippines LLC ("Plaintiff"), by its undersigned counsel, hereby responds and objects (the "Responses," and, each, a "Response") as follows to Defendant Enrique K. Razon, Jr.'s ("Razon") First Set of Requests for Admission (the "Requests," and, each, a "Request"). Plaintiff incorporates the General Responses and Objections into each of the Responses below, as though set forth therein.

Plaintiff designates its Responses and this document as "Confidential" pursuant to the terms of the Protective Order governing this matter, except to the extent that any Response or Objection contains publicly available information.

### GENERAL RESPONSE

Plaintiff responds to the Requests subject to the accompanying General Responses and General Objections. In doing so, Plaintiff does not waive (and, indeed, expressly preserves) all such General Responses and General Objections.

CONFIDENTIAL

Plaintiff further reserves the right to amend, revise, correct, supplement or clarify any of the responses herein pursuant to facts or information gathered at any time subsequent to the date of these responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Moreover, Plaintiff's responses to the Requests are based on information currently available to Plaintiff.

## GENERAL OBJECTIONS

The following General Objections apply to each and every one of the Responses and shall have the same force and effect as if set forth in full in each of the specific responses enumerated below.

1.      Plaintiff reserves all objections with respect to the relevance, materiality, contents, and/or admissibility of all admissions. These Responses and Objections are made without waiver of, or prejudice to, any objection or right, including but not limited to Plaintiff's right to object to further discovery of itself and to move for a protective order on any grounds.

2.      Plaintiff objects to the Requests' Instructions and Definitions to the extent they go beyond or are different from the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern District of New York, and any other applicable law.

3.      Plaintiff objects to the Requests' Instructions and Definitions to the extent they seek information that is privileged.  Plaintiff objects to, and will not answer, any Requests to the extent they seeks information about the substance of Plaintiff's Privileged Information.

4.      Plaintiff objects to the Requests, including any Definitions or Instructions therein, to the extent they seek information beyond the possession, custody, or control of Plaintiff, seek information that is a matter of public record, information that is within the possession, custody,

or control of Defendants, information that cannot practicably be identified or obtained by Plaintiff without undue burden or expense, or otherwise seek information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source.

5.      Plaintiff objects to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or protection (the "Privileged Information"). Without limiting the generality of the foregoing, Plaintiff objects to, and will not answer, any Request to the extent it seeks information about the substance of Plaintiff's Privileged Information.

6.      Plaintiff objects to the Requests to the extent that they call for information that is not relevant to any issue in this case, they are vague and ambiguous, or would require Plaintiff to speculate about the nature of information sought thereby, and/or they are duplicative of other discovery sought to be taken or already completed in this case.  Specifically, Plaintiff objects to the Requests to the extent they seek information related to performance under, breach of, or damages pursuant to the EOA as this information is irrelevant to the claims at issue.  Plaintiff further objects to the Requests to the extent they seek information related to GGAM's due diligence or knowledge after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

7.      Plaintiff objects to Definition No. 2 which purports to expand any reference to "corporation, partnership, joint venture, or other entity, including the entities referenced in Definition Nos. 5, 6, 7, 15, 16, 17, and 18 below" to "include each and all of its parents, subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, managers, representatives,

CONFIDENTIAL

agents, accountants, attorneys, trustees, and any other Person who acted on its behalf" as overly broad, unduly burdensome, and seeking irrelevant information. With respect to Definition No. 17, the definition is unintelligible as there are no "corporation, partnership, joint venture, or other entity" referenced. For the purposes of these Responses, Plaintiff has not applied these expanded and inappropriate Definition No. 2 with respect to any entity.

8.      Plaintiff objects to Definition Nos. 3 and 11 to the extent it characterizes the December 9, 2014, "Order In Respect Of Claimants' Interim Measures' Application" ("Interim Measures Order") from the tribunal in the underlying Arbitration (the "Arbitral Tribunal") as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance.

9.      Plaintiff objects to Definition No. 8 to the extent that it seeks to characterize the documents referenced therein, which speak for themselves.

10.     Plaintiff objects to Definition No. 18 as overly broad, unduly burdensome and seeking irrelevant information. For the purposes of responding to these Requests, Plaintiff will assume the terms "You," "Your" or "GGP" mean only Plaintiff Global Gaming Philippines, LLC.

11.     Plaintiff objects to Instruction No. 13, which seeks information for each Request from "January 1, 2011 through the present," as overly broad, unduly burdensome, and seeking irrelevant information.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:

Admit that You never sought a guarantee from Razon or a Razon Entity of the Bloomberry Defendants' obligations under the MSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "sought a guarantee" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion. Plaintiff objects to the phrase "obligations under the MSA" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to the Request as seeking irrelevant information. Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

Plaintiff objects to the Request as duplicative of other discovery sought and obtained in this Action.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that prior to execution of the MSA, Plaintiff did not ask Razon to guarantee, in his personal capacity, the Bloomberry Defendants' contractual obligations under the MSA and otherwise denies this request.

**REQUEST FOR ADMISSION NO. 2**:

CONFIDENTIAL

Admit that You sought a guarantee from Razon or a Razon Entity of the Bloomberry Defendants'
obligations under the MSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as
phrased, and therefore requires Plaintiff to speculate about the nature of information sought.
Plaintiff objects to the phrase "sought a guarantee" as vague and ambiguous, and objects to the
phrase to the extent it seeks a legal conclusion.  Plaintiff objects to the phrase "obligations under
the MSA" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal
conclusion.

Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking
irrelevant information. Plaintiff further objects to this Request as seeking irrelevant information.
Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time
period.

Plaintiff objects to the Request as duplicative of other discovery sought and obtained in
this Action.


**REQUEST FOR ADMISSION NO. 3**:

Admit that You sought, but did not obtain, a personal guarantee from Razon of Prime's obligations
under the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as
phrased, and therefore requires Plaintiff to speculate about the nature of information sought.
Plaintiff objects to the phrase "personal guarantee" as vague and ambiguous and objects to the

phrase to the extent it seeks a legal conclusion.   Plaintiff objects to the phrase "obligations under the EOA" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 4**:

Admit that You never sought a personal guarantee from Razon of Prime's obligations under the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "personal guarantee" as vague and ambiguous and objects to the phrase to the extent it seeks a legal conclusion.   Plaintiff objects to the phrase "obligations under the EOA" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information.

CONFIDENTIAL

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 5**:

Admit that You sought, but did not obtain, a personal guarantee from Razon of BRC's obligations under the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "personal guarantee" as vague and ambiguous and objects to the phrase to the extent it seeks a legal conclusion.   Plaintiff objects to the phrase "obligations under the EOA" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

CONFIDENTIAL

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 6**:

Admit that You never sought a personal guarantee from Razon of BRC's obligations under the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "personal guarantee" as vague and ambiguous and objects to the phrase to the extent it seeks a legal conclusion.   Plaintiff objects to the phrase "obligations under the EOA" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 7**:

Admit that, at the time that You entered into the MSA with the Bloomberry Defendants, You never believed that Razon's or any Razon Entity's assets would be available to satisfy any liability of the Bloomberry Defendants under the MSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "never believed" as vague and ambiguous, and in unintelligible when read in context with "at the time that You entered into the MSA." Plaintiff objects to the term "available" as vague and ambiguous. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 7.


**REQUEST FOR ADMISSION NO. 8**:

Admit that, at the time that You entered into the EOA, You never believed that Razon's assets or the assets of any Razon Entity (other than Prime) would be available to satisfy any liability of Prime under the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "never believed" as vague and ambiguous, and in unintelligible when read in context with "at the time that You entered into the EOA." Plaintiff objects to the term

"available" as vague and ambiguous.  Plaintiff objects to the phrase "satisfy any liability" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

**REQUEST FOR ADMISSION NO. 9**:

Admit that, at the time that You entered into the EOA, You never believed that Razon's assets or the assets of any Razon Entity (other than Prime) would be available to satisfy any liability of BRC under the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "never believed" as vague and ambiguous, and in unintelligible when read in context with "at the time that You entered into the EOA."  Plaintiff objects to the term "available" as vague and ambiguous.  Plaintiff objects to the phrase "satisfy any liability" as vague and ambiguous, and objects to the phrase to the extent it seeks a legal conclusion.

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

CONFIDENTIAL

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

**REQUEST FOR ADMISSION NO. 10**:

Admit that You never understood Razon to be a party to the MSA or the EOA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Plaintiff objects to the term "understood" as vague and ambiguous both as to meaning and time period. Plaintiff objects to the term "party" to the extent it calls for a legal conclusion. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it seeks information from January 1, 2011 through the present. Plaintiff objects to the Request as impermissibly compound.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request to the extent it seeks due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Razon did not sign the MSA in his personal capacity, and otherwise denies Request No. 10.

CONFIDENTIAL

**REQUEST FOR ADMISSION NO. 11**:

Admit that You could have sued Razon in the Arbitration as an alter ego of the Bloomberry Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "sued" as unintelligible in the context of arbitration proceedings. Plaintiff objects to the phrase "could have sued" as vague and ambiguous.

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the extent this Request calls for a legal conclusion for which Defendants cite to no authority. Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 12**:

Admit that You could have sued Razon in the Arbitration for the actions taken by the Bloomberry Defendants and/or Prime since January 2014 that You contend have interfered with your rights in and to the Option Shares.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the phrase "sued" as unintelligible in the context of arbitration proceedings.

CONFIDENTIAL

Plaintiff objects to the phrase "interfered with your rights" as vague and ambiguous.  Plaintiff objects to the phrase "could have sued" as vague and ambiguous.

Plaintiff objects to this Request as seeking irrelevant information.  Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the extent this Request calls for a legal conclusion for which Defendants cite to no authority. Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 13**:

Admit that the Injunction remains in place today and has not been lifted by any court in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

Plaintiff objects to the phrases "remains in place" and "lifted by" as vague and ambiguous. Plaintiff objects to the Request as seeking irrelevant information; as described below, it is irrelevant whether any court has formally vacated the Injunction.  Plaintiff objects to Definition No. 8 to the extent that it seeks to characterize the documents referenced, which speak for themselves.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits:

(1) Rule 5.13 of the Philippine Special Rules of Court on Alternative Dispute Resolution Rules expressly provides that:

> [a]n interim measure of protection issued by the arbitral tribunal *shall, upon its issuance be deemed to have ipso jure modified, amended, revised or revoked an interim measure of protection previously issued by the court* to the extent that it is inconsistent with

14

the subsequent interim measure of protection issued by the arbitral tribunal; (emphasis added);

(2) on December 9, 2014, the Arbitral Tribunal issued the "Order In Respect Of Claimants' Interim Measures' Application," which expressly vacated the "Injunction," stating:

> this Order of the Tribunal on Interim Relief issued in the instant arbitration proceeding in regard to the "Claimants' Request For Interim Measures of Protection Pursuant to Article 26 of the UNCITRAL Arbitration Rules" *is deemed to have superseded the final Order dated February 25, 2014 of the Regional Trial Court of Makati City, Philippines*. Accordingly, the Writs of Preliminary Injunction and Attachment issued pursuant to the final Order dated February 25, 2014 of the Regional Trial Court of Makati City, Philippines *shall now be deemed to be vacated and lifted*. This Order of the Tribunal on Interim Relief is in all respects substituted for and replaces that Order and the Writs of Preliminary Injunction and Attachment.

(See Dkt. No. 218-3 ¶141 (emphasis added)); and (3) therefore, as a matter of Philippine law (Rule 5.13 of the Special Rules on ADR), *upon the issuance* of the Tribunal's "Order In Respect Of Claimants' Interim Measures' Application," the "Injunction" ceased to have any legal effect. Plaintiff otherwise denies Request No. 13.


**REQUEST FOR ADMISSION NO. 14**:

Admit that on March 11, 2014 You sought to have the Injunction cancelled and the February 25, 2014 Order of the RTC issuing the Injunction annulled by the Philippine Court of Appeals in Manila.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action. Plaintiff objects to the Definition

Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition No. 8 to the extent that it seeks to characterize the documents referenced, which speak for themselves. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that document beginning Bates no. BLOOM_0111870 is a document entitled "Petition for Review on Certiorari (As Appeal Under the Special Rules of Court on Alternative Dispute Resolution)" filed by GGAM through its counsel on March 11, 2014, and otherwise denies Request No. 14.


**REQUEST FOR ADMISSION NO. 15**:

Admit that on December 15, 2014 You filed a motion before the Philippine Court of Appeals in Manila asking that the court render judgment confirming the Interim Measures Award and remand to the RTC for any further implementing measure or order ("GGP's Motion").

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition Nos. 3 and 11 to the extent they characterize the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which,

pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that the document beginning with Bates no. GGAM-SDNY-0387853 is a filing entitled "Manifestation and Motion to Implement "Order in Respect of Claimants' Interim Measures' Application" Issued by the Tribunal Constituted in Accordance with a Management Services Agreement Dated 9 September 2011 and the UNICITRAL Arbitration Rules 2010", filed by GGAM through its counsel on December 15, 2014, and otherwise denies Request No. 15.

**REQUEST FOR ADMISSION NO. 16**:

Admit that on May 29, 2015, the Philippine Court of Appeals (i) denied GGP's Motion insofar as it sought to render judgment confirming the Interim Measures Award and (ii) remanded to the RTC for further proceedings regarding the recognition and enforcement of the Interim Measures Award (the "May 2015 Appellate Resolution").

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action. Plaintiff objects to Definition Nos. 3 and 11 to the extent they characterize the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the

UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that the document beginning with Bates no. BLOOM0076521 is a May 29, 2015 resolution from the Philippine Court of Appeals, which states, among other things: "Considering that the Arbitral Tribunal's Order dated December 9, 2014 not only superseded the assailed February 25, 2014 Order but also vacated and lifted the Writs of Attachment and Preliminary Injunction, then nothing is left for this Court to annul or act upon," and otherwise denies Request No. 16.


**REQUEST FOR ADMISSION NO. 17**:

Admit that on June 16, 2015, You filed a motion before the Philippine Court of Appeals in Manila asking that the court amend its May 2015 Appellate Resolution (the "Motion to Amend").

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that the document beginning Bates no. BLOOM_0061497 is a document entitled "Motion to Amend 'Resolution' of May 29, 2015" filed by GGAM through its counsel on or about June 17, 2015, and otherwise denies Request No. 17.

**REQUEST FOR ADMISSION NO. 18**:

Admit that on November 27, 2015, the Philippine Court of Appeals denied the Motion to Amend and reiterated its remand to the RTC for the conduct of further proceedings for the recognition and enforcement of the Interim Measures Award (the "November 2015 Appellate Order").

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action. Plaintiff objects to Definition Nos. 3 and 11 to the extent they characterize the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that the document begins with Bates no. BLOOM_0076828 is an order

from the Philippine Court of Appeals issued on November 27, 2015, and otherwise denies Request

No. 18

**REQUEST FOR ADMISSION NO. 19**:

Admit that You did not seek review of the May 2015 Appellate Order or the November 2015

Appellate Order before the Philippine Supreme Court.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to the

Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the phrase "seek review" as vague and ambiguous.

Subject to the foregoing specific objections and the General Response and General

Objections, Plaintiff admits that as of June 17, 2022, it has not filed an appeal with the Philippine

Supreme Court of the May 2015 Appellate Order or November 2015 Appellate Order, and

otherwise denies Request No. 19.

**REQUEST FOR ADMISSION NO. 20**:

Admit that You have not filed in the RTC an action for recognition and enforcement of the Arbitral

Awards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to the

phrase "an action" as vague and ambiguous. Plaintiff objects to the Definition Nos. 2 and 18 as

overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to

Definition Nos. 3 and 11 to the extent they characterize the Interim Measures Order as an arbitral

award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance.  Plaintiff objects to the compound nature of the Request.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits (1) it has not filed in the RTC an action for recognition and enforcement of the Partial Award on Liability, made September 20, 2016; and (2) it has not filed in the RTC an action for recognition and enforcement of the Final Award, made September 27, 2019; (3) a proceeding to recognize and enforce the Tribunal's December 9, 2014, "Order In Respect Of Claimants' Interim Measures' Application" was unnecessary and would hav been procedurally flawed in light of the nature of the Interim Measures Order, the nature of the Injunction that was vacated by the Interim Measures Order, and Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution; and (4) denies that the absence of an action to recognize and enforce the Interim Measures Order has any legal effect. Plaintiff otherwise denies Request No. 20.


**REQUEST FOR ADMISSION NO. 21**:

Admit that, on November 23, 2017, the RTC affirmed the continuing validity of the Injunction and held that it could not declare that the Interim Measures Award and Liability Award were binding until You presented such awards for recognition and enforcement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

Plaintiff objects to this Request as seeking irrelevant information.  Plaintiff objects to Definition No. 11 to the extent it characterizes the Interim Measures Order as an arbitral award;

under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance.  Plaintiff objects to Definition No. 8 to the extent that it seeks to characterize the documents referenced, which speak for themselves.  Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source.  Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action.  Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that the document beginning Bates no. BLOOM_0044858 is an order issued by the Regional Trial Court Branch 66, Makati City on November 23, 2017, and otherwise denies Request No. 21.

**REQUEST FOR ADMISSION NO. 22**:

Admit that, in proceedings before the High Court of the Hong Kong Special Administrative Region, DB took the position that it was unable to release the Option Shares to You because of the Injunction.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source, namely the deposition of DB.   Plaintiff objects to the Request as seeking information about a third-party's

"position."  Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action.  Plaintiff objects to Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition No. 8 to the extent that it seeks to characterize the documents referenced, which speak for themselves.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that DB appeared and presented argument in proceedings in court in Hong Kong, the records of which are available to all parties. Plaintiff otherwise denies Request No. 22.


**REQUEST FOR ADMISSION NO. 23**:

Admit that, as of November 29, 2017, DB understood that the Injunction remained in force and that the Interim Measures Award and Liability Award were not self-executing but required recognition and enforcement by the RTC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

Plaintiff objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source, namely the deposition of DB.   Plaintiff objects to the Request as seeking information about what a third-party "understood."  Plaintiff objects to the term "understood" as vague and ambiguous. Plaintiff objects to this Request to the extent it is duplicative of other discovery sought in this Action.

Plaintiff objects to Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition No. 11 to the extent it characterizes the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim

measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance.  Plaintiff objects to Definition No. 8 to the extent that it seeks to characterize the documents referenced, which speak for themselves.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 23.


**REQUEST FOR ADMISSION NO. 24**:

Admit that, prior to entering into the MSA, You understood that You would have limited judicial recourse in the Philippines arising from a breach of the MSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the term "understood" as vague and ambiguous. Plaintiff objects to the phrase "limited judicial recourse" as vague and ambiguous. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 24.


**REQUEST FOR ADMISSION NO. 25**:

Admit that, prior to entering into the MSA, You understood that Razon would own a majority of the shares of BRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

CONFIDENTIAL

Plaintiff objects to the term "understood" as vague and ambiguous. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 25.

**REQUEST FOR ADMISSION NO. 26**:

Admit that, prior to entering into the MSA, You understood that Razon would exercise substantial influence over the Bloomberry Defendants' operations and business strategy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

Plaintiff objects to the term "understood" as vague and ambiguous. Plaintiff objects to the phrases "substantial influence" and "operations and business strategy" as vague and ambiguous, and to the extent that those phrases call for legal conclusions. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that prior to entering into the MSA, Razon owned substantial equity of the Bloomberry Defendants directly or indirectly, and was the Chairman of the Bloomberry Defendants, and otherwise denies Request No. 26.

**REQUEST FOR ADMISSION NO. 27**:

Admit that, prior to entering into the MSA, You understood that Razon may exercise control over the Bloomberry Defendants in ways that conflict with the interests of BRC or BRC's stockholders other than Razon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

CONFIDENTIAL

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought. Plaintiff objects to the term "understood" as vague and ambiguous.   Plaintiff objects to the phrases "may exercise control" and "conflict with the interests of" as vague and ambiguous, and to the extent those phrases call for legal conclusions.  Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 28**:

Admit that, prior to entering into the EOA, You understood that Razon would own a majority of the shares of BRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

Plaintiff objects to the term "understood" as vague and ambiguous.  Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA.  Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

**REQUEST FOR ADMISSION NO. 29**:

Admit that, prior to entering into the EOA, You understood that Razon would exercise substantial influence over the Bloomberry Defendants' operations and business strategy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

CONFIDENTIAL

Plaintiff objects to the term "understood" as vague and ambiguous.  Plaintiff objects to the phrases "substantial influence" and "operations and business strategy" as vague and ambiguous. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA.  Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

**REQUEST FOR ADMISSION NO. 30**:

Admit that, prior to entering into the EOA, You understood that Razon may exercise control over the Bloomberry Defendants in ways that conflict with the interests of BRC or BRC's stockholders other than Razon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

Plaintiff objects to the term "understood" as vague and ambiguous.  Plaintiff objects to the phrases "may exercise control" and "conflict with the interests of" as vague and ambiguous, and to the extent those phrases call for legal conclusions.

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

CONFIDENTIAL

**REQUEST FOR ADMISSION NO. 31**:

Admit that prior to entering into the MSA, You understood that corporate governance standards may be less stringent in the Philippines than in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

Plaintiff objects to the term "understood" as vague and ambiguous.  Plaintiff objects to the phrases "corporate governance standards" and "less stringent" as vague and ambiguous.  Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 31.


**REQUEST FOR ADMISSION NO. 32**:

Admit that prior to entering into the EOA, You understood that corporate governance standards may be less stringent in the Philippines than in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

Plaintiff objects to the term "understood" as vague and ambiguous.  Plaintiff objects to the phrases "corporate governance standards" and "less stringent" as vague and ambiguous.

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.

Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

**REQUEST FOR ADMISSION NO. 33**:

Admit that prior to entering into the MSA, You understood that all or a substantial portion of the Bloomberry Defendants' assets were located in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

Plaintiff objects to the term "understood" as vague and ambiguous. Plaintiff objects to the phrase "substantial portion" as vague and ambiguous. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request as seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that, at the time of the MSA, it understood the Bloomberry Defendants held significant assets located in the Philippines and were developing the Solaire Casino in the Philippines, but otherwise denies Request No. 33.

**REQUEST FOR ADMISSION NO. 34**:

Admit that prior to entering into the EOA, You understood that all or a substantial portion of Prime's and BRC's assets were located in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

Plaintiff objects to the term "understood" as vague and ambiguous. Plaintiff objects to the phrase "substantial portion" as vague and ambiguous.

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request as seeking irrelevant information. Plaintiff objects to the Request as irrelevant to the claims against Razon to the extent it seeks

information related to performance under, breach of, or damages pursuant to the EOA. Plaintiff further objects to the Request as seeking due diligence information after the MSA was signed, as the Court has found such information to be irrelevant. (ECF No. 157).

**REQUEST FOR ADMISSION NO. 35**:

Admit that You understand that the Bloomberry Defendants have sufficient assets to satisfy the Arbitral Awards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

Plaintiff objects to the term "understand" as vague and ambiguous as to meaning and time period. Plaintiff objects to the phrase "sufficient assets" as vague and ambiguous. Plaintiff objects to this Request as it seeks an admission regarding information solely in the possession of Defendants, and therefore seeks information more readily obtainable from another source. Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition Nos. 3 and 11 to the extent they characterize the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which, pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution, took effect upon issuance. Plaintiff objects to the Request as seeking irrelevant information.

Subject to the foregoing specific objections and the General Responses and General Objections, Plaintiff denies Request No. 35.

**REQUEST FOR ADMISSION NO. 36**:

Admit that BRC is listed for public trading on, and in good standing with, the Philippine Stock Exchange.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

Plaintiff objects to the phrase "in good standing" and "listed for" as vague and ambiguous, and to this Request as seeking irrelevant information. Plaintiff objects to this Request as it seeks an admission regarding information solely in the possession of Defendants, and therefore seeks information more readily obtainable from another source. Plaintiff objects to the Definition No. 2 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Responses and General Objections, Plaintiff admits that, as of June 17, 2022, BRC is categorized as "open" on the Philippine Stock Exchange website, and otherwise denies Request No. 36.

CONFIDENTIAL

Dated:  June 17, 2022
New York, New York

By:  _/s/ Kevin N. Ainsworth_____

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Robert I. Bodian
Kevin N. Ainsworth
Jason P.W. Halperin
Barry A. Bohrer
Kaitlyn A. Crowe
Iris B. Greenquist
Daniel T. Pascucci
    (admitted _pro hac vice_)
Joseph R. Dunn
    (admitted _pro hac vice_)
666 Third Avenue
New York, NY 10017
T: (212) 935-3000
F: (212) 983-3115
rbodian@mintz.com
kainsworth@mintz.com
jhalperin@mintz.com
bbohrer@mintz.com
kacrowe@mintz.com
ibgreenquist@mintz.com
dtpascucci@mintz.com
jrdunn@mintz.com
_Attorneys for Plaintiff_
_Global Gaming Philippines, LLC_

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2022, a true and correct copy of the foregoing document was caused to be served on the following counsel via electronic mail, as indicated:

Daniel M. Perry
Milbank, LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
DPerry@Milbank.com

Brett P. Lowe
Milbank LLP
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
BLowe@Milbank.com

*Counsel for Defendants Bloomberry*
*Resorts and Hotels Inc.*
*and Sureste Properties, Inc.*

Daniel Walfish
Rachel Penski Fissell
Walfish & Fissell PLLC
405 Lexington Avenue, Fl 8
New York, NY 10174
Tel: (212) 672-0501
dwalfish@walfishfissell.com
rfissell@walfishfissell.com

*Counsel for Defendant Enrique*
*K. Razon, Jr., and Dismissed Defendants 11 Essex*
*Street Realty LLC, Asia Arrow Limited, Bowery Bay*
*LLC, Campanilla  LLC, Ensara LLC, Fesara LLC,*
*Nozar LLC and Rizolina LLC*

Diana J. Shelby
Corey J. Seel
Konor A. Cormier
MehaffyWeber, PC
500 Dallas, Suite 2800
Houston, TX 77002
Tel: (713) 655-1200
DianaShelby@mehaffyweber.com
CoreySeel@mehaffyweber.com
konorcormier@mehaffyweber.com

*Counsel for Dismissed Defendants*
*Collingwood Investment Company Limited,*
*Collingwood Appalachian Minerals, LLC,*
*Collingwood Brookshire USA, Inc.,*
*Collingwood Oil & Gas Holdings, LLC,*
*Collingwood USA, Inc.*

Dated: June 17, 2022                    By: */s/ Kevin N. Ainsworth*

CONFIDENTIAL