# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GLOBAL GAMING PHILIPPINES, LLC,

       *Plaintiff*,

   v.

ENRIQUE K. RAZON, JR.;
BLOOMBERRY RESORTS AND HOTELS
INC.; SURESTE PROPERTIES, INC.

       *Defendants*.

No. 21-CV-2655 (LGS)

**PLAINTIFF GLOBAL GAMING PHILIPPINES, LLC'S AMENDED AND**
**SUPPLEMENTAL  RESPONSES AND OBJECTIONS TO**
**DEFENDANTS BLOOMBERRY RESORTS AND HOTELS INC.'S**
**AND SURESTE PROPERTIES, INC.'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Courts for the Southern District of New York, and any other applicable

law, Plaintiff Global Gaming Philippines LLC ("Plaintiff"), by its undersigned counsel, hereby

responds and objects (the "Responses," and, each, a "Response") as follows to Defendants

Bloomberry Resorts and Hotels Inc.'s and Sureste Properties, Inc.'s First Set of Requests for

Admission (the "Requests," and, each, a "Request").   Plaintiff incorporates the General

Response and General Objections into each of the Responses below, as though set forth therein.

**GENERAL RESPONSE**

       Plaintiff responds to the Requests subject to the accompanying General Response and

General Objections. In doing so, Plaintiff does not waive (and, indeed, expressly preserves) all

such General Response and General Objections.

Plaintiff further reserves the right to amend, revise, correct, supplement or clarify any of the responses herein pursuant to facts or information gathered at any time subsequent to the date of these responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Moreover, Plaintiff's responses to the Requests are based on information currently available to Plaintiff.

## GENERAL OBJECTIONS

The following General Objections apply to each and every one of the Responses and shall have the same force and effect as if set forth in full in each of the specific responses enumerated below.

1.      Plaintiff reserves all objections with respect to the relevance, materiality, contents, and/or admissibility of all admissions. These Responses and Objections are made without waiver of, or prejudice to, any objection or right, including but not limited to Plaintiff's right to object to further discovery of itself and to move for a protective order on any grounds.

2.      Plaintiff objects to the Requests' Instructions and Definitions to the extent they go beyond or are different from the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern District of New York, and any other applicable law.

3.      Plaintiff objects to the Requests' Instructions and Definitions to the extent they seek information that is privileged.  Plaintiff objects to, and will not answer, any Requests to the extent they seeks information about the substance of Plaintiff's Privileged Information.

4.      Plaintiff objects to the Requests, including any Definitions or Instructions therein, to the extent they seek information beyond the possession, custody, or control of Plaintiff, seek information that is a matter of public record, information that is within the possession, custody,

2

or control of Defendants, information that cannot practicably be identified or obtained by Plaintiff without undue burden or expense, or otherwise seek information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source.

5.      Plaintiff objects to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or protection ("Privileged Information"). Without limiting the generality of the foregoing, Plaintiff objects to, and will not answer, any Request to the extent it seeks information about the substance of Plaintiff's Privileged Information.

6.      Plaintiff objects to the Requests to the extent that they call for information that is not relevant to any issue in this case, they are vague and ambiguous, or would require Plaintiff to speculate about the nature of information sought thereby, and/or they are duplicative of other discovery sought to be taken in this case. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award.  Further, the subject matter of this Request is not subject to discovery in this Action.  The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled  to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Requests to the extent they seek information related to

3

performance under, breach of, or damages pursuant to the EOA as this information is irrelevant

to the claims at issue.  Plaintiff further objects to the Requests to the extent they seek information

related to GGAM's due diligence or knowledge after the MSA was signed, as the Court has

found such information to be irrelevant. (ECF No. 157).

7.      Plaintiff objects to Definition No. 2 which purports to expand any reference to

"corporation, partnership, joint venture, or other entity, including the entities referenced in

Definition Nos. 3, 5, 6, 7, 9, 13, 14, 18, 22 and 24 below" to "include each and all of its parents,

subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its

officers, directors, shareholders, employees, partners, limited partners, managers, representatives,

agents, accountants, attorneys, trustees, and any other Person who acted on its behalf" as overly

broad, unduly burdensome, and seeking irrelevant information.  Plaintiff specifically objects to

the phrase "acted on its behalf" as vague, ambiguous, and calling for a legal conclusion. With

respect to Definition No. 18 and 24 the definition is unintelligible as there is no "corporation,

partnership, joint venture, or other entity" referenced in those Definitions, and therefore requires

Plaintiff to speculate about the nature of information sought thereby.  Definition No. 9 references

only a government entity for which the proposed expanded definition renders the definition

unintelligible.  For the purposes of these Responses, Plaintiff has not applied these expanded and

inappropriate Definition No. 2 with respect to any entity.

8.      Plaintiff objects to Definition No. 7 as overly broad, unduly burdensome and

seeking irrelevant information.  For the purposes of responding to these Requests, Plaintiff will

assume the term "Cantor" means only Cantor Fitzgerald, L.P.

9.      Plaintiff objects to Definition Nos. 3, 15 and 26 as overly broad, unduly

burdensome and seeking information not relevant to the enforcement of the Arbitral Tribunal's

Final Award. For the purposes of responding to these Requests, Plaintiff will assume the terms

"You," "Your" or "GGP" mean only Plaintiff Global Gaming Philippines, LLC.

10.     Plaintiff objects to Definition No. 13 as overly broad, unduly burdensome and

seeking information not relevant to the enforcement of the Arbitral Tribunal's Final Award. For

the purposes of responding to these Requests, Plaintiff will assume the term "GGAM" means

only Global Gaming Asset Management L.P.

11.     Plaintiff objects to Definition No. 14 as overly broad, unduly burdensome and

seeking information not relevant to the enforcement of the Arbitral Tribunal's Final Award. For

the purposes of responding to these Requests, Plaintiff will assume the term "GGAM

Netherlands" means only GGAM Netherlands B.V.

12.     Plaintiff objects to Definition No. 16 to the extent it characterizes the December

9, 2014, "Order In Respect Of Claimants' Interim Measures' Application" ("Interim Measures

Order") from the tribunal in the underlying Arbitration (the "Arbitral Tribunal") as an arbitral

award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5)

and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection which,

pursuant to Rule 5.13 of the Philippine Special Rules of Court on Alternate Dispute Resolution,

took effect upon issuance.

13.     Plaintiff objects to Instruction No. 13, which seeks information for each Request

from "January 1, 2011 through the present," as overly broad, unduly burdensome, and seeking

irrelevant information.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:

Admit that the Bloomberry Defendants did not travel to New York for the purpose of negotiating the MSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Plaintiff objects to the phrase "for the purpose of" as vague and ambiguous. Plaintiff objects to the Request as overly broad as to the relevant time period.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 1.

**REQUEST FOR ADMISSION NO. 2**:

Admit that the Bloomberry Defendants did travel to New York for the purpose of negotiating the MSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Plaintiff objects to the phrase "for the purpose of" as vague and ambiguous. Plaintiff further objects on the basis that this request improperly seeks from Plaintiff information that is uniquely within the custody and control of Defendants and that Defendants have objected to and resisted discovery into this issue. Plaintiff further objects that this request calls for Plaintiff to speculate as to Defendants' state of mind and purposes.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits Request No. 2.

**REQUEST FOR ADMISSION NO. 3**:

Admit that, prior to the termination of the MSA, You never informed the Bloomberry Defendants that You disagreed with or contradicted the June 9, 2011 statement of the Bloomberry Defendants' counsel that the MSA "has no connection with New York at all."

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought thereby. Specifically, it is unclear from the Request what statement, in what context, and from what speaker is being referenced. The Request provides insufficient information to properly respond.

Plaintiff further objects to the Request as irrelevant. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome and seeking irrelevant information.


**REQUEST FOR ADMISSION NO. 4**:

Admit that, prior to the termination of the MSA, You informed the Bloomberry Defendants that You disagreed with or contradicted the June 9, 2011 statement of the Bloomberry Defendants' counsel that the MSA "has no connection with New York at all."

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased and therefore requires Plaintiff to speculate about the nature of information sought thereby. Specifically, it is unclear from the Request what statement, in what context, and from what speaker is being referenced. The Request provides insufficient information to properly respond.

Plaintiff further objects to the Request as seeking irrelevant information. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 5**:

Admit that the Bloomberry Defendants have never had a contractual relationship with Cantor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought thereby. Plaintiff objects to the phrase "contractual relationship" as vague and ambiguous, and calling for a legal conclusion. The Request does not identify particular or relevant contracts or even time periods. It is unclear whether the Request seeks information regarding the signatories to specific contracts, or seeks information about any rights Cantor may have had pursuant to or related to these unidentified contracts and relationships.

Plaintiff objects to Definition Nos. 2 and 7 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad with respect to time period to the extent it is seeking information regarding any and all "contractual relationships" potentially involving the Bloomberry Defendants and Cantor.

Plaintiff objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information.

In responding, Plaintiff assumes that the Request seeks information regarding the MSA.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Cantor was not a named signatory to the MSA, and otherwise denies Request No. 5.

**REQUEST FOR ADMISSION NO. 6**:

Admit that the Bloomberry Defendants have had a contractual relationship with Cantor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Plaintiff objects to this Request on the basis that it is ambiguous and unintelligible as phrased, and therefore requires Plaintiff to speculate about the nature of information sought thereby. Plaintiff objects to the phrase "contractual relationship" as vague and ambiguous, and calling for a legal conclusion. The Request does not identify particular or relevant contracts or even time periods. It is unclear whether the Request seeks information regarding the signatories to specific contracts, or seeks information about any rights Cantor may have had pursuant to or related to these unidentified contracts and relationships.

Plaintiff objects to Definition Nos. 2 and 7 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad with respect to time period to the extent it is seeking information regarding any and all "contractual relationships" potentially involving the Bloomberry Defendants and Cantor.

Plaintiff objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information.

In responding, Plaintiff assumes that the Request seeks information regarding the MSA.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Cantor was not a named signatory to the MSA, and otherwise denies Request No. 6.

**REQUEST FOR ADMISSION NO. 7**:

Admit that Howard Lutnick is or was the Co-Chair of GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as

ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 8**:

Admit that Howard Lutnick is not or was not the Co-Chair of GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.) The Court has expressly denied Defendants' efforts to probe into this issue

related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.


**REQUEST FOR ADMISSION NO. 9**:

Admit that Howard Lutnick is or was the Co-Chairman of GGAM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action.  The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled  to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 13 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 10**:

Admit that Howard Lutnick is not or was not the Co-Chairman of GGAM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Plaintiff objects to this Request as seeking irrelevant information.  Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award.  Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning

Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 13 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

## REQUEST FOR ADMISSION NO. 11:

Admit that Howard Lutnick is or was an officer, director, and/or senior executive of GGAM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 13 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 12**:

Admit that Howard Lutnick is not or was not an officer, director, and/or senior executive of GGAM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

Plaintiff objects to Definition Nos. 2 and 13 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.


**REQUEST FOR ADMISSION NO. 13**:

Admit that Stephen Merkel is or was the Corporate Secretary of and counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-

11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 14**:

Admit that Stephen Merkel is not or was not the Corporate Secretary of and counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the]

arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3, and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 15**:

Admit that Michael Lampert is or was counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public

policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 16**:

Admit that Michael Lampert is not or was not counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a

confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 17**:

Admit that John J. Jones is or was counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final

Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 18:**

Admit that John J. Jones is not or was not counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 19**:

Admit that Binyomin Kaplan is or was counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3, and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**AMENDED AND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Plaintiff supplements its Response as follows:

In a letter from Debtor Defendants, dated July 6, 2022, counsel represented that the purpose of this Request is to seek information related to "Defendants' jurisdictional objections." Plaintiff objects that Binyomin Kaplan's title during an unspecified time period is not relevant to the issue of personal jurisdictional over Debtor Defendants.

Subject to the foregoing specific objections, the General Response and General Objections, and fully incorporating Plaintiff's prior Response to this Request, Plaintiff admits that, at some point from January 1, 2011 through present, Mr. Kaplan worked as an attorney who provided legal advice and legal services to and for the benefit of GGP. Plaintiff otherwise denies Request No. 19.


**REQUEST FOR ADMISSION NO. 20**:

Admit that Binyomin Kaplan is not or was not counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a

confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action.  The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled  to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 21**:

Admit that Harry Waizer is or was counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

Plaintiff objects to this Request as seeking irrelevant information.  Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final

Award.  Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action.  The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled  to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

## REQUEST FOR ADMISSION NO. 22:

Admit that Harry Waizer is not or was not counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 23**:

Admit that Kevin Russell is or was counsel to GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

## AMENDED AND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Plaintiff supplements its Response as follows:

In a letter from Debtor Defendants, dated July 6, 2022, counsel represented that the purpose of this Request is to seek information related to "Defendants' jurisdictional objections." Plaintiff objects that Kevin Russell's title during an unspecified time period is not relevant to the issue of personal jurisdictional over Debtor Defendants.

Subject to the foregoing specific objections, the General Response and General Objections, and fully incorporating Plaintiff's prior Response to this Request, Plaintiff admits that at some point from January 1, 2011 through present, Kevin Russell worked as an attorney who provided legal advice and legal services to and for the benefit of GGP. Plaintiff otherwise denies Request No. 23.

## REQUEST FOR ADMISSION NO. 24:

Admit that Kevin Russell is not or was not counsel to GGP.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this

question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 25**:

Admit that James Ficcaro is or was the Vice President and Tax Director of GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 26**:

Admit that James Ficcaro is not or was not the Vice President and Tax Director of GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 27**:

Admit that Christine Levett is or was the Vice President of GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-

11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as ambiguous, overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**AMENDED AND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

Plaintiff supplements its Response as follows:

In a letter from Debtor Defendants, dated July 6, 2022, counsel represented that the purpose of this Request is to seek information related to "Defendants' jurisdictional objections." Plaintiff objects that Christine Levett's title during an unspecified time period is not relevant to the issue of personal jurisdictional over Debtor Defendants.

Subject to the foregoing specific objections, the General Response and General Objections, and fully incorporating Plaintiff's prior Response to this Request, Plaintiff admits that at some point from January 1, 2011 through present, Ms. Levett provided services to and for the benefit of GGP, and that, at some point from January 1, 2011 through present, was named Vice President of GGP. Plaintiff otherwise denies Request No. 27.

**REQUEST FOR ADMISSION NO. 28**:

Admit that Christine Levett is not or was not the Vice President of GGP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Plaintiff further objects that Defendants have no legitimate purpose for asking this question, and Defendants have demonstrated, in RFA Nos. 33 and 34 and in their questioning Plaintiff's Rule 30(b)(6) witness, that their intent is raise an issue regarding compliance with a confidentiality order in the arbitration, which is not an issue before this Court. (*See* Tr. of B. Kaplan Depn. at 240-41.)

Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 3 and 15 as overly broad, unduly burdensome and seeking irrelevant information.

Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

**REQUEST FOR ADMISSION NO. 29**:

Admit that Jonathan Rein is or was seconded to You on a full-time basis as Head of Business Development and Corporate Finance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

Plaintiff objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome and seeking irrelevant information. Plaintiff objects to the Request as vague, ambiguous and overly broad as to the relevant time period.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Jonathan Rein was seconded to GGAM in spring of 2012, and that, at some point in time he had the title Head of Business Development and Corporate Finance, and otherwise denies Request No. 29.

**REQUEST FOR ADMISSION NO. 30**:

Admit that Jonathan Rein is not or was not seconded to You on a full-time basis as Head of Business Development and Corporate Finance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution,

and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 30.


**REQUEST FOR ADMISSION NO. 31**:

Admit that You did not pay cash to Cantor for services provided to You pursuant to the SSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

Plaintiff objects to the phrases "pay cash" and "services provided" as vague and ambiguous. Plaintiff further objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to

Definition Nos. 2, 7 and 26 as overly broad, unduly burdensome and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 32**:

Admit that You did pay cash to Cantor for services provided to You pursuant to the SSA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

Plaintiff objects to the phrases "pay cash" and "services provided" as vague and ambiguous. Plaintiff further objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, 7 and 26 as overly broad, unduly burdensome and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 33**:

Admit that the arbitral tribunal ordered that confidential information from the arbitration could not be disclosed to Howard Lutnick, Stephen Merkel, Michael Lampert, John J. Jones, Binyomin Kaplan, Harry Waizer, and James Ficcaro.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

**REQUEST FOR ADMISSION NO. 34**:

Admit that the arbitral tribunal did not order that confidential information from the arbitration could not be disclosed to Howard Lutnick, Stephen Merkel, Michael Lampert, John J. Jones, Binyomin Kaplan, Harry Waizer, and James Ficcaro.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

**REQUEST FOR ADMISSION NO. 35**:

Admit that, in accordance with the EOA, GGP was not permitted to assign the option to purchase the Option Shares to Cantor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to the Request as irrelevant to the claims against Bloomberg Defendants to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA, which is irrelevant to the issue of enforcement of the arbitral award.

Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition Nos. 2, 7, and 15 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 36**:

Admit that, in accordance with the EOA, GGP was permitted to assign the option to purchase the Option Shares to Cantor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to the Request as irrelevant to the claims against Bloomberry Defendants to the extent it seeks information related to performance under, breach of, or damages pursuant to the EOA, which is irrelevant to the issue of enforcement of the arbitral award.

Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition Nos. 2 and 7 as overly broad, unduly burdensome and seeking irrelevant information. Plaintiff objects to Definition Nos. 2, 7, and 15 as overly broad, unduly burdensome, and seeking irrelevant information.


**REQUEST FOR ADMISSION NO. 37**:

Admit that You tried to sell the Option Shares before the arbitral tribunal was constituted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that, as alleged in the Second Amended Complaint, on or about January 15, 2014, Plaintiff confirmed a block sale of the Option Shares to over 50 institutional investors at a discounted block-sale price of PHP 8.05 per share, with the sale scheduled to close on January 21, 2014; and admits that the arbitration had commenced, but that the full tribunal had not yet been constituted at that time. Plaintiff otherwise denies this Request No. 37.

**REQUEST FOR ADMISSION NO. 38**:

Admit that You did not try to sell the Option Shares before the arbitral tribunal was constituted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2, and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff denies Request No. 38.

**REQUEST FOR ADMISSION NO. 39**:

Admit that William P. Weidner was the subject of an investigation by the SEC and the DOJ for violations of the FCPA by LVS during Weidner's tenure as President and Chief Operating Officer of LVS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

**REQUEST FOR ADMISSION NO. 40**:

Admit that William P. Weidner was not the subject of an investigation by the SEC and the DOJ for violations of the FCPA by LVS during Weidner's tenure as President and Chief Operating Officer of LVS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA.

**REQUEST FOR ADMISSION NO. 41**:

Admit that Your counsel retracted a statement made to the Singapore High Court that the United States government authorities conducting the LVS investigations provided specific assurances that William P. Weidner was not a subject of those investigations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The

Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 42**:

Admit that Your counsel did not retract a statement made to the Singapore High Court that the United States government authorities conducting the LVS investigations provided specific assurances that William P. Weidner was not a subject of those investigations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed

discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 43**:

Admit that You never informed the Bloomberry Defendants that William P. Weidner was the subject of an investigation by the SEC and the DOJ for violations of the FCPA by LVS during Weidner's tenure as President and Chief Operating Officer of LVS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-

11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 44**:

Admit that You informed the Bloomberry Defendants that William P. Weidner was the subject of an investigation by the SEC and the DOJ for violations of the FCPA by LVS during Weidner's tenure as President and Chief Operating Officer of LVS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time

period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 45**:

Admit that You never informed the Bloomberry Defendants that the conduct of Eric Chiu during his tenure at LVS was under investigation by the SEC and the DOJ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 46**:

Admit that You informed the Bloomberry Defendants that the conduct of Eric Chiu during his tenure at LVS was under investigation by the SEC and the DOJ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 47**:

Admit that You did not search in the arbitration for any documents or communications in the possession, custody, or control of Eric Chiu, including in his personal email account and files.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.


**REQUEST FOR ADMISSION NO. 48**:

Admit that You searched in the arbitration for documents and communications in the possession, custody, or control of Eric Chiu, including in his personal email account and files.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the

subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 49**:

Admit that You reviewed only documents and communications involving Eric Chiu that You collected from sources other than Mr. Chiu's personal email account and files.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously

to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 50**:

Admit that You did not review only documents and communications involving Eric Chiu that You collected from sources other than Mr. Chiu's personal email account and files.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff further objects to the Request as overly broad, unduly burdensome, and seeking irrelevant information because the specified time

period extends beyond negotiation, execution, and performance of the MSA. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 51**:

Admit that You did not produce in the arbitration any documents or communications in the possession, custody, or control of Eric Chiu.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 52**:

Admit that You produced in the arbitration documents and communications in the possession, custody, or control of Eric Chiu.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 53**:

Admit that You did not produce in the arbitration any communications between and among Eric Chiu and Chinese government officials concerning Solaire, aside from GGP communications that forwarded such communications between and among Eric Chiu and Macanese junket operators.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2, 3, 15 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 54**:

Admit that You produced in the arbitration communications between and among Eric Chiu and Chinese government officials concerning Solaire, aside from GGP communications that forwarded such communications between and among Eric Chiu and Macanese junket operators.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public

policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2, 3, 15 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 55**:

Admit that You did not produce in the arbitration any communications between and among Eric Chiu and Macanese junket operators concerning Solaire, aside from GGP communications that forwarded such communications between and among Eric Chiu and Macanese junket operators.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York

Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2, 3, 15 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 56**:

Admit that You produced in the arbitration communications between and among Eric Chiu and Macanese junket operators concerning Solaire, aside from GGP communications that forwarded such communications between and among Eric Chiu and Macanese junket operators.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2, 3, 15 and 26 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 57**:

Admit that the USD 85.2 million as damages for lost management fees awarded in the Final Award is subject to payment of withholding tax in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266].

**REQUEST FOR ADMISSION NO. 58**:

Admit that the USD 85.2 million as damages for lost management fees awarded in the Final Award is not subject to payment of withholding tax in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The

Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266].

**REQUEST FOR ADMISSION NO. 59**:

Admit that GGAM Netherlands has not had any assets from January 1, 2013 through the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see*

*also* Dkt. 170, 231, and 266].  Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.


**REQUEST FOR ADMISSION NO. 60**:

Admit that GGAM Netherlands has had assets from January 1, 2013 through the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60**:

   Plaintiff objects to this Request as seeking irrelevant information.  Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award.  Further, the subject matter of this Request is not subject to discovery in this Action.   The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 61**:

Admit that GGAM Netherlands has not had any employees from January 1, 2013 through the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 62**:

Admit that GGAM Netherlands has had employees from January 1, 2013 through the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public

policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 63**:

Admit that GGAM Netherlands has not had any profit-seeking activities from December 2012 through the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63**:

Plaintiff objects to the phrase "profit-seeking activities" as vague and ambiguous. Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile*

*Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 64**:

Admit that GGAM Netherlands has had profit-seeking activities from December 2012 through the present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64**:

Plaintiff objects to the phrase "profit-seeking activities" as vague and ambiguous. Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 65**:

Admit that GGAM Netherlands has never paid income tax to the Dutch Tax and Customs Administration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 66**:

Admit that GGAM Netherlands has paid income tax to the Dutch Tax and Customs Administration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final

Award. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 14 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 67**:

Admit that in the Final Award, the arbitral tribunal ordered that, if the Bloomberry Defendants did not pay GGP for the Option Shares within thirty (30) days from the date of the Final Award, GGP may sell the Option Shares on the market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff further objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff further objects to this Request to the extent it is duplicative of other discovery sought in this Action, namely the production of the Final Award. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the

extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Dkt. No. 218-1 is a copy of the Final Award. Plaintiff otherwise denies Request No. 78.

**REQUEST FOR ADMISSION NO. 68**:

Admit that in the Final Award, the arbitral tribunal did not order that, if the Bloomberry Defendants did not pay GGP for the Option Shares within thirty (30) days from the date of the Final Award, GGP may sell the Option Shares on the market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff further objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff further objects to this Request to the extent it is duplicative of other discovery sought in this Action, namely the production of the Final Award. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Dkt. No. 218-1 is a copy of the Final Award. Plaintiff otherwise denies Request No. 68.

**REQUEST FOR ADMISSION NO. 69**:

Admit that in the Final Award, the arbitral tribunal ordered that, if the Bloomberry Defendants did not pay GGP for the Option Shares within thirty (30) days from the date of the Final Award, the Bloomberry Defendants must take certain steps as set forth in paragraph 507(d) of the Final Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69**:

Plaintiff objects to this Request as seeking irrelevant information. Plaintiff further objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source. Plaintiff further objects to this Request to the extent it is duplicative of other discovery sought in this Action, namely the production of the Final Award. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Dkt. No. 218-1 is a copy of the Final Award. Plaintiff otherwise denies Request No. 69.


**REQUEST FOR ADMISSION NO. 70**:

Admit that in the Final Award, the arbitral tribunal did not order that, if the Bloomberry Defendants did not pay GGP for the Option Shares within thirty (30) days from the date of the Final Award, the Bloomberry Defendants must take certain steps as set forth in paragraph 507(d) of the Final Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70**:

Plaintiff objects to this Request as seeking irrelevant information.  Plaintiff further objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source.  Plaintiff further objects to this Request to the extent it is duplicative of other discovery sought in this Action, namely the production of the Final Award.  Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Dkt. No. 218-1 is a copy of the Final Award.  Plaintiff otherwise denies Request No. 70.

**REQUEST FOR ADMISSION NO. 71**:

Admit that in the Final Award, if the Bloomberry Defendants did not pay GGP for the Option Shares within thirty (30) days from the date of the Final Award, the only monetary damages the arbitral tribunal ordered the Bloomberry Defendants to pay is the difference between 10,169,871,978.24 PHP and the amount GGP receives in a sale of the Option Shares.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71**:

Plaintiff objects to this Request as seeking irrelevant information.  Plaintiff further objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source.  Plaintiff further objects to this Request to the extent it is duplicative of other discovery sought in this Action, namely the

71

production of the Final Award.  Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Dkt. No. 218-1 is a copy of the Final Award.  Plaintiff otherwise denies Request No. 71.


**REQUEST FOR ADMISSION NO. 72**:

Admit that in the Final Award, if the Bloomberry Defendants did not pay GGP for the Option Shares within thirty (30) days from the date of the Final Award, the monetary damages the arbitral tribunal ordered the Bloomberry Defendants to pay is not limited to the difference between 10,169,871,978.24 PHP and the amount GGP receives in a sale of the Option Shares.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72**:

Plaintiff objects to this Request as seeking irrelevant information.  Plaintiff further objects to this Request to the extent that it seeks information obtainable from some other more convenient, less burdensome, or less expensive discovery device or source.  Plaintiff further objects to this Request to the extent it is duplicative of other discovery sought in this Action, namely the production of the Final Award.  Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this Request to the extent it attempts to paraphrase and characterize a document which can be reviewed for its complete and accurate terms.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff admits that Dkt. No. 218-1 is a copy of the Final Award. Plaintiff otherwise denies Request No. 72.


**REQUEST FOR ADMISSION NO. 73**:

Admit that GGP has not commenced recognition and enforcement proceedings before the Regional Trial Court, Branch 66, Makati City, with respect to the Interim Measures Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award against Defendants in this proceeding. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition No. 16 to the extent it characterizes the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an

interim measure of protection that, pursuant to Rule 5.13 of the Special Rules of Court on ADR, took effect upon issuance.

**REQUEST FOR ADMISSION NO. 74**:

Admit that GGP has commenced recognition and enforcement proceedings before the Regional Trial Court, Branch 66, Makati City, with respect to the Interim Measures Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award against Defendants in this proceeding. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to Definition No. 16 to the extent it characterizes the Interim Measures Order as an arbitral award; under Philippine law (Special Rules of Court on Alternative Dispute Resolution Rule 5) and the UNCITRAL Rules (2010) (art. 26), it is an interim measure of protection that, pursuant to Rule 5.13 of the Special Rules of Court on ADR, took effect upon issuance.

**REQUEST FOR ADMISSION NO. 75**:

Admit that GGP has not commenced recognition and enforcement proceedings before the Regional Trial Court, Branch 66, Makati City, with respect to the Liability Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award against Defendants in this proceeding. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information.


**REQUEST FOR ADMISSION NO. 76**:

Admit that GGP has commenced recognition and enforcement proceedings before the Regional Trial Court, Branch 66, Makati City, with respect to the Liability Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award

against Defendants in this proceeding.  Further, the subject matter of this Request is not subject to

discovery in this Action.  The Court has expressly denied Defendants' efforts to probe into this

issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled

to discovery regarding "issues previously litigated in the arbitration in question" and this Court

has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum

by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it

would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and

the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584

F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition

Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information.


**REQUEST FOR ADMISSION NO. 77**:

Admit that GGP has not commenced recognition and enforcement proceedings before the Regional

Trial Court, Branch 66, Makati City, with respect to the Final Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77**:

Plaintiff objects to this Request as seeking irrelevant information.  Specifically, the

information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award

against Defendants in this proceeding.  Further, the subject matter of this Request is not subject to

discovery in this Action.  The Court has expressly denied Defendants' efforts to probe into this

issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled

to discovery regarding "issues previously litigated in the arbitration in question" and this Court

has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum

by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it

would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 78**:

Admit that GGP has commenced recognition and enforcement proceedings before the Regional Trial Court, Branch 66, Makati City, with respect to the Final Award.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78**:

Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award against Defendants in this proceeding. Further, the subject matter of this Request is not subject to discovery in this Action. The Court has expressly denied Defendants' efforts to probe into this issue related to its alleged public policy / fraud defense, holding that Defendants are not entitled to discovery regarding "issues previously litigated in the arbitration in question" and this Court has expressly disallowed discovery aimed at "collateral litigation 'undertaken in a foreign forum by a party to [the] arbitration in an attempt to protect itself from an adverse arbitral award' as it would 'tend seriously to undermine the underlying scheme of the [Federal Arbitration Act] and the New York Convention.' [Dkt. 155, quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 410-11 (2d Cir. 2009); *see also* Dkt. 170, 231, and 266]. Plaintiff objects to Definition Nos. 2 and 15 as overly broad, unduly burdensome, and seeking irrelevant information.

**REQUEST FOR ADMISSION NO. 79**:

Admit that the Bloomberry Defendants maintain assets solely in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79**:

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.  Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award against Defendants in this proceeding.  Plaintiff objects to the Request as overly broad as to the relevant time period. Plaintiff further objects to this Request to the extent it seeks information solely in the possession of Defendants.

Subject to the foregoing specific objections and the General Response and General Objections, and based on the available information, Plaintiff denies Request No. 79.


**REQUEST FOR ADMISSION NO. 80**:

Admit that the Bloomberry Defendants do not maintain assets solely in the Philippines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80**:

Plaintiff objects to the Definition Nos. 2 and 18 as overly broad, unduly burdensome, and seeking irrelevant information.  Plaintiff objects to this Request as seeking irrelevant information. Specifically, the information sought is not relevant to the enforcement of the Arbitral Tribunal's Final Award against Defendants in this proceeding.

Plaintiff objects to the Request as overly broad as to the relevant time period. Plaintiff further objects to this Request to the extent it seeks information solely in the possession of Bloomberry Defendants.

Subject to the foregoing specific objections and the General Response and General Objections, and based on the available information, Plaintiff admits Request No. 80.

**REQUEST FOR ADMISSION NO. 81**:

Admit that documents GGAM-SDNY-0000001 through GGAM-SDNY-0463286 are true and correct copies of the original documents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81**:

Plaintiff objects to the phrase "true and correct" as vague and ambiguous to the extent that documents were properly redacted for this Action. Plaintiff objects to this Request as irrelevant, unnecessary, and unduly burdensome in light of the parties' pending stipulation regarding the authentication of documents.

Subject to the foregoing specific objections and the General Response and General Objections, Plaintiff states that the Request is subject to the parties' pending stipulation regarding the authentication of documents and otherwise denies Request No. 81.

Dated:  July 21, 2022

New York, New York

By:  */s/ Kevin N. Ainsworth*

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Robert I. Bodian
Kevin N. Ainsworth
Jason P.W. Halperin
Barry A. Bohrer
Kaitlyn A. Crowe
Daniel T. Pascucci
    (admitted *pro hac vice*)
Joseph R. Dunn
    (admitted *pro hac vice*)
666 Third Avenue
New York, NY 10017
T: (212) 935-3000
F: (212) 983-3115
rbodian@mintz.com
kainsworth@mintz.com
jhalperin@mintz.com
bbohrer@mintz.com
kacrowe@mintz.com
dtpascucci@mintz.com
jrdunn@mintz.com
*Attorneys for Plaintiff*
*Global Gaming Philippines, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2022, a true and correct copy of the foregoing document was caused to be served on the following counsel via electronic mail, as indicated:

Daniel M. Perry
Milbank, LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
DPerry@Milbank.com

Brett P. Lowe
Milbank LLP
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
BLowe@Milbank.com

*Counsel for Defendants Bloomberry*
*Resorts and Hotels Inc.*
*and Sureste Properties, Inc.*


Daniel Walfish
Rachel Penski Fissell
Walfish & Fissell PLLC
405 Lexington Avenue, Fl 8
New York, NY 10174
Tel: (212) 672-0501
dwalfish@walfishfissell.com
rfissell@walfishfissell.com

*Counsel for Defendant Enrique*
*K. Razon, Jr., and Dismissed Defendants 11 Essex*
*Street Realty LLC, Asia Arrow Limited, Bowery Bay*
*LLC, Campanilla  LLC, Ensara LLC, Fesara LLC,*
*Nozar LLC and Rizolina LLC*

Diana J. Shelby
Corey J. Seel
Konor A. Cormier
MehaffyWeber, PC
500 Dallas, Suite 2800
Houston, TX 77002
Tel: (713) 655-1200
DianaShelby@mehaffyweber.com
CoreySeel@mehaffyweber.com
konorcormier@mehaffyweber.com

*Counsel for Dismissed Defendants*
*Collingwood Investment Company Limited,*
*Collingwood Appalachian Minerals, LLC,*
*Collingwood Brookshire USA, Inc.,*
*Collingwood Oil & Gas Holdings, LLC,*
*Collingwood USA, Inc.*


Dated: July 21, 2022                     By: */s/ Kevin N. Ainsworth*

81