**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com



MINTZ

Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

August 10, 2022

Hon. Lorna G. Schofield, U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** ***Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS) (SN) /**
**Opposition to Motion to Delay Enforcement of Foreign Arbitral Award`**

Dear Judge Schofield:

We write on behalf of Plaintiff Global Gaming Philippines, LLC ("Plaintiff") respectfully to oppose the letter request (Dkt. No. 287) of Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI"), and Sureste Properties, Inc. ("Sureste" or "SPI") (together, "Debtor Defendants"), in which they seek to further delay Plaintiff's statutory right under Section 207 of the Federal Arbitration Act ("FAA")[1] to recognize and enforce the foreign arbitral award ("Award") that is the heart of Plaintiff's claims against them.

The FAA provides that this proceeding to recognize and enforce a foreign arbitral is to be treated as a motion. 9 U.S.C. §§6, 208. Enforcement is meant to be a streamlined, summary proceeding. *See Telenor Mobile Communs. AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) ("[T]he showing required to avoid summary confirmance is high.") (citations omitted); *United Media Holdings, NV v. Forbes Media, LLC*, 16 Civ. 5926 (PKC), 2017 U.S. Dist. LEXIS 222249 at *17 (S.D.N.Y. Aug. 9, 2017) (denying post-award discovery and confirming award). As your Honor has previously held twice in *this* very action:

> It is well-settled that "[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021). Discovery in this proceeding similarly should be limited "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id*. (internal quotation marks omitted).

Dkt. No. 170 (overruling Debtor Defendants' objection to orders denying fact discovery regarding their purported defenses); Dkt No. 266 (overruling Debtor Defendants' objection to protective order).

[1] In an application to recognize and enforce a foreign arbitral award, this Court sits in its secondary jurisdiction. *See CBF Industria de Gusa v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017).



**Debtor Defendants' Alleged Need for Expert Discovery Concerning Their Rejected Defense Should Not Delay Recognition and Enforcement of the Award**

In this action, the Court has four times recognized that the arbitral tribunal rejected Debtor Defendants' grounds for their purported public policy defense under Article V of the New York Convention, and the Court four times denied Debtor Defendants fact discovery regarding that defense. *See* orders at Dkt. Nos. 155, 170, 231, and 266. Notwithstanding the Court's clear rulings, however, Debtor Defendants, now seek to further delay enforcement of the Award based on an alleged need to engage in expert discovery regarding that same defense. Dkt. No. 287 at 2. They have not explained—and cannot explain—why such expert discovery is appropriate or necessary.[2]

In each of their attempts, Defendants failed to meet their burden to show that discovery concerning their purported defense under Article V of the New York Convention is necessary or appropriate in this action. While the FAA and New York Convention allow limited, enumerated defenses, including a "public policy" defense, Defendants have a heavy burden to prove the defense, which is "construed very narrowly and should be applied only where enforcement would violate our 'most basic notions or morality and justice.'" Dkt. No. 155 at 2 (citing *Europcar Italia S.p.A. v. Maiellano Tours, Inc*., 156 F.3d 310, 313, 315 (2d Cir. 1998)); *Telenor Mobile Communs. AS v. Storm LLC*, 584 F.3d 396, 410 (2d Cir. 2009).

Here, the arbitral tribunal (and courts of Singapore, sitting in primary jurisdiction) have rejected the grounds for Debtor Defendants' purported Article V defense. Dkt. Nos. 1-1, ¶¶ 176, 180, 273-83; 13-1 ¶¶ 102, 112, 134, 143-44, 197-201; 13-2, ¶¶ 76-78; 13-3, ¶¶ 53, 72-73, 98; 168-1, ¶¶ 153-60. As a matter of law, Defendants cannot re-litigate issues decided in arbitration. The Second Circuit has emphasized: "courts may not 'revisit or question the fact-finding or the reasoning which produced the award.'" *Yukos Capital S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 11 (2d Cir. 2014). Thus, Debtor Defendants are unable to re-litigate the grounds for their purported defense.

Debtor Defendants should not be permitted to further delay recognition and enforcement of the Award simply because they hope to engage in expert witness discovery concerning—and to re-litigate—their rejected defense. Nor should they be allowed to further burden Plaintiff with the expense of expert witness discovery concerning that rejected defense. To allow Defendants to re-litigate—again—their discredited theories would upset the "emphatic federal policy" favoring arbitration in international commercial disputes. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985); *Pagaduan v. Carnival Corp.,* 830 F. App'x 61, 63 (2d Cir. Nov. 25, 2020) ("[I]mproper collateral litigation may itself seriously . . . undermine national policy.") (internal quotes omitted).

[2] Debtor Defendants have previously attempted to justify a need for fact discovery regarding their "public policy" defense by citing a partisan expert report they had submitted *in the arbitration*, prepared by Spectrum Gaming Group, Plaintiff's competitor and a long-time collaborator of the Award Debtors. *See* Dkt. No. 104 at 2 nn. 4, 8; Dkt. No. 141 at 3. Such reliance on an expert report submitted to and considered by the arbitral tribunal is a transparent, improper attempt to re-litigate positions advocated in arbitration.




**No Expert Witness Discovery Is Necessary to Determine Whether the Court Has Personal Jurisdiction over Debtor Defendants Because (a) They Consented to Jurisdiction and (b) They Transacted Business in New York Within the Meaning of CPLR 302(a)(1)**

Plaintiff has asserted *four* alternative, independent bases for the exercise of personal jurisdiction over the Debtor Defendants. Of those four bases, Debtor Defendants assert a need for expert witness discovery concerning only one: the alter ego relationship between Debtor Defendants and Defendant Enrique K. Razon, Jr. ("Razon"). *See* Dkt. No. 287 at 2.[3] No expert discovery is appropriate or necessary for the Court to hold that: (1) Debtor Defendants consented to jurisdiction for purposes of enforcement of the Award. *See* Management Services Agreement ("MSA") Dkt. No. 1-4 ¶ 19.2(b); and (2) Debtor Defendants transacted business in New York within the meaning of NY CPLR 302(a)(1). There is no genuine dispute concerning the MSA or Debtor Defendants' actual contacts with New York.

To be clear, Plaintiff is not seeking to deny any defendant an opportunity to engage in expert witness discovery regarding the issue of whether they are alter egos. Expert witness discovery on that issue can proceed, and the alter ego issue will be tried when Plaintiff's claims against Razon are tried. When Razon is found to be an alter ego of Debtor Defendants, the Court necessarily will have jurisdiction over them on that basis as well.[4] Plaintiff's imminent motion to recognize and enforce the Award would not deprive any defendant of discovery on the alter ego issue. Contrary to Defendants' argument, there would be no unfairness or inefficiency to address at this point the issues of their consent to jurisdiction and their transaction of business in New York. To the contrary, resolution of either or both of those in Plaintiffs' favor would quickly allow entry of a final judgment—as intended by the FAA—against Debtor Defendants.

Finally, Defendants should be held to their word. In September 2021, Defendants opposed Plaintiff's request to file at that time a motion to enforce the Award. They argued that their motion to dismiss should be decided first, and they represented in their letter: "To the extent that the Court decides it has jurisdiction over BRHI/SPI, we are prepared to complete any outstanding recognition/enforcement discovery and *brief GGP's recognition/enforcement motion on an expedited basis*." Dkt. No. 160 at 2-3 (emphasis added). The Court has denied Debtor Defendants' motion to dismiss, finding that it has jurisdiction over them. Dkt. No. 216. As Debtor Defendants suggested last September, the parties now should "brief GGP's recognition/enforcement motion on an expedited basis." There is no reason for further delay.

---

[3] When denying Debtor Defendants' motion to dismiss, this Court held that it has jurisdiction over Debtor Defendants based on Plaintiff's allegations that they are Razon's alter ego. Dkt. No. 216 at 7-9. Razon has admitted that he is subject to jurisdiction. Dkt. No. 118 at 14 n.16; Am. Answer Dkt. No. 253.

[4] *See* Opinion and Order entered 3/21/2022 (Dkt. No. 216) at 7-9 (holding that as alter egos of Razon, Debtor Defendants are subject to jurisdiction.) Plaintiff has also asserted a fourth basis for personal jurisdiction. Federal Rule of Civil Procedure 4(k)(2) provides an alternate basis for asserting personal jurisdiction, but only if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." (Fed. R. Civ. Proc. 4(k)(2)(A).




Respectfully submitted,

/s/ Kevin N. Ainsworth
Kevin N. Ainsworth

cc: All Counsel of Record (via ECF)