**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com




Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

August 16, 2022

**VIA ECF**
The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS) (SN)**

Dear Judge Schofield:

As directed by the Order entered on August 11, 2022 (Dkt. No. 290), Plaintiff Global Gaming Philippines, LLC ("GGAM") respectfully submits this letter to (1) file the parties' pre-motion letters concerning Plaintiff's forthcoming motion to recognize and enforce the Award,[1] and (2) "address[] whether the pending motion on Count V of the Second Amended Complaint (Dkt. No. 232) bears on the proposed motion to enforce and why the proposed motion should not be held until the close of discovery."

Attached (as Exhibits A and B respectively) are the parties' pre-motion letters, dated August 12, 2022 and August 16, 2022, concerning Plaintiff's forthcoming motion to enforce the Award.

**Razon's Motion to Dismiss Count V Does Not Bear on GGAM's Motion to Recognize and Enforce the Award Against Debtor Defendants**

The pending motion by Defendant Enrique K. Razon, Jr. ("Razon") to dismiss GGAM's Count V (trespass to chattels against Razon) has no bearing on GGAM's forthcoming motion to enforce the Award against Defendants Bloomberry Resorts and Hotels Inc. ("BRHI") and Sureste Properties Inc. ("SPI" and, together with BRHI, the "Debtor Defendants"). The Award granted Plaintiff damages and injunctive relief for Debtor Defendants' breach of a Management Services Agreement ("MSA") and interference with GGAM's ownership rights to certain shares ("Option Shares"). Plaintiff's motion to recognize and enforce the Award against the Debtor Defendants will result in a final judgment against Debtor Defendants based on the Award.

Razon's pending motion seeks to dismiss Count V, which is an independent claim against him (and only him) for his trespass to chattels, based on his acts of interference with GGAM's ownership rights to the Option Shares. The grant or denial of his motion to dismiss will have no bearing on the motion to recognize and enforce the Award against Debtor Defendants.

[1] The "Award" refers to the Final Award, made September 27, 2019, by a unanimous three-member arbitral tribunal seated in Singapore (the "Arbitral Tribunal"). (Dkt. No. 1-1, 218-1.)




**No Discovery Is Appropriate Regarding Recognition and Enforcement of the Award**

Based on the "emphatic federal policy" favoring arbitration in international commercial disputes, and in light of the decision of the Arbitral Tribunal, this Court has four times denied Debtor Defendants' efforts to burden Plaintiff with discovery regarding their baseless and rejected purported "public policy" defense, stating:

> It is well-settled that "[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021). ***Discovery in this proceeding similarly should be limited*** "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id*.

Dkt. No. 170 (overruling Debtor Defendants' objection to order denying fact discovery regarding their purported defense) (emphasis added); Dkt No. 266 (overruling Debtor Defendants' objection to protective order regarding their purported defense). *See also* Dkt. Nos. 155, 231.[2]

Plaintiff's motion to recognize and enforce the Award was delayed while the Court considered—and denied—Debtor Defendants' motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 162 (ordering Plaintiff to delay filing its motion pending consideration of defendants' motion to dismiss); Dkt. No. 216 (denying Debtor Defendants' motion). Recognition and enforcement of the Award should not be further delayed by Debtor Defendants' baseless wish to engage in expert witness discovery and to re-litigate issues that were decided in the arbitration.

The FAA mandates recognition and enforcement of the Award unless the Debtor Defendants prove one of the narrow exceptions permitted by the New York Convention, which they cannot do. *See* 9 U.S.C. §207. Moreover, the FAA provides that this proceeding to recognize and enforce the Award is to be treated as a motion. 9 U.S.C. §§6, 208. Defendants are not entitled to discovery; enforcement is meant to be a streamlined, summary proceeding. *See Telenor Mobile Communs. AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) ("[T]he showing required to avoid summary confirmance is high.") (citations omitted); *United Media Holdings, NV v. Forbes Media, LLC*, 16 Civ. 5926 (PKC), 2017 WL 9473164, *6-7 (S.D.N.Y. Aug. 9, 2017) (denying post-award discovery and confirming award).

Defendants fail to meet their heavy burden to show that expert discovery concerning their purported "public policy" defense is allowable.[3] The Arbitral Tribunal (and courts of Singapore, sitting in primary jurisdiction) have repeatedly rejected the basis for Debtor Defendants' purported

---

[2] Fact discovery concluded on June 2, 2022. (Dkt. No. 224.)

[3] Debtor Defendants previously argued for fact discovery regarding their "public policy" defense by citing a report they had submitted *in the arbitration*. *See* Dkt. No. 104 at 2 nn. 4, 8; Dkt. No. 141 at 3. Such reliance on a report that was considered by the Tribunal is a transparent, improper attempt to re-litigate positions advocated in arbitration.




defense. Dkt. Nos. 1-1 (¶¶ 176, 180, 273-83); 13-1 (¶¶ 102, 112, 134, 143-44, 197-201); 13-2 (¶¶ 76-78, 82, 85-90); 13-3 (¶¶ 53, 72-73, 98); 168-1 (¶¶ 153-60, 163-67). As a matter of law, Defendants cannot re-litigate issues decided in arbitration. The Second Circuit has emphasized: "courts may not 'revisit or question the fact-finding or the reasoning which produced the award.'" *Yukos Capital S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 11 (2d Cir. 2014). To allow Defendants to re-litigate their discredited theories would upset the "emphatic federal policy" favoring arbitration in international commercial disputes. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985); *Pagaduan v. Carnival Corp.,* 830 F. App'x 61, 63 (2d Cir. Nov. 25, 2020) ("[I]mproper collateral litigation may itself seriously . . . undermine national policy.") (internal quotes omitted).

Debtor Defendants have "'the burden to prove that one of the seven defenses under the New York Convention applies.' … 'The burden is a heavy one, as the showing required to avoid summary confirmance is high.'" *Telenor Mobile Communs. AS v. Storm LLC*, 584 F.3d, 396, 405 (2d Cir. 2009). While the FAA allows a "public policy" defense, Defendants have a heavy burden to prove the defense, which is "construed very narrowly and should be applied only where enforcement would violate our 'most basic notions or morality and justice.'" Dkt. No. 155 at 2 (denying Debtor Defendants' motion to compel fact discovery) (citing *Europcar Italia S.p.A. v. Maiellano Tours, Inc*., 156 F.3d 310, 313, 315 (2d Cir. 1998)); *Telenor Mobile Communs*., 584 F.3d at 410. Because the Arbitral Tribunal (and courts of Singapore) held that Debtor Defendants failed to prove the facts concerning their purported "public policy" defense, they cannot prove that defense in this Court.

Consistent with this Court's prior orders, Debtor Defendants should not be permitted to further delay recognition and enforcement of the Award simply because they wish to engage in expert discovery and to re-litigate their rejected defense. Nor should they be allowed to further burden Plaintiff with the expense of expert witness discovery concerning that rejected defense.[4]

Finally, when the parties previously filed pre-motion letters regarding enforcement of the Award (Dkt. Nos. 150 and 160), Debtor Defendants argued for delay pending a decision on their then-pending motion to dismiss. They also said they were prepared to brief GGAM's "recognition/enforcement motion on an expedited basis." Dkt. No. 160 at 2-3. They should be held to their word.

---

[4] To the extent *Razon* wants to engage in expert witness discovery regarding GGAM's alter ego claim or trespass to chattels claim against him, such discovery can proceed independently of GGAM's motion to enforce the Award against the Debtor Defendants. GGAM's claims against Razon will be resolved at summary judgment or trial.




Respectfully submitted,

*/s/* Kevin N. Ainsworth
Kevin N. Ainsworth

cc: All counsel of Record (Via ECF)