**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com



Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
mintz.com

November 15, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:     *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS)-(SN) / Plaintiff's Motion to Preclude Defendants' Efforts to Relitigate the Arbitration Through Purported Expert Witness Testimony

Dear Judge Netburn:

On behalf of Plaintiff Global Gaming Philippines, LLC ("GGAM"), we respectfully submit this letter to address an issue raised by Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI") (collectively the "Defendants") regarding the timing of GGAM's motions to preclude Defendants' effort to relitigate the arbitration through testimony of purported expert witnesses, Fredric Gushin, Daniel Reeves, and attorney Catherine Rogers (the "Motions"). (Dkt. Nos. 299-304). In meet and confer efforts, Defendants made clear they want to delay resolution of the Motions, which should be decided without delay.

GGAM's Motions seek to halt Defendants' third attempt to burden this Court with relitigation of their failed arbitration defenses. This Court has already made an express finding that Defendants' FCPA Argument and procedural fraud argument were resolved in arbitration and are not appropriately relitigated here. (Decision of Mag. J. Netburn, Dkt. No. 150 at 3-4 (stating "documents from the Arbitral Tribunal's Final Award specifically addressed the issue of the Department of Justice's non-prosecution agreement with LVS and the Debtor Defendants' 'speculative' assertions as to Weidner's and Chiu's actions and their consequences."), *objection overruled* Dkt. No. 170.) The Court added, "Given the New York Convention's 'emphasis on enforcing international arbitral awards and 'considerations of reciprocity,' coupled with the evidence that suggests that these issues were previously litigated in the arbitration in question, the Court denies the Debtor Defendants' motion to compel Plaintiff." *Id.* Later, the Court issued another order blocking Defendants' efforts to relitigate those same issues in depositions, reiterating the policy "'to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" (Dkt. No. 266; see also Dkt. No. 231.)


In issuing those rulings, which were affirmed by Judge Schofield, the Court joined the broad chorus of courts recognizing that merely allowing a defendant to relitigate issues resolved in arbitration undermines important policy goals of the New York Convention and Federal Arbitration Act.

Now, having been blocked in their efforts at fact discovery, Defendants seek to unilaterally inject the same tired defenses into the case through 100 pages of purported expert witness opinions regarding those same issues. They served a 23-page joint report of Frederic Gushin and Daniel Reeves (the "New Spectrum Report"), who had submitted opinions in the arbitration that the Tribunal found irrelevant. They also served a 77-page legal brief by their new attorney, Catherine Rogers, who raises the same purported issues that the New Spectrum Report addresses and advocates based on evidence that she admits was "adduced in the arbitration itself." (Rogers Report at 48.)

Defendants continue to assert their baseless argument that the Tribunal did not consider their defenses, but (as noted above) this Court has already determined that the issues were decided by the Tribunal. (Dkt. Nos. 155, 231.) Moreover, the Courts of Singapore (sitting in primary jurisdiction) confirmed the Awards and described Defendants' argument as "startling" and a "woeful mischaracterisation of the Tribunal's reasoning in the Remedies Award." (Judgment of Court of Appeal of Singapore, Oct. 4, 2021 (Dkt. No. 301-7 ¶157.) Defendants have no legitimate basis to relitigate these defenses yet again.

GGAM's Motions seek to effectuate the well-settled federal policy at play in New York Convention cases "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." The Motions are non-dispositive, and therefore, are appropriately decided by Your Honor. They should be briefed and heard without the delay the Defendants will propose.

Respectfully submitted,

*/s/ Kevin N. Ainsworth*

Kevin N. Ainsworth
Member / Co-Chair, Cross-Border Asset Recovery Practice


cc: All counsel of record (via ECF)