| | | |
|---|---|---|
| **Kevin N. Ainsworth**<br>212 692 6745<br>kainsworth@mintz.com | <br>MINTZ | Chrysler Center<br>666 Third Avenue<br>New York, NY 10017<br>212 935 3000<br>mintz.com |

November 29, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS)-(SN) / Plaintiff's Motions to Preclude Defendants' Efforts to Relitigate the Arbitration Through Purported Expert Witness Testimony

Dear Judge Netburn:

As directed by the Court (ECF No. 308), we write on behalf of Plaintiff Global Gaming Philippines LLC ("GGAM") to respectfully advise the Court of GGAM's intentions regarding its pending motions ("Motions") to exclude testimony of purported expert witnesses Fredric Gushin, Daniel Reeves, and attorney Catherine Rogers, identified by Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI") (collectively "Debtor Defendants"). (ECF. Nos. 299-304.)

GGAM intends to address separately (a) the pending Motions, which seek to exclude Debtor Defendants' proffered expert-witness testimony in opposition to GGAM's proceeding to recognize and enforce a foreign arbitral award ("Award") under 9 U.S.C. §207 (the "Summary Proceeding"), and (b) motions to exclude expert testimony proffered by Defendant Enrique K. Razon,. Jr. ("Razon") in his defense of the triable claims against him. GGAM respectfully requests that its pending Motions in the Summary Proceeding be heard promptly and without requiring GGAM to waive its right to move (when appropriate) to limit or exclude Razon's proffered expert testimony concerning GGAM's claims against him. Separate timing of such motions is appropriate and consistent with applicable law, this Court's orders, and the Debtor Defendants' prior express representations to the Court.

**The Summary Proceeding to Recognize and Enforce the Foreign Arbitral Award**
In September 2021, Debtor Defendants represented to the Court: "**we agree that the litigation should be sequenced so that recognition/enforcement is determined before any additional litigation relating to the alter ego and conversion claims**." Ltr. from Milbank to Hon. Lorna G. Schofield, dated Sept. 20, 2021, at 1 (ECF No. 160) (emphasis added). In that letter, Defendants expressly stated: "To the extent that the Court decides it has jurisdiction over BRHI/SPI, **we are**

**MINTZ**



The Honorable Sarah Netburn
November 29, 2022
Page 2

**prepared to complete any outstanding recognition/enforcement discovery and brief GGP's recognition/enforcement motion on an expedited basis**." *Id.* (emphasis added).

Debtor Defendants agreed to that sequence because there is an important statutory demarcation requiring different treatment for (a) GGAM's Summary Proceeding to enforce a foreign arbitral award ("Award") under 9 U.S.C. §207 against Debtor Defendants, and (b) GGAM's triable claims against Razon. A proceeding to enforce the Award is not triable. Rather, the Federal Arbitration Act ("FAA") instructs the Court to treat it as a motion.[1] As Your Honor and Judge Schofield have consistently recognized, "[i]t is well-settled that '[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[2] As such, GGAM's forthcoming motion to enforce the Award against the Debtor Defendants will necessarily proceed on a different track than the triable claims against Razon. As directed by Judge Schofield, Plaintiff will file its motion to recognize and enforce the Award after the close of expert discovery.

The FAA provides that the Court "*shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. §207 (emphasis added).[3] While Debtor Defendants may oppose summary enforcement of the Award by asserting one of the New York Convention's narrowly prescribed defenses, *they are not permitted to relitigate the arbitration*. Yet that is what they seek to do through their proffered testimony of Rogers, Reeves, and Gushin; they seek solely to relitigate issues that this Court has already determined were decided in arbitration. *See* ECF Nos. 155, 170. They have no basis for doing so, and the testimony must be excluded as irrelevant.

Debtor Defendants' tactic—serving expert witness reports in the Summary Proceeding—is an improper attempt to do unilaterally what the Court has consistently blocked in earlier discovery orders—*i.e.*, relitigation of the arbitration. *See* ECF Nos. 155, 170, 231, 266. Defendants should not be permitted to reintroduce arbitrated issues into the Summary Proceeding simply by serving reports of purported expert witnesses whose testimony is irrelevant to any cognizable defense. There is an "emphatic federal policy in favor of arbitral dispute resolution. … [and] that federal policy applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Accordingly, courts seek "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Beijing Shougang Mining* 11 F.4th at 160 (citation omitted). "'[I]improper collateral litigation' may itself 'seriously … undermine' national policy." *Pagaduan*

---

[1] 9 U.S.C. §§6, 208; Fed. R. Civ. Proc. 81(a)(6)(B).
[2] ECF Nos. 170 at 2, 266 at 2 (citing *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021)).
[3] For the Summary Proceeding, GGAM need only present the Award, which Debtor Defendants have admitted is valid and is subject to the New York Convention. (Am. Answer, ECF No. 273 ¶¶118, 192, 193).

**MINTZ**



The Honorable Sarah Netburn
November 29, 2022
Page 3

*v. Carnival Corp.*, 830 F. App'x 61, 63 (2d Cir. 2020). Moreover, as a matter of law, courts do not reconsider arbitrators' findings. *United Paperworkers Int'l Union v. Misco, Inc*., 484 U.S. 29, 37-38 (1987) (reversing order that vacated arbitration award on public policy grounds).

The policies underlying the New York Convention require prompt resolution of GGAM's pending Motions and exclusion of Defendants' expert witnesses in the Summary Proceeding. Courts consistently safeguard enforcement proceedings from delay and relitigation tactics such as those employed by the Debtor Defendants. Allowing Defendants to circumvent the summary nature of enforcement proceedings by engaging in expert-witness discovery of, and testimony concerning, irrelevant material would encourage other well-heeled defendants to try similar tactics and would undermine federal policy. Indeed, it would invite the gamesmanship the Second Circuit has repeatedly warned against.

GGAM's pending Motions address non-dispositive matters, which have been referred to Your Honor. The resolution of those motions will relieve the burden on Judge Schofield when deciding GGAM's forthcoming motion to recognize and enforce the Award. Accordingly, Plaintiff submits that the Motions are not premature and should be briefed and heard consistent with the policy underpinning the FAA and New York Convention.

### GGAM's Triable Claims Against Razon

Unlike the Summary Proceeding, GGAM's claims against Razon are not subject to the FAA and are triable. GGAM has demanded a trial by jury for those claims, which (a) seek a declaratory judgment that Razon is the alter ego of Debtor Defendants (for their liability as determined in the Award), and (b) seek to hold Razon liable for trespass to chattels. (2d Am. Compl. (ECF No. 218) at 1 and ¶¶231-59.)

Razon has served reports of five purported expert witnesses. Deposition discovery of those witnesses is ongoing. GGAM anticipates that it likely will seek to exclude at least some testimony of those witnesses on one or more grounds under the Federal Rules of Evidence. However, at this stage, it is premature to file (or to commit not to file) motions to exclude Razon's experts from testifying in his defense. Motions for summary judgment may be filed by GGAM and/or Razon, but are not required. The parties anticipate that Judge Schofield will set a schedule for any such motions at a conference in January, after the close of discovery.

### Conclusion

GGAM respectfully submits that the pending motions to exclude testimony of Rogers, Gushin, and Reeves should be briefed and decided without the delay proposed by Defendants.

**MINTZ**



The Honorable Sarah Netburn
November 29, 2022
Page 4

Respectfully submitted,

*/s/ Kevin N. Ainsworth*

Kevin N. Ainsworth
Member / Co-Chair, Cross-Border Asset Recovery Practice


cc: All counsel of record (via ECF)