**Kaitlyn A. Crowe**
212 692 6715
kacrowe@mintz.com




919 Third Avenue
New York, NY 10022
212 935 3000
mintz.com

December 12, 2022

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Global Gaming Philippines, LLC, v. Enrique Razon et al.*, No. 21-cv-2655 (LGS) (SN)

Dear Judge Schofield:

As directed by the Court's December 2, 2022 Order (ECF No. 311) ("Order"), plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "Global Gaming") provides this letter identifying dispositive motions and motions regarding expert testimony. As detailed below, Plaintiff intends to file dispositive motions and motions relating to expert testimony in both (a) the summary proceeding under Section 207 of the Federal Arbitration Act ("FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") to recognize and enforce the foreign arbitral award ("Award") against respondents Bloomberry Resorts and Hotels Inc. ("BRHI") and Sureste Properties, Inc. ("SPI" and, collectively with BRHI, the "Debtor Defendants"), and (b) Global Gaming's common law claims against defendant Enrique K. Razon, Jr. ("Razon").

The sequence and schedule we propose below recognizes the important statutory demarcation imposing different procedures for Global Gaming's action to recognize and enforce the Award (the "Summary Proceeding") against the Debtor Defendants, on the one hand, and Global Gaming's triable common law claims against Razon, on the other hand.[1] A proceeding to enforce the Award is not triable. Rather, the FAA instructs the Court to treat it as a motion.[2] As Your Honor and Judge Netburn have consistently recognized, "[i]t is well-settled that '[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"[3]

---

[1] Defendants recognize this demarcation as well. In September 2021, the Debtor Defendants, in connection with their request to delay Global Gaming's motion to recognize and enforce the Award, represented to the Court: "**we agree that the litigation should be sequenced so that recognition/enforcement is determined before any additional litigation relating to the alter ego and conversion claims**." Ltr. from Milbank to Hon. Lorna G. Schofield at 1 (Sept. 20, 2021) (ECF No. 160) (emphasis added).

[2] 9 U.S.C. §§ 6, 208; Fed. R. Civ. Proc. 81(a)(6)(B).

[3] ECF No. 170 at 2-3 (quoting *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021)).




In light of this important demarcation and as discussed below, Global Gaming's (1) forthcoming motion to recognize and enforce the Award and (2) pending motions to exclude the Debtor Defendants' purported expert witnesses—whose opinions relate only to the arbitration and reflect an improper attempt to relitigate the arbitration—should proceed on a different track than any dispositive motions related to Global Gaming's triable claims against Razon. The schedule proposed below is consistent with the policies underlying the FAA and New York Convention and provides for an orderly and logical disposition of the anticipated dispositive motions.

**<u>The New York Convention Proceeding Against Debtor Defendants</u>**

**1. Motion for Recognition and Enforcement of Foreign Arbitration Award**

Since the outset of this case, Plaintiff has sought recognition and enforcement of the Award, which will result in a judgment against the Debtor Defendants. There is no dispute as to the issuance of the Award by the arbitral tribunal ("Tribunal"),[4] and Debtor Defendants have not asserted a valid defense.

Confirmation of a foreign arbitral award "under the Convention is a summary proceeding in nature . . . ." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007); *see also* 9 U.S.C. § 6 (proceeding to be heard as a motion). The FAA provides that "[t]he court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added). Defendants have the burden to prove that a defense under the New York Convention applies. *Telenor Mobile Commc'ns. AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) (citations omitted). "The burden is a heavy one, as the showing required to avoid summary confirmance is high." *Id.*

Here, the Debtor Defendants cannot carry their heavy burden to establish a defense allowed by the New York Convention. While they purport to avail themselves of defenses enumerated by New York Convention Article V, they in fact do nothing more than seek to relitigate the arbitration—which is improper. *See, e.g.*, *Commodities & Minerals Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802 819 (2d Cir. 2022). Their purported defenses are based on the same debunked FCPA, fraud, and tax-related arguments rejected multiple times by the Tribunal and Singapore courts. As a matter of law, the Court here, sitting in secondary jurisdiction, "may not revisit or question the fact-finding or the reasoning which produced the award"—including the rejection of these defenses. *Yukos Capital S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 8, 11 (2d Cir. 2014) (internal quotation marks omitted).

Likewise, Debtor Defendants' argument that the Court lacks personal jurisdiction over them fails on the facts. In the Management Services Agreement, the Debtor Defendants consented

[4] Debtor Defendants admit that the Tribunal issued the Award. Debtor Defs.' Am. Answer (ECF No. 273) ¶193. The courts of Singapore, sitting in primary jurisdiction, have confirmed the Award. *See* ECF Nos. 301-4 – 301-7.




to jurisdiction for purposes of enforcing any arbitral award. They also "transact[ed] business" in New York within the meaning of the state's long-arm statute. CPLR 302(a)(1). While the statute "is a 'single act statute' and proof of *one* transaction in New York is sufficient to invoke jurisdiction," *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (emphasis added) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)), Debtor Defendants had myriad contacts with New York over two and one-half years in the negotiation, execution and performance of the MSA. These contacts are more than sufficient to meet both the requirements of CPLR 302(a)(1) and due process.

Finally, while Debtor Defendants' answer gives lip service to several other boilerplate defenses, (a) such defenses are not allowed under the New York Convention or FAA in a proceeding to recognize and enforce an award (9 U.S.C. § 207), and (b) in any event, the defenses were pled summarily without factual basis. Those deficiencies require their dismissal. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense."); *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98-99 (2d Cir. 2018) (affirming decision striking affirmative defenses because they were not supported by "factual allegations to make them plausible").

**2. Proposed Timing for Motion for Recognition and Enforcement**

Consistent with the important policies underlying the New York Convention, Global Gaming's motion for recognition and enforcement should be fully briefed and heard without further delay. Plaintiff proposes the following briefing schedule:

| | |
|---|---|
| January 9, 2023: | Plaintiff's Motion for Recognition and Enforcement |
| January 30, 2023: | Defendants' opposition brief |
| February 23, 2023: | Plaintiff's reply brief |

Based on the fact-intensive nature of the personal jurisdiction defense the Debtor Defendants have raised, Plaintiff requests relief from the Court's individual Rule III.B.3 which limits the number of exhibits and their lengths. While the full body of evidence on these defenses numbers hundreds of exhibits, Plaintiff has worked diligently to streamline its briefing and exhibits to present an efficient and non-cumulative showing to prove personal jurisdiction. Plaintiff respectfully requests leave to submit no more than 40 exhibits and leave to exceed the limit of fifteen pages per exhibit.

**3. Motions to Exclude Debtor Defendants' Proffered Expert Testimony**

Related to its motion for recognition and enforcement, Plaintiff has filed two motions (ECF Nos. 299-304), seeking to exclude testimony of three expert witnesses Debtor Defendants have identified to support their purported defenses to the enforcement and recognition of the Award. Those pending motions seek to halt the Debtor Defendants' third attempt to burden this Summary




Proceeding with relitigation of their failed arbitration defenses. The Court has already found that Debtor Defendants' FCPA argument and related procedural fraud argument were resolved in the arbitration and are not appropriately relitigated here.[5] The Court stated, "Given the New York Convention's emphasis on enforcing international arbitral awards and considerations of reciprocity, coupled with the evidence that suggests that these issues were previously litigated in the arbitration in question, the Court denies the Debtor Defendants' motion to compel Plaintiff."[6]

The Court also reiterated the policy "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."[7] In issuing and affirming those rulings, the Court joined the broad chorus of courts recognizing that merely allowing a defendant to inject issues resolved in arbitration back into enforcement litigation undermines important policy goals of the New York Convention and FAA. Debtor Defendants, however, having been blocked in their efforts to inject arbitration issues into the case through fact discovery, now seek to unilaterally revive the same tired defenses through 100 pages of purported expert witness opinions, including (1) a joint report of Frederic Gushin and Daniel Reeves (the "Spectrum Report"), who had submitted opinions in the arbitration that the Tribunal found irrelevant, and (2) a legal brief by their new attorney, Catherine Rogers, who raises similar issues as the Spectrum Report and advocates based on evidence she admits was "adduced in the arbitration itself."[8]

Through those witnesses, Debtor Defendants continue to advocate their baseless argument that the arbitral tribunal did not consider their defenses,[9] but (as noted above) this Court has already rejected that argument and determined that the issues were decided by the arbitral tribunal.[10] Debtor Defendants cannot relitigate those issues yet again, and Global Gaming's motions to exclude their expert reports seek to effectuate the well-settled federal policy at play in New York Convention cases "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."

Because Debtor Defendants' proffered testimony of those experts seeks only to relitigate arbitrated issues—which is not permitted—Plaintiff's pending motions seek to exclude that

---

[5] Order at 3-4 (Netburn, M.J.) (Sept. 16, 2021), ECF No. 155 (stating "documents from the Arbitral Tribunal's Final Award specifically addressed the issue of the Department of Justice's non-prosecution agreement with LVS and the Debtor Defendants' 'speculative' assertions as to Weidner's and Chiu's actions and their consequences"); ECF No. 170 (Order Overruling Objection to ECF No. 155 (Schofield, J.) (Oct. 12, 2021)) at 2.

[6] ECF No. 155 at 4 (internal quotation marks omitted).

[7] ECF No. 266 (quoting ECF No. 170 at 2-3); *see also* ECF No. 231.

[8] Expert Report of Catherine Rogers (Sept. 16, 2022) at 48.

[9] The Singapore Court of Appeal (sitting in primary jurisdiction) described this assertion as "startling" and a "woeful mischaracterisation of the Tribunal's reasoning in the Remedies Award." Judgment of Court of Appeal of Singapore, Oct. 4, 2021 (ECF No. 301-7 at ¶¶ 156-157).

[10] ECF Nos. 155, 231.




testimony primarily as irrelevant to the Summary Proceeding. The motions raise additional issues about the reliability and admissibility of the testimony of those experts. Those motions relate directly and only to Plaintiff's motion for recognition and enforcement of the Award in the Summary Proceeding and should be decided prior to or in conjunction with that motion. Plaintiff filed its opening papers on November 15, 2022 and requests the following briefing schedule, which aligns briefing with the proposed schedule for the Motion for Recognition and Enforcement:

January 30, 2023: Defendants' consolidated opposition brief.[11]

February 23, 2023: Plaintiff's consolidated reply brief

**<u>The Common Law Action Against Defendant Razon</u>**

**1. Motion for Summary Judgment**

In the case against Razon, Plaintiff anticipates moving for summary judgment on Count II for declaratory relief regarding veil piercing. "Summary judgment is proper where the record establishes that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Solid 21, Inc. v. Richemont N. Am., Inc.*, No. 19-cv-1262 (LGS), 2022 WL 4095911, at *2 (S.D.N.Y. Sep. 7, 2022) (Schofield, J.) (quoting Fed. R. Civ. P. 56(a)). Discovery has yielded sufficient evidence to prove that Debtor Defendants are alter ego instrumentalities of Razon, against which Razon will be unable to establish a genuine dispute.

In earlier briefing, the parties agreed that federal law or the law of New York applies to the question of whether Debtor Defendants are alter egos of Razon. (*See* ECF No. 118 at 15 n.18; ECF No. 134 at 17; ECF No. 147 at 9.) In denying Razon's motion to dismiss Count II, the Court held Philippine law applicable and recognized that, whether New York or Philippine law applied, Plaintiff's allegations support veil piercing. (*See* Opinion & Order entered Mar. 21, 2022 (ECF No. 216) ("Opinion").) As the motion will show, whether federal law, New York law, or Philippine law is applied, undisputed facts establish that Plaintiff is entitled to judgment as a matter of law.

To pierce the corporate veil under federal law, a plaintiff must show *either* (1) "an individual's total domination and control of a subject corporation such that she is conducting her own personal business rather than corporate business," *or* (2) "the individual used the corporate entity to perpetrate a fraud or injustice." *Garcia v. Vill. Red Rest. Corp.*, No. 15 CIV. 6292 (JCF), 2017 WL 1906861, at *7 (S.D.N.Y. May 8, 2017) (citations omitted). The Court's Opinion recognized that to prove a claim for veil piercing under Philippine law, a plaintiff must show that the corporation: (1) "is used to defeat public convenience, justify wrong, protect fraud, or defend crime," *or* (2) "is made as a shield to confuse the legitimate issues," *or* (3) "is the mere alter ego

[11] In ECF No. 306, before staying the motions pending the January 4 conference, Judge Netburn ordered Defendants to file a single opposition to both motions, not to exceed a total of 45 pages and Plaintiff to file a single reply not to exceed 20 pages. Plaintiff suggests continuing to use this consolidated approach.




or business conduit of a person," *or* (4) "is so organized and controlled and its affairs are so conducted as to make it merely an instrumentality, agency, conduit or adjunct of another corporation." (Opinion at 11-12 (citation omitted).) The Court also determined that "New York law has similar requirements, but in the conjunctive, rather than the alternative."[12] (*Id.* at 12.)

The Court's Opinion held that Plaintiff's allegations, if true were sufficient under the laws of both New York and the Republic of the Philippines to establish both Razon's domination and control of the Debtor Defendants, and a wrong against Plaintiff. (ECF No. 216 at 9, 12.) The evidence adduced in discovery is sufficient to prove these allegations true, negate any genuine dispute and meet the requirements for veil piercing under federal law, New York law, and Philippine law.

For example, there is no genuine issue of fact concerning Razon's domination and control over Debtor Defendants. Plaintiff's motion will prove its allegations regarding the corporate structure of BRC, Razon's ownership interest in the Debtor Defendants, Razon's relationships with their directors and officers, Razon's use of corporate resources for personal use, and Razon's own admissions establishing the absolute nature of his domination and control. Plaintiff's motion will also prove the alleged wrongs, *i.e.,* that Razon, acting for his personal benefit, caused the Debtor Defendants to terminate the MSA and to deny Plaintiff its right to sell its Option Shares and to receive dividends on those shares, and that Razon continues to use his domination and control to cause the Debtor Defendants to obstruct Plaintiff's lawful rights in the Option Shares and to the remedies granted by the Tribunal in its Final Award.

Global Gaming expects Razon will oppose its motion for summary judgment based, in part, on testimony of his expert witness, Teresita J. Herbosa, whose views of Philippine law differ from the case law and the standard properly identified by Your Honor in the Opinion, which denied Razon's previous motion to dismiss. (ECF No. 216.)[13] Nonetheless, although Ms. Herbosa's interpretation of Philippine law is improper, incomplete and advocates an unsupportable legal standard, Plaintiff's evidence meets even the standard she articulates. Razon will be unable to establish a genuine dispute of material fact.

**2. Proposed Timing for Motions for Summary Judgment**

Plaintiff anticipates that Razon will likewise move for summary judgment and proposes the following briefing schedule for the dueling motions:

---

[12] Thus, the disjunctive veil piercing standard under Philippine law is similar to the Second Circuit's. *See Status Int'l S.A. v. M & D Mar. Ltd.*, 994 F. Supp. 186 & n.4 (S.D.N.Y. 1998) (standard for veil piercing under New York and Second Circuit law is the same, except New York requires a showing of both requirements).

[13] As set forth in greater detail below, Plaintiff plans to file a motion to exclude or limit the expert testimony of Ms. Herbosa, whose proffered testimony is inadmissible. *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) (expert witnesses may not "present testimony in the form of legal conclusions" (citations omitted)).




February 6, 2023: Moving papers by both sides

March 6, 2023: Opposition papers by both sides

**3. Motions Relating to Razon's Proffered Expert Testimony**

Plaintiff anticipates making motions to exclude or limit testimony of each of Razon's expert witnesses pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592-93, 597 (1993), Federal Rules of Evidence 401, 403, 702, 703, and other applicable law.

Razon has named the following experts in this case:

- Richard V. Smith (offering testimony related to executive compensation as well as the commonality of indemnification provisions in the United States);
- Teresita Herbosa (offering testimony related to the legal test for alter ego and applicability of Philippine law; also named as a rebuttal expert offered in response to Global Gaming's alter ego expert Troy Dahlberg);
- Merritt B. Fox (rebuttal offered in response to Global Gaming's alter ego expert Troy Dahlberg);
- Marc J. Brown (rebuttal offered in response to Global Gaming's valuation and damages expert Atanu Saha regarding the claim against Razon for trespass to chattels); and
- Cynthia Roxas-Del Castillo (rebuttal offered in response to Global Gaming's capital market expert Talis Putnins).

Plaintiff's motions concerning those experts will relate exclusively to the triable claims against Razon, and are not related to the Summary Proceeding against Debtor Defendants. Accordingly, Plaintiff is not aware of any reason why these motions should be briefed or heard earlier than the Court's usual procedure for pre-trial motions *in limine*.

Respectfully submitted,

K. Crowe

Kaitlyn A. Crowe

cc: All Counsel of Record (via ECF)