```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GLOBAL GAMING PHILIPPINES, LLC,                             :
                                      Plaintiff,            :    21 Civ. 2655 (LGS)
                                                            :
                   -against-                                :    **ORDER**
                                                            :
ENRIQUE K. RAZON, JR., et al.,                              :
                                      Defendants.           :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Case Management Plan and Scheduling Order, issued May 13, 2021, scheduled a conference following the close of discovery regarding contemplated dispositive motions. An Order issued October 7, 2022, adjourned this conference to January 4, 2023.

WHEREAS, on April 18, 2022, Defendant Enrique Razon Jr. ("Razon") filed a motion to dismiss Count V of the Second Amended Complaint (the "Trespass Claim"). This motion remains pending.

WHEREAS, on November 15, 2022, Plaintiff filed two motions in limine to exclude expert reports and testimony offered by Defendants Bloomberry Resorts and Hotels Inc. and Sureste Properties Inc. (the "Debtor Defendants").

WHEREAS, on December 12, 2022, the parties filed letters describing their anticipated motions for summary judgment and associated motions regarding expert testimony and other evidentiary matters. On December 19, 2022, the parties filed letters in response to each other's pre-motion letters.

WHEREAS, on December 19, 2022, Plaintiff filed a letter motion to file information contained within their response to Defendants' pre-motion letters under seal. The letter sought to file information under seal pursuant to the Stipulated Confidentiality Order in place in this

action.  Individual Rule I.D.3 requires a party with an interest in confidential treatment to file a letter within two business days of the filing of a motion to file under seal explaining why sealing is appropriate.  Plaintiff's letter identified Defendants as the parties with an interest in confidential treatment who bear the burden of persuasion.  No Defendant has filed a letter in support of the motion to seal.  It is hereby

    **ORDERED** that the case management conference scheduled for January 4, 2023, is **CANCELLED**.  It is further

    **ORDERED** that Plaintiff's motion to recognize and enforce the foreign arbitral award against Debtor Defendants and Debtor Defendants' cross-motion for summary judgment on the claims relating to enforcement, including the defense of lack of personal jurisdiction, shall be briefed on the following schedule:

- By **January 25, 2023**, Plaintiff shall file its motion to recognize and enforce the foreign arbitral award.
- By **February 22, 2023**, Debtor Defendants shall file their opposition and any related cross-motion for summary judgment.
- By **March 22, 2023**, Plaintiff shall file its reply in support of its motion and its opposition to Debtor Defendant's motion.
- By **April 5, 2023**, Debtor Defendants shall file their reply in support of their motion.

Plaintiff and the Debtor Defendants are each limited to fifty (50) pages of briefing in total, which they may allocate as they wish between the two memoranda of law.  Plaintiff's request for additional exhibits to respond to the personal jurisdiction defense is granted in part and denied in part as follows:  each side may file a maximum of 225 pages of exhibits in total for the foregoing motions and cross motions regardless of the total number of exhibits.  It is further

**ORDERED** that Razon's motion for summary judgment and Plaintiff's cross-motion for summary judgment with respect to any claims against Razon shall be briefed on the following schedule:

- By **January 25, 2023**, Razon shall file his motion for summary judgment.
- By **February 22, 2023**, Plaintiff shall file its opposition and cross-motion for summary judgment.
- By **March 22, 2023**, Razon shall file his reply in support of his motion and his opposition to Plaintiff's motion.
- By **April 5, 2023**, Plaintiff shall file its reply in support of its motion.

Plaintiff and Razon are limited to fifty (50) pages of briefing in total, which they may allocate as they wish between the two memoranda of law.   It is further

**ORDERED** that Plaintiff's previously-filed motions to exclude the expert testimony of Catherine Rogers and to exclude the Spectrum Report are **DENIED**, without prejudice to renewal.  Plaintiff's motions to exclude expert testimony from Debtor Defendants' experts shall be briefed on the following schedule:

- By **February 22, 2023,** Plaintiff shall re-file the motions as one motion to exclude expert testimony.
- By **March 22, 2023,** Debtor Defendants shall file their opposition.

No reply shall be filed.  Each memorandum of law shall not exceed twenty pages in total.  It is further

**ORDERED** that Defendant Razon's motion to exclude expert testimony from Plaintiff's expert, Troy Dahlberg, shall be briefed on the following schedule:

- By **February 22, 2023,** Razon shall file the motion.

- By **March 22, 2023,** Plaintiff shall file its opposition.

No reply shall be filed.  Each memorandum of law shall not exceed ten pages in total.  It is further

**ORDERED** that for all of the foregoing motions, any expert report (or portions of an expert report) filed as an exhibit shall count toward the page total.  Any party that files portions of an expert report or deposition as an exhibit shall provide the Court with an electronic, text-searchable courtesy copy of the entire document, which will not count toward the page total.  The parties shall email Schofield_NYSDChambers@nysd.uscourts.gov requesting a link to upload such a courtesy copy.  The parties shall not file or provide multiple copies of the entirety of any expert report, even if relevant to multiple motions.  It is further

**ORDERED** that, except as provided above, the parties shall follow the Court's Individual Rules regarding these motions, including limitations regarding exhibits.

**ORDERED** that the parties' motions for summary judgment and opposition shall incorporate any relevant evidentiary objections.  The parties shall not file a separate motion regarding any such objection.  It is further

**ORDERED** that the parties shall brief their respective motions for summary judgment aware that the Trespass Claim survives Razon's pending motion to dismiss.  A decision is forthcoming and will be issued in January.  It is further

**ORDERED** that Plaintiff's motion to file under seal portions of its letter in response to Defendants' pre-motion letters is **DENIED**.  The parties are reminded that a presumption of public access applies to judicial records and that a party's designation of a document as confidential does not, in and of itself, rebut this presumption.

The Clerk of Court is respectfully directed to close the motions at Dkt. 299 and Dkt. 302, and to unseal the document at Dkt. 319.

Dated: December 30, 2022
      New York, New York

                                                  LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE