

January 11, 2023

**Application GRANTED.** Plaintiff and Defendant Razon may each file a maximum of 225 pages of exhibits in total in connection with their cross-motions for summary judgment with respect to any claims against Razon, regardless of the total number of exhibits. So Ordered.

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Dated: January 12, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Global Gaming Philippines, LLC v. Razon, et al.*, No. 21-cv-2655

Dear Judge Schofield:

We write on behalf of Defendant Enrique K. Razon, Jr. to request that Mr. Razon be permitted to submit more than 15 exhibits, but a maximum of 225 exhibit pages, in support of his motion for summary judgment due on January 25, 2023. This request is consistent with the Court's December 30 Order (ECF No. 321) at 2, regarding the briefing of Plaintiff's award-enforcement motion and the Bloomberry Defendants' cross-motion.

Plaintiff has claimed that Mr. Razon has caused the Bloomberry Defendants to take at least three separate wrongful actions. *See* ECF No. 314 at 2. For each of these supposed wrongful actions, each of the Bloomberry Defendants held one or more board meetings, which were documented in board minutes, evidencing strict compliance with corporate formalities (a factor that weighs heavily against a finding of alter ego liability). Those board minutes alone take up 10 separate exhibits. In addition, Plaintiff has asserted that the injunction entered by a Philippine court precluding Plaintiff from selling the Option Shares is somehow no longer in force in the Philippines and/or is a basis for the trespass to chattels claim. The status and legitimacy of the injunction, however, was heavily litigated in the Philippine judicial system, as evidenced by up to six judicial opinions and court filings. Those six documents plus the 10 board minutes would put Mr. Razon over the 15-exhibit limit. We also plan to cite several deposition transcripts and at least one expert report that deals with issues at the core of Mr. Razon's motion for summary judgment. We are confident that we do not need to exceed a maximum number of 225 exhibit pages, and thus are only requesting a relaxation of the Court's limitation on the number of exhibits, not an expansion of the total number of exhibit pages permitted.

Respectfully submitted,

Rachel Penski Fissell

WALFISH & FISSELL PLLC