1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2
   - - - - - - - - - - - - - - - - - - x
3                                      :
   GLOBAL GAMING PHILIPPINES, LLC,     :
4                                      :
            Plaintiff,                 :
5                                      :
        v.                             : Case No.
6                                      : 21 Cv. 2655
   ENRIQUE K. RAZON, JR.;              : (LGS)(SN)
7  BLOOMBERRY RESORTS AND HOTELS INC.; :
   SURESTE PROPERTIES INC.;            :
8                                      :
            Defendants.                :
9                                      :
   - - - - - - - - - - - - - - - - - - x
10
              REMOTE VIDEOTAPED DEPOSITION OF
11                ENRIQUE RAZON, VOLUME II
                     May 26, 2022
12
        REMOTE VIDEOTAPED DEPOSITION OF ENRIQUE K.
13  RAZON, produced as a witness at the instance of the
    Plaintiff, and duly sworn remotely, was taken in the
14  above-styled and numbered cause on May 27, 2022,
    from 8:36 a.m., (KST) to 12:33 p.m., (KST), remotely
15  before Dawn K. Larson, RDR, CRR, reported by machine
    shorthand, pursuant to the 30(b)(6) Federal Rules of
16  Civil Procedure and the provisions stated on the
    record.
17                  ***CONFIDENTIAL***

18

19

20

21

22

23

24

25

Page 261

1 the one supposed to be answering those questions on
2 operations.
3      Q.   But you believe that GGAM's obligation to
4 answer that question was a basic component of the
5 relationship created by the MSA; correct?
6      A.   Yes.
7           MS. FISSELL:  Objection.
8           You can answer.
9           BY MR. PASCUCCI:
10     Q.   You can answer.
11     A.   Yes.  Yes.
12     Q.   Mr. Stone participated fairly actively in
13 the roadshow; correct?
14     A.   He did, yes.
15     Q.   And Mr. Weidner participated at times in
16 the roadshow?
17     A.   Only once, in the lunch.
18     Q.   You were present in the United States for
19 the roadshow at times; correct?
20     A.   I was present, yes, for the lunch.
21     Q.   But you also attended meetings in New York
22 with large institutional investors; correct?
23     A.   Yes, the ones that I had known and were
24 existing ICTSI investors.
25     Q.   Let's put up Tab 86.  This is the

Page 262

1 transcript we looked at significantly yesterday of
2 your arbitration testimony.  Let's go to Page 99.
3           While we're doing that, we will mark
4 Tab 86 as Exhibit 164.
5           (Plaintiff's Exhibit 164 was marked.)
6           BY MR. PASCUCCI:
7      Q.   All right.  Let's go down -- I think it's
8 the next page we are looking for.
9           Okay.  So it scrolls -- it straddles.
10 Right there.  That's perfect.
11          You were asked the question:  "You were
12 present in Hong Kong and in New York and that's all;
13 is that right?"
14          And you answered:  "No.  My job was to
15 meet with the largest institutional investors on a
16 one-to-one basis in Hong Kong, London, and New York,
17 which is what I did."
18          The next question is:  "But the rest of
19 the roadshow was led by Mr. Stone; correct?"
20          And you answered:  "Correct, yes, for the
21 slideshow."
22          Was that testimony true testimony when you
23 gave it?
24     A.   Yes.
25     Q.   And it's consistent with your recollection

Page 263

1 as you sit here today?
2      A.   It is, yeah.
3      Q.   In addition to these investor meetings you
4 described, you also attended a closing dinner after
5 the roadshow in New York; correct?
6      A.   That's right.  That's correct.
7      Q.   That was a separate trip from the investor
8 meeting you describe in Line 3 of --
9      A.   Same trip.  Same trip.
10     Q.   So you did both those in one trip?
11     A.   Yes.
12     Q.   And how did you get to New York for that
13 trip?
14     A.   I guess I -- I presume I flew in my plane,
15 yeah.
16     Q.   Which one?  Do you recall?
17     A.   At the time -- what year was this?  2012;
18 right?  Yeah, that was the Gulfstream.
19     Q.   Which one?  They are all Gulfstreams.
20     A.   I only had one at the time, 818.
21     Q.   So it was the 818 Gulfstream that we
22 talked about yesterday?
23     A.   Yes.
24     Q.   You also attended meetings in Boston;
25 correct?

Page 264

1      A.   No, I didn't.
2      Q.   So you didn't attend any Boston roadshow
3 meetings or investor meetings relating to the IPO or
4 top-up offering of BRC?
5      A.   No.
6      Q.   Did you attend any meetings related to --
7 did you attend any meetings with potential investors
8 in BRC in any U.S. cities other than New York?
9      A.   Washington, D.C., yeah.
10     Q.   How many times?
11     A.   Washington, D.C. would have been twice.
12     Q.   And when were those meetings?
13     A.   That was -- those meetings were Chapman
14 Taylor -- I think the same time.
15     Q.   On the same trip as the New York one you
16 just described?
17     A.   I'm not 100 percent sure.
18     Q.   But sometime around the time of the New
19 York trip?
20     A.   Yeah, it would have been the same time.
21 Yeah.
22     Q.   Are you familiar with a gentleman named
23 Leo Valensuela?
24     A.   Leo Valensuela?  Name rings a bell.
25     Q.   Maybe we can refresh your recollection.

1                        REPORTER'S CERTIFICATE

2

3              I, Dawn K. Larson, Registered Diplomate

4     Reporter, Certified Realtime Reporter, Certified

5     Realtime Captioner, and Notary Public within the

6     State of Utah, do hereby certify that, previous to

7     the commencement of the examination, the deponent

8     was remotely duly sworn by me to testify to the

9     truth.

10             I further certify this deposition was

11    taken remotely in shorthand by me and thereafter

12    reduced to typewritten form, that the foregoing

13    constitutes a true and correct transcript.

14             I further certify that I am not related

15    to, employed by, nor of counsel for any of the

16    parties or attorneys herein, nor otherwise

17    interested in the result of the within action.

18             In witness whereof, I have hereunto

19    affixed my hand and seal.  My commission expires:

20    January 31, 2023.

21

22

23    _____

24    Dawn K. Larson, MBA, RDR, CRR, CRC
      Notary Public

25