**Fissell Decl. Ex. 6**

| | |
|---|---|
| **From:** | Benny J. Tan <sjtan@picazolaw.com> |
| **Sent:** | Friday, February 3, 2012 11:44 AM |
| **To:** | EOccena@ICTSI.com |
| **Subject:** | [Fwd: Sureste/GGAM - Equity Transaction Documents] |
| **Attach:** | Comparison__69298254_1-_69298254_3.pdf; Comparison__69298242_1-_69298242_3.pdf; #69298254v3_LEGAL_USW_ - GGAM-Bloomberry Option Agreement.DOC; Equity Issue List(69889689_3).DOC; #69298242v3_LEGAL_USW_ - GGAM-Bloomberry Shareholder Agreement.DOC |

**Redacted**

-------- Original Message --------
**Subject:** Sureste/GGAM - Equity Transaction Documents
**Date:** Mon, 30 Jan 2012 21:55:31 -0800
**From:** Myers, Jeffrey T. <jeffreymyers@paulhastings.com>
**To:** Benny Tan <sjtan@picazolaw.com>
**CC:** Kirkbride, Rick S. <rickkirkbride@paulhastings.com>

Benny,

I hope you had a great holiday and new year! In an attempt to keep the equity transaction moving forward, attached please find (i) a revised draft of the Equity Option and Purchase Agreement together with a blackline reflecting all changes; (ii) a revised draft of the Shareholders Agreement together with a blackline reflecting all changes; and (iii) a draft issue list highlighting the open business points. There are some matters that remain subject to Puno & Puno's review from a local law perspective; however, we have done our best to raise all of the material business issues in the issue list to make the review easier for the principals.

Please do not hesitate to contact me with any questions or comments regarding the attached.

Best Regards,

Jeff

 **Jeff Myers | Associate, Real Estate Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6258 | Main: +1.213.683.6000 | Fax: +1.213.996.3258 | jeffreymyers@paulhastings.com | www.paulhastings.com



## GGAM/SURESTE

### Stock Option and Shareholders Rights

#### Issues List

| OPEN ISSUE | SURESTE POSITION | GGAM POSITION |
|---|---|---|
| **Equity Option and Purchase Agreement** | | |
| 1. Whether Global Gaming Philippines LLC, the manager under the MSA, is the only entity that has the right to exercise the option | Mr. Razon granted the option to Global Gaming Philippines LLC only | For various structuring reasons – both tax and general corp. organization – GGAM would request the right to exercise the option via Global Gaming Philippines LLC or another affiliate entity with the same upstream corporate structure (i.e., owned by Bill, Brad and Garry) |
| 2. Whether Mr. Razon would be held jointly and severally liable for liabilities and obligations of Grantor | This is not acceptable to Sureste | The proposed language was included in the initial draft only because we did not know the identity of "Grantor". So long as Prime Metroline will hold Mr. Razon's shares in AAI, GGAM agrees that Mr. Razon will not be personally liable under the Option Agreement. We have deleted this language and substituted it with a standard indemnity clause from Grantor |
| 3. Whether GGAM's right to 10% of the project or the entity owning the project is diluted in the event that Prime Metroline does not acquire 100% of AAI | Both Prime and GGAM would be diluted proportionately by the remaining minority members of AAI | GGAM would not be diluted. Just as you confirmed that the business deal was not to give GGAM any rights to acquire more than 10%, our position is that any dilution that results from the back-door merger should be attributed to Prime's interest only |
| 4. Whether GGAM has the right to dispute Prime's calculation of "Grantor's Equity Contribution" | GGAM can have access to books and records, but Sureste rejects the proposed language that would give GGAM the right to challenge the calculation and submit the dispute to an Expert for resolution. Sureste proposes in lieu of GGAM's right to challenge, Sureste would | [Sureste proposal remains under consideration with GGAM – To Be Discussed] |

LEGAL US W # 69889689.3

CONFIDENTIAL

BRHI_0024681

GGAM-SDNY-0040117