Fissell Decl.
Ex. 28



Republic of the Philippines
# Court of Appeals
Manila

SPECIAL TENTH (10th) DIVISION

| | |
|---|---|
| **GLOBAL GAMING PHILIPPINES LLC,** *Petitioner,* | CA-G.R. SP NO. 134340 |
| | Members: |
| *- versus -* | DIMAAMPAO, J.B., *Chairperson,* |
| | *SORONGON, E.D., & |
| **BLOOMBERRY RESORTS AND HOTELS INC., SURESTE PROPERTIES, INC., PRIME METROLINE HOLDINGS INC.,** | MANAHAN, C. S., *JJ.* |
| | Promulgated: |
| *Respondents.* | MAY 29 2015 |

## RESOLUTION

SALANDANAN-MANAHAN, *J.*:

Given that all the necessary pleadings were filed, the following are now ripe for the Court's consideration:

1.) Petitioner Global Gaming Philippines LLC's (GGAM) Petition for Review on Certiorari[1] filed pursuant to Rule 19.12 of the Special Rules of Court on Alternative Dispute Resolution (Special ADR Rules) which seeks to annul the February 25, 2014 Order[2] of the Regional Trial Court, Branch 66, Makati City (RTC, Branch 66) in the case entitled "BLOOMBERRY RESORTS AND HOTELS, INC., SURESTE PROPERTIES, INC., AND PRIME METROLINE HOLDINGS, INC., Petitioners, -versus- GLOBAL GAMING PHILIPPINES LLC, DEUTCHE REGIS PARTNERS, INC.,

---
*Vice Justice Franchito N. Diamante per Office Order No. 200-15-ABR dated May 19, 2015
[1] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82
[2] Rollo, pp. 94-103a

PHILIPPINE STOCK EXCHANGE AND JOHN DOES, Respondents." docketed as Spec. Proc. No. M-7567; and,

2.) Petitioner GGAM's "MANIFESTATION AND MOTION TO IMPLEMENT 'ORDER IN RESPECT OF CLAIMANTS' INTERIM MEASURES' APPLICATION' ISSUED BY THE TRIBUNAL CONSTITUTED IN ACCORDANCE WITH A MANAGEMENT SERVICES AGREEMENT DATED 9 SEPTEMBER 2011 AND THE UNCITRAL ARBITRATION RULES 2010"[3] (Manifestation and Motion).

### *Factual Antecedents*

The instant Petition[4] stemmed from respondents Bloomberry Resorts and Hotels, Inc. (BRHI), Sureste Properties Inc. (SPI) and Prime Metroline Holdings, Inc.'s (PMHI) filing of an Urgent Petition for Issuance of Interim Measures of Protection[5] on January 17, 2014 before the RTC, Branch 66 which case was docketed as Spec. Proc. No. M-7567. Respondents BRHI, SPI and PMHI prayed for the following reliefs:

> "WHEREFORE, premises considered, the Petitioners respectfully pray that the Honorable Court:
>
> 1. Through the Honorable Executive Judge, or the Honorable acting/assisting Executive Judge in the absence of the Honorable Executive Judge, or the Honorable Presiding Judge, immediately upon filing of this *Petition*, issue *ex-parte* a 72-hour temporary restraining order/temporary order of protection and/or a 20-day temporary order of protection directing Respondent Global Gaming Philippines LLC or any of its directors, officers, its placement agents, Respondent Deutsche Regis Partners, Inc. as stockbroker and nominee account holder,

---

[3] Rollo, pp. 1213-1221
[4] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82
[5] Rollo, pp. 110-135; "URGENT PETITION FOR ISSUANCE OF INTERIM MEASURES OF PROTECTION with Very Urgent Prayer for the Issuance of an Ex-Parte Temporary Order of Protection (Including a 72-Hour Temporary Restraining Order/Temporary Order of Protection) by the Honorable Executive Judge (or by the Honorable Acting/Assistant Executive Judge in the absence of the Honorable Executive Judge) or the Honorable Presiding Judge and Application for Special Raffle"

has the option to claim damages against the Petitioners and if Respondent GGAM wins an award for damages in the arbitration proceedings, it can be enforced against not only the bond of the Petitioners but also against the assets of the Petitioners including that of Solaire Resort & Casino."[15]

Pursuant to the Order, the RTC issued the Writs of Attachment[16] and Preliminary Injunction[17] on February 27, 2014.

Consequently, petitioner GGAM filed the instant Petition[18] dated March 11, 2014, praying for the following:

> "WHEREFORE, petitioner GLOBAL GAMING PHILIPPINES LLC most respectfully prays that Judgment be rendered annulling the RTC 'Order' of February 25, 2014, cancelling the Writs of Preliminary Injunction and Preliminary Attachment issued on February 27, 2014, and ordering the dismissal of the 'Urgent Petition' dated January 17, 2014.
>
> GLOBAL GAMING PHILIPPINES LLC likewise prays for other reliefs just and equitable under the premises."[19]

In response to petitioner GGAM's Petition, respondents BRHI, SPI and PMHI filed their Comment/Opposition[20] dated April 21, 2014 which prayed as follows:

> "WHEREFORE, Respondents BRHI, SPI, and PMHI respectfully pray the the Honorable Court deny the 11 March 2014 *Petition for Review on Certiorari* of Petitioner GGAM for all or any of the grounds explained above.

---

[15] Rollo, pp. 102-103
[16] Rollo, p. 108
[17] Rollo, p. 109
[18] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82
[19] Rollo, p. 79
[20] Rollo, pp. 931-953

GGAM-SDNY-0188370

before the Philippine Court of Appeals in the case entitled '*Global Gaming Philippines LLC vs. Bloomberry Resorts and Hotels, Inc., et al.*', CA-G.R. SP No. 134340, and to the Regional Trial Court of Makati City, Philippines in the case entitled '*Bloomberry Resorts and Hotels, Inc., et al. vs. Global Gaming Philippines LLC, et al.*', Spec. Proc. No. M-7567 and to assure its implementation."[26] *(Emphasis and Italics were made in the original)*

Pursuant to the Arbitral Tribunal's Order dated December 9, 2014, petitioner GGAM filed its Manifestation and Motion[27] on December 15, 2014. Petitioner GGAM argued that the tenor and language of the Arbitral Tribunal's Order dated December 9, 2014 is self-executing.[28] It added that "the instant 'Petition for Review' shall, upon its implementation, become moot and academic."[29] Thus, petitioner GGAM's prayer in its Manifestation and Motion[30], which includes paragraph 141 as stated on pages 10 and 11 hereof, are as follows:

"1. That the Court take note of the 'Order In Respect of Claimants' Interim Measures' Application' dated 9 December 2014 and made in Singapore;

2. That judgment be rendered confirming the above Order of the Arbitral Tribunal as follows:

137. In its final Order dated February 25, 2014 in the case entitled '*Bloomberry Resorts and Hotels, Inc., et al. vs. Global Gaming Philippines LLC, et al.*', Spec. Proc. No. M-7567, the Regional Trial Court of Makati City, Philippines, decreed that in accordance with Rule 5.6 of the Special ADR Rules, its '*interim measures of protection are issued without prejudice to subsequent grant, modification, amendment, revision or revocation by the arbitral tribunal in Singapore, once the same is duly constituted*' and the Tribunal, having been duly constituted, and upon motion and hearing having ruled as set forth below.

---

[26] Rollo, pp. 1409-1410  
[27] Rollo, pp. 1213-1221  
[28] Rollo, p. 1216  
[29] Rollo, p. 1217  
[30] Rollo, pp. 1213-1221

GGAM-SDNY-0188373

> 138. The Tribunal hereby:
>
> (b) Restores the Parties to the *status quo ante* as of 15 January 2014, so that:
>
>> (iii) The Second Philippine Court Order is hereby **revoked** or superseded by this Order; and
>>
>> (iv) The Claimants are henceforth **free to deal with the Shares**, and this includes, out of an abundance of caution, the right to sell or dispose of the Shares at their discretion.
>
> xxx
>
> 3. The case be remanded to the RTC Makati for the issuance of any further implementing measure or order as may be necessary and appropriate.
>
> GLOBAL GAMING PHILIPPINES LLC likewise prays for other reliefs just and equitable under the premises."[31]

On February 5, 2015, respondents filed their Comment[32] to petitioner GGAM's Manifestation and Motion. Thereafter, petitioner filed its Reply[33] on February 9, 2015.

### *Ruling*

The instant Petition[34] has been rendered moot and academic by the Arbitral Tribunal's Order[35] dated December 9, 2014.

---

[31] Rollo, pp. 1218-1219
[32] Rollo, pp. 1276-1287
[33] Rollo, pp. 1348-1363
[34] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82
[35] Rollo, pp. 1370-1411

GGAM-SDNY-0188374

act to be enjoined is located; (iii) where any of the parties to the dispute resides or has his place of business; or (iv) in the National Judicial Capital Region, at the option of the applicant." *(Emphasis and Italics were made in the original)*

### Special ADR Rules

"**RULE 13: RECOGNITION AND ENFORCEMENT OF A FOREIGN ARBITRAL AWARD**

**Rule 13.1.** *Who may request recognition and enforcement.* - Any party to a foreign arbitration may petition the court to recognize and enforce a foreign arbitral award.

**Rule 13.2.** *When to petition.* - At any time after receipt of a foreign arbitral award, any party to arbitration may petition the proper Regional Trial Court to recognize and enforce such award.

**Rule 13.3.** *Venue.* - The petition to recognize and enforce a foreign arbitral award shall be filed, at the option of the petitioner, with the Regional Trial Court (a) where the assets to be attached or levied upon is located, (b) where the act to be enjoined is being performed, (c) in the principal place of business in the Philippines of any of the parties, (d) if any of the parties is an individual, where any of those individuals resides, or (e) in the National Capital Judicial Region." *(Emphasis and Italics were made in the original)*

As can be gleaned from the above quoted provisions, the recognition and enforcement of a foreign arbitral award properly pertains to the Regional Trial Court. Hence, there is a need to remand the case to the RTC, Branch 66 in order to conduct further proceedings for the recognition and enforcement of the Arbitral Tribunal's Order dated December 9, 2014. Such remand is also in accordance with the Arbitral Tribunal's directive for the parties to bring the resolution before the RTC, Branch 66 in Spec. Proc. No. M-7567 and to assure its implementation.[44]

---

[44] Rollo, p. 1410

**WHEREFORE,** the instant Petition is **DISMISSED** for being moot and academic. The case is **REMANDED** to the Regional Trial Court, Branch 66, Makati City for further proceedings regarding the recognition and enforcement of the Arbitration Tribunal's Order dated December 9, 2014.

**SO ORDERED.**

CARMELITA SALANDANAN-MANAHAN
*Associate Justice*

*WE CONCUR:*

JAFAR B. DIMAAMPAO
*Associate Justice*

EDWIN D. SORONGON
*Associate Justice*

GGAM-SDNY-0188378