

Republic of the Philippines
# Court of Appeals
Manila

FORMER SPECIAL TENTH (10th) DIVISION

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES LLC, | CA-G.R. SP NO. 134340 |
| *Petitioner,* | Members: |
| - *versus* - | |
| BLOOMBERRY RESORTS AND HOTELS INC., SURESTE PROPERTIES, INC., PRIME METROLINE HOLDINGS INC., | DIMAAMPAO, J. B., *Chairperson,* \*SORONGON, E. D., & MANAHAN, C. S., *JJ.* |
| | Promulgated: |
| *Respondents.* | 27 NOV 2015 |

## RESOLUTION

SALANDANAN MANAHAN, C., J.:

On May 29, 2015, We issued a Resolution[1] resolving petitioner Global Gaming Philippines LLC's (GGAM) Petition for Review on Certiorari[2] and petitioner's "MANIFESTATION AND MOTION TO IMPLEMENT 'ORDER IN RESPECT OF CLAIMANTS' INTERIM MEASURES' APPLICATION' ISSUED BY THE TRIBUNAL CONSTITUTED IN ACCORDANCE WITH A MANAGEMENT SERVICES AGREEMENT DATED 9 SEPTEMBER 2011 AND THE

---
\*Vice Justice Franchito N. Diamante per Office Order No. 200-15-ABR dated May 19, 2015
[1] Rollo, pp.1433-1448
[2] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82

Subject to Arbitration Confidentiality Orders

BLOOM_0101223

Fissell Decl. Ex. 29

UNCITRAL ARBITRATION RULES 2010"[3] (Manifestation and Motion). The dispositive portion of the Resolution[4] reads:

> "**WHEREFORE**, the instant Petition is **DISMISSED** for being moot and academic. The case is **REMANDED** to the Regional Trial Court, Branch 66, Makati City for further proceedings regarding the recognition and enforcement of the Arbitration Tribunal's Order dated December 9, 2014.
>
> **SO ORDERED**."[5] (Emphasis was made in the original)

On June 8, 2015, respondents Bloomberry Resorts and Hotels, Inc. (BRHI), Sureste Properties Inc. (SPI) and Prime Metroline Holdings, Inc.'s (PMHI) filed a Motion For Clarification[6] requesting for the clarification of the statement on page thirteen (13) of the May 29, 2015 Resolution[7] that *"[c]onsidering that the Arbitral Tribunal's Order dated December 9, 2014 not only superseded the assailed February 25, 2014 Order but also vacated and lifted the Writs of Attachment and Preliminary Injunction, then nothing is left for this Court to annul or act upon."*[8]

According to respondents BRHI, SPI and PMHI, the statement on its own may be misinterpreted to mean 1.) that the lifting of the Writs of Attachment and Preliminary Injunction are *ipso facto* consequences of the Arbitral Tribunal's Order dated December 9, 2014, and/or 2.) that the Honorable Court has already recognized and enforced the Arbitral Tribunal's Order dated December 9, 2014.[9] Thus, respondents prayed as follows:

> "**WHEREFORE**, the Respondents respectfully pray for a clarification on the 29 May 2015 *Resolution* of the Honorable Court, particularly that the Honorable Court declare *[i]* that it has not recognized and enforced the Arbitral Tribunal's *Order* dated 9

---

[3] Rollo, pp. 1213-1221
[4] Rollo, pp.1433-1448
[5] Rollo, p. 1448
[6] Rollo, pp. 1449-1454
[7] Rollo, pp.1433-1448
[8] Rollo, p. 1450
[9] Rollo, p. 1450

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court
BY: ATTY. ___ D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:
Proofread By:

Subject to Arbitration Confidentiality Orders
BLOOM_0101224

December 2014 as the recognition and enforcement of a foreign arbitral award pertains to the Regional Trial Court and *[ii]* that the writs of attachment and preliminary injunction are not *ipso facto* lifted and that the same may only be lifted and/or vacated once the procedure prescribed by the Alternative Dispute Resolution Act of 2004 and the Special ADR Rules for the recognition and enforcement of the Arbitral Tribunal's *Order* dated 9 December 2014 has been complied with.

Respondents likewise pray for such other relief as may be just or equitable in the premises."[10] *(Italics was made in the original)*

On June 17, 2015, petitioner GGAM filed a Motion to Amend Resolution of May 29, 2015[11] (Motion to Amend) alleging that Sections 42 and 47 of Republic Act No. 9285[12] (R.A. No. 9285) and Rule 13 of the Special ADR Rules[13] refer to Arbitral Awards while the Arbitral Tribunal's Order dated December 9, 2014 is an Interim Measure of Protection covered by Section 28 of R.A. No. 9285 and Rule 5 of the Special ADR Rules.[14]

Petitioner averred that all of the proceedings which resulted in the instant case (from respondents' filing of their Urgent Petition for Issuance of Interim Measures of Protection dated January 17, 2014 to the issuance of the Order dated February 25, 2014 by the Regional Trial Court, Branch 66, Makati City (RTC, Branch 66) and the proceedings in the instant case) contemplated the existence of the arbitration proceedings between the parties in Singapore, and consequently an implicit recognition of whatever resolution there might be on the matter by the Arbitral Tribunal in Singapore.[15]

Petitioner prayed for the following in its Motion to Amend[16]:

---

[10] Rollo, p. 1451
[11] Rollo, pp. 1455-1472
[12] "AN ACT TO INSTITUTIONALIZE THE USE OF AN ALTERNATIVE DISPUTE RESOLUTION SYSTEM IN THE PHILIPPINES AND TO ESTABLISH THE OFFICE FOR ALTERNATIVE DISPUTE RESOLUTION, AND FOR OTHER PURPOSES" or the "Alternative Dispute Resolution Act of 2004"
[13] SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION
[14] Rollo, p. 1466
[15] Rollo, pp. 1468-1469
[16] Rollo, pp. 1455-1472

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court
BY: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders
BLOOM_0101225

"WHEREFORE, it is respectfully prayed that the dispositive portion of the 'Resolution' dated May 29, 2015 of the Court of Appeals be amended as follows:

> WHEREFORE, the instant Petition is DISMISSED for being moot and academic. The final Order dated February 25, 2014 of the Regional Trial Court of Makati City, Philippines having been superseded, vacated and lifted, by the December 9, 2014 Order of the Arbitral Tribunal 'IN THE MATTER OF AN ARBITRATION BEFORE A TRIBUNAL CONSTITUTED IN ACCORDANCE WITH A MANAGEMENT SERVICES AGREEMENT DATED SEPTEMBER 9, 2011 AND THE UNCITRAL ARBITRATION RULES 2010' sitting in Singapore, the Regional Trial Court of Makati City is directed to dismiss the case entitled *'Bloomberry Resorts and Hotels, Inc., Sureste Properties, Inc., and Prime Metroline Holdings, Inc., Petitioner, vs. Global Gaming Philippines LLC, Deutsche Regis Partners, Inc., Philippine Stock Exchange and John Does, Respondents'*, docketed as Spec. Proc. No. M-7567 and to accordingly recall all writs of injunction and attachment it issued pursuant to its Order dated February 25, 2014 as void and of no legal effect, furnishing a copy of the Order on all parties to the case, including the President and Corporate Secretary of Bloomberry Resorts and Hotels Inc. and on all others to whom copies of the writ of injunction, the writ of attachment, or both, were served."

Petitioner likewise prays for other reliefs just and equitable under the premises."[17] (*Emphasis and Italics were made in the original*)

On June 22, 2015, We issued a Resolution[18] directing petitioner to file its Comment on respondents' Motion for Clarification.[19]

---

[17] Rollo, p. 1470
[18] Rollo, pp. 1474-1475
[19] Rollo, p. 1475

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court
BY: ATTY ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders
BLOOM_0101226

Furthermore, Our May 29, 2015 Resolution[43] is clear and explicit that the recognition and enforcement of a foreign arbitral award properly pertains to the RTC pursuant to Sections 42 and 47 of R.A. No. 9285 and Rule 13 of the Special ADR Rules.[44] In line with this, the Arbitral Tribunal's Order dated December 9, 2014 is an "Award" as defined under Section 3 (f) of R.A. No. 9285, thus:

> "(f) 'Award' means **any partial or final decision by an arbitrator in resolving the issue in a controversy;**"
> (*Emphasis Added*)

Petitioner's averment that the applicable provisions are Section 28 of R.A. No. 9285 and Rule 5 of the Special ADR Rules is unmeritorious because such provisions refer to the RTC's jurisdiction to hear and grant interim measures to protect the vested rights of the parties.[45]

In fact, the RTC's jurisdiction to review foreign arbitral awards has been exhaustively discussed by the Supreme Court in *Korea Technologies Co., Ltd. vs. Hon. Lerma, et. al.*[46], as follows:

> "(2) **Foreign arbitral awards must be confirmed by the RTC**
>
> Foreign arbitral awards while mutually stipulated by the parties in the arbitration clause to be final and binding are not immediately enforceable or cannot be implemented immediately. Sec. 35 of the UNCITRAL Model Law stipulates the requirement for the arbitral award to be recognized by a competent court for enforcement, which court under Sec. 36 of the UNCITRAL Model Law may refuse recognition or enforcement on the grounds provided for. RA 9285 incorporated these provisos to Secs. 42, 43, and 44 relative to Secs. 47 and 48, thus:

---

[43] Rollo, pp.1433-1448
[44] Rollo, p. 1445-1447
[45] Korea Technologies Co., Ltd. vs. Hon. Alberto A. Lerma, in his capacity as Presiding Judge of Branch 256 of the Regional Trial Court of Muntinlupa City, and Pacific General Steel Manufacturing Corporation, G.R. No. 143581, January 7, 2008
[46] G.R. No. 143581, January 7, 2008

CERTIFIED TRUE COPY
CA-G.R. CR/CV SP No. 134340
ATTY TERESITA R. MARIGOMEN
Clerk of Court
BY: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders
BLOOM_0101230

SEC. 42. *Application of the New York Convention.*—The New York Convention shall govern the recognition and enforcement of arbitral awards covered by said Convention.

The recognition and enforcement of such arbitral awards shall be filed with the **Regional Trial Court** in accordance with the rules of procedure to be promulgated by the Supreme Court. Said procedural rules shall provide that the party relying on the award or applying for its enforcement shall file with the court the original or authenticated copy of the award and the arbitration agreement. If the award or agreement is not made in any of the official languages, the party shall supply a duly certified translation thereof into any of such languages.

The applicant shall establish that the country in which foreign arbitration award was made in party to the New York Convention.

x x x x

SEC. 43. *Recognition and Enforcement of Foreign Arbitral Awards Not Covered by the New York Convention.*—The recognition and enforcement of foreign arbitral awards not covered by the New York Convention shall be done in accordance with procedural rules to be promulgated by the Supreme Court. The Court may, on grounds of comity and reciprocity, recognize and enforce a non-convention award as a convention award.

SEC. 44. *Foreign Arbitral Award Not Foreign Judgment.*—A foreign arbitral award when confirmed by a court of a

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court
Proofread By:
BY: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders
BLOOM_0101231

foreign country, shall be recognized and enforced as a foreign arbitral award and not as a judgment of a foreign court.

A foreign arbitral award, when confirmed by the Regional Trial Court, shall be enforced in the same manner as final and executory decisions of courts of law of the Philippines

x x x x

SEC. 47. *Venue and Jurisdiction.*—Proceedings for recognition and enforcement of an arbitration agreement or for vacations, setting aside, correction or modification of an arbitral award, and any application with a court for arbitration assistance and supervision shall be deemed as special proceedings and shall be filed with the Regional Trial Court (i) where arbitration proceedings are conducted; (ii) where the asset to be attached or levied upon, or the act to be enjoined is located; (iii) where any of the parties to the dispute resides or has his place of business; or (iv) in the National Judicial Capital Region, at the option of the applicant.

SEC. 48. *Notice of Proceeding to Parties.*—In a special proceeding for recognition and enforcement of an arbitral award, the Court shall send notice to the parties at their address of record in the arbitration, or if any part cannot be served notice at such address, at such party's last known address. The notice shall be sent at least fifteen (15) days before the date set for the initial hearing of the application.

It is now clear that foreign arbitral awards when confirmed by the RTC are deemed not as a

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court

Printed By:
BY: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders
BLOOM_0101232

judgment of a foreign court but as a foreign arbitral award, and when confirmed, are enforced as final and executory decisions of our courts of law.

Thus, it can be gleaned that the concept of a final and binding arbitral award is similar to judgments or awards given by some of our quasi-judicial bodies, like the National Labor Relations Commission and Mines Adjudication Board, whose final judgments are stipulated to be final and binding, but not immediately executory in the sense that they may still be judicially reviewed, upon the instance of any party. Therefore, the final foreign arbitral awards are similarly situated in that they need first to be confirmed by the RTC.

**(3) The RTC has jurisdiction to review foreign arbitral awards**

Sec. 42 in relation to Sec. 45 of RA 9285 designated and vested the RTC with specific authority and jurisdiction to set aside, reject, or vacate a foreign arbitral award on grounds provided under Art. 34 (2) of the UNCITRAL Model Law. Secs. 42 and 45 provide:

> SEC. 42. *Application of the New York Convention.*—The New York Convention shall govern the recognition and enforcement of arbitral awards covered by said Convention.
>
> The recognition and enforcement of such arbitral awards shall be filed with the **Regional Trial Court** in accordance with the rules of procedure to be promulgated by the Supreme Court. Said procedural rules shall provide that the party relying on the award or applying for its enforcement shall file with the court the original or authenticated copy of the award and the arbitration agreement. If the award or agreement is not made in any of the official languages, the party shall supply a duly certified translation thereof into any of such languages.

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court

Proofread By:
BY: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders

BLOOM_0101233

> The applicant shall establish that the country in which foreign arbitration award was made is party to the New York Convention.
>
> If the application for rejection or suspension of enforcement of an award has been made, the Regional Trial Court may, if it considers it proper, vacate its decision and may also, on the application of the party claiming recognition or enforcement of the award, order the party to provide appropriate security.
>
> x x x x
>
> SEC. 45. *Rejection of a Foreign Arbitral Award.*—A party to a foreign arbitration proceeding may oppose an application for recognition and enforcement of the arbitral award in accordance with the procedures and rules to be promulgated by the Supreme Court only on those grounds enumerated under Article V of the New York Convention. Any other ground raised shall be disregarded by the Regional Trial Court.

Thus, while the RTC does not have jurisdiction over disputes governed by arbitration mutually agreed upon by the parties, still <u>the foreign arbitral award is subject to judicial review by the RTC which can set aside, reject, or vacate it.</u> In this sense, what this Court held in *Chung Fu Industries (Phils.), Inc.* relied upon by KOGIES is applicable insofar as the foreign arbitral awards, while final and binding, do not oust courts of jurisdiction since <u>these arbitral awards are not absolute and without exceptions as they are still judicially reviewable. Chapter 7 of RA 9285 has made it clear that all arbitral awards, whether domestic or foreign, are subject to judicial review on specific grounds provided for.</u>" *(Emphasis*

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court
By: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders
BLOOM_0101234

*and Italics were made in the original; Underlining Supplied)*

The law cannot be any clearer. Effect must be given to it as written. Thus, we remain firm with Our May 29, 2015 Resolution[47] remanding the case to the RTC, Branch 66 for the conduct of further proceedings for the recognition and enforcement of the Arbitral Tribunal's Order dated December 9, 2014.[48]

**WHEREFORE**, respondents' Motion For Clarification, petitioner's Motion to Amend Resolution of May 29, 2015 and its Motion to Set for Hearing/Oral Argument the Following Motions: (A) Bloomberry's Motion for Clarification dated June 4, 2015; and (B) GGAM'S Motion to Amend Resolution of May 29, 2015 are hereby **DENIED**.

**SO ORDERED.**

CARMELITA SALANDANAN MANAHAN
*Associate Justice*

WE CONCUR:

JAPAR B. DIMAAMPAO
*Associate Justice*

EDWIN D. SORONGON
*Associate Justice*

---

[47] Rollo, pp.1433-1448
[48] Rollo, p. 1447-1448

O.R. No. 0287877
O.R. No. 0283031
DEC 0 8 2015

CERTIFIED TRUE COPY
CA-G.R. CR/CV/SP No. 134340
ATTY. TERESITA R. MARIGOMEN
Clerk of Court
BY: ATTY. ARNEL D. MACAPAGAL
Chief Reporter
COURT OF APPEALS
VERIFIED BY:

Subject to Arbitration Confidentiality Orders

BLOOM_0101235