Fissell Decl.
Ex. 30

REPUBLIC OF THE PHILIPPINES
NATIONAL CAPITAL JUDICIAL REGION
REGIONAL TRIAL COURT
BRANCH 66, MAKATI CITY

BLOOMBERRY RESORT AND
HOTELS, INC., ET. AL.
      Petitioners,

-versus-                    SP. PROC. NO. M-7567

GLOBAL GAMING PHILS.,LLC,
ET.AL.
      Respondents.
x-------------------------------------x

## ORDER

Before this Court are the following:

    a.    Motion for Clarification and/or Set Clarificatory Hearing *Ad Cautelam* dated September 11, 2017 filed by Deutsche Bank AG Manila Branch ("DB Manila");
    b.    Comment filed by Petitioners Bloomberry Resorts and Hotels, Inc., Sureste Properties, Inc. and Prime Metroline Holdings, Inc. last October 13, 2017;
    c.    Comment filed by Respondent Global Gaming Philippines LLC ("GGAM") last October 18, 2017; and
    d.    Consolidated Reply filed by DB Manila on November 16, 2017.

In its Motion for Clarification, DB Manila states that it is the custodian of 921,184,056 shares in Bloomberry Resorts Corporation acquired by Respondent Global Gaming Philippines LLC (the "Shares") and the dividends thereto in the sum of Php32,241,441.96 (the "Dividends"). DB Manila also asserts that Respondent GGAM filed a Claim ("HK Proceedings") against Deutsche Bank AG, Hong Kong Branch ("DBHK") with the High Court of the Hong Kong Special Administrative Region seeking to compel DBHK to cause the release of the Shares and the Dividends to Respondent GGAM. Considering that Respondent GGAM is making a claim on the Shares and the Dividends, DB Manila is asking this Court to rule on the following matters:

    (a) Whether the Order dated February 25, 2014, the Injunction, the Attachment, and/or the Garnishment remain valid; and
    (b) Whether the Shares and/or the Dividends may be released to Respondent GGAM.

GGAM-SDNY-0190211

Petitioners, in their Comment dated October 12, 2017, argued that: (1) there is no action filed by Respondent GGAM for the recognition or enforcement of the Arbitral Tribunal's Order dated December 9, 2014 ("Interim Measures Order") and/or the Partial Award dated September 20, 2016 ("Partial Award"); (2) the Partial Award has not attached finality and may even be reversed by the Arbitral Tribunal as petitioners BRHI and SPI filed a Request for Reconsideration in the arbitration proceedings; (3) petitioner PMHI cannot be bound by the Interim Measures Order and the Partial Award as it is not a party to the arbitration proceedings. Because of the foregoing reasons, the Petitioners take the position that the Shares and/or the Dividends cannot be released to Respondent GGAM. Petitioners also claim that by initiating the HK Proceedings, Respondent GGAM is engaged in forum shopping.

Respondent GGAM on the other hand, argued in its Comment dated October 16, 2017 that the Order of this Court dated February 25, 2014 was revoked and superseded by the Interim Measures Order which is self-executing.

DB Manila then filed its Consolidated Reply dated 16 November 2017. It alleges that this Honorable Court is properly and legally vested with jurisdiction and authority to clarify the status of the Order dated February 25, 2014, Injunction, Attachment and Garnishment.

This Court will now resolve the earlier mentioned issues in seriatim.

### As to the validity of the Order of this Court dated February 25, 2014

This issue boils down as to whether or not the Interim Measures Order and the Partial Award are self-executing and thus, do not need recognition and enforcement by the Court.

The answer is in the negative.

It cannot be gainsaid that under the Alternative Dispute Resolution Act of 2014 ("ADR Act") and the Special Rules of Court on Alternative Dispute Resolution (the "Special ADR Rules"), jurisdiction over the recognition and enforcement of a foreign arbitral award is vested with the regional trial court. As ruled by the Court of Appeals in the case of Global Gaming Philippines LLC and Bloomberry Resorts and Hotels Inc., Sureste Properties Inc., Prime Metroline Holdings Inc., dated May 29, 2015, CA G.R. SP No. 134340:

> "*Alternative Dispute Resolution Act of 2004*
>
> *CHAPTER 7 - JUDICIAL REVIEW OF ARBITRAL AWARDS*
>
> *xxx*
>
> *B. FOREIGN ARBITRAL AWARDS*

2

GGAM-SDNY-0190212

*The law cannot be any clearer. Effect must be given to it as written. Thus, we remain firm with Our May 29, 2015 Resolution remanding the case to the RTC, Branch 66 for the conduct of further proceedings for the recognition and enforcement of the Arbitral Tribunal's Order dated December 9, 2014."*

It is clear from the foregoing disquisitions by the Court of Appeals that the awards made by the Arbitral Tribunal (whether the same be the Interim Measures Order or the Partial Award) require recognition and enforcement by this Court. Respondent GGAM not having interposed any further review of the May 29, 2015 and November 27, 2015 Resolutions of the Court of Appeals, the rulings therein attained finality.[2] As correctly observed by DB Manila, "[b]y the principle of conclusiveness of judgment, the right, fact, or matter in issue is deemed to have been conclusively settled by the court and can no longer be re-litigated."[3]

To date, no such action for recognition and enforcement has been initiated by Respondent GGAM with this Court. As such, the Order of this Court dated February 25, 2014 and the corollary writs of injunction and attachment subsist subject to compliance by the Petitioners with the provision of preliminary injunction and preliminary attachment bonds to answer for any such damage that Respondents may incur as a result of said writs. A perusal of the records of this case shows that the Petitioners have valid and updated bonds as directed by this Court.

This Court is duty-bound to review any awards by foreign arbitral bodies. However, it can only do so when the same is presented for recognition and enforcement in accordance with the prescribed procedure under the ADR Act and the Special ADR Rules. To short-cut the proceedings and declare as binding foreign arbitral awards without a hearing is to deprive the other party of due process.

The necessity of a hearing is all the more evident in the case at bar where allegations of fraud are made by the Petitioners against Respondent GGAM[4] and where there are claims that there are third parties to the arbitration which may be affected if the Interim Measures Order and the Partial Award were to be enforced.[5]

### As to the release of the Shares and the Dividends

Given that the February 25, 2014 Order of this Court subsists, it thus follows that the Shares and the Dividends, which are mere fruits of the Shares, cannot be released.

This Court deems it prudent not to rule on all other issues (forum-shopping, fraud, and the effect of the Interim Measures Order and the Partial Award on petitioner PMHI) as such issues are not yet ripe for adjudication, being more properly addressed in an action for recognition and enforcement of the Interim Measures Order and the Partial Award.

---

[2] Resolution of the Court of Appeals dated May 17, 2016.
[3] Page 9 of the Consolidated Reply dated November 16, 2017 filed by DB Manila.
[4] Page 4 of the Comment dated October 12, 2017 filed by the Petitioners.
[5] Pages 4-5 of the Comment dated October 12, 2017 filed by the Petitioners.

GGAM-SDNY-0190216

WHEREFORE, in view of the foregoing, this Court hereby affirms the continuing validity of its Order dated February 25, 2014 and the writs of preliminary injunction and preliminary attachment issued pursuant thereto. The Shares and/or the Dividends may not be released to Respondent GGAM.

SO ORDERED.
November 23, 2017, City of Makati.

JOSELITO C. VILLAROSA
Presiding Judge

GGAM-SDNY-0190217