Fissell Decl. Ex. 31

Republic of the Philippines
# Court of Appeals
Manila

### Special Seventeenth (17th) Division

| | | |
|---|---|---|
| GLOBAL GAMING PHILIPPINES LLC, | | CA-G.R. SP No. 153758 |
| *Petitioner,* | | |
| | | Members: |
| - *versus* - | | |
| | | *LANTION, J.A.C.,* Chairperson |
| BLOOMBERRY RESORT AND HOTELS, INC., SURESTE PROPERTIES, INC., PRIME METROLINE HOLDINGS, INC., and DEUTSCHE BANK AG MANILA BRANCH, | | *CORALES, P.B.,* and *AZCARRAGA-JACOB, M.C., JJ.* |
| | | Promulgated: |
| | | **NOV 0 8 2018** |
| *Respondents.* | | |

---

## DECISION

**LANTION, J.A.C., *J*.:**

Before Us is a Petition for Review under Rule 19.12 of the Special Rules of Court on Alternative Dispute Resolution filed by Global Gaming Philippines LLC (**Petitioner**), assailing the Order[1] dated 23 November 2017 (**assailed Order**) issued by the Regional Trial Court of Makati, Branch 66 (**court *a quo***) in Spec. Proc. No. M-7567. The dispositive portion of the assailed Order reads:

> "WHEREFORE, in view of the foregoing, this Court hereby affirms the continuing validity of its Order dated February 25, 2014 and the writs of preliminary injunction and preliminary attachment issued pursuant thereto. The Shares and/or the Dividends may not be released to Respondent GGAM.
>
> SO ORDERED."

---

* Per Office Order No. 537-18-RFB dated 31 October 2018.
[1] Rollo, p. 22.

On 9 December 2014, the Arbitral Tribunal in Singapore issued an Order[5] and granted petitioner's request for interim measures of protection. In the said Order, the Arbitral Tribunal restored the parties to the *status quo ante* as of 15 January 2014, and declared that the Order dated 25 February 2014 of the court *a quo* as revoked and superseded by the Arbitral Tribunal's Order. The Arbitral Tribunal likewise stated that petitioner is free to deal its shares of stocks which includes the right to sell and dispose the same.

In view of the Arbitral Tribunal's Order dated 9 December 2014, petitioner filed a Manifestation before the Special Tenth Division of the Court of Appeals and informed the latter about the findings of the Arbitral Tribunal. Petitioner claimed that the Arbitral Tribunal's Order dated 9 December 2014 is self-executing and thus rendered the pending Petition before the Special Tenth Division of the Court of Appeals moot and academic.

On 29 May 2015, the Special Tenth Division of the Court of Appeals issued a Resolution[6] dismissing the Petition for being moot and academic and remanded the same to the court *a quo*. In remanding the case back to the court *a quo*, the Special Tenth Division of the Court of Appeals ratiocinated:

> "As can be gleaned from the above quoted provisions, the recognition and enforcement of a foreign arbitral award properly pertains to the Regional Trial Court. Hence, there is a need to remand the case to the RTC, Branch 66 in order to conduct further proceedings for the recognition and enforcement of the Arbitral Tribunal's Order dated December 9, 2014. Such remand is also in accordance with the Arbitral Tribunal's directive for the parties to bring the resolution before the RTC, Branch 66 in Spec. Proc. no. M-7567 and to assure its implementation."

Respondents filed a Motion for Clarification and on the other hand, petitioner filed a Motion to Amend Resolution of May 29, 2015. However, on 27 November 2015, the Special Tenth Division of the Court of Appeals issued a Resolution[7] denying both Motions. No Motion for Reconsideration was filed by either parties thus, the

---

[5] Rollo, p. 38.  
[6] Rollo, p. 88.  
[7] Rollo, p. 105.

Resolution dated 29 May 2015 issued by the Special Tenth Division of the Court of Appeals became final on 21 January 2016.

In the meantime, on 20 September 2016, the Arbitral Tribunal issued a Partial Award on Liability which declared petitioner as the rightful owner of the shares of stocks in Bloomberry Resorts Corporation and confirmed the latter's right to dispose the same.

Meanwhile, respondent Deutsche Bank filed before the court *a quo* a *Motion for Clarification and/or to Set Clarificatory Hearing Ad Cautelam*. Respondent Deutsche Bank sought to clarify whether or not the court *a quo*'s Order dated 25 February 2014 which granted the Writs of Preliminary Injunction and Preliminary Attachment remained valid, and whether or not Respondent Deutsche Bank can release the shares of stocks to petitioner.

On 23 November 2017, the court *a quo* issued the assailed Order[8] and ruled that its Order dated 25 February 2014 remains valid. The court *a quo* explained that:

> "It is clear from the foregoing disquisitions by the Court of Appeals that the awards made by the Arbitral Tribunal require recognition and enforcement by this Court. Respondent GGAM [petitioner herein] not having interposed any further review of the May 29, 2015 and November 27, 2015 Resolutions of the Court of Appeals, the rulings therein attained finality. As correctly observed by DB Manila [respondent Deutsche Bank], 'by the principle of conclusiveness of judgment, the right, fact, or matter in issue is deemed to have been conclusively settled by the court and can no longer be re-litigated.'
>
> To date, no such action for recognition and enforcement has been initiated by Respondent GGAM with this Court. As such, the Order of this Court dated February 25, 2014 and the corollary writs of injunction and attachment subsist subject to compliance by the petitioners [respondents herein] with the provision of preliminary injunction and preliminary attachment bonds to answer for any such damage that respondents [petitioner herein] may incur as a result of said writs. A perusal of the records

---

[8] Rollo, p. 22.

of this case shows that the petitioners have valid and updated bonds as directed by this Court.

This Court is duty-bound to review any awards by foreign arbitral bodies. However, it can only do so when the same is presented for recognition and enforcement in accordance with the prescribed procedure under the ADR Act and the Special ADR Rules. To short-cut the proceedings and declare as binding foreign arbitral awards without a hearing is to deprive the other party of due process.

The necessity of a hearing is all the more evident in the case at bar where allegations of fraud are made by the petitioners [respondents herein] against respondent GGAM [petitioner herein] and where there are claims that there are third parties to the arbitration which may be affected if the Interim Measures Order and the Partial Award were to be enforced."

Hence, this Petition for Review, petitioner making the following assignment of errors:

> **THE RTC ERRED IN ISSUING THE APPEALED ORDER BECAUSE IT DISREGARDED: (I) SPECIAL ADR RULES 5.9 AND 5.13, WHICH PROVIDE THAT THE INTERIM MEASURES ORDER *IPSO JURE* REVOKED AND SUPERSEDED THE FEBRUARY 25, 2014 ORDER AND VACATED AND LIFTED THE PRELIMINARY WRITS; AND (II) THE RULING OF THE COURT OF APPEALS IN THE MAY 29, 2015 RESOLUTION THAT 'THE ARBITRAL TRIBUNAL'S [INTERIM MEASURES ORDER] NOT ONLY SUPERSEDED THE ASSAILED FEBRUARY 25, 2014 ORDER BUT ALSO VACATED AND LIFTED THE [PRELIMINARY WRITS]'.**

## THE COURT'S RULING

We dismiss the instant Petition for Review.

Republic Act No. (RA) 9285, otherwise known as the Alternative Dispute Resolution Act of 2004," institutionalized the use of an Alternative Dispute Resolution System (ADR System) in the Philippines. The Act, however, was without prejudice to the adoption by the Supreme Court of any ADR system as a means of achieving speedy and efficient means of resolving cases pending before all courts in the Philippines.[9]

Accordingly, A.M. No. 07-11-08-SC was created setting forth the Special Rules of Court on Alternative Dispute Resolution (referred herein as **Special ADR Rules**) that shall govern the procedure to be followed by the courts whenever judicial intervention is sought in ADR proceedings in the specific cases where it is allowed.[10]

Rule 19.12 of the Special ADR Rules provides the instances when an appeal to the Court of Appeals may be made through petition for review, to wit:

> "Rule 19.12. *Appeal to the Court of Appeals.* - An appeal to the Court of appeals through a petition for review under this Special Rule **shall only be allowed from the following final orders of the Regional Trial Court:**
>
> a. **Granting or denying an interim measure of protection;**
>
> b. Denying a petition for appointment of an arbitrator;
>
> c. Denying a petition for assistance in taking evidence;
>
> d. Enjoining or refusing to enjoin a person from

---

[9] Department of Environment and Natural Resources v. United Planners Consultants, Inc., G.R. No. 212081, 23 February 2015.
[10] Id.

    divulging confidential information;

  e. Confirming, vacating or correcting/modifying a domestic arbitral award;

  f. Setting aside an international commercial arbitration award;

  g. Dismissing the petition to set aside an international commercial arbitration award even if the court does not decide to recognize or enforce such award;

  h. Recognizing and/or enforcing an international commercial arbitration award;

  i. Dismissing a petition to enforce an international commercial arbitration award;
  ii.

  j. Recognizing and/or enforcing a foreign arbitral award;

  k. Refusing recognition and/or enforcement of a foreign arbitral award;

  l. Granting or dismissing a petition to enforce a deposited mediated settlement agreement; and

  m. Reversing the ruling of the arbitral tribunal upholding its jurisdiction." (Emphasis supplied)

Clearly, the Special ADR Rules provide that an appeal to this Court is only allowed in cases when the court *a quo* issues a Final Order granting or denying an interim measure of protection.

In this case, however, it is evident that the assailed Order is not the Final Order (granting an interim measure of protection) contemplated in Rule 19.12 of the Special ADR Rules. The records are clear that the Final Order which granted interim measures of protection is the court *a quo*'s Order dated 25 February 2014, and not the assailed Order dated 23 November 2017.

It must be noted that the court *a quo*'s Order dated 25 February 2014 became the subject of the Petition for Review before the Special Tenth Division of this Court in C.A.-GR No. 134340, which resulted to

the remanding of the said case back to the court *a quo* for the proper recognition and enforcement of the Arbitral Tribunal's Order dated 9 December 2014.

On the other hand, the assailed Order dated 23 November 2017 is merely an Order of the court *a quo* in resolving the *Motion for Clarification* filed by respondent Deutsche Bank. In the assailed Order, it is clear that the court *a quo* did not grant any interim measure of protection but merely confirmed its validity in accordance with the Resolution dated 29 May 2015 of the Special Tenth Division of the Court of Appeals.

Considering that the instant Petition for Review does not fall under the instances enumerated under Rule 19.12 of the Special ADR Rules when an appeal through a Petition for Review to this Court is allowed, then We are constrained to dismiss the same.

It must be noted that We have deliberately refrained from passing upon the merits of the assailed Order — not because it was erroneous — but because it would be improper. None of the grounds to appeal the assailed Order are present in the instant Petition for Review and as such, the merits of the assailed Order cannot be reviewed by this Court.

**WHEREFORE**, the instant Petition for Review is hereby **DISMISSED**.

SO ORDERED.

**ORIGINAL SIGNED**

**JANE AURORA C. LANTION**
Associate Justice

WE CONCUR:

**ORIGINAL SIGNED**

**PEDRO B. CORALES**
Associate Justice

CERTIFIED TRUE COPY

ATTV. ANNELIE M. CORNELIO
DIVISION CLERK OF COURT