Fissell Decl. Ex. 32

Plaintiffs: Michael Nolan: 1st: 21.12.2017

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

HC/OS           /2017

In the matter of Sections 19 and 24 of the International Arbitration Act (Cap. 143A, 2002 Rev Ed),

And

Order 69A Rules 2(1)(d), 6 and Order 3 Rule 4(1) of the Rules of Court (Cap. 322, Rule 5, 2014 Rev Ed)

Between

1. **BLOOMBERRY RESORTS AND HOTELS INC.**
(Philippines Registration No. CS200803023)

2. **SURESTE PROPERTIES, INC**
(Philippines Registration No. AS093-2500)

...Plaintiffs

And

1. **GLOBAL GAMING PHILIPPINES LLC**
(United States Registration No. 5034936)

2. **GGAM NETHERLANDS B.V.**
(Netherlands Registration No. 56707711)

...Defendants

## AFFIDAVIT

I, **MICHAEL D. NOLAN** (Maryland, USA Drivers' License No. N-450-603-135-893), care of Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street, NW, Suite 1100, Washington DC 20006 ("**Milbank**"), do ~~make oath~~/affirm and say as follows:-

1. I am a Partner in Milbank, counsel to the Plaintiffs in the Singapore-seated arbitration between the Defendants (as Claimants in the arbitration) and the Plaintiffs (as Respondents in the arbitration) commenced under the auspices of the United Nations Commission on International Trade Law ("**UNCITRAL**") Arbitration Rules 2010 (the "**Arbitration**"). I am one of the counsel conducting the Arbitration, and I am duly authorised to make this affidavit on the Plaintiffs' behalf.

2. This affidavit is based on my personal knowledge and unless otherwise stated, on information and instructions from the Plaintiffs. Insofar as the contents of this affidavit are within my personal knowledge, they are true, and insofar as they are not within my personal knowledge, they are true to the best of my knowledge, information and belief.

3. This affidavit is made further to the 22 November 2017 decision (the "**Decision on the Request**") by the arbitral tribunal (the "**Tribunal**") in the Arbitration dismissing the Plaintiffs' 31 August 2017 request for reconsideration (the "**Request for Reconsideration**") of the Partial Award on Liability dated 20 September 2016 (the "**Partial Award**") based on newly-discovered evidence of fraud and/or corruption. The Tribunal dismissed the Request for Reconsideration because the Tribunal was of the view that it did not have the "*authority*" to reconsider the Partial Award.

4. The Tribunal stated that the Plaintiffs were not "*bereft of a remedy*" because the Plaintiffs could "*still apply to a Singapore court.*" Further, the Tribunal expressed its belief that "*where there are allegations of fraud, the Courts*

GGAM-SDNY-0191095

*might be the better forum not least because of the seriousness of an allegation of fraud and its potential criminal consequences."*

5. Therefore, I make this affidavit to set out the grounds of the Plaintiffs' application for the following reliefs:

   a. An extension of time be granted, pursuant to Order 3 Rule 4(1) of the Rules of Court (Cap. 322, R 5, 2014 Rev. Ed.) ("**Rules of Court**") and/or the inherent jurisdiction of this Honourable Court, for the Plaintiffs to apply to set aside the Partial Award issued by the Tribunal in the Arbitration;

   b. The Partial Award be set aside pursuant to Section 24 of the International Arbitration Act (Cap. 143A, 2002 Rev Ed) ("**IAA**") and/or Article 34(2) of the UNCITRAL Model Law (as adopted at Schedule 1 of the IAA); or

   c. An extension of time be granted, pursuant to Order 3 Rule 4(1) of the Rules of Court and/or the inherent jurisdiction of this Honourable Court, for the Plaintiffs to apply to set aside the Order of Court dated 29 September 2016 (HC/ORC 6609/2016) entered in HC/OS 979/2016 (the "**Order**") granting leave to the Defendants to enforce the Partial Award in the same manner as a Judgment or Order of this Honourable Court;

   d. The Order be set aside pursuant to Section 19 of the IAA and/or Article 36(1) of the UNCITRAL Model Law;

### C. Overview of newly discovered evidence of fraud and/or corruption

22. After the Partial Award had been issued, the Plaintiffs discovered that the Partial Award was, unbeknownst to the Tribunal, procured, obtained or tainted by fraud and/or corruption. Moreover, a breach of the rules of natural justice occurred, again unbeknownst to the Tribunal, in connection with the making of the Partial Award by which the Defendants' rights have been prejudiced. The Plaintiffs now know that it was only because of this procedural fraud that the Defendants were able to obtain a liability finding against the Plaintiffs in the Partial Award.

23. This procedural fraud was revealed through recent findings by the US Department of Justice (the "**DOJ**") and the US Securities and Exchange Commission (the "**SEC**") that Mr. Weidner and Mr. Chiu wilfully violated the US Foreign Corrupt Practices Act (the "**US FCPA**"), while they were employed by Las Vegas Sands Corp. ("**LVS**") immediately prior to the formation of the Defendants. The conduct of Mr. Weidner and Mr. Chiu, which has now been determined by US authorities to have been unlawful, was concealed from the Plaintiffs. As I will explain in more detail below, the matters that the SEC and DOJ Findings reveal are directly relevant to the issues in the Arbitration, and would have had a material impact on the Tribunal's decision in the Partial Award.

24. The US FCPA Findings, which focus on three specific transactions, are set out in two documents, copies of which are exhibited hereto as "**MN-7**":