**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| GLOBAL GAMING PHILIPPINES, LLC, |
| *Plaintiff,* |
| vs. |
| ENRIQUE K. RAZON, JR.; et al., |
| *Defendants.* |

No. 21 Cv. 2655 (LGS)

## DECLARATION OF KEVIN N. AINSWORTH

I, Kevin N. Ainsworth, declare under the penalty of perjury that the following is true and correct.

1.  I am a member of the Bar of this Court and the State of New York, and a member of the law firm Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., attorneys for Plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "GGAM"). I am familiar with the matters involved in this case and submit this declaration in support of Plaintiff's Motion to Exclude Testimony of Catherine Rogers, Fredric Gushin, and Daniel Reeves in this action.

2.  Attached as Exhibit A is a true and correct copy of excerpts of the Expert Report of Catherine Rogers dated September 16, 2022.

3.  Attached as Exhibit B is a true and correct copy of excerpts of the Expert Report of Fredric Gushin and Daniel Reeves dated September 16, 2022.

4.  Attached as Exhibit C is a true and correct copy of excerpts of the Partial Award on Liability issued by the Arbitral Tribunal in *Global Gaming Philippines LLC et al. v. Bloomberry Resorts and Hotels, Inc. et al.*, on September 20, 2016 (Attached to the Second Amended Complaint as Appendix 2, ECF No. 218-2).

5.      Attached as Exhibit D is a true and correct copy of excerpts of the Final Award issued by the Arbitral Tribunal in *Global Gaming Philippines LLC et al. v. Bloomberry Resorts and Hotels, Inc. et al.*, on September 27, 2019 (Attached to the Second Amended Complaint as Appendix 1, ECF No. 218-1).

6.      Attached as Exhibit E is a true and correct copy of excerpts of Respondents' Statement of Defense and Amended Counterclaims in *Global Gaming Philippines LLC et al. v. Bloomberry Resorts and Hotels, Inc. et al.*, dated February 2, 2015.

7.      Attached as Exhibit F is a true and correct copy of excerpts of the Transcript of Day 4 of the Liability Hearing before the Arbitral Tribunal in *Global Gaming Philippines LLC et al. v. Bloomberry Resorts and Hotels, Inc. et al.*, dated October 20, 2015 (Produced by GGAMs with starting Bates No. GGAM-SDNY 0358039).

8.      Attached as Exhibit G is a true and correct copy of excerpts of the Transcript of Day 5 of the Liability Hearing before the Arbitral Tribunal in *Global Gaming Philippines LLC et al. v. Bloomberry Resorts and Hotels, Inc. et al.*, dated October 21, 2015 (Produced by GGAMs with starting Bates No. GGAM-SDNY 0358405).

9.      Attached as Exhibit H is a true and correct copy of excerpts of the Judgment issued in [2020] SGHC 01 by the High Court of the Republic of Singapore on January 3, 2020.

10.      Attached as Exhibit I is a true and correct copy of excerpts of the Judgment issued in [2021] SGCA 9 by the Singapore Court of Appeal on February 16, 2021.

11.      Attached as Exhibit J is a true and correct copy of excerpts of the Judgment issued in [2021] SGCA 94 by the Singapore Court of Appeal on October 4, 2021.

12.      Attached as Exhibit K is a true and correct copy of Article 9 the IBA Rules on the Taking of Evidence in International Arbitration (2010).

13.    Attached as Exhibit L is a true and correct copy of excerpts of the Declaration of Enrique K. Razon Jr. submitted in *Global Gaming Philippines LLC et al. v. Bloomberry Resorts and Hotels, Inc. et al.*, dated September 4, 2015 (Produced by Defendants with starting Bates No. BLOOM_0077973).

14.    The following chart shows, in the left column, arguments made by Defendants in the Arbitration, and in the right column, Rogers' summary of her arguments:

| Arbitration Arguments | Rogers' Report |
|---|---|
| "GGAM … having *engaged in corrupt practices in the course of the contractual performance that was at the heart of the arbitration* such that enforcing the Liability Award would be contrary to the public policy of the Philippines." (Ex. D, Final Award ¶408 (emphasis added).)<br><br>"[T]he Respondents again reiterate … that '*no damages of any kind should be awarded to the Claimants in light of the FCPA Orders, which have revealed GGAM's fraud and contravention of the MSA.*' The Respondents further submitted that "*Mr [sic] Weidner, assisted by his counsel, engaged in a continuum of deceit and misrepresentations from the beginning of* | "First, [the Award] … could be refused recognition under Article V(2)(b) because of GGAM's *admittedly illegal conduct while operating as the management services provider for Solaire* violates public policy." (Report at 5 (emphasis added).)<br><br>"The evidence of illegal and corrupt activity [was] adduced in the arbitration itself." (Ex. A, Rogers Report at 48.) |

| | |
|---|---|
| the Parties' relationship,' and that the unrebutted expert opinion of Mr [sic] Thomas Mason was that '*the Arbitration was compromised by the conduct of GGAM's former arbitration counsel's violation of their professional obligations*.'" (Final Award ¶459 (emphasis in original). | |
| "Bloomberry and Sureste were denied an adequate opportunity to present their case, as a result of GGAM's manipulation … *failing to search the files of Eric Chiu.*" (Final Award ¶408(b) (emphasis added).) "[T]he Respondents also alleged that the findings of the DOJ and the SEC revealed that the Claimants concealed critical information from, and made misrepresentations to, the Respondents and the Tribunal." (Final Award ¶282; *see also id.* ¶¶338, 489.) | "Second, they could be refused recognition under Article V(1)(d) because of *GGAM's failure to produce documents* in violation of the parties' agreement and the tribunal's document production order was not in accordance with the parties' agreement." (Rogers Report at 5 (emphasis added).) "Without these documents from Mr. Chiu, Bloomberry was forced to present its case in the Liability Hearing solely on the documents produced to date by GGAM." (*Id.* at 60.) |

| | |
|---|---|
| "The Respondents further contend that … [they] have legitimate grounds to oppose the enforcement of the Tribunal's IM Order and Liability Award under Article V(1)(b) of the New York Convention. … Bloomberry and Sureste *were denied an adequate opportunity to present their case*, as a result of GGAM's manipulation … failing to search the files of Eric Chiu." (Final Award ¶408(b) (emphasis added); *see also id.* ¶¶282, 338, 489.) | "Third, they could be refused recognition under article V(1)(b) because GGAM's *failure to produce documents denied Bloomberry a fair opportunity to present its case*." (Rogers Report at 5 (emphasis added).) |
| "*GGAM committed fraud in the arbitration*, in addition to having engaged in corrupt practices in the course of the contractual performance that was at the heart of the arbitration such that enforcing the Liability Award would be contrary to the public policy of the Philippines." (Final Award ¶408(a) (emphasis added); *see also id.* ¶¶282, 338, 489.) | "Fourth, they could be refused recognition under Article V(2)(b) because *GGAM's failure to produce documents constituted procedural fraud* and thereby violates public policy." (Rogers Report at 5(emphasis added).) |

Executed on: February 22, 2023

/s/ *Kevin N. Ainsworth*
Kevin N. Ainsworth