Perry Decl. Ex. 31

**Global Gaming Philippines LLC and GGAM Netherlands B.V. v. Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc.**

*Annex A to Procedural Order No. 3 on Confidentiality*

### *Clause 1*
Disclosure activity in the above-captioned arbitration (the "Arbitration") is likely to involve production of confidential, proprietary, or non-public information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or settling this Arbitration would be warranted. Accordingly, Claimant Global Gaming Philippines LLC and Claimant GGAM Netherlands B.V. (collectively, "Claimants") and Respondent Bloomberry Resorts and Hotels, Inc. and Respondent Sureste Properties, Inc. (collectively, "Respondents", and together with the Claimants, the "Parties") are bound to the terms and conditions of this Procedural Order.

### *Clause 2*
Except as the Parties expressly agree in writing (whether in the arbitration agreement or otherwise) or leave is given by the Arbitral Tribunal, the Parties undertake to keep confidential all Confidential Information.

### *Clause 3*
In this Procedural Order, "Confidential Information" is defined as information that relates to the proceedings or to an award made in the proceedings and includes:

    (a) the statement of claim, statement of defense, and all other pleadings, submissions, and statements;
    (b) any evidence (whether documentary or other) supplied to the Arbitral Tribunal;
    (c) any evidence (whether documentary or other) exchanged between the Parties;
    (d) any notes made by the Arbitral Tribunal of oral evidence or submissions given before the Arbitral Tribunal;
    (e) any transcript of oral evidence or submissions given before the Arbitral Tribunal;
    (f) any rulings of the Arbitral Tribunal; and
    (g) any award of the Arbitral Tribunal.

This definition of "Confidential Information" excludes any matter that is otherwise in the public domain, including the existence of the Arbitration.

no more than reasonable for that purpose (which may include disclosure to legal and other professional advisers as well as potential witnesses and other persons assisting in the preparation of the case);

(g) if a party wishes to disclose information or documents already in that Party's possession prior to the commencement of the Arbitration;

(h) with the consent of all the other Parties to the Arbitration; or

(i) pursuant to an order by the Arbitral Tribunal on application by a Party with proper notice to the other Parties.

### *Clause 6*

Before a Party discloses Confidential Information as authorized in (5) above, that disclosing Party must provide to the non-disclosing Party seven (7) days' prior written notice of its intention to disclose, giving:

> (a) written details of the Confidential Information to be disclosed;
> (b) the general class of individual(s) and/or entity(ies) to whom disclosure is intended to be made; and
> (c) the reasons for the disclosure.

Provided that, where the disclosure of Confidential Information is sought to be made pursuant to (5)(f) above, the information to be furnished to the non-disclosing Party need only contain (i) a general description of the Confidential Information sought to be disclosed, and (ii) the classes of persons to whom disclosure is to be made (without identification of those persons). The disclosing Party must use its best endeavors to obtain the confidentiality undertaking (in the form of the Attachment to this Annex A), given in favor of the non-disclosing Party, from any individual or entity to whom disclosure of any Confidential Information may be made. The non-disclosing Party shall not be entitled to the names of the parties to whom disclosure is to be made or executed copies of the Attachment to this Annex A. If no such undertaking of confidentiality can be obtained, seven (7) days' notice shall be given to all other Parties identifying the individual or entity concerned. If any objection is raised by any other Party within the period of notice, the matter shall be referred to the Arbitral Tribunal to determine the extent of the Confidential Information that may be disclosed and any other steps that should be taken to preserve confidentiality.

Provided that when Confidential Information is to be disclosed to an employee, officer or director and/or affiliate of Cantor Fitzgerald, other than Jon Rein or Michael Lehrman (the two known Cantor Fitzgerald employees who qualify as

Party Representatives), the disclosing Party must provide to the non-disclosing Party seven (7) days' prior written notice of its intention to disclose, giving:

(a) written details of the Confidential Information to be disclosed;
(b) names, positions, and employers of the individuals to whom disclosure is to be made; and
(c) the reasons for the disclosure.

The disclosing Party must obtain an undertaking of confidentiality in the form of the Attachment to this Annex A, given in favor of the non-disclosing Party, from any individual or entity affiliated with Cantor Fitzgerald to whom disclosure of any Confidential Information may be made. Executed copies of the Attachment to this Annex A must be provided to the non-disclosing Party.

Provided always that all the requirements of this clause (6) shall not apply in the following situations:

(a) where disclosure of Confidential Information is made pursuant to (5)(a), (c), (e) or (g) above: or
(b) where the Party seeking to disclose Confidential Information obtains the written consent (both to the particulars and extent of Confidential Information which is sought to be disclosed) of all other Parties to the Arbitration to do so.

### *Clause 7*

If the non-disclosing Party objects to disclosure pursuant to Clause 6 above within the period of seven (7) days, no disclosure may be made until the issue has been resolved by the Tribunal in the manner set out in Clause 8 below.

### *Clause 8*

If a question arises in the arbitral proceedings as to whether any Confidential Information should be disclosed, and at least one of the parties requests for the Arbitral Tribunal to determine that question, the Arbitral Tribunal, after giving each of the parties an opportunity to be heard, may in its discretion determine whether Confidential Information should be disclosed, and if so, the extent of the Confidential Information that may be disclosed and to whom, as well as any other steps that should be taken to preserve confidentiality.