---

IN THE MATTER OF AN ARBITRATION UNDER
THE RULES OF THE UNITED NATIONS COMMISSION
ON INTERNATIONAL TRADE LAW (2010)

BETWEEN

GLOBAL GAMING PHILIPPINES LLC and
GGAM NETHERLANDS B.V.
                                              Claimants

- and -

BLOOMBERRY RESORTS AND HOTELS INC. and
SURESTE PROPERTIES, INC.
                                              Respondents

- Before -

DR ANDRES RIGO SUREDA (Chairman)
MR MICHAEL HWANG, SC
MR R DOAK BISHOP, ESQ

Heard on:

Saturday, 24 October 2015

Mr Charles Patricia and Mr Joseph Profaizer
(Paul Hastings LLP)
Mr Daniel Weiner
(Hughes Hubbard & Reed LLP)
Appeared on behalf of the Claimants

Mr Michael D Nolan, Mr David S Cohen, Ms Elitza Popova-Talty and
Ms Erin Culbertson
(Milbank Tweed Hadley & McCloy LLP)
Appeared on behalf of the Respondents

DTI Corporation Pte Ltd (Reg. no. 201321519K)
1 Raffles Place, #50-00 | One Raffles Place Tower 1 | Singapore 048616
Phone: +65 6653 1688 | Fax: +65 6653 1699 | Email: singapore@dtiglobal.com

GGAM-SDNY-0359306

---

ARB - Global Gaming vs Bloomberry Resorts                 24 October 2015

10.06   Indeed, Mr Razon abandoned the basis for
        rescission when he admitted that there was no unique
        value in the shares that GGAM had.
            Now, let me turn to a difficult issue, which is
        respondents' smear tactics against individuals.
            First, the respondents have raised attacks
        against Mr French and Mr Weidner. They, frankly,
        are red herrings. They do not bear on any
        substantive breach of the MSA. They share a common
        nucleus, newly-invented creations of counsel or an
        uninformed expert, a lack of concrete evidence, a
        lack of demonstration of any direct link to the MSA,
        immaterial to the MSA, and they would all be
        curable.
            As to Mr French, respondents now allege that
        they did not know the reason for Mr French's
        termination from the Venetian and that Mr French did
        not disclose it on a PAGCOR application. First and
        foremost, that application is not properly before
        the tribunal because respondents have provided no
        evidence of the application or its content. So the
        suggestion by their counsel of what the application
        contained cannot be properly assessed. And I say to
        you it is likely not in evidence because PAGCOR
        treats that information as confidential to the

Page 29
A Court Reporting Transcript by DTI

GGAM-SDNY-0359337

---

ARB - Global Gaming vs Bloomberry Resorts                 24 October 2015

10.13   involving Chinese gamblers in its Las Vegas
        operations, and in Hard Rock, had paid the third
        largest fine in Nevada Gaming history because of
        prosecution and drug sales at the hotel and casino.
            We also saw that the respondents obtained
        confidential financial information from
        Resorts World within two days after that -- after
        the data. Mr Almeda said it was magic, he doesn't
        know how Ms Occena did it, she did it, she did some
        magic. That's counter-intelligence, put it that
        way. He knows that information is confidential and
        would not have been released by Resorts World.
            Let us turn, then, to the allegations about
        Mr Weidner's trade program. Mr Weidner testified
        about his efforts to build an overall trade package
        that would allow Chinese businessmen to make
        investments in or trade with the Philippines, and to
        use that opportunity to create relationships between
        those wealthy businessmen who could then be
        introduced to Solaire.
            Mr Kleisner's specious and unfounded assertion
        that those activities were money laundering is a
        remarkably ugly example of respondents' desperation.
        It frankly is defamatory and does not belong in this
        record. That trade program is, on its face, proper,

Page 34
A Court Reporting Transcript by DTI

GGAM-SDNY-0359342

---

ARB - Global Gaming vs Bloomberry Resorts                 24 October 2015

10.14   legal, and indeed, an opportunity to create the very
        business links between Philippines and China that
        the Chinese government and the Philippines
        government would both foster.
            There is no money laundering in Chinese
        businessmen using funds located outside of China for
        investment purposes and thereafter using the profits
        they would earn. Third, the practice of junkets to
        work around Chinese currency restrictions is both
        well-established and legal.
            Mr Lee himself testified repeatedly that those
        junket practices were responsible for the growth of
        Asian gaming, and indeed, Mr Lee himself confirmed
        Mr Weidner's points about the China Liaison Office
        in Hong Kong and in Macau.
            Mr Kleisner's allegations, which he admitted
        were not based on facts, but solely on Mr Weidner's
        statement that he did not want to put in writing his
        understanding of the underlying Chinese government
        policies to seek better relations with the
        Philippines is flatly a smear. Mr Kleisner, who
        happens to be the chair of Caesars audit committee
        who was responsible for the circumstances and the
        controls related to an anti-money laundering offence
        for Caesars involving Chinese gambling and his only

Page 35
A Court Reporting Transcript by DTI

GGAM-SDNY-0359343