*For hearing before the Honourable Madam Justice Wong at 10:00am on 18 December 2017*

Respondent: Enrique Klar Razon Jr. :1st:    .11.2017

HCCL 1 / 2017

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

COMMERCIAL ACTION NO. 1 OF 2017

BETWEEN

| | | |
|---|---|---|
| | GLOBAL GAMING PHILIPPINES LLC | Plaintiff |
| | and | |
| | DEUTSCHE BANK AG, HONG KONG BRANCH | Defendant |
| | and | |
| | ENRIQUE K. RAZON JR | Respondent |

---

### AFFIDAVIT OF ENRIQUE KLAR RAZON JR

---

I, Enrique Klar Razon Jr, Company Director, of 4916 Pasay Road, Dasmarinas Village, Makati City, Manila, Philippines, do MAKE OATH AND SAY as follows:

1. I am the respondent to the Plaintiff's summons dated 26 September 2017 ("**Summons**") and issued under Order 24, rule 7A(2) of the Rules of the High Court ("**RHC**").

2. I swear this affidavit in opposition to the Summons.

3. Unless otherwise indicated, the matters to which I depose are within my own personal knowledge or are gleaned from documents, records and information provided to me and are true to the best of my knowledge, information and belief.

4.  Unless expressly stated otherwise, I have adopted the definitions in the Statement of Claim dated 31 March 2017 filed by the Plaintiff in the proceedings.

**Categories of documents**

5.  In the summons, the Plaintiff seeks orders against me that I produce the following categories of documents to the Plaintiff:

    5.1. All correspondence, including letters, emails, text messages, WhatsApp messages and other electronic form messages, between me and the Defendant and/or Deutsche Bank, Manila Branch (including their respective employees and agents) in relation to the release or non-release of the Shares and the Dividends (both as defined under the Statement of Claim dated 31 March 2017), as the case may be, since 9 December 2014) ("**Category One**");

    5.2. Notes, minutes and recordings of all meetings, conversations and phone calls I had with Defendant and/or Deutsche Bank, Manila Branch (including their respective employees and agents) in relation to the release or non-release of the Shares and the Dividends, as the case may be, since 9 December 2014 ("**Category Two**");

    5.3. All correspondence, including letters, emails, text messages, WhatsApp messages and other electronic form messages, between me and Bloomberry Resorts Corporation ("**BRC**"), Bloomberry Resorts and Hotels Inc ("**BRHI**"), Sureste Properties Inc ("**Sureste**") and/or Prime Metroline Holdings Inc ("**Prime Metroline**") (including their respective employees and agents) in relation to the release or non-release of the Shares and the Dividends, as the case may be, since 9 December 2014 ("**Category Three**"); and

    5.4. Notes, minutes and recordings of all meetings, conversations and phone calls I had with BRC, BRHI, Sureste and/or Prime Metroline (including their respective employees and agents) in relation to the release or non-release of the Shares and the Dividends, as the case may be, since 9 December 2014 ("**Category Four**").

**BRC, BHRI, Sureste and Prime Metroline**

6.  I am a director and controlling shareholder (in the sense that I hold or control the voting shares) of BRC, BRHI, Sureste and Prime Metroline.

7.  While I am director of BRC, BRHI, Sureste and Prime Metroline, each of these companies has a board of directors, officers, employees and lawyers that handle matters relating to the disputes and cases between BRHI, Sureste and Prime Metroline and the Plaintiff, Global Gaming Philippines LLC ("**GGAM**"). Accordingly, it is BRC, BRHI, Sureste and Prime Metroline's lawyers who prosecute and handle those cases including any matters relating to those cases (such as the release of the Shares as sought by GGAM).