# MILBANK, TWEED, HADLEY & McCLOY LLP

**1850 K STREET, NW, SUITE 1100**
**WASHINGTON, DC 20006**

202-835-7500

FAX: 202-835-7586

Michael D. Nolan
DIRECT DIAL NUMBER
202-835-7524
Fax: 202-263-7524
E-MAIL: mnolan@milbank.com

October 11, 2016

| NEW YORK | BEIJING |
| --- | --- |
| 212-530-5000 | 8610-5969-2700 |
| FAX: 212-530-5219 | FAX: 8610-5969-2707 |
| **LOS ANGELES** | **HONG KONG** |
| 213-892-4000 | 852-2971-4888 |
| FAX: 213-629-5063 | FAX: 852-2840-0792 |
| **LONDON** | **SEOUL** |
| 44-20-7615-3000 | 822-6137-2600 |
| FAX: 44-20-7615-3100 | FAX: 822-6137-2626 |
| **FRANKFURT** | **SINGAPORE** |
| 49-69-71914-3400 | 65-6428-2400 |
| FAX: 49-69-71914-3500 | FAX: 65-6428-2500 |
| **MUNICH** | **TOKYO** |
| 49-89-25559-3600 | 813-5410-2801 |
| FAX: 49-89-25559-3700 | FAX: 813-5410-2891 |
| | **SÃO PAULO** |
| | 55-11-3927-7700 |
| | FAX: 55-11-3927-7777 |

<u>BY EMAIL</u>
Daniel H. Weiner, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004

Re:  <u>Global Gaming Philippines LLC, et al v. Bloomberry Resorts and Hotels Inc., et al</u>

Dear Dan:

    We write to address a few outstanding matters.  We are disappointed to have learned, after reading a footnote in your October 6 submission to the Tribunal, that Claimants have been engaged for weeks in proceedings in Singapore without having provided notice to us.  We do not have authority from Bloomberry Resorts and Hotels Inc. and Sureste Properties Inc. to accept service in connection with the case Claimants have filed in Singapore.

    As we have repeatedly conveyed, including during the hearing in Singapore, we have been advised that there is no objection to the release of the dividend that Bloomberry Resorts Corporation paid to Claimants' stockbroker, Deutsche Bank, on May 5, 2015.  It is disappointing that over the past 18 months, instead of simply resolving this matter, as to which there is not actual disagreement, Claimants have chosen instead to raise repeatedly this manufactured issue before the Tribunal.  We do not see it as productive for you to now try to link the unobjectionable release of the dividend to the "unfreezing" of the Shares, as you do in your letter of October 10.  As you know, for example, the Respondents in the Arbitration are not parties to the Equity Option Agreement.  Moreover, Mr. Razon has repeatedly indicated, including at the very outset and again before the October 2015 hearing in Singapore, that there would be no

Ainsworth Decl. Ex. 62

Daniel H. Weiner
October 11, 2016
Page 2

objection regarding the Shares if your clients were not demanding excessive and unwarranted "compensation" in addition to the Shares.

Very truly yours,

Michael D. Nolan

Subject to Arbitration Confidentiality Orders

BLOOM_0076342