| CA-G.R. SP NO. 134340 | Page 12 of 16 |
|---|---|
| Resolution | |

>   138. The Tribunal hereby:
>
>   (b) Restores the Parties to the *status quo ante* as of 15 January 2014, so that:
>
>> (iii) The Second Philippine Court Order is hereby **revoked** or superseded by this Order; and
>>
>> (iv) The Claimants are henceforth **free to deal with the Shares**, and this includes, out of an abundance of caution, the right to sell or dispose of the Shares at their discretion.
>
>   xxx
>
>   3. The case be remanded to the RTC Makati for the issuance of any further implementing measure or order as may be necessary and appropriate.
>
>   GLOBAL GAMING PHILIPPINES LLC likewise prays for other reliefs just and equitable under the premises."[31]

On February 5, 2015, respondents filed their Comment[32] to petitioner GGAM's Manifestation and Motion. Thereafter, petitioner filed its Reply[33] on February 9, 2015.

## *Ruling*

The instant Petition[34] has been rendered moot and academic by the Arbitral Tribunal's Order[35] dated December 9, 2014.

---

[31] Rollo, pp. 1218-1219
[32] Rollo, pp. 1276-1287
[33] Rollo, pp. 1348-1363
[34] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82
[35] Rollo, pp. 1370-1411

It must be noted that the Petition[36] principally sought to annul the court a quo's February 25, 2014 Order[37] and to cancel the Writs of Attachment and Preliminary Injunction it issued on February 27, 2014 in Spec. Proc. No. M-7567.[38] Considering that the Arbitral Tribunal's Order[39] dated December 9, 2014 not only superseded the assailed February 25, 2014 Order but also vacated and lifted the Writs of Attachment and Preliminary Injunction[40], then nothing is left for this Court to annul or act upon.

Worth reiterating is the oft-cited pronouncement of the Supreme Court in *Gancho-on vs. The Honorable Secretary of Labor and Employment*[41], to wit:

> "It is a rule of universal application, almost, that courts of justice constituted to pass upon substantial rights will not consider questions in which no actual interests are involved; they decline jurisdiction of moot cases. And where the issue has become moot and academic, there is no justiciable controversy, so that a declaration thereon would be of no practical use or value. There is no actual substantial relief to which petitioners would be entitled and which would be negated by the dismissal of the petition."

In order to address petitioner GGAM's Manifestation and Motion[42], the pertinent provisions of Republic Act No. 9285[43], otherwise known as the Alternative Dispute Resolution Act of 2004, and the Special ADR Rules are hereby quoted as follows:

**Alternative Dispute Resolution Act of 2004**

---

[36] "PETITION FOR REVIEW ON CERTIORARI (AS APPEAL UNDER THE SPECIAL RULES OF COURT ON ALTERNATIVE DISPUTE RESOLUTION)", Rollo, pp. 3-82
[37] Rollo, pp. 94-103a
[38] Rollo, p. 79
[39] Rollo, pp. 1370-1411
[40] Rollo, p. 1410
[41] G.R. No. 108033 April 14, 1997
[42] Rollo, pp. 1213-1221
[43] AN ACT TO INSTITUTIONALIZE THE USE OF AN ALTERNATIVE DISPUTE RESOLUTION SYSTEM IN THE PHILIPPINES AND TO ESTABLISH THE OFFICE FOR ALTERNATIVE DISPUTE RESOLUTION, AND FOR OTHER PURPOSES, April 2, 2004

Subject to Arbitration Confidentiality Orders

BLOOM_0076533

| CA-G.R. SP NO. 134340 | Page 16 of 16 |
|---|---|
| Resolution | |

**WHEREFORE,** the instant Petition is **DISMISSED** for being moot and academic. The case is **REMANDED** to the Regional Trial Court, Branch 66, Makati City for further proceedings regarding the recognition and enforcement of the Arbitration Tribunal's Order dated December 9, 2014.

**SO ORDERED.**

**CARMELITA SALANDANAN-MANAHAN**
*Associate Justice*

*WE CONCUR:*

**JAFAR B. DIMAAMPAO**
*Associate Justice*

**EDWIN D. SORONGON**
*Associate Justice*

Subject to Arbitration Confidentiality Orders

BLOOM_0076536