# SECURITIES AND EXCHANGE COMMISSION
## SEC FORM 17-C

**CURRENT REPORT UNDER SECTION 17
OF THE SECURITIES REGULATION CODE
AND SRC RULE 17.2(c) THEREUNDER**

1. Date of Report (Date of earliest event reported)
   May 29, 2020
2. SEC Identification Number
   A1999-04864
3. BIR Tax Identification No.
   204-636-102
4. Exact name of issuer as specified in its charter
   Bloomberry Resorts Corporation
5. Province, country or other jurisdiction of incorporation
   Philippines
6. Industry Classification Code(SEC Use Only)
7. Address of principal office
   The Executive Office, Solaire Resort & Casino, 1 Asean Avenue, Entertainment City, Barangay Tambo, Paranaque City
   Postal Code
   1701
8. Issuer's telephone number, including area code
   +632-88838920
9. Former name or former address, if changed since last report
   N/A
10. Securities registered pursuant to Sections 8 and 12 of the SRC or Sections 4 and 8 of the RSA

| Title of Each Class | Number of Shares of Common Stock Outstanding and Amount of Debt Outstanding |
|---|---|
| Unclassified Shares | 10,959,646,295 |

11. Indicate the item numbers reported herein
    Item 5. Legal Proceedings

The Exchange does not warrant and holds no responsibility for the veracity of the facts and representations contained in all corporate disclosures, including financial reports. All data contained herein are prepared and submitted by the disclosing party to the Exchange, and are disseminated solely for purposes of information. Any questions on the data contained herein should be addressed directly to the Corporate Information Officer of the disclosing party.

Ainsworth Decl. Ex. 47

BLOOM_0030577

# Bloomberry Resorts Corporation
# BLOOM

## PSE Disclosure Form 4-26 - Legal Proceedings
*References: SRC Rule 17 (SEC Form 17-C) and
Section 4.4 of the Revised Disclosure Rules*

| Subject of the Disclosure | |
|---|---|
| Singapore High Court Decision dated 29 May 2020 on Petition to Set Aside the Final Award dated 27 September 2019. | |

| Background/Description of the Disclosure | |
|---|---|
| The Singapore High Court issued a decision dated 29 May 2020 dismissing Sureste Properties Inc. (SPI) and Bloomberry Resorts & Hotels Inc. (BRHI) petition to set aside/resist enforcement of the Final Award of the Arbitration Tribunal dated 27 September 2019. | |

| | |
|---|---|
| Name of the court or agency in which the proceedings are pending | Singapore High Court |
| Date Instituted | Nov 5, 2019 |
| Docket Number | OS 1385 |

| Principal Parties |
|---|
| Bloomberry Resorts and Hotels, Inc. and Sureste Properties, Inc. vs. Global Gaming Philippines LLC and GGAM Netherlands BV |

| Nature and description of the legal proceedings |
|---|

Further to its disclosure to the Philippine Stock Exchange dated 6 January 2020, Bloomberry Resorts Corporation (BRC) hereby discloses that its subsidiaries Sureste Properties Inc. (SPI) and Bloomberry Resorts & Hotels Inc. (BRHI) were informed by their lawyers in Singapore that the Singapore High Court has issued a decision dated 29 May 2020 dismissing their petition to set aside/resist enforcement of the Final Award of the Arbitration Tribunal dated 27 September 2019. This case is docketed as OS 1385 in the High Court in Singapore.

The Singapore High Court ruled that the "Constructive Remedy," which requires SPI and BRHI to either (1) pay for the BRC shares held by GGAM in exchange for the BRC shares, or (2) take steps to facilitate GGAM's sale of the BRC shares, was not outside the scope of the parties' arbitration agreement. The Singapore High Court also rejected the challenges based on the FCPA Findings (referring to the findings of the U.S. Department of Justice and the U.S. Securities and Exchange Commission regarding conduct by two of GGAM's four executives during their tenure at Las Vegas Sands that violated the U.S. Foreign Corrupt Practices Act) and GGAM's fraudulent concealment of evidence during the Arbitration. The Singapore High Court likewise denied the argument that GGAM Netherlands, to which the MSA was assigned, was a sham entity established solely to evade U.S. and Philippine taxes, because the Arbitration Tribunal rejected the same argument, and thus, the High Court found that the grant of damages to GGAM Netherlands is not contrary to Singapore public policy. Costs were charged against SPI and BRHI.

Singapore counsel has informed SPI and BRHI that they have until 29 June 2020 within which to appeal this decision to the highest court in Singapore, the Singapore Court of Appeal. The appeal would focus on flaws in the decision.

Counsel for SPI and BRHI has advised that the arbitration award is not self-executing and must be confirmed by a domestic court for it to have the legal effect of a judgment. Counsel for SPI and BRHI has advised that, as a matter of Philippine law, both the Partial Award and the Final Award of the Arbitration Tribunal may be enforced in the Philippines only through an order of a Philippine court of proper jurisdiction and after appropriate proceedings taking into account applicable Philippine law and public policy.

| The effect(s) on the Issuer's business or operations, if any |
| --- |
| None. |

| Other Relevant Information |
| --- |
| None. |

**Filed on behalf by:**

| Name | JONAS KHAW |
| --- | --- |
| Designation | ASSISTANT CORPORATE SECRETARY |