REPUBLIC OF THE PHILIPPINES
NATIONAL CAPITAL JUDICIAL REGION
REGIONAL TRIAL COURT
MAKATI CITY-BRANCH 66

BLOOMBERRY RESORTS AND HOTELS,
INC., SURESTE PROPERTIES, INC., AND
PRIME METROLINE HOLDINGS, INC.,
                       Petitioners,

Spec. Proc. No. 7567

-versus-

GLOBAL GAMING PHILIPPINES LLC,
DEUTSCHE REGIS PARTNERS, INC.,
PHILIPPINE STOCK EXCHANGE AND
JOHN DOES,
                       Respondents.
x------------------------------------------x



## ORDER

Before this Court is an Urgent Petition for Issuance of Interim Measures of Protection filed under A.M. No. 07-11-08-SC or the Special Rules of Court on Alternative Dispute Resolution ("Special ADR Rules") filed by petitioners Bloomberry Resorts and Hotels, Inc. ("BRHI"), Sureste Properties, Inc. ("SPI") and Prime Metroline Holdings, Inc. ("PMHI") against respondents Global Gaming Philippines LLC ("GGAM"), Deutsche Regis Partners, Inc. ("DRP"), Philippine Stock Exchange, Inc. ("PSE") and John Does. Under the instant Petition, the petitioners are praying that the Court issue interim measures of protection in the form of a writ of preliminary attachment to attach the 921,184,056 shares of Bloomberry Resorts Corporation ("BRC") ("Shares") (or the proceeds of the sale of such Shares if the sale was completed by delivery of the Shares to the buyers prior to the order of the court) which are owned by Respondent GGAM, whether under a legal or beneficial title and whether in the possession or control of Respondent GGAM or any of its directors, officers, placement agents or their local representatives, Respondent DRP, as stockbroker and nominee account holder, representative, agent or any other person or entity within its control, or any other stockbroker, placement agent, nominee account holder or any other person or entity within the control of Respondent GGAM in order to preserve said Shares and to serve as security for the judgment of the arbitral tribunal, and/or writ of preliminary injunction enjoining Respondent GGAM or any of its directors, officers, placement agents, Respondent DRP, as stockbroker and nominee account holder, representative, agent, Respondent PSE, or any other stockbroker, placement agent, nominee account holder or any other person or entity within the control of Respondent GGAM from disposing of, or facilitating, allowing, implementing and completing the sale or transfer of the Shares during the pendency of the arbitration proceedings in Singapore.

Petitioners also applied for the issuance of a 20-day temporary order of protection pursuant to Paragraph 3 of Rule 5.9 of the Special ADR Rules praying that Respondent GGAM or any of its directors, officers, its placement agents, Respondent DRP, as stockbroker and nominee account holder, representative, agent or any other person or entity within its control, and Respondent PSE, as operator of the stock



Ainsworth Decl. Ex. 78

GGAM-SDNY-0263144

Respondent GGAM is merely a special purpose Delaware company with no assets in the Philippines except the Shares. Thus, it is essential that security must be provided to answer for any obligation that may be adjudged by the arbitral tribunal against Respondent GGAM for precisely the purpose of attachment proceeding is to create a lien on the property to serve as security for the payment of the creditors' claim (Quasha, et al. vs. Juan, et al., G.R. No. L-49140, November 19, 1982).

This Court would like to point out that no prejudice could be caused against Respondent GGAM by these interim measures of protection. For one, these interim measures of protection may be modified, amended, revised or revoked by the arbitral tribunal once the same has been constituted (Rules 5.9 and 5.13 of the Special ADR Rules). Second, as above-mentioned, Respondent GGAM does not appear to have any other business as it was specifically created for the purpose of entering into the MSA and holding the Shares. Most importantly, if the arbitral tribunal finds that the issuance of this order is improvident, any damage which may be suffered by Respondent GGAM shall be charged against the bond to be secured by the Petitioners in the amount of SEVEN HUNDRED MILLION PESOS (PhP 700,000,000.00).

Furthermore, the Petitioners are owners and operators of the Solaire Resort & Casino - an actual operating casino and resort at the Entertainment City in Parañaque City. If the grant of the writs of preliminary attachment and preliminary injunction as interim measures of protection is finally found to be improper and Respondent GGAM suffers damages, it has the option to claim damages against the Petitioners and if Respondent GGAM wins an award for damages in the arbitration proceedings, it can be enforced against not only the bond of the Petitioners but also against the assets of the Petitioners including that of Solaire Resort & Casino.

**WHEREFORE**, in light of the foregoing, this Court **GRANTS** the Petitioners' application for interim measures of protection in the form of writs of preliminary attachment and preliminary injunction pursuant to Rule 5.6 of the Special ADR Rules. These interim measures of protection are issued without prejudice to subsequent grant, modification, amendment, revision or revocation by the arbitral tribunal in Singapore, once the same is duly constituted. Accordingly, (i) a writ of preliminary attachment is hereby ordered issued to attach the 921,184,056 shares of Bloomberry Resorts Corporation (or the proceeds of the sale of such Shares if the sale was completed by delivery of the Shares to the buyers prior to the Order of this Court) which are owned by Respondent Global Gaming Philippines LLC, whether under a legal or beneficial title and whether in the possession or control of Respondent Global Gaming Philippines LLC or any of its directors, officers, placement agents or their local representatives, Respondent Deutsche Regis Partners, Inc., as stockbroker and nominee account holder, representative, agent or any other person or entity within its control, or any other stockbroker, placement agent, nominee account holder or any other person or entity within the control of Respondent Global Gaming Philippines LLC in order to preserve said Shares and to serve as security for the judgment that the arbitral tribunal may award in favor of the Petitioners; and (ii) Respondent Global Gaming Philippines LLC or any of its directors, officers, placement agents or local representatives, Respondent Deutsche Regis Partners, Inc., as stockbroker and nominee account holder, representative, agent or any other person or entity within its control, Respondent Philippine Stock Exchange, Inc., as operator of the stock



GGAM-SDNY-0263153

market, and/or any other stockbroker, placement agent, nominee account holder or any other person or entity within the control of Respondent Global Gaming Philippines LLC, are restrained from disposing of, or facilitating, allowing, implementing and completing the sale or transfer of any of the 921,184,056 shares in Bloomberry Resort Corporation ("BRC") owned by Respondent Global Gaming Philippines LLC during the pendency of the arbitration proceedings in Singapore.

Further, in view of the fact that both interim measures of protection have been granted, Petitioners are hereby required to post within a period of five (5) days from receipt of this Order separate bonds: (i) for the issuance of Writ Preliminary Attachment in the amount of SEVEN HUNDRED MILLION PESOS (PhP 700,000,000.00) and (ii) ONE HUNDRED MILLION PESOS (PhP 100,000,000.00) for the Writ Preliminary Injunction to answer for any damage/s that Respondent Global Gaming Philippines LLC may suffer as a result of this Order.

SO ORDERED.
Makati City. 25 February 2014.

JOSELITO C. VILLAROSA
Presiding Judge

11

GGAM-SDNY-0263154