| | |
|---|---|
| **From:** | Russell, Kevin [KRussell@cantor.com] |
| **Sent:** | Thursday, June 09, 2011 5:08:54 AM |
| **To:** | eoccena@ictsi.com; sjtan@picazolaw.com |
| **CC:** | weidnerb@gmail.com; gwsvegas@cox.net; brad.h.stone@gmail.com; Rein, Jon; Cabot, Anthony; rickkirkbride@paulhastings.com; Singleton, Quinton; jeffreymyers@paulhastings.com |
| **Subject:** | Project Berry Draft MSA |
| **Attachments:** | 68183979_11.DOC |

Estela/Benny, please find attached a revised draft of the Master Services Agreement. Please note that this draft remains subject to further internal review, including, but not limited to, our diligence review and tax analysis. I would appreciate it if you could forward this draft to other members of your team.

Please let us know if you have any questions or comments. We look forward to working with you on this project.

Regards,

Kevin

CONFIDENTIAL: This e-mail, including its contents and attachments, if any, are confidential. If you are not the named recipient please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else. Copyright and any other intellectual property rights in its contents are the sole property of Cantor Fitzgerald.
    E-mail transmission cannot be guaranteed to be secure or error-free. The sender therefore does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.  If verification is required please request a hard-copy version.
    Although we routinely screen for viruses, addressees should check this e-mail and any attachments for viruses. We make no representation or warranty as to the absence of viruses in this e-mail or any attachments. Please note that to ensure regulatory compliance and for the protection of our customers and business, we may monitor and read e-mails sent to and from our server(s).

For further important information, please see
http://www.cantor.com/legal/statement

GGAM-SDNY-0058560

written confirmation of receipt, (iii) courier with proof of delivery and name and signature of recipient, (iv) internationally recognized courier service with proof of delivery and name and signature of recipient (e.g., FedEx), or (v) by electronic mail with confirmation receipt. Any such notice or other communication is deemed to have been delivered as of the date and time of the delivery to such address and upon receipt of signature by an authorized agent.

Owner: Bloomberry Resorts and Hotels, Inc.
Unit 601, 6th Floor Ecoplaza Building
Pasong Tamo Extension, Makati City
Philippines

Attention: Enrique K. Razon, Jr.
Chairman and CEO
Telephone No. +632 245 2165
Fax No. +632 245 4966
Email

With copy to:

Sureste Properties, Inc.
26th Floor, 139 Corporate Center Building
Valero Street, Salcedo Village
Makati City, Philippines

Attention: Enrique K. Razon, Jr.
Chairman and CEO
Telephone No. _____
Fax No. _____
Email

Global Gaming: Global Gaming Philippines, __.
c/o Global Gaming Asset Management, L.P.
3575 West Post Road
Las Vegas, Nevada, U.S.A. 89118
Attention: William Weidner
President
Telephone No. (702) 897-5600
Fax No. (702) 635-0202
Email

With copy to:

Cantor Fitzgerald, LP
499 Park Avenue
New York, New York, U.S.A. 10022

18.17 **Counterparts and Electronic Signatures**

The Parties may execute this Agreement and any subsequent amendment, waiver, or consent in multiple counterparts, each counterpart constitutes an original, and all counterparts to an execution, collectively, constitute a single agreement. The signatures of all of the Parties need not appear on the same counterpart, and delivery of an executed counterpart signature by electronic communications is as effective as executing and delivering this Agreement in the presence of the other Party to this Agreement.

**19. GOVERNING LAW; VENUE**

This Agreement shall be governed by and construed in accordance with the Laws of the State of New York, United States (without reference to its conflicts of laws rules except for 5-1401 of New York's General Obligations Law.

Except as required by Annex I, Part 2 with respect to Expert Disputes, the Parties unconditionally and irrevocably consent to the non-exclusive jurisdiction of the state or federal courts sitting in Manhattan, New York, United States (the "Specified Court") in any action, suit, or proceeding with respect to the enforcement of this Agreement, and the non-exclusive jurisdiction of the Specified Court with respect to the enforcement of any award. The Parties expressly waive any objection, and they agree not to plead or claim, that (i) the Specified Court does not possess personal jurisdiction over the Parties, (ii) any such action or proceeding has been brought in an inconvenient forum, or (iii) an injunction or other judicial order (interlocutory or final) should be issued that would have the effect (directly or indirectly) of restraining or impeding the maintenance or prosecution by either Party of the claim or action. Nothing herein shall affect or limit the right of either Party to serve process in any manner permitted by Applicable Law, provided that, notwithstanding the foregoing, each Party hereby covenants and agrees to also appoint and maintain an agent for service of process having an address located in the City of New York, State of New York, USA. The Parties further agree that any award may be enforced by a Party against the assets of the other Party wherever those assets are located (including the Specified Court), and that any award may be entered into and enforced by any court or tribunal of competent jurisdiction, and that no claim of immunity from such proceedings will be claimed on behalf of such Party or its assets. For avoidance of doubt, to the extent permitted under Applicable Law, the taking of proceedings in any Specified Court shall not preclude the enforcement of such proceedings in any jurisdiction of the Philippines.