and to:

Paul Hastings LLP
515 S. Flower Street, 25th Floor
Los Angeles, California, U.S.A. 90071
Attention: Rick S. Kirkbride, Esq.
Telephone: (213) 683-6261
Fax No.: (213) 996-3261

if to Grantor:

Prime Metroline Transit Corporation
Unit 601, 6th Floor Ecoplaza Building
Pasong Tamo Extension, Makati City
Philippines
Attention: Enrique K. Razon, Jr., Chairman and CEO
Telephone No.: +632 245 2165
Fax No.: +632 245 4966

with copy to:

Sureste Properties Inc.
26th Floor, 139 Corporate Center Building
Valero Street, Salcedo Village
Makati City, Philippines
Attention: Enrique K. Razon, Jr., Chairman and CEO
Telephone No.: +632 245 2165
Fax No.: +632 245 4966

and to:

Estela T. Occena
Office of the Chairman
3rd Floor ICTSI Administration Building
MICT South Access Road
Manila International Container Terminal
North Harbor, Manila, Philippines
Telephone No.: +632 245 2185
Fax No.: +632 241 1187

Section 11.4 <u>Counterparts</u>. This Agreement may be executed in two (2) or more counterparts (including by facsimile or similar means of electronic transmission), all of which shall be considered one and the same agreement and shall become effective when signed by each of the parties and delivered to the other parties.

Section 11.5 <u>Entire Agreement; No Third-Party Beneficiaries</u>. This Agreement (a) constitutes the entire agreement and supersedes all prior agreements and

Subject to Arbitration Confidentiality Orders

understandings, both written and oral, among the parties with respect to the subject matter hereof, and (b) is not intended to confer upon any Person other than the parties hereto any rights or remedies hereunder.

Section 11.6 Severability. Any term or provision of this Agreement that is held by a court of competent jurisdiction or other authority to be invalid, void or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction. If the final judgment of a court of competent jurisdiction or other authority declares that any term or provision hereof is invalid, void or unenforceable, the parties agree that the court making such determination shall have the power to reduce the scope, duration, area or applicability of the term or provision, to delete specific words or phrases, or to replace any invalid, void or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision.

Section 11.7 Language. This Agreement is executed in English. All communications between Grantor and Grantee in connection with this Agreement, both written and oral, shall be in English.

Section 11.8 Governing Law; Venue. This Agreement is made under and shall be governed by and construed in accordance with the laws of the Republic of the Philippines.

Section 11.9 Disputes.

(a) The parties agree to act in good faith to resolve any and all disputes between them at the working group level. Any dispute that cannot be settled by mutual agreement within thirty (30) days and such dispute relates to the interpretation, carrying out of obligations, breach, termination or enforcement of this Agreement or in any way arises out of or is related to this Agreement shall be settled exclusively in accordance with this Section 11.9.

(b) Any dispute required to be settled in accordance with this Section 11.9 shall be settled by arbitration in Singapore under the United Nations Commission on International Trade Law (UNCITRAL) Arbitration Rules in force at the date of this Agreement (the "Rules"), except that to the extent the then current Rules are inconsistent with the provisions of this Section 11.9, in which event the terms hereof shall control. Arbitration shall be conducted in accordance with the following provisions:

(i) If either party asserts that a dispute has arisen which is required to be settled in accordance with this Section 11.9, such asserting party shall give prompt written notice to the other party. The arbitration shall be administered by a panel of three (3) arbitrators appointed in accordance with the following provision: one (1) arbitrator shall be appointed by each party, and one arbitrator shall be jointly agreed

Subject to Arbitration Confidentiality Orders

BLOOM_0082051

and appointed by the two (2) arbitrators chosen by the parties. Arbitration proceedings shall take place in English.

(ii) The decision of the arbitration panel shall be final and binding on the parties, without right of appeal. The parties agree in advance that if one party initiates arbitration, the other party shall be bound to participate, and the decision of the arbitration panel shall be binding upon both parties and enforceable in all jurisdictions.

(iii) The arbitrators may consolidate proceedings with respect to any dispute under this Agreement with proceedings with respect to any related controversy under this Agreement. However, except as specifically set forth in the preceding sentence: (A) arbitration only will be conducted on an individual, not class-wide, basis; (B) only Grantor and Grantee or Investor (and their Affiliates and their respective officers, directors, owners, employees, agents and representatives) may be parties to any arbitration proceeding described in this Section 11.9; and (C) no such arbitration proceeding shall be consolidated with any other arbitration proceeding involving Grantor and Grantee and/or any other Person. Except in connection with claims by third-parties for which a party is entitled to indemnification pursuant to this Agreement (including claims where such third-party is seeking multiple, exemplary or punitive damages), the award may not include, and the parties specifically waive any right to an award of multiple, exemplary or punitive damages.

(iv) The parties agree that, in connection with any arbitration proceeding, each party must submit or file any claim which would constitute a compulsory counterclaim within the same proceeding as the claims to which it relates. Any such claim which is not submitted of filed will be forever barred unless written notice specifying such claim is provided to the other party within twenty-four (24) calendar months after the later of (A) the date of such breach or violation; and (B) the date of discovery of the facts (or the date the facts could have been discovered, using commercially reasonably diligence) giving rise to such breach or violation. Such written notice shall not toll any applicable statute of limitations.

(v) Notwithstanding anything to the contrary contained in this Agreement, the parties shall each have the right in the proper case to obtain temporary restraining orders and temporary or preliminary injunctive relief from a court of competent jurisdiction, provided that, each party must contemporaneously submit their dispute for arbitration on the merits, if required herein.

(vi) The provisions of this Section 11.9 are intended to benefit and bind third-party non-signatories and shall continue in full force and effect subsequent to and withstanding the expiration or termination or this Agreement.

(vii) In addition to the Rules, the parties agree that the arbitration shall be conducted according to the International Bar Association Rules of Evidence as current on the date of the commencement of the arbitration. The arbitration panel shall

Subject to Arbitration Confidentiality Orders

BLOOM_0082052