Perry Decl. Ex. 50

---

IN THE MATTER OF AN ARBITRATION UNDER
THE RULES OF THE UNITED NATIONS COMMISSION
ON INTERNATIONAL TRADE LAW (2010)

B E T W E E N

GLOBAL GAMING PHILIPPINES LLC and
GGAM NETHERLANDS B.V.

Claimants

- and -

BLOOMBERRY RESORTS AND HOTELS INC. and
SURESTE PROPERTIES, INC.

Respondents

- Before -

DR ANDRES RIGO SUREDA (Chairman)
MR MICHAEL HWANG, SC
MR R DOAK BISHOP, ESQ

Heard on:

Saturday, 24 October 2015

Mr Charles Patricia and Mr Joseph Profaizer
(Paul Hastings LLP)
Mr Daniel Weiner
(Hughes Hubbard & Reed LLP)
Appeared on behalf of the Claimants

Mr Michael D Nolan, Mr David S Cohen, Ms Elitza Popova-Talty and Ms Erin Culbertson
(Milbank Tweed Hadley & McCloy LLP)
Appeared on behalf of the Respondents

---

10.06    Indeed, Mr Razon abandoned the basis for rescission when he admitted that there was no unique value in the shares that GGAM had.

Now, let me turn to a difficult issue, which is respondents' smear tactics against individuals.

First, the respondents have raised attacks against Mr French and Mr Weidner. They, frankly, are red herrings. They do not bear on any substantive breach of the MSA. They share a common nucleus, newly-invented creations of counsel or an uninformed expert, a lack of concrete evidence, a lack of demonstration of any direct link to the MSA immaterial to the MSA, and they would all be curable.

As to Mr French, respondents now allege that they did not know the reason for Mr French's termination from the Venetian and that Mr French did not disclose it on a PAGCOR application. First and foremost, that application is not properly before the tribunal because respondents have provided no evidence of the application or its content. So the suggestion by their counsel of what the application contained cannot be properly assessed. And I say to you it is likely not in evidence because PAGCOR treats that information as confidential to the

---

10.13    involving Chinese gamblers in its Las Vegas operations, and in Hard Rock, had paid the third largest fine in Nevada Gaming history because of prosecution and drug sales at the hotel and casino.

We also saw that the respondents obtained confidential financial information from Resorts World within two days after that -- after the data. Mr Almeda said it was magic, he doesn't know how Ms Occena did it, she did it, she did some magic. That's counter-intelligence, put it that way. He knows that information is confidential and would not have been released by Resorts World.

Let us turn, then, to the allegations about Mr Weidner's trade program. Mr Weidner testified about his efforts to build an overall trade package that would allow Chinese businessmen to make investments in or trade with the Philippines, and to use that opportunity to create relationships between those wealthy businessmen who could then be introduced to Solaire.

Mr Kleisner's specious and unfounded assertion that those activities were money laundering is a remarkably ugly example of respondents' desperation. It frankly is defamatory and does not belong in this record. That trade program is, on its face, proper,

---

10.14    legal, and indeed, an opportunity to create the very business links between Philippines and China that the Chinese government and the Philippines government would both foster.

There is no money laundering in Chinese businessmen using funds located outside of China for investment purposes and thereafter using the profits they would earn. Third, the practice of junkets to work around Chinese currency restrictions is both well-established and legal.

Mr Lee himself testified repeatedly that those junket practices were responsible for the growth of Asian gaming, and indeed, Mr Lee himself confirmed Mr Weidner's points about the China Liaison Office in Hong Kong and in Macau.

Mr Kleisner's allegations, which he admitted were not based on facts, but solely on Mr Weidner's statement that he did not want to put in writing his understanding of the underlying Chinese government policies to seek better relations with the Philippines is flatly a smear. Mr Kleisner, who happens to be the chair of Caesars audit committee who was responsible for the circumstances and the controls related to an anti-money laundering offence for Caesars involving Chinese gambling and his only