Perry Decl.
Ex. 61

1st affidavit filed in OS 1432 on 13 March 2018 and my 2nd Affidavit.

2. Unless otherwise stated, the facts and matters set out herein are either within my personal knowledge or are based on the documents and records relating to the matter. Insofar as the facts and matters set out in this affidavit are within my personal knowledge, they are true. Insofar as they are not within my personal knowledge, they are true to the best of my knowledge, information and belief.

3. The first sentence of paragraph 23 of my 2nd Affidavit reads as follows:

> "Moreover, as Mr. Sullivan (who led the Paul Hastings team representing Mr. Weidner in connection with the United States government's investigation of LVS) confirmed to me in 2014 when he and I briefly discussed the status of LVS investigation, prior to vetting Mr. Weidner's August 2012 statement to Bloomberry, Mr. Sullivan received specific assurances from the United States government authorities conducting the LVS investigations that Mr. Weidner was neither a "subject" nor a "target" of that investigation."

4. Since the filing of my 2nd Affidavit, I have engaged in further discussions with the United States Department of Justice (the "**DOJ**") and the Paul Hastings team that represented Mr. Weidner in connection with the LVS investigations (the "**Paul Hastings Weidner Team**") (which is a separate team from the Paul Hastings team that represented the Defendants in the

GGAM-SDNY-0207035

Arbitration). In the course of these further discussions, it has come to my attention that the phrasing I used can be read to conflate distinct understandings regarding communications between the United States investigating authorities and the Paul Hastings Weidner Team.

5. Accordingly, I wish to clarify that (A) the United States government authorities have confirmed that they did in fact provide specific assurances that Mr. Weidner was not a "target" of the LVS investigations, and (B) the United States government authorities did not directly state that Mr. Weidner was not a "subject" of the LVS investigations. Instead, this was a conclusion drawn by the Paul Hastings Weidner Team on the basis of all the information available to the Paul Hastings Weidner Team, including their communications with those involved in the investigations, including United States government authorities.

6. The conclusions of the Paul Hastings Weidner Team included their understanding of the requests to interview Mr. Weidner and other available information. That conclusion is ultimately confirmed by the fact that once Mr. Weidner was interviewed by the United States government authorities, he was not requested to provide further testimony, and was never charged, either civilly or criminally, with wrongdoing by the United States authorities.

7. If it assists the Court, my clarification may also be summarised by replacing the first sentence of paragraph 23 of my 2nd Affidavit with the following sentence:

GGAM-SDNY-0207036

| | |
|---|---|
| AFFIRMED in Washington, D.C., | ) |
| United States of America | ) |
| by Charles A. Patrizia | ) |
| this 15th day of October, 2018 | ) |

Before me,

### NOTARY PUBLIC

This affidavit is filed on behalf of the Defendants by Allen & Gledhill LLP of One Marina Boulevard #28-00 Singapore 018989.

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 15th day of October, 2018

Alicia A. Smith, Notary Public, D.C.
My commission expires September 14, 2021.

