**Kevin N. Ainsworth**
212 692 6745
kainsworth@mintz.com



919 Third Avenue
New York, NY 10022
212 935 3000
mintz.com

March 14, 2023

Hon. Lorna G. Schofield, U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Global Gaming Philippines, LLC v. Razon, Jr., et al.*, 21 Cv. 2655 (LGS) (SN) / **Opposition to Razon's Request to Exceed Exhibit Page Limit (ECF No. 389)**

Dear Judge Schofield:

On behalf of Plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "GGAM"), we respectfully submit this letter to oppose the request by counsel for Defendant Enrique K. Razon, Jr ("Razon"), to exceed the limit of 225 pages of exhibits (a) in support of Razon's motion for summary judgment on the issue of his alter ego relationship with the other defendants, and (b) in opposition to GGAM's cross-motion for summary judgment on that issue.

In December, Razon insisted that GGAM's veil piercing claim had no legal basis, and he insisted on filing a motion for summary judgment. (ECF Nos. 314 and 317.) By Order entered December 30, 2022 (ECF No. 321), the Court scheduled the briefing for cross-motions for summary judgment as follows:

1. Razon was to file his motion by January 25, 2023;

2. Plaintiff was to file both its motion and its opposition to Razon's motion by February 22;

3. Razon is to file his opposition to Plaintiffs' motion and his reply in support of his motion by no later than March 22;

4. Plaintiff is to file its reply, in support of its motion, by no later than April 5.

In January, at Razon's request, the Court entered an order stating: "Plaintiff and Defendant Razon may each file a maximum of 225 pages of exhibits in total in connection with their cross-motions for summary judgment with respect to any claims against Razon." (ECF No. 324.) That order was perfectly clear.

Yet Razon's counsel now asserts that they did not understand the Court's Order: "*At the time, we were unclear* as to whether the Court meant that Mr. Razon could only submit 225 pages in support of Razon's Motion or 225 pages total in support of Razon's Motion and in opposition to Plaintiff's Motion." (Razon Ltr. dated 3/14/2023 (ECF No. 389) (emphasis added).) They suggest that they

---

BOSTON   LONDON   LOS ANGELES   NEW YORK   SAN DIEGO   SAN FRANCISCO   WASHINGTON

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.


thought maybe each side would be able to submit a total of 450 pages. But they did not seek clarification or communicate their view to us. Instead, they sat silent.

On February 22, Plaintiff filed its motion and cross-motion, and made strategic decisions about its selection of evidence in order to abide by the Court's page limit.

Razon now seeks an unfair advantage, by changing the ground-rules after Plaintiff has filed its motion and cross-motion. His request should be denied.

If the Court were to permit Razon to exceed the limit of 225 exhibit pages, Plaintiff respectfully requests permission to file an additional five pages in its reply brief on April 5, 2023.

Respectfully submitted,

/s/ Kevin N. Ainsworth
Kevin N. Ainsworth


cc: All counsel of record (Via ECF)