UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL GAMING PHILIPPINES, LLC,<br><br>    *Plaintiff,*<br><br>  vs.<br><br>ENRIQUE K. RAZON, JR.; et al.,<br><br>    *Defendants.* | No. 21 Cv. 2655 (LGS) |

**SUPPLEMENTAL DECLARATION OF KEVIN N. AINSWORTH**

I, Kevin N. Ainsworth, declare under the penalty of perjury that the following is true and correct.

1. I am a member of the Bar of this Court and the State of New York, and a member of the law firm Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. I serve as counsel for Plaintiff Global Gaming Philippines, LLC ("Plaintiff" or "GGAM"). I am familiar with the matters involved in this case and submit this declaration in support of Plaintiff's Motion to Enforce the Arbitral Award and in Opposition to the Cross-Motion of Defendants Bloomberry Resorts and Hotels, Inc. ("BRHI") and Sureste Properties, Inc. ("SPI" or "Sureste") (collectively "Defendants") for Summary Judgment.

2. Attached hereto as exhibits are true and correct copies of documents described below.

| EXHIBIT No. | Document |
|---|---|
| EXHIBIT 1 | Email from E. Occeña-Tuason to J. Rein re: [no subject line] (Oct. 5, 2011) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0060450) |

| | |
|---|---|
| EXHIBIT 2 | List of Emails Sent by Defendants directly to persons at Cantor Through Termination of the MSA |
| EXHIBIT 3 | Transcript of Hearing Testimony in the Arbitration on Oct. 22, 2015 (Produced by Plaintiff with starting Bates No. 72656793) (excerpts) |
| EXHIBIT 4 | Email from E. Occeña-Tuason to B. Stone re: YOUR 1X1 SCHEDULE: J.P. Morgan Asia Pacific Conference 2012 – Boston – Sep 5-7 (Aug. 30, 2012) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0092058) |
| EXHIBIT 5 | Itinerary of Estella Occeña-Tuason, Leo Venezuela, and Bradley Stone for UBS Global Emerging Market One-on-One, New York & San Francisco (Nov. 27, 2012 to Nov. 30, 2012) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0366740) |
| EXHIBIT 6 | Bloomberry Resorts Corporation Offering Circular dated May 1, 2012 (the "Offering Circular") (Produced by Defendants with starting Bates No. BLOOM_0077381) (excerpts) |
| EXHIBIT 7 | Email from J. Rein to E. Occeña-Tuason re: MSA Issue List – 30 June 2011 (JR further edits).DOC (July 1, 2011) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0059668) |
| EXHIBIT 8 | Respondents' Statement of Defense and Amended Counterclaims in the Arbitration (Feb. 2, 2015) (excerpts) |
| EXHIBIT 9 | Declaration of Garry W. Saunders in the Arbitration (June 14, 2015) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0322591) (excerpts) |
| EXHIBIT 10 | Respondents' Rejoinder in the Arbitration (Sept. 4, 2015) (excerpts) |
| EXHIBIT 11 | Transcript of Investor Conference (Nov. 29, 2012) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0365866) (excerpts) |
| EXHIBIT 12 | Email from E. Occeña-Tuason to J. Rein re: Congratulations (May 8, 2012) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0062101) |
| EXHIBIT 13 | Equity Option Agreement between Prime Metroline Transit Corp., Bloomberry Resorts Corporation, and Global Gaming Philippines LLC dated Apr. 16, 2012 (Produced by Defendants with starting Bates No. BLOOM_0082033) (excerpts) |
| EXHIBIT 14 | Email from B. Tan to W. Weidner re: Management Services Agreement dated Apr. 27, 2011 (Produced by Defendants with starting Bates No. BLOOM_0146705) |

| EXHIBIT 15 | Draft Management Services Agreement between Global Gaming Asset Management and Bloomberry Resorts and Hotels Inc. and Sureste Properties, Inc. (Produced by Defendants with starting Bates No. BLOOM_0146707) |
|---|---|
| EXHIBIT 16 | Email from J. Rein to E. Occeña-Tuason re: Telecon (Nov. 2, 2011) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0077685) |
| EXHIBIT 17 | Email from E. Occeña-Tuason to B. Stone re: Chanel (Oct. 11, 2012) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0281426) |
| EXHIBIT 18 | Email from L. Venezuela to B. Stone re: Invitation to attend the UBS Global Emerging Markets Conference – November 2012) (May 7, 2012) (Produced by Defendants with starting Bates No. BLOOM_0082151) |
| EXHIBIT 19 | Email from J. Rein to B. Stone and E. Occeña-Tuason re: CNN – Philippine economy bucks global slowdown (Nov. 29, 2012) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0101418) |
| EXHIBIT 20 | Declaration of Bradley H. Stone in the Arbitration (June 14, 2015) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0322556) |
| EXHIBIT 21 | Letter from E. Razon to W. Weidner, B. Stone, and G. Saunders re: Management Services Agreement (July 2013) (Produced by Plaintiff with starting Bates No. GGAM-SDNY-0099299) |

3.   If the Court were to determine that Defendants are not subject to personal jurisdiction in New York, to the best of GGAM's knowledge and based on the information that is readily available to GGAM, Defendants are not subject to jurisdiction in the courts of general jurisdiction in any other state.

4.   An electronic search of the Offering Circular (Ex. 6), shows that the following words were mentioned in the document the following numbers of times: "GGAM" 169 times; "MSA" or "Management Services Agreement" more than 50 times. Additionally, the Offering Circular dedicates five pages to describing the MSA. *See* Ex. 6 at BLOOM_0077388 and _0077485.

5. The Transcripts of Hearing Testimony in the Liability Phase of the Arbitration (Oct. 15-24, 2015), mention the phrases "7 phone calls" and "St. Regis Hotel" 14 times, including in Defendants' closing argument. Oct. 19, 2015 Hr'g Tr. at 132, 190, 191, 194, 195; Oct. 24, 2015 Hr'g Tr. at 82.

6. An electronic search of Defendants' Statement of Defense and Amended Counterclaims (Ex. 8) and their Rejoinder (Ex. 10) submitted in the Arbitration shows that they mentioned "Cantor" 133 times and mentioned specific Cantor personnel numerous additional times.

7. An electronic search of the Partial Award for Liability (*see* ECF No. 218-2), shows that it mentions the term "Cantor" 55 times.

8. An electronic search of the Final Award (*see* ECF No. 218-1), shows that it mentions the term "Cantor" 42 times.

9. The calculation of post-award, prejudgment interest is shown in my earlier declaration (filed as ECF No. 329 ¶2). The amount owed by Defendants as of October 27, 2022 was **$391,932,852.** The **daily** interest on that amount (until October 27, 2023, at which time it will increase), is **$64,427.32**. Thus, the interest accrued between October 28, 2022 and March 22, 2023 is: **$9,406,388**. And the total amount owed as of March 22, 2023, is: **$401,339,240.** Interest continues to accrue and is compounded annually.

10. The Transcripts of Hearing Testimony in the Liability Phase of the Arbitration in October 2015 (Oct. 15-24) mention "Cantor" 380 times.

Executed on: March 22, 2023

/s/ Kevin N. Ainsworth
Kevin N. Ainsworth