Perry Supp.
Decl. Ex. 6

foreclose Respondents' claim that GGAM received the Option as part of management compensation under the MSA, much less the Shares, which were paid for in cash.[317]

**B.    The Tribunal Should Reject Respondents' Theory that Their Parent Corporation, Prime Metroline (Which Was Created After the MSA's Signing) Acted as Their "Agent."**

114.    In its Interim Order, the Tribunal concluded that Respondents cannot claim ownership of the Shares because they were granted by a third party—Prime Metroline—and that Respondents do not have any proprietary rights in the Shares.[318] In doing so, the Tribunal rejected Respondents' theory that Prime Metroline was "a beneficiary" under the MSA—a contract into which Respondents entered before Prime Metroline was even created.[319] To escape this ruling, Respondents now concoct an even more far-fetched theory—that they contemplated for a company not yet in existence and not yet their owner to be Respondents' agent and to enter into a future agreement with GGAM. From that premise, Respondents argue that their indirect *parent* company, Prime Metroline (which did not even exist when the MSA was signed) acted as Respondents' *agent* when six months later it executed the EOA in its own name and granted GGAM the Option to the Shares.[320]

115.    There is no support for the novel proposition that a parent can act as its subsidiary's agent.  Respondents cite no Philippine law aside from a cursory citation of Article 1307 of the Philippine Civil Code, and assert that the "quasi-principal and agent relationship"

---

[317]    *See* Claimants' Interim Measures Reply at paras. 26-31.  Respondents also fail to address that Prime Metroline and Mr. Razon otherwise used Bloomberry Resorts Corp. shares to reward activities that assisted in financing Solaire.  For example, the Offering Circular discloses that Top Global Systems Limited, a shell entity that Mr. Razon refuses to discuss, was permitted to subscribe to 8.61% of the outstanding shares in Bloomberry Resorts Corp. "at par" before the equity offering, because it "had assisted Mr. Razon in obtaining financing for Solaire Manila." Claimants' Ex. 8, Offering Circular, at 85.  Although this assistance was provided to Mr. Razon, he has refused to discuss the identity of those holding the interest through Top Global, or what the assistance was.

[318]    Interim Order at para. 127(b), 136.

[319]    *See* Interim Order at para. 127(c).

[320]    *See* Statement of Defense, paras. 148-159.

GGAM-SDNY-0322426