

April 12, 2023

**VIA ECF**

Hon. Lorna G. Schofield
40 Foley Square
New York, NY 10007

Re: *Global Gaming Philippines, LLC v. Razon, et al.*, No. 21-cv-2655

Application **DENIED**. The parties shall not file any further briefing on their cross-motions for summary judgment. Any arguments raised in Plaintiff's reply that were not raised in its memorandum of law in support of the motion for summary judgment will be disregarded, in accordance with the case law cited in the endorsed letter. So Ordered.

Dated: April 13, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dear Judge Schofield:

On behalf of Defendant Enrique K. Razon, Jr., we respectfully request that the Court either (a) not consider two new arguments raised for the first time by Plaintiff in its Reply Memorandum of Law in Further Support of Plaintiff's Cross-Motion for Partial Summary Judgment or (b) grant Razon leave to file the attached surreply in response to these new arguments. It is well-settled that courts should decline to consider new arguments raised for the first time on reply, at least not without granting leave to file a sur-reply. *Caliko, SA v. Finn & Emma, LLC*, 2022 WL 596072, at *7, n. 7 (S.D.N.Y. Feb. 28, 2022); *Wexler v. Hasbro, Inc.*, 2022 WL 743431, at *10 (S.D.N.Y. Mar. 11, 2022).

Plaintiff makes two completely new arguments on reply. First, Plaintiff claims that Prime somehow diverted $37 million of "investment capital" from BRHI/SPI to itself when it received $37 million from GGAM upon exercise of the option to acquire the Option Shares. Dkt. 415 at 1, 5, 11. But in its first summary judgment brief, GGAM made completely distinct arguments regarding Prime's *grant* of the option for the Option Shares, never once mentioning Prime's receipt of $37 million upon exercise even though that argument (which is meritless, as the proposed sur-reply explains) was available to GGAM at the time of its first summary judgment brief. GGAM Br.[1] 2, 11, 15, 16-17; *see also* Dkt. 406 at 19. Second, GGAM newly argues that BRHI/SPI are somehow ***harmed*** by failing to release the Option Shares to GGAM. Dkt. 415 at 9. This argument is entirely absent from GGAM's first summary judgment brief – despite the fact that Razon had argued in his opening brief (filed *before* GGAM's first brief) that resisting enforcement of the Award (including not releasing the shares) benefits BRHI/SPI. Dkt. 346 (Razon Br.) at 13. It would be unfair to permit GGAM to raise these brand-new arguments without giving Razon an opportunity to respond to them.

Accordingly, Razon respectfully requests that the Court decline to consider these two new arguments or accept its attached surreply.

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Table of Defined Terms (Dkt. 398 at vii-viii), in the Razon Br., or RSOF.

Respectfully submitted,

/s/ Rachel Penski Fissell

Rachel Penski Fissell