UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
  GLOBAL GAMING PHILIPPINES, LLC,          :
                                      Plaintiffs,       :
                                                        :          21 Civ. 2655 (LGS)
  -against-                                            :
                                                        :                 ORDER
  ENRIQUE K. RAZON, JR.., et al.,               :
                                       Defendants.   :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, the parties cross-move for summary judgment.  In connection with the

motions, Defendant Razon moves to file under seal portions of the summary judgment record.

    WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v.*

*Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is

"a judicial document subject to the [presumed] right of public access," meaning that the

document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to

determine the weight of the presumption by assessing "the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts."  *Id.* The third step is to balance against the presumption any

"competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the

privacy interests of those resisting disclosure."  *Id.* at 120 In weighing the presumption against

competing considerations, a court can seal documents only "if specific, on the record findings are

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations,
emphases, footnotes and citations are omitted.

made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, a strong presumption of public access applies to the documents filed in connection with the parties' motions for summary judgment. "[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *see also id.* at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."); *Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."). Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121.

WHEREAS, one consideration that can override the presumption of public access to documents is the interest in preserving confidential business information, proprietary information and trade secrets. *See id.* at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving the filing under seal of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]").

WHEREAS, Defendants seek to file under seal the 2022 annual revenues of Defendants BRHI and SPI (together, the "Debtor Defendants"), and the cash balance sheets of the Debtor Defendants as of May 2022 and December 2022. This information is sufficiently "narrowly tailored," *Lugosch*, 435 F.3d at 120, to allow filing under seal. The information they seek to file

under seal consists of confidential information and rebuts the strong presumption of public

access.  It is hereby

      **ORDERED** that Defendant's motion to file under seal is **GRANTED.**

      The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 334, 356,

358 and 397.

Dated: September 1, 2023
       New York, New York

                                 **LORNA G. SCHOFIELD**
                           **UNITED STATES DISTRICT JUDGE**